IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Caleb Grant,

  Petitioner,

v.                                                          Case No. 23C0551

ADA Gabriel Arevalo, DA Michael Albrecht,

  Respondents.

## PETITION FOR COURT FOR INJUNCTIVE RELIEF

### JURISDICTION

**Plaintiff brings this action pursuant to sections 1983, 1985, 1986, and 1988, and invokes the** jurisdiction of this court pursuant to Title 28 USC Section 1343 (A)(3)(4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section 1983 and the Civil Rights Act of 1870. This request falls within an Act of Congress that expressly authorizes the exception.

Comes now Caleb James Grant and requests from this Honorable Court for an injunctive relief from continued prosecution in error by the Defendants ADA Arevalo and DA Albrecht in the pending case of STATE OF WISCONSIN v. Caleb James Grant **IN THE CIRCUIT COURT OF SAUK COUNTY, WISCONSIN** (Case : 2023CM000237) For a lack of standing, jurisdiction and no probable cause and causing irreparable damage to Caleb Grant of rights protected by the 14th and 5th amendments and his life and liberty and due process under color of law. This case involves a nucleus of similar parties and facts as this instant case.

### Statement of Facts

1. ADA and DA are named Defendants in the above instant case, and can be sued for injunctive relief in their individual capacity, pursuant to 42 USC 1985 and 28 USC 1343. (Dkt 1 - Generally)

2. ADA Arevalo and DA Albrecht continue in error as their client, STATE OF WISCONSIN is not a person who can claim a right nor can they claim an injury to that right that has Caleb Grant as the proximate cause of that injury. (see Exhibit A, Issue 1 – Lack of

standing which cites Allen v. Wright, 468 U.S. 737 (1984) and State v. Halverson, 387 NW2d 124 – Wis: Curt of Appeals 1986.)

3. A request for Arevalo to dismiss due to standing and jurisdiction at pre-hearing meeting (Affidavit of Geoffrey Grant ¶¶ 13,14) Arevalo refused and said "I'm not going to."

4. 6/1/2023, Caleb Grant entered motion that included a Dismissal for Lack of Standing. As ADA Arevalo and DA Albrecht represent the STATE OF WISCONSIN. (Exhibit C) are aware of the Lack of Standing. (ibid.)

5. The Plaintiff in the case: 2023CM000237, STATE OF WISCONSIN does not have standing to sue. It is not a person who has a right nor does it have the ability to claim personal injury that is directly attributable to Caleb Grant. (see Exhibit A – Motion to Dismiss – Issue 1 from 12/5/2023)

6. ADA Arevalo and DA Albrecht continue in error and damaging Caleb Grant by having no probable cause and no crime having been committed, about to be committed or in process of being committed. (see Dkt 1 ¶ 37, 39)

7. 9/19/2023, Caleb Grant said that it was the responsibility of the Plaintiff to prove it [jurisdiction] on the record. Judge agreed... (See Exhibit D, Pg 5, ln 2-5)

8. The respondents have had since 6/1/2023 (5 ½ months) to answer the issue of standing and have not placed on the record their evidence for standing, or jurisdiction in this matter (Exhibit C).

9. Caleb Grant is being irreparably damaged by this <u>ongoing</u> prosecution-in-error in his 14th and 5th amendment rights of due process and Life and Liberty.

10. The balance of convenience lies in favor of granting the injunction as the court can not and should not move forward without jurisdictional standing and only Caleb Grant is injured by not granting. In Nabozny v. OPTIO SOLUTIONS, LLC, Dist. Court, WD

Wisconsin 2022, Optio moved to dismiss, contending that Nabozny does not have standing because she has not suffered an injury in fact. This Court decided that Optio's motion would be upheld due to no standing because Nabozny was not injured. Similarly, the cases of Allen v. Wright and State v. Halverson make it stare decisis that the STATE OF WISCONSIN does not have a personal right nor can it claim a personal injury and therefore does not have standing to sue. There must be a <u>personal injury</u> fairly traceable to the defendant.

## Conclusion

In conclusion, Caleb Grant's rights to due process and life and liberty, as protected by the 14th and 5th amendments are being damaged irreparably in an ongoing fashion by the wrongful prosecution by ADA Arevalo and DA Albrecht, agents for the STATE OF WISCONSIN in case: 2023CM000237 that lacks probable cause and standing.

## Motion

Therefore,

Pursuant to 28 USC § 1343, Caleb Grant moves the court for an injunctive relief to enjoin Sauk County Circuit Court in Wisconsin, ADA Arevalo and DA Albrecht who represent STATE OF WISCONSIN in the Case 2023CM000237, STATE OF WISCONSIN v. Caleb James Grant to stay indefinitely the pending Case : 2023CM000237; and granting any such other relief that this court may deem necessary.

I, Caleb verify that the above is true and correct according to the best of my knowledge. This is not intended to delay but to protect the inalienable rights of Caleb Grant.

Respectfully submitted,

Dated: 12/14/23

by: *Caleb J. Grant, agent*
Caleb J. Grant, Plaintiff
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com