IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,

    Plaintiff,

Case No: 23-CV-551

v.

DEPUTY DANIEL KROLIKOWSKI,
DEPUTY STEVEN MESSNER,
DEPUTY ALEX BREUNIG,
SAUK COUNTY,
DEPUTY ERIK KNULL,
SHERIFF RICHARD MEISTER,
GABRIEL AREVALO,
DISTRICT ATTORNEY MICHAEL ALBRIGHT, and
JOHN DOES 1 THRU 5,

    Defendants.

**COUNTY DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 26 INITIAL DISCLOSURES AND SANCTIONS**

Defendants Sauk County, Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Deputy Erik Knull, and Sheriff Richard Meister (collectively "County Defendants") by their attorneys, Crivello, Nichols & Hall, S.C., hereby respectfully submit the following Brief in Response to Plaintiff's Motion to Compel.

**INTRODUCTION**

On August 11, 2022, Plaintiff filed a summons and complaint in the Western District of Wisconsin against the County Defendants. (Dkt. No. 1). Plaintiff is not and has not been a pretrial detainee nor an inmate incarcerated after trial at any point since the summons and complaint were

filed on. (Declaration of Attorney Dalton D. Sjong ("Sjong Decl."), at ¶ 2-3; Exhibit A). On April 12, 2024, Plaintiff filed a motion to compel on the grounds that the County Defendants have failed to provide initial disclosures in violation of Rule 26(a) of the Federal Rules of Civil Procedure ("FRCP"), and asked the Court to impose sanctions against the County Defendants under FRCP Rule 37. (Dkt. No. 50). Specifically, Plaintiff asks that "all the facts in the Plaintiff's complaint be taken as established for all purposes". (*Id.*). Plaintiff's motion must be denied as Plaintiff himself has failed to comply with the requirements of Rule 26(a) himself, and any delay found on the part of the County Defendants was substantially justified and/or harmless.

## FACTUAL BACKGROUND

On November 21, 2023, the Court held a telephonic preliminary pretrial conference in this matter and issued a scheduling order on November 27, 2023. (Dkt. No. 37). The next day, on November 28, 2023, co-defendants DA Albrecht and ADA Arevalo (collectively, the "State Defendants") filed a motion to stay discovery pending the Court's decision on their motion to dismiss. (Dkt. No. 38). On December 14, 2023, Plaintiff filed a motion for a permanent injunction against the State Defendants asking this Court to step in and provide him relief from continued prosecution in his criminal case, 23-CM-237. (Dkt. No. 41). Both the Plaintiff's and State Defendants' motions are still pending action from the Court. (Sjong Decl., ¶¶ 9-10).

On March 8, 2024, nearly three (3) months later, Plaintiff concurrently filed with the Court a "Notice for Production of Documents in a Specified Electronic Format" to Sheriff Richard Meister individually, as well as a letter requesting clarification as to the initial disclosure requirements as well as ("March 8th Letter"). (Dkt. Nos. 43; 44). In the March 8th Letter, Plaintiff requested guidance from the Court with respect to his duty to provide initial disclosures proceeding

2

pro-se. (Dkt. No. 44). To the knowledge of the County Defendants, the Court similarly took no action with respect to either document. (Sjong Decl., at ¶ 11).

On April 1, 2024, Plaintiff sent an email ("April 1st Email") to counsel for the County Defendants requesting an "immediate response" regarding the County Defendants' intentions as to initial disclosures. (Sjong Decl., at ¶ 8, Exhibit B). The April 1st Email also stated that Plaintiff only planned to call as witnesses individuals that were named in the lawsuit and included links to documents provided by Plaintiff for download. (*Id.*). Subsequently, Plaintiff sent Requests for Admissions via email to counsel for the County Defendants on April 2, 2024, directed to Deputy Messner, and also on April 7, 2024, directed at Deputy Krolikowski. (Sjong Decl., at ¶¶

