IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Caleb Grant,

   Plaintiff,

v.                                  Case No. 23CV551

DANIEL KROLIKOWSKI ET AL.,

   Defendants.

**Motion to Strike**

1. Comes now Caleb J. Grant, Plaintiff, and pursuant to Fed. R. Civ. P. 12(f) and asks this honorable court to strike the **DECLARATION OF ATTORNEY DALTON D. SJONG** (Dkt #56) and the attachments of Exhibits A, B, and C (Dkt 56-1, 56-2, 56-3), for violation Fed. R. Civ. P. 11(b) and Fed R. Evid. 102, 104, 106.

2. The line proceeding line 1 states: "I, DALTON D. SJONG, being first duly sworn upon oath, depose and state as follows:"

3. There is no evidence that Sjong was ever duly sworn. There is no seal or signature of either a judge or a notary public certifying such swearing. This statement is fraudulent.

4. Sjong then uses an unsworn declaration to swear by (28 U.S.C. § 1746). The line below Pg. 3 ¶13, states: "Pursuant to 28 U.S.C. Sec. 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge." in contradiction to above where Sjong states he was sworn an oath.

5. Exhibit A violates the Fed. R. Evid 102, 104, 106 and Fed. R. Civ. P. 11(b) as it is scandalous,

impertinent, improper, irrelevant and does not pertain to the material facts in the complaint (Dkt 1 Generally) and should be stricken.

6. In Paragraph 13, Attorney Sjong, who swears under perjury to the truth of what is in this document to the best of his knowledge, states:

    > A true and correct copy of Plaintiff's First Set of Written Requests for Admissions to Deputy *Steven Messner* and Sgt Erik Knull is attached as **Exhibit C.** (emphasis on Steven Messner added)

7. Referring to the paragraph above exhibit C (Dkt 56-3) does not contain Steven Messner's Request for Admissions. The above statement at ¶6 shows the fraudulence of the statement and Attorney Sjong's certification of the document.

8. This is the second time a Declaration has been presented to the court that has nearly the same redundant issues and claims from the same law firm, Crivello, Nichols & Hall, S.C. (See Dkt 21 and Dkt 56) Including fradulent claims of being sworn upon oath. This is a violation of Rule 11(b).

9. These issues of violations and Rule 11(b), and Fed. R. Evid 102, 104, 106 and improper certification of the documents presented to the court are a pattern with this firm.

10. The practice of an Attorney combining roles as witness and advocate can be dubious. On the ABA site Rule 3.7 Lawyer As Witness-Comment.

    > [1] Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client.
    >
    > Advocate-Witness Rule
    >
    > [2] The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

**Motion**

Plaintiff moves the court to strike the **DECLARATION OF ATTORNEY DALTON D. SJONG** (Dkt #56) along with attached Exhibits A,B,C (Dkt 56-1, 56-2, 56-3), pursuant to Fed. R. Civ. P. 12(f) for false statements and scandalous statements and violations of Fed. R. Evid. 102, 104, 106 and violations of Fed. R. Civ. P. 11(b).

Dated:   5/3/2024

/s    Caleb J Grant
Caleb J. Grant, Plaintiff
C/o E7973 Beth Rd
Reedsburg, WI 53959
CJGAgent@protonmail.com
608-386-3467
