**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**
_____

Caleb Grant,

    Plaintiff,

    v.                                            Case No. 23CV551

DANIEL KROLIKOWSKI ET AL.,

    Defendants.
_____

**REPLY TO COUNTY DEFENDANTS' BRIEF
IN RESPONSE TO PLAINTIFFS MOTION TO COMPEL**
_____

Comes now Caleb Grant, Plaintiff, in reply to the County Defendant's brief titled: COUNTY DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 26 INITIAL DISCLOSURE AND SANCTIONS. (Dkt 53).  The County Defendants are listed here as Daniel Krolikowski, Steven Messner, Alex Breunig, Erik Knull, Richard Meister, and Sauk County.

INTRODUCTION RESPONSE

There are numerous errors of fact, misrepresentations, and the response is undecipherable in many places.  The first sentence of the INTRODUCTION states: "On August 11, 2022, Plaintiff filed a summons and complaint in the ..." This statement is false.  The case did not start until year 2023.  The next sentence, which will be addressed in a motion to strike by Plaintiff, is nonsensical and has nothing to do with the essential facts before the court and appears to be meant as scandalous, pejorative, immaterial, impertinent, and irrelevant.  Near the end of the INTRODUCTION, Defendants claim, "Plaintiff himself has failed to comply with the requirements of Rule 26(a) himself, ..." a statement that is without foundation.  Defendants have been provided with a download link of the video evidence of the incident that will be entered with the court. All other information they have and would be subject to Plaintiff's

discovery. They were advised as to the possible witnesses that could be called, all of whom are the actual same Sauk County Defendants.  For Defendants to complain that there are no names or contact information given by Plaintiff about these witnesses, who are their clients, and of whom initial disclosure has not been given to Plaintiff, is circular in it's thought and is in violation of Rule 11(b)(1).  Furthermore, Defendants duty to provide initial disclosure is not dependent on Plaintiff's answer per Rule 26(a)(1)

## FACTUAL BACKGROUND RESPONSE

On page 2 of the defendant's response, defendants state in the first line of this section: "the court... issued a scheduling order on November 27, 2023."  Defendants also state that the next day, State Defendants (Albrecht and Arevalo) filed a motion to stay discovery pending the Court's decision on their motion to dismiss. The motion to stay discovery was submitted by the State Defendants. The County Defendants are not party to the stay motion and have no claim to it.  (Dkt. 38)

On the bottom of page 2, County Defendants misrepresent the letter sent by Plaintiff to Judge Crocker by stating: "Plaintiff requested guidance from the Court with respect to his duty to provide initial disclosures proceeding pro se. (Dkt. No. 44)"  This is again a violation of Rule 11(b) as it is improper representation. In the letter, at the last sentence the Plaintiff states, "I would like the court to respond to this matter and if I [Plaintiff] am due initial disclosures." The part that mentions "pro se" is directly from the 1993 AO #238 as listed on the website still (ibid).  This too is a violation of Rule 11(b) by County Defendants.

On page 3, the second half of the second paragraph is incoherent and factually incorrect as to who was sent RFA's and has no documentation cited.

Also on page 3, the third paragraph near the bottom reads: "... Sgt. Knull. (Sjong Decl., ¶¶ 13-14. Ex D)" where there is no "Ex D" anywhere. It then continues, "Plaintiff has not at any point requested to meet and confer nor otherwise discuss the manner and method with which the parties will conduct discovery. (Sjong Decl., ¶4)"  Plaintiff responds that the meeting that set the schedule was already performed, as shown by Defendant's words on page 2 of the defendant's response (Dkt 53), defendants state in the first line of this section: "the court... issued a scheduling order on November 27, 2023."

It is clear according to Rule 26(a) that initial disclosure is due to Plaintiff and any confusion was cleared up with the 2000 Amendments (Dkt 44 generally).

## ARGUMENT RESPONSE

The argument put forth by the Defendants for not being sanctioned is largely based on showing that not performing the 26(a) disclosure was justified or harmless. As for the justification of the Defendants, the parties were reminded of the 2000 Amendment of the FRCP as a result of the letter to Judge Crocker. There is no need for the court to comment as there is NO room for guessing as to the full application of the Amendment on this Rule.

The multiple references by the County Defendants in argument, to the "Motion to Stay" (of the State Defendants- Albrecht and Arevalo), made the County Defendants "wary of violating any stay on discovery that may have been imminent." This argument is not persuasive as justification. The County Defendants are not a party to the motion.

As for the harmlessness of not providing the mandatory disclosure the Plaintiff states the following:   Plaintiff is self litigating and does not have all the vast resources of a paid counsel.  Having the burden to use more resources when Initial Disclosure would cover much needed discoverable information is harmful.  Not having this disclosure is not harmless.  Plaintiff must spend time and resources locating information that is, by FRCP, obligated to be disclosed to him but is being denied.  Plaintiff should not have to carry the burden and use Attorney-initiated type discovery, which is both limited in time (with respect to depositions) and numbers (as in the total number of interrogatories) to achieve Plaintiff's discovery needs and the costs incurred as well. Rule 26(a) is in the FRCP for a reason.  Saying that this is harmless is incorrect and treats the Plaintiff unfairly.

County Defendant complains that Plaintiff did not put forth any meaningful attempt to resolve discovery.  This is incorrect.  Attempts with the Crivello, Nichols & Hall S.C. were made.  The First was an email on April 1 that was sent to Hall and Tobin and that wasn't responded to until April 12 (with their response brief) after Plaintiff moved to compel.  Second was a phone call on April 8 where Plaintiff left a message with the main line stating the case number and need for a response.  When the front desk called back Plaintiff was a transferred to Samuel Hall's voice mail and a message was left with case number and a request to reply.   No response was returned.  It is not Plaintiff's responsibility to keep the opposing counsel apprised of the court proceedings.

Finally, County Defendants state the Plaintiff has not been prejudiced at this time.  That statement is preposterous as Plaintiff has had to expend unnecessary resources and time attempting to discover that which is already due him.  That burden is not harmless.

As a result of the above reply, the court should compel an answer and see fit to issue the sanctions requested.

    Date:   <u>5/3/2024</u>

<u>   /s  Caleb J. Grant   </u>
Caleb J. Grant, Plaintiff
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com