IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Caleb Grant,

    Plaintiff,

v.                                               Case No. 23CV551

DANIEL KROLIKOWSKI ET AL.,

    Defendants.

**BRIEF IN REPLY**
**MOTION TO DETERMINE SUFFICIENCY OF OBJECTIONS AND ANSWERS**
**OF SET 1 OF KNULL**

    Comes now Caleb Grant, plaintiff, and give a BRIEF IN REPLY to the sufficiency of objections and answers to Request for Admissions Set 1 for Erik Knull of April 7, 2024, sent to CRIVELLO, NICHOLS & HALL, S.C.

———————

In the Brief in Response by Defendant Knull, through his attorneys, there are only two arguments presented.

1. Plaintiff failed to comply with the "Meet and Confer" rule.

2. Plaintiff failed to identify any legitimate discovery dispute.

Plaintiff will address each of these but it is important to note that the issues presented in the brief in support of the motion were not addressed in the response from Defendant Knull such as the partial list of words that are claimed to be vague and therefore objected to; words such as: sworn Oath, licensed, blocked, waiting for, pass by, nearby, equipment issue, it was planned, probable cause, an arrest, the human, registered owner, and ID. There is no ambiguity in these words in the context of these

requests.  Defendant Knull fails to address why his objections due to vagueness of time are valid when there is a date present in the request which is sufficient, or when a specific date and exact time is present in the request or when time is not a factor in the request.  Defendant Knull fails to address the tag line of "denies any allegation of wrongdoing and affirmatively allege Plaintiff's rights were not violated or infringed by Deputy Knull," as information not pertaining to the request and should be stuck in every instance.

I

Reply to: **PLAINTIFF FAILED TO COMPLY WITH THE "MEET AND CONFER" RULE**

Defendant Knull argues that this Court cannot strike Knull's responses and the requests cannot be deemed admitted because he failed to follow the "meet and confer" rule before filing the instant motion.  Defendant Knull takes this position pursuant to Civil L.R. 37, a rule that does not appear on the website for local rules for the Western District of Wisconsin.  Further, it is apparent that the responses given are meant to evade giving nearly all answers, though many of the questions are simple. The improper responses by changing wording of questions and adding unsolicited responses not related to the request is not good faith.   Plaintiff is not an attorney.  Plaintiff is not able to collect attorney fees for requests for admissions that are not answered in good faith when he proves them to be false. He therefore loses much of the power afforded him in negotiations of a "meet and confer" and defers to the Court for their discretion.

II

Reply to: **PLAINTIFF FAILED TO IDENTIFY ANY LEGITIMATE DISCOVERY DISPUTE**

Defendant Knull argues that Plaintiff fails to identify legitimate discovery disputes and uses request Number 12 as his *only* example, avoiding clear examples of "application of law to facts" such as requests Numbered 27, 66, 67.   In Number 12 Knull avoids the operative word "articulated" which is the main verb.  This request isn't asking for a legal conclusion, it's asking respondent if an act of

articulation occurred. It doesn't define the word authority with a statute because it could be any authority to satisfy the question. Further in the response to No. 12, Knull replaced the word "human" with "driver" in his answer. What matters is that it changes the question. It fails to answer the request as it was asked. Defendant Knull did not address the dispute of "application of fact to law" in requests 27, 66, 67 .

## Conclusion

The objections put forth are not compelling as to time because questions are in relation to the pull over of 5/18/2023 with the Plaintiff or no time specificity was required to answer. Objections as to vagueness are also not compelling as the terms are common words used in a common way. Further many of the admissions put forth after the objection are reworded to answer a request not made and are therefore not a response. Objections based on conclusion of law are in error as the questions should be viewed as application of fact to law as described in RULE 36, 1970 Amendment and useful for narrowing the issues and as such are appropriate particularly Numbers 27, 66, 67. The motion to determine the sufficiency of the respondent on their objection and accompanied answers should be found as insufficient and evasive and all requests for admissions should be deemed as admitted.

Dated:  8/6/2024

/s   Caleb J. Grant
Caleb J. Grant, Plaintiff
C/o E7973 Beth Rd.
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

Service to all parties via CM ECF Electronic Mail Notice
Samuel Hall
Brianna Meyer
Daniel Peters
Dalton Sjong

Matthew Tobin