**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

Caleb Grant,

Plaintiff,

v. Case No. 23CV551

Deputy DANIEL KROLIKOWSKI ET AL.,

Defendants.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AGAINST ALL SAUK COUNTY DEFENDANTS AND DISTRICT ATTORNEYS

Comes now Plaintiff, the aggrieved party, to hereby request this honorable court, pursuant to Federal Rules of Civil Procedure 56(a) for a summary judgment in Plaintiff's favor with respect to all claims against all named defendants for relief demanded in Plaintiff's Complaint under 42 U.S.C. § 1983 and 1985 on the grounds that there is no genuine issue as to the material facts and that Plaintiff is entitled to a judgment as a matter of law;

or in the alternative,

If summary judgment is not rendered in Plaintiff's favor upon the whole case against all the defendants for all relief asked and a trial is necessary, that the court , at the hearing on the motion, by examining the pleadings and the evidence before it and by interrogating counsel, ascertain what material facts are actually and in good faith controverted, and thereupon make an order specifying the facts that appear without substantial controversy and directing such further proceedings in the action as are just.

In support of this motion against all Sauk County Defendants and Assistant District Attorney Arevalo and District Attorney Albrecht, Plaintiff further states:

There are no genuine issues as to any material facts remaining with respect to Plaintiff's claims against Defendants under 42 U.S.C. §§ 1983 and 1985. Plaintiff's civil and constitutional rights were violated when Defendants, acting in concert under color of state law, statutes or authority, (most particularly Wisconsin § 968.24) violated clearly established federal law by demanding Plaintiff disclose his name in a non-Terry, 392 U.S. 1 (1968) traffic stop, arresting the Plaintiff without a warrant or exigent circumstances, instead of protecting life, liberty, and property as required by the state statute.

Further there is no genuine issue as to any material fact that Defendant Sauk County by and through its policy makers, authorized and created a policy, custom, and practice to allow law enforcement officers to perform an unreasonable warrantless arrest of the Plaintiff in violation of Plaintiff's civil and constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution, all to the detriment of Plaintiff under the laws of the United States.

Furthermore, there is no genuine issue as to any material fact that Defendant County of Sauk by and through its policy makers, authorized and created a policy, custom, and practice to allow law enforcement officers to demand identification without reasonable suspicion or probable cause and arrest for obstruction if not complied with.

Therefore, Plaintiff is entitled to an order granting summary judgment in his favor as a matter of law with respect to Plaintiff's claims against all named Defendants under Title 42 U.S.C., §§ 1983 and 1985.

This Motion is based upon the files and records of this action, Plaintiff's Complaint and answers thereto, requests for admissions upon Defendants, Transcripts from a separate matter but relevant to this action.

This Motion is brought timely pursuant to previous orders of this court to file all dispositive motions by August 9, 2024.

Wherefore, Plaintiff, aggrieved party, Caleb Grant, petitions that this court grant Plaintiff's

motion for Summary Judgment in all respects. That this court retain the jurisdiction invoked by Plaintiff's Complaint for the purpose of determining damages of, or to set the amount of damages sustained by Plaintiff as a proximate cause and effect of Defendants actions.

Plaintiff further petitions that this court will grant, pursuant to this Motion for Summary Judgment and Plaintiff's Complaint, any other relief deemed equitable, including: 1) A Declaratory Judgment that the acts of Defendants violated Plaintiff's rights civilly and constitutionally protected, and were violative of clearly established federal laws; 2) An order authorizing punitive damages against Defendants in their individual capacities for policies and actions that violated Plaintiff's civil and constitutional rights; 3) Any other relief that this court deems fair and just under these circumstances.

Dated: 8/9/2024

/s Caleb J. Grant
Caleb J. Grant
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

Service to all parties via CM ECF Electronic Mail Notice
and UPS Commercial Service

Samuel Hall
Brianna Meyer
Daniel Peters
Dalton Sjong
Matthew Tobin