IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB JAMES GRANT,

                Plaintiff,

  v.

DANIEL KROLIKOWSKI, STEVEN MESSNER,
ALEX BREUNIG, SAUK COUNTY, ERIK KNULL,
RICHARD MEISTER, GABRIEL AREVALO,
MICHAEL ALBRECHT,
and JOHN DOES 1–5,

                Defendants.[1]

OPINION and ORDER

23-cv-551-jdp

---

Plaintiff Caleb J. Grant, proceeding without counsel, alleges that defendant members of the Sauk County Sheriff's department detained and arrested him without probable cause and subjected him to unconstitutional conditions of confinement and that defendant district attorneys brought charges against him without probable cause. The Sauk County defendants move to dismiss Grant's claims directly against the county itself, Dkt. 19, and the district attorney defendants, represented by the Wisconsin Department of Justice, move to dismiss all of the claims against them, Dkt. 16. For the reasons stated below I will grant the county defendants' motion in part, I will grant the district attorney defendants' motion in full, and I will dismiss the district attorney defendants from the case. The parties have filed several other motions that I will also address in this order.

---

[1] I have amended the caption to reflect the proper spelling of defendant Albrecht's name as provided in the district attorney defendants' submissions.

MOTIONS TO DISMISS

A. **Allegations of fact**

Grant alleges that he was unlawfully pulled over in traffic stops on April 6 and May 18, 2023, by Sauk County deputies. During the May 18 stop, Grant was arrested and then charged with obstructing or resisting an officer and given citations for several traffic violations. He alleges that defendant prosecutors Michael Albrecht and Gabriel Arevalo refused to drop the charges. The state court's electronic docket in *State v. Grant*, Sauk County Case No. 2023CM237, shows that the court granted the state's motion to dismiss the case in June 2024.

B. **Analysis**

1. **Preliminary matters**

Grant has filed meritless motions to strike portions of defendants' motions to dismiss and supporting materials. Dkt. 25; Dkt. 26; Dkt. 29. I will deny those motions and consider defendants' filings. Grant also moved for extensions of his deadlines to respond to defendants' motions to dismiss, Dkt. 28 and Dkt. 31, and he followed up with his responses. I will grant his motions for extension of the deadlines and I will consider his responses.

2. **County defendants**

The county defendants move to dismiss Grant's claims against Sauk County under Federal Rule of Civil Procedure 12(b)(6). In considering this motion, I must accept the facts pleaded as true and draw all reasonable inferences in Grant's favor. The bar to survive a motion to dismiss is not high, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

The county defendants move to dismiss the first two causes of action in Grant's complaint: (1) that Sauk County "maintains a pattern and practice of depriving liberty and property," and (2) that Sauk County "failed and neglected to properly train and supervise its employees." Dkt. 1, at 8–9. A plaintiff may sue a county for constitutional violations under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). But to do so a plaintiff must allege that he was harmed by a county policy or practice or by an official with final policymaking authority. *Id.*

For the most part, Grant doesn't state claims for relief against the county under *Monell* because his conclusory allegations do not plausibly suggest that the alleged deprivations were actually caused by a policy or custom of the county, or that Sheriff Meister directed certain decisions. Generally, all he alleges is that deputies mistreated him in this single series of events. *See Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir.2000) ("Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability."). So I will grant the county defendants' motion as it pertains to the traffic stops and Grant's arrest.

But Grant also alleges that he was detained in conditions of confinement that violated the Constitution, such as "cold temperatures, lack of privacy, and lack of sleep as a result of noise and high intensity lighting." Dkt. 1, at 7. These allegations plausibly suggest that the jail conditions were the result of county policies, which is sufficient to plead a *Monell* claim. So I will deny this portion of the county defendants' motion.

### 3. District attorney defendants

Grant alleges that the district attorney defendants "deliberately misused the court process" by charging him with obstruction and by refusing to drop the charges despite not having probable cause. Dkt. 1, at 7. The district attorney defendants move to dismiss Grant's

3

claims against them. Dkt. 16. Grant cannot succeed on those claims because district attorneys are protected by absolute immunity for their prosecutorial acts. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution . . . , the prosecutor is immune from a civil suit for damages under s 1983."); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause.").

Grant also appears to be attempting to sue the district attorney defendants in their official capacity. Official-capacity suits represent another way of pleading an action against the entity for which an officer is an agent, *Kentucky v. Graham*, 473 U.S. 159, 105 (1985), which in this case is the state of Wisconsin. But *Sossamon v. Texas*, 563 U.S. 277 (2011), holds that sovereign immunity bars plaintiffs from asserting official-capacity suits for damages against state officials. *Id.* at 285–88. I can't order any injunctive relief to Grant in this lawsuit either. Had Grant's criminal prosecution still been ongoing, I wouldn't interfere in it. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). And in any event, Grant's charges have been dismissed.

Because Grant cannot bring any claims against the district attorney defendants, I will grant their motion to dismiss. The district attorney defendants' motion to stay discovery, Dkt. 38, and Grant's motion for injunctive relief against these defendants, Dkt. 62, will be denied as moot.

OTHER MOTIONS

A. **Motion to amend complaint**

Grant moves to amend his complaint to add as a defendant Michael Screnock, who is the judge who presided over Grant's criminal case. Dkt. 46 and Dkt. 49. But Screnock has absolute immunity for actions taken in his judicial capacity. *See, e.g., Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005). Because Grant cannot state a valid claim against Screnock, I will deny his motions to amend the complaint.

