# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WISCONSIN

Caleb Grant,
     Plaintiff,

     v.                           Case No. 23CV551

Deputy DANIEL KROLIKOWSKI ET AL.,
     Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS
KROLIKOWSKI, MESSNER, BREUNIG, SAUK COUNTY, KNULL, AND MEISTER'S
RESPONSE TO FINDINGS OF FACTS**

1.      Plaintiff brings this action pursuant to sections 1983, 1985, 1986, and 1988, and invokes the jurisdiction of this court pursuant to Title 28 USC Section 1343 (A)(3)(4), Section 1331, and pursuant to the 14th Amendment, Title 42 USC Section 1983 and the Civil Rights Act of 1870. At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court. (Dkt. 1, Dkt. 86-1, Dkt. 90-1, Dkt. 89-1).

DEFENDANTS' RESPONSE NO. 1:  Object to the proposed fact in its entirety on the grounds it states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound as it is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds the proposed fact does not "identify where in the record the evidence is located" as required by this Court's Summary Judgment Procedures, Rule I.B.4.

Subject to the foregoing objections but without waiving same: To the extent that this proposed fact alleges that this Court has jurisdiction over the dispute, it is undisputed for purposes of summary judgment.

**Reply: The distinction between fact and law might be more nuanced in this context. In this case the jurisdiction is a factual matter concerning the court's authority over the parties and the subject matter. The proposed fact is located in Dkt 1 pg 2 under Jurisdiction and Venue.**

2.      The Plaintiff, Caleb J. Grant, a state national pursuant to 8 U.S.C. Section 1101(a)(21), Born in a state of the Union, has brought this federal civil suit for rights violations protected by the Constitution. (Dkt. 1, Dkt. 47 pg 3).

DEFENDANTS' RESPONSE NO. 2:  Object to the proposed fact in its entirety on the grounds it states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds the proposed fact does not "identify where in the record the evidence is located" as required by this Court's Summary Judgment Procedures, Rule I.B.

Subject to the foregoing objections but without waiving same: Disputed in part. To the extent the phrase "a state national pursuant to 8 U.S.C. Section 1101(a)(21)" is intended to mean Plaintiff is a citizen of either the United States of America or the State of Wisconsin, it is undisputed for purposes of summary judgment.

**REPLY: Disputed in part. The undisputed part is that the fact may be segmented into to separate, discrete statements.**

- **"The Plaintiff, Caleb J. Grant, a state national pursuant to 8 U.S.C. Section 1101(a)(21), Born in a state of the Union." ( Dkt. 47 pg 3 box 11.1)**

- **"The Plaintiff has brought this federal civil suit for rights violations protected by the Constitution." (Dkt. 1 pg 2 ).**

**The Affidavit containing Plaintiff being a "state national" was stipulated by Defendants as a result of Defendants acquiescence per Dkt 47 pg 3 box 11.1. Defendants cannot show in the record where they challenged the affidavit. The stipulation states regarding CITIZENSHIP [BOX 11 of Dkt 47 pg 3]:**

> **11.1    Constitutional but not statutory "Citizen".  "national but not "citizen" under federal law pursuant to 8 U.S.C. §1101(a)(21).  Born in a state of the Union.  NOT an:**
> **1.    "alien" (per 26 C.F.R. §7701(b)(1)(A))**
> **2.    "Individual" (per 26 C.F.R. §1.1441-1(c)(3))**
> **3.    "citizen of the United States" per 8 U.S.C. §1401 and 26 C.F.R. §1.1-1(c) per Rogers v. Bellei, 401 U.S. 815 (1971).**
> **"Stateless Person" as per Newman-Green v Alfonso Larrain, 490 U.S. 826 (1989). Constitutional diversity of citizenship pursuant to U.S Const. Art III. Section 2, but NOT statutory diversity pursuant to 28 U.S.C. §1332.  Rebut the following if you disagree within 30 days or you stipulate it as truth.**

**The respondent offers no citation to dispute as required in Rule 56 (c)(1), (e).**

3.    The Defendant, Sauk County is an administrative division in the State of Wisconsin, responsible for the compensating, enriching and rewarding, training, and making policy for the Defendants Sheriff Richard Meister and Deputy Sheriffs. (Dkt 18 pg 2)

DEFENDANTS' RESPONSE NO. 3:  Object to the proposed fact in its entirety on the grounds it states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: To the extent the proposed fact alleges that Sauk County is the employer of Richard Meister and the deputy County Defendants, it is undisputed for purpose of summary judgment.

**REPLY: Disputed in part. The undisputed part is that the fact may be segmented into**

to separate, discrete statements.

- **The Defendant, Sauk County is an administrative division in the State of Wisconsin.  (Dkt 18 pg 2 ¶ 7)**

- **The Defendant, Sauk County is responsible for the compensating, enriching and rewarding, training, and making policy for the Defendants Sheriff Richard Meister and Deputy Sheriffs. (Dkt 18 pg  ¶ 7, 10, 3,4,5,6)**

4.      The Defendants, Deputies Krolikowski, Knull, Messner, Breunig, are State Officials employed by County of Sauk in the State of Wisconsin. Deputies Krolikowski, Knull and Messner were the officers at the stops that concern the case; Deputy Breunig signed and swore to the original complaint of case 23CM237 in Sauk County Circuit Court (Dkt 18 pgs 1-3; Dkt 93-1 pg 4).

DEFENDANTS' RESPONSE NO. 4:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Undisputed.  The proposed fact may be segmented into to separate, discrete statements.**

- **The Defendants, Deputies Krolikowski, Knull, Messner, Breunig, are State Officials employed by County of Sauk in the State of Wisconsin. Deputies Krolikowski, Knull and Messner were the officers at the stops that concern the case.(Dkt 18 pgs 1-3; Dkt 93-1 pg 4)**

- **Deputy Breunig signed and swore to the original complaint of case 23CM237 in Sauk County Circuit Court.(Dkt 18 pgs 1-3; Dkt 93-1 pg 4)**

5.    The Defendant, Sheriff Richard Meister, is a State Official employed by County of Sauk in the State of Wisconsin and oversees the Office of Sheriff for Sauk County, which establishes, trains, and operates under certain policies and procedures, including those pertaining to hiring, training, supervising, and disciplining employees. (Dkt. 18 pg 3).

DEFENDANTS' RESPONSE NO. 5:  Object to the proposed fact in its entirety on the grounds it states a conclusion of law rather than an appropriate finding of fact. Further object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Undisputed for the purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**The fact is based on the documentation of the Defendant (Dkt 18 pg 3)**

**The respondent offers no citation to dispute as required in Rule 56 (c)(1).**

6.    The Defendants, ADA Gabriel Arevalo and DA Michael Albrecht, are  State Officials prosecuting attorneys employed by Sauk County. (Dkt 17, Dkt 1) and

(https://www.co.sauk.wi.us/districtattorney/district-attorney-and-victim-witness-personnel)

DEFENDANTS' RESPONSE NO. 6:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3 (*see also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds the proposed fact does not "identify where in the

record the evidence is located" as required by Rule I.B.4.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

7.    Defendant Sheriff Meister has an Oath of Office and uses a Sworn Roster (sworn by Meister) of authority/status of employees who are authorized to the status of Deputy Sheriff for Deputies Oath of Office. (Dkt. 99-1, Dkt. 99-2).

DEFENDANTS RESPONSE NO. 7:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3 (*see also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objection but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: The proposed finding of fact is limited as nearly as possible to a single factual proposition as required to conceptually understand the connections of Oaths.**

8.    On 4/6/2023 Deputy Messner pulled over a car with license plate number AAV-1662 on Terrytown Rd near the City of Baraboo in Sauk County. (Dkt 86-1 pg 8 ¶ 1).

DEFENDANTS RESPONSE NO. 8:  Undisputed for purposes of summary judgment.

9.    The stop on 4/6/2023 was for an Exhaust equipment issue. (Dkt 86-1 pg 8 ¶ 1)

DEFENDANTS RESPONSE NO. 9:  Undisputed for purposes of summary judgment.

10.    On 4/6/2023, Deputy Sgt. Luber arrived as backup for Deputy Messner on Terrytown

Rd (Dkt 86-1 pg 3; Dkt 83-2 RFA #4,5)

DEFENDANTS RESPONSE NO. 10:  Undisputed for purposes of summary judgment, but immaterial.

**Reply: Dispute. Not immaterial as Luber is a first hand materiel witness to facts.**

11.    On 4/6/2023, Deputy Messner deployed a "rat trap" tire deflation device to the car with plate number AAV-1662.

DEFENDANTS RESPONSE NO. 11:  Object to the proposed fact in its entirety as it is not supported by a citation to evidence in the record as required by this Court's Summary Judgment Procedures, Rules I.B.4, I.C.1 and I.C.2.

Subject to the foregoing objections but without waiving same: Disputed. There is no evidence in the record that supports "Deputy Messner deployed a 'rat trap'" at the traffic stop on April 6, 2023.

**REPLY: DISPUTED.  Defendant's counsel failed to repeat verbatim the moving party's proposed fact in contravention of this Court's Summary Judgment Procedures II(D) (1) . The missing citation is found in Plaintiff's Proposed Findings of Fact Dkt 102  ¶ 11  (Dkt 86-1 pg 8 ¶¶ 1, 3, 7)**

12.    During the Stop of 4/6/2023 of vehicle with license plate number AAV- 1662, Deputy Messner demanded a Drivers License. (Dkt 83-2 RFA# 7,11; Dkt 86-1 pg 8 ¶ 1, 2)

DEFENDANTS RESPONSE NO. 12:  Undisputed for purposes of summary judgment.

13.    On 4/6/2023 Deputy Messner threatened to arrest Grant and take him to jail if he did not identify himself. (Dkt 83-2 RFA #11; Dkt 86-1 pg 8 ¶ 2)

DEFENDANTS RESPONSE NO. 13:  Object to the proposed fact on the grounds that it is argumentative and the phrase "threatened to arrest Grant" is not supported by the citations to the record.

Subject to the foregoing objections but without waiving same: Disputed, in part. Deputy Messner advised Plaintiff that he could be arrested for obstruction for failing to identify himself. (Dkt. 86-1; p. 8, ¶ 2).

**REPLY: Disputed.   The cited references of Dkt 83-2 RFA #11; Dkt 86-1 pg 8 ¶ 2 are about what happened factually in the context of the traffic stop and are not argumentative.**

**The citation of Dkt 86-1 p 8 ¶ 2 does say that Messner "advised". However the citation does not offer an exact quote of Messner's words or of his inflections.  In Messner's RFA #11 (Dkt 83-2) he does not deny the "you threatened to arrest him [Plaintiff] if he [Plaintiff] did not identify himself."  and therefore Messner admits.**

14.    During the stop of 4/6/2023, there was no investigation of a crime that had been committed, was being committed or was about to be committed that involved Grant. (Dkt 86-1 pg 8 ¶ 2; Dkt 86- 1 pg 4)

DEFENDANTS RESPONSE NO. 14:  Object to the proposed fact in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed. On April 6, 2023, Deputy Messner stopped Plaintiff for an equipment violation related to the exhaust system on the vehicle he was operating. (Dkt. 106, ¶¶ 41-49).

**REPLY: DISPUTED.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited reference of Dkt 86-1 pg 8 ¶ 2; Dkt 86- 1 pg 4 is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual**

**proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**The citation offered by Defendants as proof does not establish that there was an investigation of a crime that had been committed, was being committed or was about to be committed that involved Grant.  It says "equipment violation"and qualifies that with "no visible exhaust pipe" which is a  condition that is not criminal in nature but a civil forfeiture. (Dkt 86-1 pg 5 Offenses TR305.20(5))**

15.    On the 4/6/2023 traffic stop by Messner with Plaintiff Caleb Grant, Deputy Messner wrote out traffic tickets to a Joshua Grant. (Dkt 86-1 pg 5,4,3,6; Dkt 83-2 RFA#19; Dkt 92-1 pg 2 ¶ 4)

DEFENDANTS RESPONSE NO. 15:  Undisputed for purposes of summary judgment.

16.    On the 4/6/2023 traffic stop by Deputy Messner, Grant was not correctly identified and was assumed by Deputy Messner and Sgt Luber as being the owner of the car and was released from the incident. (Dkt 86-1 pg 4; Dkt 83-2 RFA#19; Dkt 92-1 pg 2 ¶ 4)

DEFENDANTS RESPONSE NO. 16:  Object to the proposed fact on the grounds it is impermissibly compound as it is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. Further object to the proposed fact on the grounds that the term "Grant" is impermissibly vague and ambiguous in the context of the terms "Caleb Grant" and "Joshua Grant" in Proposed Fact No. 15. Further object as the phrases "assumed by Deputy Messner and Sgt Luber" and "was released from the incident" are argumentative and a conclusion of law as it is used in the context of the proposed fact rather than an appropriate finding of fact.

Subject to the foregoing objections but without waiving same: Disputed in part. Based on the information Deputy Messner gathered during his investigation of the equipment violation during

the April 6, 2023, traffic stop, he and Sgt. Luber believed that the driver of the vehicle was Joshua

Grant. (Dkt. 106, ¶¶ 55-57).

**REPLY: Disputed. The Proposed finding of fact may be segmented into to separate,**
**discrete statements as follows:**

- **On the 4/6/2023 traffic stop by Deputy Messner, Grant (Plaintiff) was not**
  **correctly identified.**

- **Deputy Messner and Sgt Luber assumed Grant (Plaintiff) as being the**
  **owner of the car, Joshua Grant.**

- **Plaintiff was released from the ~~incident~~ stop.**

**Addressing the objection of phrases, "assumed by Deputy Messner and Sgt Luber" and**
**"was released from the incident".  The "assumed" part is based on Messner's**
**statement that "The driver denied being Joshua, demanded to know how I [Messner]**
**determined that he [Plaintiff] was Joshua."  This showing of contrary information in**
**Messner's and Lubers knowledge means Messner and Luber made an assumption that**
**the "driver" was lying.  Further Messner states, "I advised Joshua that he was released**
**from the stop and I [Messner] ended contact with him."  This quote is presented as fact**
**not as a result of conclusion of law.  (Dkt 86-1 pg 8 ¶ 7) Plaintiff agrees the term**
**incident should be "stop" as was used by Messner.**

17.     On 5/8/2023, Deputy Messner went to Grant's parent's house, based on an address

from his records, in order to locate or identify Grant. (Dkt 92-1 pg 2 ¶ 2; Dkt 83-2 RFA#29,30)

DEFENDANTS RESPONSE NO. 17:  Object to the proposed fact on the grounds it is

impermissibly compound as it is not "limited as nearly as possible to a single factual proposition" as

required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. Further object to the

proposed fact on the grounds that the term "Grant" is impermissibly vague and ambiguous in the

context of the terms "Caleb Grant" and "Joshua Grant" in Proposed Fact No. 15.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  Proposed fact is limited as nearly as possible to a single factual proposition and efficiency of language.**

**The word Plaintiff may be added proceeding the single last name of Grant in order to limit the perceived vagueness.  Fact restated with addition of "Plaintiff" added follows:**

**On 5/8/2023, Deputy Messner went to Plaintiff Grant's parent's house, based on an address from his records, in order to locate or identify Plaintiff Grant. (Dkt 92-1 pg 2 ¶ 2; Dkt 83-2 RFA#29,30)**

18.    Sometime between 4/6/2023 and 5/18/2023 Deputies Messner, Krolikowski, Knull and others had communications about the person Deputy Messner wanted to identify, the driver from the traffic stop of 4/6/2023 on Terry town. (Dkt 83-2 RFA #24, 25; Dkt 83-4 RFA# 20; Dkt 83-6 RFA# 20)

DEFENDANTS RESPONSE NO. 18:  Object to the proposed fact on the grounds it is impermissibly compound as it is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed. The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

19.    Sometime between 4/6/2023 and 5/18/2023, Deputies Messner, Krolikowski, Knull and others conspired to track Grant for the purpose to identify the "driver" of the car with license

plate AAV-1662 that Deputy Messner wanted to identify from the 4/6/2023 traffic stop. (Dkt 86-1
Pg 8 ¶ 1; Dkt 92-1 pg 2 ¶¶ 2, 3, 4; Dkt 83-4 RFA#18, 23, 25; Dkt 88-1 at 0:00 – 0:46 ; 5:08-5:45)

DEFENDANTS RESPONSE NO. 19:  Object to the proposed fact it its entirety on the
grounds it is argumentative and states a conclusion of law rather than an appropriate finding of fact.
Further object on the grounds the proposed fact is impermissibly compound as it is not "limited as
nearly as possible to a single factual proposition" as required by this Court's Summary Judgment
Procedures, Rules I.B.1 and I.B.3.

Subject to the foregoing objections but without waiving same: Disputed. There is no
evidence in the record that the County Defendants "conspired to track" the Plaintiff and the
proposed fact is a legal argument on the merits, not a proposed fact.

**REPLY: Disputed.   The proposed finding of fact is limited as nearly as possible to a**
**single factual proposition.  Further narrowing of the proposition would confuse rather than**
**clearly communicate.**

**The record shows that there is evidence supporting "conspired to track" including but**
**not limited to  Dkt 88-1 at 0:00 – 0:46.**

**The respondent offers no citation to dispute as required in Rule 56 (c)(1).**

20.    On 5/17/2023, Deputy Messner was advised by Sgt Knull that an informant had
made contact Messner made contact at approximately 1:30pm with the informant and was told
Joshua Grant was not driving the Golf car with license plate AAV-1662 that he pulled over on
4/6/2023 and that it was Caleb Grant (Plaintiff). Deputy Messner voided the tickets for Joshua and
issued tickets to  Grant (Caleb). (Dkt 92-1 pg 2 ¶ 3,4)

DEFENDANTS RESPONSE NO. 20:  Object to the proposed fact on the grounds it is

impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds that the term "informant" is unsupported by the citation to the record and states a conclusion of law that is not an appropriate finding of fact.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**The proposed finding of fact can be separated into discriminate facts.**

- **On 5/17/2023, Deputy Messner was advised by Sgt Knull that an informant had made contact.(Dkt 92-1 pg 2 ¶ 3,4)**

- **Messner made contact with the informant at approximately 1:30pm on 5/17/2023. (Dkt 92-1 pg 2 ¶ 3,4)**

- **The informant told Messner that Joshua Grant was not driving the Golf car with license plate AAV-1662 that he pulled over on 4/6/2023 and that it was Caleb Grant.(Dkt 92-1 pg 2 ¶ 3,4)**

- **Deputy Messner voided the tickets for Joshua and issued tickets to Grant (Caleb). (Dkt 92-1 pg 2 ¶ 3,4)**

**The term "informant" is a supported term in the citation as the citation is redacted and ever redaction is labeled with "CI 23-05" .  The labeling "CI" is used for a Confidential Informant and that is common knowledge in the law enforcement vernacular.**

21.     On 5/18/2023 at approximately 6:55am, Grant was traveling by car on Ableman Rd. and Deputy Krolikowski was watching traffic from a church driveway less than a mile from Grant's

parents house and looking for a car with license plate AAV-1662. (Dkt 90-1 pg 1 ¶ 1; Dkt 88-1 at 0:00 – 0:46; Dkt 83-6 RFA#5)

DEFENDANTS RESPONSE NO. 21:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds the proposed fact is argumentative and is not supported by evidence in the record.

Subject to the foregoing objections but without waiving same: Disputed in part. There is no evidence in the record to support that  Deputy Krolikowski was "less than a mile from Grant's parents house. Further disputed to the extent the phrase "looking for a car with license plate AAV-1662" is not supported by any evidence in the record and is argumentative. To the extent that the proposed fact alleges that on May 18, 2023, at approximately 6:55 a.m., Deputy Krolikowski saw Plaintiff driving a vehicle on Ableman Rd. while he was monitoring traffic, it is undisputed for purposes of summary judgment.

**REPLY: Disputed.  The Proposed finding of fact may be segmented into to separate, discrete statements as follows:**

- **On 5/18/2023 at approximately 6:55am, Grant was traveling by car on Ableman Rd. (Dkt 90-1 pg 1 ¶ 1; Dkt 88-1 at 0:00 – 0:46; Dkt 83-6 RFA#5)**

- **Deputy Krolikowski was watching traffic from a church driveway less than a mile from Grant's parents house(Dkt 90-1 pg 1 ¶ 1; Dkt 88-1 at 0:00 – 0:46; Dkt 83-6 RFA#5)**

- **Deputy Krolikowski was looking for a car with license plate AAV-1662. (Dkt 90-1 pg 1 ¶ 1; Dkt 88-1 at 0:00 – 0:46; Dkt 83-6 RFA#5)**

**Addressing the objection to "Deputy Krolikowski was watching traffic less than a mile from**

Grant's parents house", (Dkt 90-1 pg 2 ¶ 2) Which is E7973 Beth Rd, Reedsburg. The church that Krolikowski was located at is at the corner of 23/33 and Ableman Rd. (Dkt 90-1 pg 1 ¶ 1) as it turns out, the distance is just over a mile at 1.2 . So the second bulleted fact should read instead:

Deputy Kroliowsk was watching traffic from a church driveway just over a mile from Grant's parents' house (Dkt 90-1 pgs 1 ¶ 1; pg 2 ¶ 2; Dkt 88-1 at 0:00 – 0:46; Dkt 83-6 RFA#5)

Docket 88-1 at 0:00 – 0:46 speaks to the fact that Krolikowski was looking for a car with license plat AAV-1662, "I'm behind a vehicle we're attempting to locate. Adam adam victor 1662 [AAV1662]" by Krolikowski's words, he was looking for that vehicle.

22.     On 5/18/2023 at about 6:55am, Deputy Krolikowski talking by radio to dispatch, requested "could you advise 9 (Sgt Knull) I'm behind a vehicle we're attempting to locate, Adam Adam Victor 1662 (AAV-1662), I'm going to attempt to traffic in a moment. " (Dkt 88-1 at 0:00 – 0:30; Dkt 87-1 at approx.8:30; Dkt 83-4 RFA#4,Dkt 90-1 pg 1 ¶ 1)

DEFENDANTS RESPONSE NO. 22:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds  that Dkt. 87-1 and Dkt. 88-1 are audio/video recordings that have not been transcribed by a Court reporter and not evidence of the kind that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a**

**single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**These audio/video files (Dkt 88-1 and 89-1 are to be treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 . The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

23.     On 5/18/2023 at approximately 6:55am, Krolikowski followed Grant for a short time until Grant pulled off to let him pass and Krolikowski pulled in behind Grant blocking the car Grant was in. (Dkt 90-1 pg 1 ¶ 1; Dkt 83-4 RFA #3) (Dkt 100 pg 1 ¶¶ 2, 3)

DEFENDANTS RESPONSE NO. 23:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed in part, but immaterial. Disputed to the extent the phrase "Grant pulled off to let him pass and Krolikowski pulled in behind Grant blocking the car Grant was in" implies that Krolikowski was not intending to stop Plaintiff's vehicle which is contrary to evidence in the record. (Dkt. 110, ¶ 23). To the extent that the proposed fact alleges that Deputy Krolikowski initiated a traffic stop of Plaintiff's vehicle on May 18, 2023, at approximately 6:55 a.m., it is undisputed for purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**Defendants disputing the phrase "Grant pulled off to let him pass and Krolikowski pulled in behind Grant blocking the car Grant was in" does not imply that Krolikowski was not intending to stop Plaintiff'. What it may imply is that Plaintiff was unaware of any reason for a stop and as courtesy was getting out of the way of some emergency. The cited reference does not show Plaintiff knew the intentions of Krolikowski. (Dkt 90-1 pg 1 ¶ 1; Dkt 83-4 RFA #3) (Dkt 100 pg 1 ¶¶ 2, 3)**

24.    On 5/18/2023 at approx. 6:55am, Deputy Krolikowski's stated purpose for the traffic stop was for an exhaust equipment violation. (Dkt 87-1 at 0:00 – 0:30; Dkt 90-1 pg 1 ¶ 1)

DEFENDANTS RESPONSE NO. 24:  Object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objection but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  This audio/video file is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .  The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

25.    On 5/18/2023 at about 3:30 minutes into the direct verbal contact between Deputy Krolikowski and Grant, Deputy Sgt Knull is on the scene and next to Deputy Krolikowski. (Dkt 87-1 at 3:30)

DEFENDANTS RESPONSE NO. 25:  Object to the proposed fact on the grounds that Dkt.

87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c) (1), (e)).

Subject to the foregoing objections but without waiving same: To the extent that Sergeant Knull arrived to assist Deputy Krolikowski at the May 18, 2023, traffic stop, it is undisputed for purposes of summary judgment.

**REPLY: Disputed. The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**Further, this audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 . The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files. This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence. Note that when citing, the cite should point to specific locations within the file.**

26. During the traffic stop of 5/18/2023 that started at approximately 6:55am on Evergreen Rd, There was no investigation of a crime that had been committed, was being committed or was about to be committed that involved Grant. There was no reasonable suspicion mentioned. (Dkt 87-1 at 0:00 – 8:15 and Generally)

DEFENDANTS RESPONSE NO. 26: Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further

object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Disputed. On May 18, 2023, Plaintiff was pulled over for an equipment violation related to the exhaust on the vehicle he was operating. (Dkt. 106,¶¶ 67-74).

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.  Further still, it is not a conclusion of law to state that there is no evidence for respondent to cite.**

**The Respondent has not pointed to anywhere in the record that shows that there was an investigation of a crime that had been committed, was being committed or was about to be committed that involved Grant or a reasonable suspicion mentioned that would support a crime that had been committed, was being committed or was about to be committed that involved Grant.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

27.    On 5/18/2023 at approximately 7:00am, Deputy Krolikowski demanded a drivers license or identification but refused to provide the authority or any statute that said he had authority to make such a demand when Grant asked him to provide his authority. (Dkt 87-1 at 3:50 – 4:17)

DEFENDANTS RESPONSE NO. 27:  Object to the proposed fact as  the phrase "refused to provide the authority or any statute that said he had authority to make such a demand when Grant asked him to provide his authority" is argumentative and states a conclusion of law in the context in which it is set forth that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: To the extent Deputy Krolikowski requested that Plaintiff provide identification, that is undisputed for purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited reference of Dkt 87-1 at 3:50 – 4:17 is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

28.    On 5/18/2023 at approximately 7:00am, shortly after Deputy Sgt Knull arrived, Deputy Krolikowski stated to him, "same situation". (Dkt 87-1 at 4:00 – 4:20; Dkt 83-4 RFA#47)

DEFENDANTS RESPONSE NO. 28:  Object to the proposed fact on the grounds that Dkt. 87-1 and Dkt. 83-4 are audio/video recordings that have not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Dispute. Dkt 83-4 is respondents document and it is the responses of Defendant Erik Knull to RFA(s).  It is not an audio/video file.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The**

**Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files. This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence. Note that when citing, the cite should point to specific locations within the file.**

29.    On 5/18/2023 at approximately 7:00am, Deputy Sgt Knull had put on his protective leather gloves. (Dkt 83-4 RFA #43)

DEFENDANTS RESPONSE NO. 29:  Undisputed for purposes of summary judgment.

30.    On 5/18/2023 at approximately 7:00am, immediately after the "same situation" comment, Deputy Krolikowski brandished his baton and said he would break the window in and remove Grant if Grant did not immediately unlock the door. (Dkt 87-1 at 4:07; Dkt 83-4 RFA#48, 50)

DEFENDANTS RESPONSE NO. 30:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited reference of Dkt 87-1 at 4:07 is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

31.     On 5/18/2023 at approximately 7:00am, Grant unlocked the door and Deputy Krolikowski immediately opened the door and Krolikowski and Knull put hands on Grant pulling him out of the car. (Dkt 87-1 at 4:30 – 4:45) (Dkt 100 pg 2 ¶ 18)

DEFENDANTS RESPONSE NO. 31:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law in the  context in which it is set forth and is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c) (1), (e)). Further object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Disputed to the extent that the phrase "Deputy Krolikowski immediately opened the door and Krolikowski and Knull put hands on Grant pulling him out of the car" is not supported by evidence in the record. (Dkt. 106, ¶¶ 81-83)

**REPLY: Disputed. Respondent argues the proposed fact above is argumentative and states a conclusion of law. The cited reference of Dkt 87-1 at 4:30 – 4:45 is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 . The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files. This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence. Note that when citing, the cite should point to specific locations within the file.**

**Further the citation of proposed fact of DKT 100  pg 2 ¶ 18 is evidence in the record that "Deputy Krolikowski immediately opened the door and Krolikowski and Knull put hands on Grant pulling him out of the car"**

32.     On 5/18/2023 at approximately 7:00am, Grant did not resist at any time. (Dkt 90-1 pg 1 ¶ 2; Dkt 87-1 at 4:20 – 4:50)

DEFENDANTS RESPONSE NO. 32:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Disputed to the extent that Plaintiff did not cooperate with Deputy Krolikowski's requests during his investigation at the May 18, 2023, traffic stop, and . (Dkt. 106, ¶¶ 77-81).

**REPLY: Disputed. Respondent argues the proposed fact above is argumentative and states a conclusion of law. The cited reference of Dkt 87-1 at 4:20 – 4:50 is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 . The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files. This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence. Note that when citing, the cite should point to specific locations within the file.**

**The citation used by Respondent is based on their own proposed findings of fact. The information presented in Dkt 106 ¶¶ 77-81 are in complete contradiction in both time and events with the audio/video file of 87-1 at 4:20 – 4:50 and this is documented in the response to proposed FOF of Defendants. (Dkt 132 ¶¶ 77 - 81) Further the citation of 90-1 pg 1 ¶ 2 , in Krolikowski's initial report states, "..., he [Grant] indicated that he would exit [t]he vehicle, unlocking the vehicle and exited cooperatively."**

33.    On 5/18/2023 at approximately 7:00am, Deputy Krolikowski immediately put handcuffs on Grant, as Deputy Sgt Knull assisted in concert with the actions of Krolikowski and agreed with the actions of Krolikowski. (Dkt 87-1 at 4:20 – 4:50; Dkt 90-1 pg 1 ¶ 2; Dkt 100 pg 2 ¶

19)

DEFENDANTS RESPONSE NO. 33: Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Disputed to the extent the phrases "assisted in concert with the actions of Krolikowski" and "agreed with the actions of Krolikowski" are intended as a statement that is a conclusion of law. To the extent that Deputy Krolikowski and Sergeant Knull placed Plaintiff in handcuffs, it is undisputed for purposes of summary judgment.

**REPLY: Dispute. Respondent argues the proposed fact above is argumentative and states a conclusion of law. The cited reference of Dkt 87-1 at 4:20 – 4:50 is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 . The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files. This rule provides the basis for understanding how**

**electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

**The audio/video file speaks for itself and there is no legal conclusion to the factual actions of the defendants as recorded in the audio/video files account.**

**Further the respondent offers no citation to dispute with as required in Rule 56 (C)(1).**

34.     On 5/18/2023 at approximately 7:00am, Deputy Sgt Knull states to Grant that they have these situations where people refuse to give ID. (Dkt 87-1 at 6:10 – 6:39; Dkt 100 pg 3 ¶ 24)

DEFENDANTS RESPONSE NO. 34:  Object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.   This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3  .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

35.     On 5/18/2023 at approximately 7:00am, Deputy Sgt Knull then says to Grant that he can lawfully remove and arrest him for obstruction for not providing an ID. (Dkt 87-1 at 6:10 – 7:50, Dkt 100 pg 3 ¶ 25)

DEFENDANTS RESPONSE NO. 35:  Object to the proposed fact on the grounds that Dkt. 87-1 is an audio/video recording that has not been transcribed by a Court reporter and is not

evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

36.    On 5/18/2023 at approximately 7:00am, Deputy Krolikowski and Sgt Knull then performed a search on Grant. (Dkt 87-1 at 4:35 – 6:15, Dkt 83-6 RFA#54; Dkt 100 pg 2 ¶ 21)

DEFENDANTS RESPONSE NO. 36:  Object to the proposed fact on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed.  This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

37.    On 5/18/2023 at approximately 7:00am, Deputy Krolikowski states, "this is the parent" and Knull replies "get him in the car". (Dkt 87-1 at; Dkt 100 pg3 ¶¶ 26, 27)

DEFENDANTS RESPONSE NO. 37:  Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object to the proposed fact on the grounds  that Dkt. 87-1 is an audio recording that has not been transcribed by a Court reporter and is not evidence that may be offered in support of a proposed fact as enumerated in this Court's Summary Judgment Procedures, Rule I.C.2.

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment, but immaterial.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**This audio/video file (Dkt 87-1) is treated the same as documentation which is referenced in this Court's Summary Judgment Procedure, Rules I.B.1 and I. B. 3 .   The Federal Rules of Evidence 1001 defines electronic records as documents or writings, and includes electronic data and files.  This rule provides the basis for understanding how electronic evidence fits the broader context of documentary evidence.  Note that when citing, the cite should point to specific locations within the file.**

**The proposed fact is not immaterial as it belies foreknowledge of who they had in their custody and may indicate that the actions of Krolikowski and Knull were planned ahead of time.**

**Further the respondent offers no citation to dispute with as required in Rule 56 (C)(1).**

38.    On 5/18/2023 at approximately 7:00am, Grant was never read Miranda rights. (Dkt 87-1 Generally; Dkt 100 pg 4 ¶ 35)

DEFENDANTS RESPONSE NO. 38:  Object to the proposed fact in its entirety as it states a conclusion of law and is not an appropriate proposed finding of fact.

Subject to the foregoing objections but without waiving same: Disputed to the extent that the evidence cited does not provide support for the proposed fact and implies a legal conclusion related to Plaintiff's arrest. (Dkt. 106, ¶¶ 86-87; 101-102).

**REPLY: Disputed.  Respondent argues the proposed fact above is a conclusion of law. The cited reference of Dkt 87-1 Generally, is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**Respondent's citation of Dkt 106 ¶¶ 86-87, 101-102) do not support his position.**

39.    On 5/18/2023 at approximately 7:00am, Grant's identity was not  known during the stop. (Dkt 87-1 Generally; Dkt 100- pg 3 ¶ 31)

DEFENDANTS RESPONSE NO. 39:  Disputed in part. Based on the information Deputy Krolikowski learned during the traffic stop and from the previous conversation with Deputy Messner, he believed that the driver was the Plaintiff,  Caleb James Grant. (Dkt. 106, ¶ 106).

**REPLY: Dispute.  Citation does not support the defendant's claim. Rule 56(c)(1), 56(e)**

40.    On 5/18/2023 at approximately 7:00am, As Deputy Krolikowski was transporting Grant to the Sauk County jail, Krolikowski refused to confirm to Grant that he had an Oath of office. (Dkt 100 pg 3 ¶ 32)

DEFENDANTS RESPONSE NO. 40: Undisputed for purposes of summary judgment.

41.    On 5/18/2023 at approximately 7:00am, dispatch states to Deputy Krolikowski that

there are no warrants issued for Grant (Dkt 88-1 at 5:35 – 5:45; Dkt 83-4 #62)

DEFENDANTS RESPONSE NO. 41:    Undisputed for purposes of summary judgment.


42.    On 5/18/2023 after 7:00am, Deputy Krolikowski took Grant into the jail facility to have Grant booked in and where Grant's fingerprints and picture(s) were taken without consent from Grant. (Dkt 90-1 pg 3 ¶ 4)

DEFENDANTS RESPONSE NO. 42:    Object to the proposed fact on the grounds it is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds that the proposed fact is argumentative with respect to the phrase "without consent from Grant" and states a conclusion of law as opposed to an appropriate finding of fact. Subject to the foregoing objections but without waiving same: Disputed to the extent that the phrase "without his consent" implies a legal conclusion related to Plaintiff's arrest. To the extent that Krolikowski took Plaintiff to the Sauk County Jail for booking and jail staff took his fingerprints and photograph, it is undisputed for purposes of summary judgment.

**REPLY: Disputed.  The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**It is not a conclusion of law the phrase "without consent from Grant" as the fact Grant did not give consent is factually based on the citation provided.  Defendant doe not offer any citations that would contradict this position as reqired by 56(c)(1), (e)**

43.    On 5/18/2023 after 7:00am, Deputy Krolikowski took Grant's wallet, without his

consent, and went through its contents and took pictures of the contents for documentation to be used against him. (Dkt 90-1 pg 3 ¶ 1, 2)

DEFENDANTS RESPONSE NO. 43:  Object to the proposed fact in its entirety on the grounds that it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed to the extent that the phrase "without his consent" implies a  legal conclusion related to Plaintiff's arrest. To the extent that Deputy Krolikowski examined the contents of Plaintiff's wallet at the Sauk County Jail, that is undisputed for purposes of summary judgment.

**REPLY: Disputed.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited reference of Dkt 90-1 pg 3 ¶ 1, 2 is about what happened factually not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**Defendants have provided no citation where the record shows Caleb Grant gave his consent at any time as required in Rule 56 (c)(1), (e)**

44.     On 5/18/2023 after 7:00am, When Grant was brought into the jail facility, Deputy Messner was already there waiting to see Grant and proceeded to make accusations and mock Grant. (Dkt 90- 1pg 3 ¶ 6 ; Dkt 100 pg 4 ¶ 37; Dkt 92-1 pg 2 ¶ 4)

DEFENDANTS RESPONSE NO. 44:  Object to the proposed fact on the grounds it is argumentative and is not supported by any evidence in the record with respect to the phrase

Deputy Messner was already there waiting to see Grant and proceeded to make accusations and mock Grant." Further object on the grounds that the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed in part. There is no evidence in the record that supports "Deputy Messner was already there waiting to see Grant and proceeded to make accusations and mock Grant" as the basis for those assertions comes from Plaintiff's own affidavit. To the extent Deputy Messner arrived at the Sauk County Jail while Plaintiff was being booked, that is undisputed for purposes of summary judgment.

**REPLY: Disputed. Respondent argues the proposed fact above is argumentative . The cited reference of Dkt 100 pg 4 ¶ 37 is about what happened factually, not based on a belief.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**Defendant violates this Court's Summary Judgment Procedures, Rules II. D. 5. making arguments on the merits.**

**The respondent offers no citation to dispute as required in Rule 56 (C)(1).**

45.     On 5/18/2023, Grant was incarcerated without probable cause, and without committing a crime. (Dkt 87-1 Generally, Dkt 90-1 pg 3 ¶ 4; Dkt 89-1 pg 12;Dkt 89-1 pg 1; Dkt 100 pg 4 ¶¶ 33, 35)

DEFENDANTS RESPONSE NO. 45:  Object to the proposed fact in its entirety on the grounds it is argumentative and states multiple conclusions of law which is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's

Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed to the extent that the proposed fact is a statement of law and implies a legal conclusion related to Plaintiff's arrest. Deputy Krolikowski arrested Plaintiff because he would not comply with his investigation into the equipment violation. (Dkt. 106, ¶¶ 77-83).

**REPLY: Disputed.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited references of Dkt 87-1 Generally, Dkt 90-1 pg 3 ¶ 4; Dkt 89-1 pg 12;Dkt 89-1 pg 1; Dkt 100 pg 4 ¶¶ 33, 35 are about what happened factually in context and not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**The respondent offers no citation to dispute as required in Rule 56 (c)(1), (e).**

46.    On 5/18/2023, Grant was held for 2 days at the Sauk County Jail (Dkt 90-1 pg 3 ¶ 4; Dkt 89-1 pg 12, pg 1)

DEFENDANTS RESPONSE NO. 46:  Undisputed for purposes of summary judgment.

47.    Grant was subjected to cold temperatures, lack of privacy, lack of sleep, lack of nutritional food, questioning by jailers and Sauk County Deputies, chiding and belittling by jailers and Deputies and denied opportunity to communicate with counsel and access to a phone. (Dkt 100 pgs 4-5 ¶¶ 38, 39, 40, 43- 49)

DEFENDANTS RESPONSE NO. 47:  Object to the proposed fact in its entirety on the grounds it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment

Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed. There is no evidence in the record to support the allegations in the proposed findings of fact.

**REPLY: Disputed. Respondent argues the proposed fact above is argumentative and states a conclusion of law. The cited reference of Dkt 100 pgs 4-5 ¶¶ 38, 39, 40, 43- 49 is about what happened factually in the context of incarceration in the Sauk County Jail.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**Further the Defendants offer no citation to evidence in the record to dispute with as required in Rule 56 (c)(1), (e).**

48.     On 5/19/2023 case number 23-CM-237 was filed in Sauk County Circuit Court naming Caleb James Grant defendant for obstruction of an officer for failing to give his identity at a traffic stop for an equipment violation. (Dkt 89-1 Generally; Dkt 93-1 Generally)

DEFENDANTS RESPONSE NO. 48:  Object to the proposed fact on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Undisputed for purposes of summary judgment.

**REPLY: Disputed. The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

49.     ADA Arevalo and DA Albrecht knew the case of 23-CM-237 was based on an

equipment violation stop and not a Terry stop with reasonable suspicion of criminal activity that involved Grant and there was no investigation based on a reasonable articulable suspicion and no exigent circumstances. (Dkt 86-1 Generally, 90-1 Generally; Dkt 93-1 Generally)

DEFENDANTS RESPONSE NO. 49:  Object to the proposed fact in its entirety on the grounds it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds that the citation to the proposed fact does not "identify where in the record the evidence is located" as required by Rules I.B.4, I.C.1. and I.C.2.

Subject to the foregoing objections but without waiving same: Disputed. The phrase "23-CV-237 was based on an equipment violation stop and not a Terry stop with reasonable suspicion of criminal activity that involved Grant and there was no investigation based on a reasonable articulable suspicion and no exigent circumstances" is argumentative and implies a legal conclusion as to the merits of 23-CM-237 rather than an appropriate finding of fact. Further, the proposed fact is not supported by evidence in the record and is not based on Plaintiff's personal knowledge.

**REPLY: Disputed.  Defendants offer no citation to dispute as required in Rule 56 (c)(1).**


50.     ADA Arevalo and DA Albrecht kept the case of 23-CM-237 going for well over a year causing Grant to have to show up at court to defend himself. (Dkt 89-1 Generally)

DEFENDANTS RESPONSE NO. 50:  Object to the proposed fact in its entirety on the grounds it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's

Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)). Further object on the grounds that the citation to the proposed fact does not "identify where in the record the evidence is located" as required by Rules I.B.4, I.C.1. and I.C.2.

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact is a conclusion of law and an argument for Plaintiff's brief rather than an appropriate finding of fact. The County Defendants maintain they did not violate Plaintiff's rights at any time.

**REPLY: Disputed.  The respondent offers no citation to dispute as required in Rule 56 (c)(1), (e).**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited references are about what happened factually in the context of the case and not about a conclusion of law.**

**There are no citations to support Defendants position as required in Rule 56(c)(1), (e)**


51.     On 6/12/2024, the case of 23-CM-237 in Sauk County Circuit Court was dismissed by defendant ADA Gabriel Arevalo in favor of Grant. (Dkt 89-1 pg 1)

DEFENDANTS RESPONSE NO. 51:  Object to the proposed fact as it is argumentative and the phrase "in favor of Grant" states a conclusion of law that is not an appropriate finding of fact.

Subject to the foregoing objection but without waiving same: Disputed to the extent that the phrase "in favor of Grant" implies a legal conclusion as to the merits of case 23-CM-237. To the extent that case 23- CM-237 was dismissed, it is undisputed for purposes of summary  judgment.

**REPLY: Disputed.  The phrase is factual in its basis.  It was a criminal misdemeanor**

charge so any dismissal by the prosecution of the case would be in "favor of Grant".

**The respondent offers no citation to dispute as required in Rule 56 (c)(1), (e).**

52.    The case of 23-CM-237 did not have Probable Cause. (Dkt 87-1 Generally)

DEFENDANTS RESPONSE NO. 52: Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact.

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact in its entirety as it implies a legal conclusion as to the merits of case 23-CM-237 and is not an appropriate finding of fact. The County Defendants maintain they did not violate Plaintiff's rights at any time. (*See* Dkt. 105).

**REPLY: Disputed.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited reference of Dkt 87-1 at 0:00 – 15:00 or generally, is about what happened factually in the context of the traffic stop not about a conclusion of law.**

**The Defendants offer no citation to dispute with as required in Rule 56 (c)(1).**

53.    There was no injured party in case 23-CM-237. (Dkt 87-1 Generally; Dkt 89-1 Generally; Dkt 93-1 Generally)

DEFENDANTS RESPONSE NO. 53: Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact.

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact in its entirety implies a legal conclusion as to the merits of case 23-CM-237. The County Defendants maintain they did not violate Plaintiff's rights at any time. (*See* Dkt. 105).

**REPLY: Disputed.  Defendants offer no citation to dispute the facts as required in Rule 56 (c)(1).**

**Defendants argue the proposed fact above is argumentative and states a conclusion of law.  To the contrary.  The fact being presented is that there is no injured party whose injuries**

are directly attributable to Grant.

**The Defendants offer no citation to dispute with as required in Rule 56 (c)(1).**

54.    The case of 23-CM-237 was based on Deputies accusation of obstruction for failure of Grant to identify himself. (Dkt 90-1 pg 1 ¶ 2, Dkt 87-1 Generally; Dkt 93-1 Generally)

DEFENDANTS RESPONSE NO. 54: Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact.

Subject to the foregoing objections but without waiving same: Disputed to the extent the proposed fact implies a conclusion of law with respect to the merits of case 23-CM-237. To the extent that Deputy Krolikowski arrested Plaintiff for obstructing his investigation during the traffic stop, that is undisputed for purposes of summary judgment.

**REPLY:Disputed.  Defendants offer no citation to dispute with as required in Rule 56 (c)(1), (e).  Neither do Defendants offer citation to support their position of "Deputy Krolikowski arrested Plaintiff for obstructing his investigation during the traffic stop." as required in Rule 56(c)(1), (e).**

**Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited references of Dkt 90-1 pg 1 ¶ 2, Dkt 87-1 Generally; Dkt 93-1 Generally are about what happened factually and not about a conclusion of law.   Factually , Knull states, "... the fact that you were refusing to identify yourself, we can lawfully remove you from the car and arrest you for obstructing." (Dkt 87-1 at 6:34)**

**The Defendants offer no citation to dispute with as required in Rule 56 (c)(1).**


55.    ADA Arevalo and DA Albrecht evidence malice toward Grant by the ADA's words at dismissal of 23-CM-237, "But with all things in consideration, we believe that the traffic matters provide enough punishment and address the – the issues at hand, and we would, thus, move to

dismiss the 23-CM-237." (Dkt 94-2 Transcripts of 6/12/24 pg 112 ln 6)

DEFENDANTS RESPONSE NO. 55:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed, but immaterial. The proposed fact states a conclusion of law and is an argument for Plaintiff's brief rather than an appropriate finding of fact. The County Defendants maintain they did not violate Plaintiff's  rights at any time. (*See* Dkt. 105).

**The Defendants offer no citation to dispute with as required in Rule 56 (c)(1).**

56.     In the final pretrial hearing of 6/5/24 for case 23-CM-237 ADA Arevalo gave the 3rd and final offer to defendant Grant before trial, "We're here for four traffic matters and one criminal matter. All of these are resolved by our offer. The State and County current offers are as follows: in 23-TR-3072, Mr. Grant would plead guilty or no contest to operating without a license as a first offense with a $200.50 fine and costs. The remaining traffic matters, 23-TR- 3075, 3073, 3074, would be dismissed, as would 23-CM-237, which is the criminal matter. Obviously, there are days of jail credit. They don't apply to a – traffic forfeiture." (Dkt 94-1 Transcripts of 6/5/24 pg 14)

DEFENDANTS RESPONSE NO. 56:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed to the extent that the

proposed fact implies a conclusion of law as to the merits of 23-TR-3072 and 23-CM-237. To the extent that the remaining allegations accurately reflect the Court's transcript in 23-CM-237 and 23-TR-3073, 23-TR-3074, and 23-TR-3075, it is undisputed for purposes of summary judgment.

**REPLY: Disputed. Respondent argues the proposed fact above is argumentative and states a conclusion of law. The cited reference of Dkt 94-1 Transcripts of 6/5/24 pg 14 is about what happened and said factually in the context of court not about a conclusion of law.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**The respondent offers no citation to dispute as required in Rule 56 (c)(1), (e).**

57.     Grant is completely private and separate from the State of Wisconsin and has no franchise contract with it including but not limited to a drivers license. (Dkt 47 pg 3 and Generally)

DEFENDANTS RESPONSE NO. 57: Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact states a legal conclusion and is an argument for Plaintiff's brief rather than an appropriate finding of fact. There is no evidence in the record that supports the proposed fact. The County Defendants maintain they did not violate Plaintiff's rights at any time. (*See* Dkt. 105).

**REPLY: Disputed.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited reference of Dkt 47 is an affidavit, with pages 3, 4 giving**

**pertinent information.  It is a written statement of facts sworn to be true by the affiant (the person making the affidavit) before a notary public. It is used to present <u>factual information</u> in writing and is typically submitted as evidence in legal proceedings. (Dk 47 pg 12)**

**The Affidavit, containing Plaintiff being a "state national", was stipulated by Defendants as a result of Defendants acquiescence per Dkt 47 pg 3 box 11.1. Defendants cannot show in the record where they challenged the affidavit.  The stipulation states regarding CITIZENSHIP [BOX 11 of Dkt 47 pg 3]:**

> **11.1   <u>Constitutional but not statutory "Citizen".</u>  "national but not "citizen" under federal law pursuant to <u>8 U.S.C. §1101(a)(21)</u>.  Born in a state of the Union.  NOT an:**
> **1.      "alien" (per <u>26 C.F.R. §7701(b)(1)(A))</u>**
> **2.      "Individual" (per <u>26 C.F.R. §1.1441-1(c)(3))</u>**
> **3.      "citizen of the United States" per <u>8 U.S.C. §1401</u> and <u>26 C.F.R. §1.1-1(c)</u> per Rogers v. Bellei, 401 U.S. 815 (1971).**
> **"Stateless Person" as per Newman-Green v Alfonso Larrain, 490 U.S.**

**826 (1989). <u>Constitutional diversity of citizenship pursuant to U.S Const. Art III.</u> <u>Section 2,</u> but NOT statutory diversity pursuant to 28 U.S.C. §1332.  Rebut the following if you disagree within 30 days or you stipulate it as truth.**

**There is no rebuttal on the record.**

**The respondent offers no citation to dispute as required in Rule 56 (c)(1), (e).**

58.    Defendant Sauk County through the office of the Sheriff Department maintains a pattern and practice of depriving liberty and property, and causing damage  without  probable  cause of  proper  lawful  foundation  as  secured  by  the Constitution as demonstrated in the deprivation of Grant's rights. (Dkt 87-1 DVD at 6:25 – 7:15; Dkt 83-4 RFA#57; Dkt 83-2 RFA#11; Dkt 100 ¶ 24)

DEFENDANTS RESPONSE NO. 58:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact. Further

object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact is a conclusion of law and an argument for Plaintiff's brief rather than an appropriate finding of fact. The County Defendants maintain they did not violate Plaintiff's rights at any time. (*See* Dkt. 105).

**REPLY: Dispute. The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited references of Dkt 87-1 DVD at 6:25 – 7:15; Dkt 83-4 RFA#57; Dkt 83-2 RFA#11; Dkt 100 ¶ 24 are factually based not about a conclusion of law.**

**The offered citation does not apply and irrelevant.**

**The Defendants offer no citation to dispute with as required in Rule 56 (c)(1).**

**The respondents offer no citation to dispute as required in Rule 56 (c)(1), (e).**

**Further the wording is taken from Dkt 1 ¶ 56 which, based on the ruling on Motion from Dkt 52 of 8/12/2024 (Order #12), was GRANTED and that includes the sanction that the facts presented in the complaint are established for all purposes.**

59.    The Defendant Sauk County failed and neglected to properly train and supervise its employees, and especially its Deputy Sheriffs with respect to  individual rights as protected by the Constitution as evident by the several abuse(s) and damage(s) sustained by Grant.(Dkt 87-1 DVD at 6:25 – 7:15; Dkt 83-4 RFA#57; Dkt 83-2 RFA#11; Dkt 100 ¶ 24)

DEFENDANTS RESPONSE NO. 59:  Object to the proposed fact in its entirety as it is

argumentative and states a conclusion of law that is not an appropriate finding of fact. Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact is a conclusion of law and an argument for Plaintiff's brief rather than an appropriate finding of fact. The County Defendants maintain they did not violate Plaintiff's rights at any time. (*See* Dkt. 105).

**REPLY: Disputed. Respondent argues the proposed fact above is argumentative and states a conclusion of law. The cited references of Dkt 87-1 DVD at 6:25 – 7:15; Dkt 83-4 RFA#57; Dkt 83-2 RFA#11; Dkt 100 ¶ 24 are about what happened factually in the context of the traffic stop.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition. Further narrowing of the proposition would confuse rather than clearly communicate.**

**The offered citation does not apply and irrelevant.**

**The respondents offer no citation to dispute as required in Rule 56 (c)(1), (e).**

**Further the wording is taken from Dkt 1 ¶ 57 which, based on the ruling on Motion from Dkt 52 of 8/12/2024 (Order #12), was GRANTED and that includes the sanction that the facts presented in the complaint are established for all purposes.**

60.    Sheriff defendants, especially Krolikowski, Knull and Messner, were acting within the scope of their presumed duties as employees of Defendant Sauk County when interacting with Grant. (Dkt 18 pg 2)

DEFENDANTS RESPONSE NO. 60:  Undisputed for purposes of summary judgment.

61.    Sauk County Defendants, deprived Grant of his rights to liberty and freedom from unprovoked entrapment, unlawful arrest, denial of counsel, abuse of process and other violations of duly established laws protected by the 4th, 5th, 6th, 8th, and 14th amendments. (Dkt 87-1 DVD Generally; Dkt 93-1; Dkt 86-1; Dkt 92-1; Dkt 90-1; Dkt 88-1 DVD; Dkt 100 Generally)

DEFENDANTS RESPONSE NO. 61:  Object to the proposed fact in its entirety as it is argumentative and states a conclusion of law that is not an appropriate finding of fact.  Further object on the grounds the proposed fact is impermissibly compound and is not "limited as nearly as possible to a single factual proposition" as required by this Court's Summary Judgment Procedures, Rules I.B.1 and I.B.3. (*See also* Fed. R. Civ. P. 56(c)(1), (e)).

Subject to the foregoing objections but without waiving same: Disputed. The proposed fact is a conclusion of law and an argument for Plaintiff's brief rather than an appropriate finding of fact. The County Defendants maintain they did not violate Plaintiff's rights at any time. (*See* Dkt. 105).

**REPLY: Disputed.  Respondent argues the proposed fact above is argumentative and states a conclusion of law.  The cited references of  Dkt 87-1 DVD Generally; Dkt 93-1; Dkt 86-1; Dkt 92-1; Dkt 90-1; Dkt 88-1 DVD; Dkt 100 Generally are about what happened factually in the context of the traffic stop.**

**The proposed finding of fact is limited as nearly as possible to a single factual proposition.  Further narrowing of the proposition would confuse rather than clearly communicate.**

**The offered citation does not apply and irrelevant.**

**The respondents offer no citation to dispute as required in Rule 56 (c)(1), (e).**

**Further the wording is taken from Dkt 1 ¶ 58 which, based on the ruling on Motion from Dkt 52 of 8/12/2024 (Order #12), was GRANTED and that includes the sanction that the**

**facts presented in the complaint are established for all purposes.**

Dated ___9/19/2024___

_____/s Caleb J. Grant____

Caleb J. Grant
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

<u>Service</u>
Samuel Hall
Brianna Meyer
Daniel Peters
Dalton Sjong
Matthew Tobin