On April 12, 2024, less than two weeks after his initial correspondence regarding disclosures and nearly *five (5) months after the Rule 16 hearing*, Plaintiff filed the motion to compel that is the subject of these proceedings. (Dkt. No. 50). The motion alleges that the County Defendants did not respond to the April 1st Email and failed to return a phone call he placed to "the representation of Sauk County defendants" on April 8, 2024 ("April 8th Call"). (*Id.*). Plaintiff's motion does not identify whom he called or whether he left a message. (*Id.*). Shortly thereafter, on April 2, 2024, and April 7, 2024, respectively, Plaintiff sent his First Set of Requests for Admission via email to counsel for the County Defendants directed at Deputy Messner and Sgt. Knull. (Sjong Decl., ¶¶ 13-14; Ex. D). Plaintiff has not, at any point, requested to meet and confer nor otherwise discuss the manner and method with which the parties will conduct discovery. (Sjong Decl., at ¶ 4).

To the extent that the County Defendants are required to provide initial disclosures to the pro-se plaintiff, the Plaintiff's motion to compel must be dismissed because any delay on the part of the County Defendant's was justified due to the uncertainty as to the discovery stay and any

3

error was harmless as disclosure now will still allow Plaintiff ample time to conduct any necessary investigation or discovery and will not delay the trial date.

## ARGUMENT

"Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with 'the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses…, identifying the subjects of the information.'" *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003) (citing Fed.R.Civ.P. 26(a)(1)(A). Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)…is not, unless such failure is harmless, permitted to use as evidence at a trial…any witness or information not so disclosed. Fed.R.Civ.P. 37(c)(1).

The United States Court of Appeals, Seventh Circuit, has stated "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1996). The Seventh Circuit has also stated "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). When carrying out this discretionary authority, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *David*, 324 F.3d at 857 (*citing Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). To guide the Court in making this discretionary determinations as to substantial justification and harmlessness of a failure to disclose, the Seventh Circuit stated courts should consider the following factors:

> (1) [T]he prejudice or surprise to the party against whom the evidence is offered;
>
> (2) the ability of the party to cure the prejudice;
>
> (3) the likelihood of disruption to the trial; and
>
> (4) the bad faith or willfullness involved in not disclosing the evidence at an earlier date.

*David*, 324 F.3d at 857 (*citing Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995) (further citations omitted).

In *David*, the Seventh Circuit held that the district court did not abuse its discretion in permitting a witness to testify at trial even though the plaintiff failed to disclose the subject matter of that witness's testimony before trial. *See David*, 324 F.3d at 857. The Seventh Circuit found that the defendant was not prejudiced because: (a) defendants knew the witness was named as a potential witness 18 months before trial; (b) it interviewed the witness and learned the subject matter of the testimony before trial; and (c) it did not seek a continuance and was able to rebut directly the witnesses testimony at trial. *Id.* at 858; *see also Karum Holdings LLC v. Lowe's Companies, Incorporated*, 895 F.3d 944, 952 (7th Cir. 2018) (the Court held that, under almost identical circumstances as in *David*, failure to disclose and expert witness prejudiced the party entitled to disclosure and testimony was excluded because it would have delayed trial by likely re-opening discovery and continuing litigation).

Implicit in the case illustrations above is that non-disclosure of an expert witness will prejudice an adverse party far more that non-disclosure of a fact witness, in particular when the party is already aware of the identity of the fact witness, and that non-disclosure becomes more prejudicial the closer the parties get to their trial date.

5

In the present matter, Plaintiff has not asked for witness testimony to be excluded as in the cases above but is attempting to use the sanctions provided under Rule 37 as a vehicle to ask the Court for judgment on the pleadings, though it is a sanction available under the Rule. Nonetheless, the Court has discretionary authority under circumstances such as these and, following the Seventh Circuit's holding in *David* and the factors considered by the court above, any delay on behalf of the County Defendants was substantially justified and/or harmless. County Defendants intend to call only fact witnesses that have been previously identified in these proceedings and has not retained nor plans to retain any expert witnesses. Plaintiff has not only long been aware of these witnesses but, even if he was not aware, disclosure now still provides ample time to conduct any additional discovery and investigation necessary before trial and does not threaten the trial date. Moreover, Plaintiff has only recently put forth any meaningful attempt at discovery, and in no event could delay on behalf of the County Defendants' initial disclosures prevented him from doing so earlier. Ultimately, Plaintiff has not been deprived of nor will be deprived of the ability to conduct any necessary discovery by a delay in initial disclosures, and has not been prejudiced.

Further, the delay in initial disclosures was justified as the County Defendants were unsure as to the status of discovery given the pending motions to dismiss the State Defendants and stay discovery, as well as Plaintiff's motion for injunctive relief from prosecution in his criminal case. Plaintiff has not attempted to confer or otherwise communicate with the County Defendants as to the manner or means of discovery following the State Defendants' motion to stay discovery pending the motion to dismiss. While the Court has not taken action as to those motions, there was much commotion shortly after the November 21, 2023, preliminary pretrial conference, and the County Defendants were wary of violating any stay on discovery that may have been imminent.

In fact, Plaintiff's March 8, 2024, letter to the Court shows that he also was unsure as to the requirement to provide initial disclosures at that time.

As noted above, the Court also considers whether any bad faith was involved in a failure to disclose. This is not a situation in which the County Defendants are concealing an expert witness or withholding key documents from the Plaintiff shortly before trial, nor is there any strategic benefit to the County Defendants' by not disclosing earlier. On the contrary, Plaintiff has not provided his own initial disclosures pursuant to Rule 26(a) and is asking the Court to impose sanctions on the County Defendants' for failing to adhere to a rule that he is in violation of himself. While Plaintiff will likely argue that the April 1st Email satisfies the Rule 26(a) disclosure requirements, there are no names or contact information of witnesses, nor a statement as to the subject matter of the witnesses' testimony. Plaintiff has filed a barrage of documents with the Court and served the County Defendants with requests for admissions within days of filing this motion to give the illusion that the County Defendants have stonewalled him in his requests for disclosures and discovery. This is simply not true. Plaintiff has put on a full-court-press of discovery since the April 1st Email despite never attempting to meet and confer with the County Defendants and conducting almost no discovery in the nearly four months prior. Instead of putting forth any meaningful attempt to resolve discovery issues with the County Defendants, Plaintiff immediately asked the Court to intervene and levy sanctions. Certainly, it seems within the purview of this Court's broad discretionary powers to consider the Plaintiff's conduct under the circumstances as well.

The County Defendants are prepared to provide initial disclosure to Plaintiff within a week. To the extent that the County Defendants are required to provide initial disclosures to the Plaintiff proceeding pro se, the County Defendants' conduct was justified and harmless, and the Court

cannot permit Plaintiff's motion to proceed, much less find that sanctions are appropriate under the circumstances. Ultimately, even if the County Defendant's delay was not justified, though we believe it is, the Plaintiff has not been prejudiced, and sanctions are inappropriate under the circumstances.

## CONCLUSION

Based on the foregoing, the Court must deny the Plaintiff's motion to compel and grant the County Defendants' motion in opposition.

Dated this 19th day of April, 2024.

        CRIVELLO, NICHOLS & HALL, S.C.
        Attorneys for Defendants, Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Sauk County, Deputy Erik Knull and Sheriff Richard Meister

By:   *s/ Dalton D. Sjong*
        SAMUEL C. HALL, JR.
        State Bar No.: 1045476
        BRIANNA J. MEYER
        State Bar No.: 1098293
        DALTON D. SJONG
        State Bar No.: 1121262
        710 N. Plankinton Avenue, Suite 500
        Milwaukee, WI 53203
        Phone: 414-271-7722
        Fax: 414-271-4438
        Email: shall@crivellolaw.com

9