B. **Motion to strike affirmative defenses**

The county defendants filed an answer responding to the claims for which they did not seek dismissal. Dkt. 18. Grant moves to strike the county defendants' affirmative defenses for two reasons: (1) not separating the defenses by applicable defendant; and (2) being conclusory and without evidentiary support. Dkt. 23.

The county defendants list the following affirmative defenses: (1) failure to mitigate; (2) injuries caused by non-defendants; (3) failure to state a claim; (4) "common law and statutory immunities and privileges, including absolute, qualified and discretionary immunity"; (5) failure to exhaust administrative remedies; (6) no legal entitlement to punitive damages, compensatory damages, or attorneys' fees and costs; (7) injuries caused by intervening or superseding cause; (8) "the County did not have in place any unconstitutional policy, practice or custom"; and (9) the claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) or the *Rooker-Feldman* doctrine. Dkt. 18, at 7–8.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are disfavored; they delay proceedings, usually unnecessarily. *See Heller Fin., Inc. v. Midwhey Powder*

*Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted).

Grant cites no authority for the proposition that affirmative defenses must be pleaded separately for each individual defendant and I am aware of none. I reject that argument.

As for Grant's argument that the defenses are conclusory and without evidentiary support, he has the burden to show "'that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *Stinson v. Schueler*, No. 19-cv-379-jdp, 2020 WL 3403094, at *1 (W.D. Wis. June 19, 2020) (quoting *Pope v. Espeseth, Inc.*, No. 15-cv-486-jdp, 2016 WL 1715206, at *1 (W.D. Wis. Apr. 28, 2016)).

Grant hasn't met that burden here. The county defendants' affirmative defenses plausibly relate to Grant's claims, and asserting them is not unduly prejudicial to Grant. Grant contends that many of the defenses are vague, but they are sufficient to provide him with notice of the nature of the defenses, which is all that is required under Federal Rule of Civil Procedure 8. It is too soon to tell whether each of the defenses are meritorious: some of them are primarily questions of law, and I will not be able to discern what application they might have until later, if defendants choose to raise them at summary judgment or trial. Other defenses depend on facts that will need to be fleshed out during discovery. None of them is plainly unworthy of consideration, so I will not strike them. Grant may contest these defenses on the merits if defendants raise them at summary judgment or trial.

C. **Initial disclosures**

Grant has filed two motions for an order compelling defendants to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1) or sanctioning them for failing to do so. Dkt. 50 and Dkt. 52. I'll deny the first of these motions as superseded and I will consider the second. The county defendants respond, stating that Grant hasn't given them his initial disclosures either, and that their delay hasn't prejudiced Grant. Dkt. 53. Grant moves to strike a declaration that the county defendants have submitted in support of their response. Dkt. 59. I'll deny the motion to strike as meritless.

Under this court's administrative order No. 238 (entered in 1993), the court exempts parties from the initial-disclosure rule in cases brought by an unrepresented party, whether they are prisoners or not.[2] This order expands the initial-disclosure exemption for actions brought by unrepresented prisoners found in Fed. R. Civ. P. 26(a)(1)(B)(iv). Grant wasn't incarcerated at the time he filed the lawsuit, so the unrepresented-prisoner exemption doesn't apply to this case. And as Grant states in his "motion for clarification" on the issue, the Advisory Committee on Rules of Evidence stated in its notes for the 2000 amendments to Rule 26 that the initial disclosure provisions "are amended to establish a nationally uniform practice" and that the amendments "remove the authority to alter or opt out of the national disclosure requirements by local rule, invalidating not only formal local rules but also informal 'standing' orders of an individual judge or court that purport to create exemptions from—or limit or expand—the disclosure provided under the national rule." Fed. R. Civ. P. 26 Advisory Committee's Note. This suggests that this court's exemption for unrepresented non-prisoner

---

[2] https://www.wiwd.uscourts.gov/sites/default/files/Admin_Order_238.pdf (entered December 6, 1993).

7

plaintiffs may no longer be valid. I will discuss with the other judges of this court whether this order needs to be amended.

In any event, the parties are each proceeding under the assumption that they are required to make initial disclosures and they expect the other side to do so. I will grant Grant's motion to compel and give both sides a short deadline to make those disclosures.

ORDER

IT IS ORDERED that:

1. Plaintiff Caleb J. Grant's motions to strike portions of defendants' motions to dismiss and supporting materials, Dkt. 25; Dkt. 26; Dkt. 29, are DENIED.

2. Plaintiff's motions for extension of time, Dkt. 28 and Dkt. 31, are GRANTED.

3. The county defendants' motion for partial dismissal, Dkt. 19, is GRANTED in part.

4. The district attorney defendants' motion to dismiss, Dkt. 16, is GRANTED; defendants Albrecht and Arevalo are DISMISSED from the case.

5. The district attorney defendants' motion to stay discovery, Dkt. 38, is DENIED as moot.

6. Plaintiff's motion for injunctive relief against the district attorney defendants, Dkt. 62, is DENIED as moot.

7. Plaintiff's motion to strike affirmative defenses, Dkt. 23, is DENIED.

8. Plaintiff's motions to amend the complaint, Dkt. 46 and Dkt. 49, are DENIED.

9. Plaintiff's motion to strike a declaration filed by the county defendants, Dkt. 59, is DENIED.

10. Plaintiff's motion for clarification, Dkt. 44, is GRANTED.

11. Plaintiff's first motion to compel initial disclosures, Dkt. 50, is DENIED.

12. Plaintiff's second motion to compel initial disclosures, Dkt. 52, is GRANTED. The parties may have until August 23, 2024, to make those disclosures.

Entered August 12, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge