IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,

        Plaintiff,

                                 Case No:  23-CV-551

v.

DEPUTY DANIEL KROLIKOWSKI,
DEPUTY STEVEN MESSNER,
DEPUTY ALEX BREUNIG, SAUK COUNTY,
DEPUTY ERIK KNULL, SHERIFF RICHARD
MEISTER, GABRIEL AREVALO,
DISTRICT ATTORNEY MICHAEL ALBRIGHT
and JOHN DOES 1 THRU 5,

        Defendants.

---

**DEFENDANTS DEPUTY DANIEL KROLIKOWSKI, DEPUTY STEVEN
MESSNER, DEPUTY ALEX BREUNIG, SAUK COUNTY, DEPUTY ERIK
KNULL AND SHERIFF RICHARD MEISTER'S REPLY TO PLAINTIFF'S
RESPONSES TO PROPOSED FINDINGS OF FACT IN SUPPORT OF
SUMMARY JUDGMENT**

---

      Defendants Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex

Breunig, Sauk County, Deputy Erik Knull and Sheriff Richard Meister, by their

attorneys, Crivello, Nichols & Hall, S.C., respectfully submits the following Proposed

Findings of Fact in support of their Motion for Summary Judgment.

1.     Plaintiff Caleb James Grant ("Grant") is an adult resident of the State of

Wisconsin with an address of E7973A Beth Road, Reedsburg, Wisconsin.

**Response:  Disputed. No citation is provided and is therefore not admissible.**

**Reply:  Object to the response to the proposed fact on the grounds that Plaintiff does not cite to any evidence in the record or offer any alternative version of fact in violation of this Court's Rules and Procedures on Summary Judgment, Rule II.C.**

**Subject to the foregoing objections but without waiving same: Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 1 is undisputed.**

2.    As of the date of filing, and at all times relevant hereto, Grant has not been convicted of any crime related to the events of the alleged incidents occurring on April 6, 2023, and May 18, 2023. (Declaration of Dalton D. Sjong ("Sjong Decl.") at ¶ 3; Exhibit A; *see generally* Dkt. 1).

**Response:  The citations provided are not relevant to the proposed fact or are unclear as to which declaration of Sjong.**

**Reply:  Object on the grounds that Plaintiff's response is not proper as it does not "[s]tate clearly whether the fact is *disputed* or *undisputed*" in violation of this Court's Summary Judgment Procedures, II.D.2 and II.D.3.**

**Subject to the foregoing objections but without waiving same: Plaintiff's obstruction charge related to the arrest on May 18, 2023, was dismissed and is supported by alternative evidence in the record. (Dkt. 94-2). Plaintiff has failed to identify any legitimate dispute of the**

**proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 2 is undisputed.**

3.    Defendant, Deputy Daniel Krolikowski ("Deputy Krolikowski") is an adult resident of the state of Wisconsin. (Declaration of Deputy Daniel Krolikowski ("Krolikowski Decl.") at ¶ 1).

    **Response:  Undisputed.**

      **Reply:  Undisputed.**

4.    Deputy Krolikowski has been a certified law enforcement officer for the Sauk County Sheriff's Department ("SCSO") for approximately 21 years. (Krolikowski Decl. at ¶¶ 2-3).

    **Response:  Undisputed.**

      **Reply:  Undisputed.**

5.    At the time of the alleged incident on May 18, 2023, Deputy Krolikowski was a Patrol Deputy. (Krolikowski Decl. at ¶ 4).

    **Response:  Undisputed.**

      **Reply:  Undisputed.**

6.    Defendant, Deputy Erik Knull ("Knull") is an adult resident of the State of Wisconsin. (Declaration of Deputy Erik Knull ("Knull Decl.") at ¶ 1).

    **Response:  Undisputed.**

      **Reply:  Undisputed.**

7.    Knull has worked for the SCSD for approximately 23 years and is currently a Patrol Sergeant. (Knull Decl. at ¶ 2).

**Response:  Undisputed.**

   **Reply:  Undisputed.**

8.    At the time of the alleged incident on May 18, 2023, Deputy Knull was a Patrol Sergeant. (Knull Decl. at ¶3).

**Response:  Undisputed.**

   **Reply:  Undisputed.**

9.    Defendant, Deputy Steven Messner ("Deputy Messner") is an adult resident of the State of Wisconsin. (Declaration of Deputy Steven Messner ("Messner Decl.") at ¶ 1).

**Response:  Undisputed.**

   **Reply:  Undisputed.**

10.    Deputy Messner has worked for the SCSO for approximately 6 years and is currently a Patrol Deputy. (Messner Decl. at ¶¶ 2-3).

**Response:  Undisputed.**

   **Reply:  Undisputed.**

11.    At the time of the alleged incident on May 18, 2023, Deputy Messner was a Patrol Deputy. (Messner Decl. at ¶ 4).

**Response:  Undisputed.**

   **Reply:  Undisputed.**

12.    Defendant, Deputy Alex Breunig ("Deputy Breunig") is an adult resident of the State of Wisconsin. (Declaration of Deputy Alex Breunig ("Breunig Decl.") at ¶1).

**Response:  Undisputed.**

**Reply:  Undisputed.**

13.    Deputy Breunig has worked for the SCSO for approximately 28 years and is currently a Patrol Deputy. (Breunig Decl. at ¶¶ 2-3).

**Response:  Undisputed.**

**Reply:  Undisputed.**

14.    At the time of the alleged incident on May 18, 2023, Deputy Breunig was a Patrol Deputy. (Breunig Decl. at ¶ 3).

**Response:  Undisputed.**

**Reply:  Undisputed.**

15.    Deputy Breunig did not respond to either the April 6, 2023, or May 18, 2023, traffic stops and was not otherwise involved in the matters concerning Caleb James Grant that are the subject of this dispute. (Breunig Decl. at ¶¶ 9-12).

**Response:   Dispute**. **Deputy Breunig signed the Criminal Complaint for Sauk County Circuit Court Case 23CM237 under penalty of perjury and thereby assisted in the detainment of Plaintiff. (Dkt. 93-1 pg 4).**

**Reply:  Object to Plaintiff's response to the proposed fact on the grounds that the phrase "Deputy Breunig signed the Criminal Complaint for Sauk County Circuit Court Case 23CM237 under penalty of perjury and thereby assisted in the detainment of Plaintiff" states a conclusion of law and is and is not an appropriate response to a proposed fact. Further object on the grounds that the phrase "and thereby assisted in the detainment of Plaintiff" is an argument on the**

merits in violation this Court's Summary Judgment Procedures, Rule II.D.5.

Subject to the foregoing objections but without waiving same: Plaintiff failed to identify any legitimate dispute of the proposed fact. Rather, Plaintiff attempted to shoehorn in conclusions of law and argument that is not directly responsive to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 15 is undisputed.

16.    Defendant, Sheriff Richard Meister ("Sheriff Meister") is the duly elected Sheriff of Sauk County. (Declaration of Dalton D. Sjong ("Sjong Decl.") at ¶ 3, Ex. A).

**Response:   Disputed**. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring to.

Reply:  Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.

Subject to the foregoing objections but without waiving same: Plaintiff failed to identify any legitimate dispute of the proposed fact. All of the documents filed by the County Defendants in Support of their Motion

**for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 16 is undisputed.**

17.    Sherif Meister is responsible for administering and managing the SCSD. (Sjong Decl., at ¶ 5, Ex. C).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

> **Reply:  Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

> **Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court**

**was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 5, Ex. C. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 17 is undisputed.**

18.    At the time of the alleged incidents on April 6, 2023, and May 18, 2023, Sheriff Meister was the Sheriff of Sauk County. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed**

8

**fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 18 is undisputed.**

19.    At the time of the alleged incidents on April 6, 2023, and May 18, 2023, the Sauk County Sheriff's Office Policy Manual for Patrol Deputies was in effect at all times. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary**

9

**Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 19 is undisputed.**

20.    The SCSD is organized into three areas within the Sheriff's Office: Administration Services, Field Services, and Security Services. (Sjong Decl., at ¶ 3, Ex. C).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge**

Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.

Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.

Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 20 is undisputed.

21.    Field Services is separated into three divisions of law enforcement: Patrol Division, Detective Division, and Communications Division. (Sjong Decl., at ¶ 5, Ex. C).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be**

**more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 5, Ex. C. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 21 is undisputed.**

22.    In addition to administration and management of the SCSD, Sheriff Meister is the ultimate authority for the content and adoption of the provisions of the Sauk County Sheriff's Office Policy Manual ("Policy Manual"). (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further,**

**all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 22 is undisputed.**

23.    The Policy Manual provisions serve as guidelines for SCSD employees when carrying out their job duties to meet SCSD goals of law enforcement. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed**

**fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 23 is undisputed.**

24.    The SCSD Policy Manual is issued to employees in the Field Services Division, which includes Patrol Deputies. (Sjong Decl., at ¶ 5, Ex. C).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary**

Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.

Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 5, Ex. C. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 24 is undisputed.

25.    Sauk County Patrol Deputies are issued the Policy Manual and acknowledge receipt. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge**

Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.

Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.

Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 25 is undisputed.

26.     It is SCSD policy to ensure that Patrol Deputies have reviewed and been advised on the provisions of the Policy Manual. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August**

**9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 26 is undisputed.**

27.    SCSD employees are required to comply with and adhere to the provisions of the Manuals in carrying out their job duties. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S.**

**mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 27 is undisputed.**

28. Compliance requires, among other things, that SCSD employees participate in and complete the SCSD training program requirements set forth therein. (Sjong Decl., at ¶ 6, Ex. D).

   **Response: Undisputed.**

   **Reply: Undisputed.**

29. The SCSD training program includes continuing education and skill development curricula and meets the standards of the Wisconsin Law Enforcement Standards Board ("LESB") training requirements for SCSD employees to maintain their status as certified law enforcement officers. (Sjong Decl., at ¶ 6, Ex. D).

   **Response: Undisputed.**

   **Reply: Undisputed.**

30. SCSD employees are required to read and understand the manual and provide feedback to ensure the Policy Manual is maintained current. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge**

Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.

Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.

Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 3, Ex. A. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 30 is undisputed.

31.    Sheriff Meister is the ultimate authority responsible for the Policy Manual. (Sjong Decl., at ¶ 5, Ex. C).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S. mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August**

9, 2024 ("Sjong Decl."), at ¶ 5, Ex. C. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 31 is undisputed.

32.     It is SCSD policy to train, advise, and otherwise ensure that all SCSD employees understand the provisions of the Manuals. (Sjong Decl., at ¶ 3, Ex. A).

**Response: Disputed. Attorney Sjong has entered multiple Declarations and exhibits within each. He has not specified the date as required from Judge Peterson's directions in I (B)(4) so it is unclear as to which one he is referring.**

**Reply: Object to Plaintiff's response to the proposed fact on the grounds that it does not set forth Plaintiff's version of the disputed fact with a citation to evidence as required by this Court's Summary Judgment Procedures, Rule II.D.3., and therefore should be deemed undisputed by this Court pursuant to Rule II.C.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify any legitimate dispute of the proposed fact. The evidence cited in the proposed fact was filed concurrently with the County Defendants Summary Judgment filings, and any document that was cited and had been previously filed with the Court was cited with reference to its Document Number ("Dkt."). Further, all of the documents filed by the County Defendants in Support of their Motion for Summary Judgment were sent to the Plaintiff via U.S.**

**mail and are clearly labeled in ECF with respect to which filing they support. The evidence cited in support of this proposed fact can be more accurately identified as Declaration of Dalton D. Sjong, August 9, 2024 ("Sjong Decl."), at ¶ 5, Ex. C. (Dkt. 111). Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 32 is undisputed.**

33.     Deputy Krolikowski, Deputy Messner, Deputy Knull, and Deputy Breunig (collectively, the "Deputies") were patrol deputies employed by the SCSD at all times from April 6, 2023, through May 18, 2023. (*See generally*, Krolikowski Decl., Messner Decl., Knull Decl., Breunig Decl.).

   **Response: Undisputed.**

    **Reply: Undisputed.**

34.     The Deputies were trained in and had extensive knowledge of the provisions in the Policy Manual on the dates of the alleged incidents of April 6, 2023, and May 18, 2023. (Krolikowski Decl., at ¶4; Messner Decl., at ¶ 4; Knull Decl., at ¶ 4; Breunig Decl., at ¶4; Sjong Decl., at ¶¶ 3-7, *see generally*, Ex. A-E).

   **Response: Undisputed.**

    **Reply: Undisputed.**

35.     At all times relevant hereto, including on the days of April 6, 2023, and May 18, 2023, the Deputies carried out their job duties pursuant to the Policy Manual. (Krolikowski Decl., at ¶ 5; Messner Decl., at ¶¶ 2-5; Knull Decl., at ¶ 7; Breunig Decl., at ¶ 7).

**Response: Disputed. Krolikowski and Knull violated Policy 419.4 by not having a reasonable suspicion necessary to perform a pat-down search. (Dkt. 111-5 Pg 2 Ex. E) (87-1 audio/video at 4:40).**

> **Reply:  Object to this response to the grounds that the phrase "Krolikowski and Knull violated Policy 419.4 by not having a reasonable suspicion necessary to perform a pat-down search" is argumentative states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the evidence cited is an audio recording and not evidence that can be cited in support of a proposed fact in violation of this Court's Summary Judgment Procedures, Rule I.C.2.**

> **Subject to the foregoing objections but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact. Rather, Plaintiff attempted to shoehorn conclusions of law and argument that is not directly responsive to the proposed fact. Based on the Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 35 is undisputed.**

36.   Throughout their tenures at SCSD, the Deputies have participated in continuing education and skill development curricula in compliance with the SCSD training program in the Policy Manual and have maintained their status as certified law enforcement officers. (Krolikowski Decl., at ¶ 6; Knull Decl., at ¶ 6; Messner Decl., at ¶¶4-6; Breunig Decl. at ¶ 6; Sjong Decl., at ¶ 6, Ex. D).

25

**Response: Undisputed.**

      **Reply: Undisputed.**

37.    The Deputies also received training in and have extensive knowledge of the Defense and Arrest Tactics Manual. (Krolikowski Decl., at ¶ 6; Knull Decl. at ¶ 7; Messner Decl., at ¶ 6; Breunig Decl., at ¶ 6).

**Response: Undisputed.**

      **Reply: Undisputed.**

38.    Duties as a patrol deputy for the SCSD involve investigating matters that occurred or occur within Sauk County, Wisconsin, including, but not limited to, enforcing state, local, and municipal laws and ordinances on public roadways in Sauk County. (Krolikowski Decl., at ¶ 8; Messner Decl., at ¶ 8; Breunig Decl., at ¶ 8; Sjong Decl., at ¶ 5, Ex. C.

**Response: Undisputed.**

      **Reply: Undisputed.**

39.    The duties of patrol sergeant for the SCSD involve all those duties of Patrol Deputies, as well as management of the day-to-day operations of the shift to which the sergeant is assigned. (Knull Decl., at ¶ 8).

**Response: Undisputed.**

      **Reply: Undisputed.**

40.    On April 6, 2023, Deputy Messner was on-duty acting as a patrol deputy for the SCSD, wearing his full SCSD issued uniform, with his badge clearly displayed. (Messner Decl., at ¶ 10).

**Response: Undisputed.**

      **Reply: Undisputed.**

41.    At approximately 4:52 p.m., he was drafting a report in his fully marked SCSD squad vehicle while parked in the driveway of a business located at 825 West Pine Street in the Village of West Baraboo in Sauk County, Wisconsin. (Messner Decl. at ¶¶ 11-12).

      **Response: Undisputed.**

      **Reply: Undisputed.**

42.    At that time, his attention was diverted from his report as he heard due to excessive engine noise, at which point he observed a black Volkswagen Golf traveling north on West Pine Street. (Messner Decl. at ¶¶ 12-13).

      **Response: Undisputed.**

      **Reply: Undisputed.**

43.    Upon further observation, Deputy Messner noted that the vehicle did not have a visible exhaust pipe where one would be expected. (*Id.* at ¶15).

      **Response: Undisputed.**

      **Reply: Undisputed.**

44.    From experience as a Patrol Deputy with the SCSO, he has developed a general knowledge and familiarity with common types of vehicles and their functioning components, such as the exhaust system, and recognized that such excessive engine noise was unlikely to be produced by a factory exhaust system installed by the manufacturer. (Messner Decl. at ¶ 14).

27

**Response: Undisputed.**

      **Reply: Undisputed.**

45.    Form his experience in law enforcement and knowledge of Wisconsin law, Deputy Messner determined the excessive noise and lack of visible exhaust system was an equipment violation as it failed to meet the minimum safety requirements for vehicles operating on public roadways in Wisconsin pursuant to Trans. § 305.20(sub). (Messner Decl., at ¶¶ 16-17).

      **Response: Undisputed.**

      **Reply: Undisputed.**

46.    Deputy Messner was satisfied that the black Volkswagen was committing an equipment violation and began following behind the vehicle in his SCSO squad vehicle, to investigate the equipment violation. (Messner Decl. at ¶¶ 18-19).

**Response: Dispute. The proposed fact states "the black Volkswagen was committing an equipment violation…" it is absurd to say a car can commit a violation and is confusing and therefore inadmissible as evidence.**

      **Reply:  Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a finding of fact. Further object on the grounds that the response to the proposed fact does not contain an alternative version of the fact with a citation to supporting evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.C and II.D.3.**

**Subject to the foregoing objections but without waiving same: Undisputed. The response asserts an immaterial fact, but it raises no dispute of the proposed fact. County Defendants' Proposed Finding of Fact 46 is undisputed.**

47.   While Deputy Messner was following the vehicle, he was able to clearly observe that there was no exhaust pipe on the vehicle where one would be expected. (Messner Decl. at ¶¶ 18-19).

**Response: Undisputed.**

**Reply: Undisputed.**

48.   The vehicle turned onto Terrytown Road in Baraboo Township in Sauk County, and Deputy Messner engaged his red and blue emergency lights to alert the driver to stop the vehicle and initiate a traffic stop for the equipment violations he observed. (Messner Decl. at ¶ 19).

**Response: Undisputed.**

**Reply: Undisputed.**

49.   The vehicle did not immediately pull over to the shoulder of Terrytown Road, instead stopping the vehicle in a private driveway off Terrytown Road near Log Lodge Court, still located in Sauk County Wisconsin. (Messner Decl. at ¶¶ 19-20).

**Response: Undisputed.**

**Reply: Undisputed.**

50.   In accordance with SCSO policy and procedure, Deputy Messner, wearing his full SCSO issued uniform with his badge clearly visible, approached the driver's side

of the black Volkswagen and made contact with the driver. (Messner Decl. at ¶¶ 21-22).

**Response: Disputed. The citation does not support the proposed finding of fact.**

> **Reply:  Object to the response on the grounds that it does not propose any correction or alternative version of the fact and is not an appropriate response to a proposed fact in violation of this Court's Summary Judgment Procedure, Rule II.C.**

> **Subject to the foregoing objection but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact and has failed to cite to any evidence in the record to support his response. Based on the Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 50 is undisputed.**

51.    As he approached the vehicle, he observed there was no exhaust pipe coming to the edge of the body line of the vehicle where one would be expected. (Messner Decl. at ¶ 21-23).

**Response: Undisputed.**

> **Reply: Undisputed.**

52.    He introduced himself as Deputy Messner with the SCSO and explained that he stopped the vehicle for an equipment violation related to the noise produced by the vehicle and lack of visible exhaust system. (Messner Decl. at ¶ 21-22).

**Response: Undisputed.**

**Reply: Undisputed.**

53.     Upon observing there was no exhaust pipe, he inspected underneath the vehicle and confirmed that there was no exhaust pipe and that it appeared the entire exhaust system had been removed. (Messner Decl. at ¶ 24).

**Response: Undisputed.**

**Reply: Undisputed.**

54.     Deputy Messner took photographs of the exhaust pipe and muffler system at the scene of the traffic stop, and further noted that the vehicle did not have a visible license plate. (Messner Decl. at ¶¶ 24-25).

**Response: Disputed. The license plate AAV-1662 is clearly visible in the photographs taken by Messner on 4/6/2023 at 16:52. (Dkt. 122-1 Exhibit A pg 8).**

**Reply: Object to Plaintiff's response to this proposed fact on the grounds that Dkt. 122-1 was filed after the County Defendants filed their motion for summary judgment and was not evidence available in the record at the time of filing.**

**Subject to the foregoing objection but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed finding of fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 54 is undisputed.**

55.     Deputy Messner requested from the driver his license and registration, and the driver refused to provide any information related to his identity despite multiple requests to do so. (Messner Decl. at ¶¶ 26-28).

**Response: Undisputed.**

**Reply: Undisputed.**

56.     Deputy Messner used the equipment in his squad vehicle to query the vehicle's information through the Wisconsin Department of Transportation files, which returned results for the registered owners as Joshua Grant and Jennifer Grant (Messner Decl. at ¶¶ 29-30).

**Response: Disputed. The Cite of Messner at ¶ 29 states that the eTime report was performed using the VIN of the car. Of the pictures that Messner took of the car on 4/6/2023 at approximately 16:52 on 4/6/2023, none of the pictures contain a VIN number he could have used in order to input the 17 digits into his e-Time DOT system. (Dkt. 122-1 generally)**

**Reply:  Object to Plaintiff's response to this proposed fact on the grounds that Dkt. 122-1 was filed after the County Defendants filed their motion for summary judgment and was not evidence available in the record at the time of filing. Further object on the grounds that the response to the proposed fact does not cite to evidence that supports the assertion.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact.**

**Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 56 is undisputed.**

57.     The results included a photograph of Joshua Grant, which matched the physical appearance of the individual driving the black Volkswagen Golf I stopped. (Messner Decl. at ¶31).

**Response: Dispute. The way the proposed fact is written, at the beginning states, "The results included…" it is confusing what "The results…" refers to and violates rule 403. The photograph does not match as it isn't the same person. Compare the pictures within Dkt. 122-1 pgs 10 and 11.**

> **Reply:   Object to the proposed fact on the grounds that the phrase "the way the proposed fact is written, at the beginning states, 'The results included…' it is confusing what 'The results…' refers to and violates rule 403" is argumentative and states a conclusion of law rather than an appropriate finding of fact.**

> **Subject to the foregoing objections but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 57 is undisputed..**

58.     During this exchange, Patrol Sergeant Luber ("Sgt. Luber") arrived at the scene to assist with the traffic stop. (Messner Decl. at ¶ 24).

**Response: Undisputed.**

**Reply: Undisputed. The response changes the proposed fact from "this exchange" to "this incident" (Dkt. 136, ¶ 58), however it asserts an immaterial fact, but raises no dispute of the proposed fact. Plaintiff has not identified a legitimate dispute to the proposed fact. County Defendants' Proposed Finding of Fact 58 is undisputed.**

59.     Deputy Messner was satisfied that the driver of the black Volkswagen was Joshua Grant and issued a citation for operating a vehicle without a valid license and was issued a written warning for the equipment violations. (Messner Decl. at ¶¶ 31-32).

**Response: Disputed. The citation for Operating Without a License and the warning for equipment violations did not happen, they were not issued the way described. (Dkt. 122-1 pg 4 last 2 lines) (Dkt. 122-1 pg(s) 12-13).**

**Reply: The response does not identify a legitimate dispute of the proposed fact. The response may assert an immaterial fact, but does not dispute the proposed fact. County Defendants' Proposed Finding of Fact 59 is undisputed.**

60.     Several weeks later, Deputy Messner was informed that an acquaintance of Joshua Grant had contacted the Baraboo Police Department to report that Joshua Grant was not the driver of the black Volkswagen Golf on April 6, 2023, and that I issued the citation to the wrong individual as it was Joshua's brother, Caleb James Grant, driving that day. (Messner Decl. at ¶¶ 34-35).

**Response: Disputed. The acquaintance of Joshua Grant is a Confidential Informant and this information is not admissible as it is hearsay. Further failure to give proper context of a Confidential Informant is a violation of Rule 403.**

> **Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the response does not contain a citation to evidence in the record in violation of this Court's Summary Judgment Procedures, Rule II.C.**

> **Subject to the foregoing objections but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 60 is undisputed.**

61. Deputy Messner made multiple attempts to contact the individual that provided the information, and eventually met with Joshua Grant face-to-face who informed him that his brother, Caleb James Grant, was the usual driver of the vehicle, and resided with their parents, which Department of Transportation ("DOT") records listed as E7973A Beth Road, Reedsburg, Wisconsin. (Messner Decl. at ¶¶ 36-40).

**Response: Disputed. The information is not admissible as evidence as it contains is Hearsay. The information also came from a Confidential**

Informant that is not Joshua Grant and not stating that information is misleading and therefore inadmissible per rule 403. (Dkt. 92-1 pg 2 ¶ 3)

Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the citation to the record does provide support that the County Defendants enlisted the services of a "confidential informant."

Subject to the foregoing objections but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact. Rather, Plaintiff attempted to shoehorn his own conclusions of law with respect to a "confidential informant" that is not supported by the citation to the record. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 61 is undisputed.

62. In an effort to confirm Caleb James Grant was the driver during the April 6, traffic stop, Deputy Messner traveled to the E7973A Beth Road address in his SCSO squad vehicle hoping to make contact with Caleb Grant. (Messner Decl. at ¶ 37).

**Response: Disputed. The failure to address where the address was sourced from hearsay from a Confidential Informant. (Dkt. 92-1 pg 2 ¶ 3)**

Reply: Object to the proposed fact on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds the evidence cited in the record does not support the

assertion that the County Defendants enlisted the services of a "confidential informant."

Subject to the foregoing objections but without waiving same: Plaintiff has not identified a legitimate dispute to the proposed fact. Rather, Plaintiff attempted to shoehorn his own conclusions of law with respect to a "confidential informant" that is not supported by the citation to the record. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 62 is undisputed.

63.     Deputy Messner was unable to locate Caleb Grant on that visit. (Messner Decl. at ¶ 7).

**Response:  Disputed. The cited reference does not support the Proposed finding of fact and is therefore inadmissible.**

Reply:  Object to the proposed fact on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3.

Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact. Moreover, the citation was a typographical error. Deputy Messner was unable to locate Caleb Grant upon the visit to that address. (Dkt. 113, at ¶¶ 37-38). Based on the Plaintiff's deficient

**response, County Defendants' Proposed Finding of Fact 63 is undisputed.**

64.     Between April 6, 2023, and May 18, 2023, Deputy Messner discussed the April 6th traffic stop, the black Volkswagen, and Caleb Grant with other SCSO deputies in a continued attempt to investigate the equipment violations and confirm the identity of the driver. (Messner Decl. at ¶¶ 41-42).

**Response: Disputed. In this proposed finding of fact statement, Messner does not include the source of some of his information was from a Confidential Informant and therefore is misleading.**

> **Reply: Object to the proposed fact on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3.**
>
> **Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 64 is undisputed.**

65.     In particular, Messner briefed Krolikowski on the general details of the April 6, 2023, traffic stop. (Messner Decl. at ¶ 41-42); (Krolikowski Decl. at ¶ 9-16).

**Response: Disputed. This statement does not make any sense as it says, "In particular" and "general details" but there are no details as to what facts are were transferred. The citation of Krolikowski is all based on Hearsay**

and inadmissible for that reason and the citation of Messner is about sharing hearsay and that too would be inadmissible.

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 65 is undisputed.**

66.    At no point did Messner instruct any SCSD employee to locate Grant. (Messner Decl. at ¶ 43).

**Response: Dispute. The Citation used does not support the proposed finding of fact and is therefore inadmissible as evidence.**

**Reply:  Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same. Plaintiff has failed to identify a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 66 is undisputed.**

67.    Several weeks later, on May 18, 2023, Deputy Krolikowski was monitoring traffic in his fully marked SCSO squad vehicle in the driveway entrance of a church off Ableman Road in Sauk County, Wisconsin. (Krolikowski Decl. at ¶ 17).

**Response: Disputed. The Citation used does not support the proposed finding of fact and is therefore inadmissible as evidence.**

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 67 is undisputed.**

68.    At approximately 6:55 a.m., Deputy Krolikowski watched a black Volkswagen Golf vehicle drive by his location on Ableman Road, and he observed that the exhaust

pipe on the vehicle protruded approximately ten to twelve inches beyond the body like of the vehicle. (Krolikowski Decl. at ¶¶ 18-20).

**Response: Undisputed.**

**Reply: Undisputed.**

69.     Like Deputy Messner, Deputy Krolikowski has developed a familiarity with common vehicles and their functional equipment, such as an exhaust system (Krolikowski Decl. at ¶¶ 21, 29).

**Response: Disputed. In the proposed finding of fact statement, the part where it states, Like Deputy Messner,…" is irrelevant and unsupported by the citation(s) and therefore the statement is inadmissible.**

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 69 is undisputed.**

70.     Based on knowledge and his familiarity with vehicles, Deputy Krolikowski determined that the exhaust pipe on the vehicle was not an original part installed by the manufacturer. (Krolikowski Decl. at ¶¶ 21-22 ).

**Response: Undisputed.**

**Reply: Undisputed.**

71.     At the time he observed the vehicle, Deputy Krolikowski recognized that an exhaust pipe that protrudes beyond a vehicle so as to be hazardous to a person outside the vehicle is in violation of the minimum safety standards for operating vehicles on public roads pursuant to Wisconsin Administrative Code, Trans. § 305.20. (Krolikowski Decl. at ¶¶ 21-22).

**Response: Disputed. Deputy Krolikowski was making a legal determination and violates rule 701.**

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same: To the extent that the phrase "Deputy Krolikowski was making a legal determination" is intended to mean that he was making a determination in his role of law enforcement, it is undisputed.**

42

**Disputed to the extent that the proposed fact violates any Federal Rule of Civil Procedure or Local Rule. Plaintiff has failed to identify a legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 71 is undisputed.**

72.    Deputy Krolikowski left his stationary position on Ableman Road and began to follow the black Volkswagen in his SCSO squad vehicle, and radioed to dispatch and other deputies that he would be initiating a traffic stop, specifically requesting assistance from Knull. (Krolikowski Decl. at ¶¶ 23-24); (Knull Decl., at ¶ 9).

**Response:   Disputed. Citation of Knull does not apply to the proposed finding of fact and is therefore and inadmissible as supportive of the proposed finding of fact. The full context of the radio communications with dispatch from Krolikowski is, " …could you advise 9[Knull], I'm behind a vehicle we're attempting to locate, adam adam victor 1662…" and not as proposed finding of fact presents. Proposed finding of fact is therefore inadmissible for violation of Rule 403.**

**Reply:   Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact but instead shoehorns his own legal conclusions with respect to the admissibility of the fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 72 is undisputed.**

73.     Deputy Krolikowski engaged the lights on his SCSO squad vehicle alerting the driver to stop the vehicle, which the vehicle did shortly after turning into a private driveway off Evergreen Road near Highway 23-33. (Krolikowski Decl. at ¶ 25).

**Response: Undisputed.**

**Reply: Undisputed.**

74.     Pursuant to SCSO policy and procedure, Deputy Krolikowski, in his full SCSO issued uniform, approached the driver's side of the vehicle to make contact with the driver, at which point he was able to see that the curvature of the exhaust pipe was oriented so as to expel exhaust fumes toward the passenger side of the vehicle. (Krolikowski Decl. at ¶ 17).

**Response: Disputed. Krolikowski's Decl. at ¶ 17 does not support the findings of fact proposed and is therefore inadmissible.**

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3. Further object on the grounds**

**that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

**Subject to the foregoing objections but without waiving same: Plaintiff has failed to identify a legitimate dispute to the proposed fact. Instead, Plaintiff shoehorns his own legal conclusions that are not responsive to the proposed fact. The correct citation is ¶ 27, which supports the proposed fact. Based on Plaintiff's deficient response, County Defendants' Proposed Finding of Fact 74 is undisputed.**

75. When he reached the driver's window, he introduced himself as Deputy Krolikowski with the SCSO and explained that he stopped the vehicle because the exhaust pipe violated Wisconsin law. (Krolikowski Decl. at ¶¶ 27, 30-33).

**Response: Disputed. The proposed Finding of Fact, the way it is written is unclear who "he"is. It is vague and nonsensical and therefore inadmissible.**

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C., and II.D.3.**

**Subject to the foregoing objections but without waiving same: Undisputed. The response may assert an immaterial fact, but does not dispute the proposed fact.**

76.     While Deputy Krolikowski was explaining the equipment violation to the driver, Sergeant Erik Knull responded to the location of the traffic stop to assist Deputy Krolikowski. (Krolikowski Decl. at ¶ 38; Knull Decl. at ¶¶ 11-13).

> **Response: Undisputed.**

> **Reply: Undisputed.**

77.     Deputy Krolikowski requested identification from the driver, and the driver asked whether he was required to identify himself. (Krolikowski Decl. at ¶¶ 35-36); (Knull Decl. at ¶¶ 15).

**Response: Disputed. Krolikowski at approximately 1:10 minutes into the conversation asks Plaintiff, "ya, um do you have your license on you?" to which Plaintiff responds, Well, I don't need to give a drivers license for that right?" In Krolikowski's Declaration at ¶ 35 he states in the second part, "… and indicated he would not provide identification." These words are not found in the audio/video file of the conversation. (Dkt. 87-1 audio/video of 5/18/2023) at approximately 1:10. Also the Knull citation does not relate to the proposed fact. The proposed fact is inadmissible.**

> **Reply:    Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court reporter and is not of the kind of evidence to**

be used in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.E. and I.C.2.

Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 77 is undisputed.

78.     Krolikowski and Knull informed the driver that he was required to provide identification because he was driving a vehicle committing an equipment violation on a public road. (Krolikowski Decl. at ¶ 36); (Knull Decl., at ¶ 16).

**Response: Disputed. 1) The Knull citation is not related to the proposed fact and is therefore inadmissible for lack of relevance. 2) The propose fact says "...because he was driving a vehicle..." this was not supported by Krolikowski's citation which says, "...violation on his vehicle..." The proposed finding of fact removes the "his vehicle" from the declared testimony in the finding of fact and is therefore inadmissible as unsupported or altered.**

**Reply: Object to the response on the grounds that it does not offer an alternative version of the proposed fact and fails to cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.B, II.C, and II.D.3. Further object on the grounds that the response states a conclusion of law rather than an appropriate finding of fact.**

> Subject to the foregoing objection but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 78 is undisputed.

79. The driver informed Deputy Krolikowski that he would not identify himself, and Deputy Krolikowski instructed the driver to exit the vehicle to attempt to identify the driver outside the vehicle. (Krolikowski Decl. at ¶¶ 39-41; Knull Decl. at ¶ 17).

**Response: Dispute. The Plaintiff did not argue, nor did he inform Krolikowski that he would not identify himself. (Dkt. 87-1 audio/video of 5/18/2023 0:00 – 4:30 and generally) Plaintiff did reply when asked by Deputy Krolikowski, "Did you want to give me your name?" and Plaintiff responds "I'd rather not" (Dkt. 87-1 audio/video of 5/18/2023 4:00 – 4:30 and generally)**

> Reply: Object to the proposed fact on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court report and is not the kind of evidence that can be used in support of a response to a proposed fact pursuant to this Court's Summary Judgment Procedure, Rules II.E and I.C.2.
>
> Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 79 is undisputed.

80.    Deputy Krolikowski continued to instruct the driver to open the door and exit the vehicle, though the driver did not make any movements or give any indication that he would do so, and Knull observed that the door appeared to be locked. (Krolikowski Decl. at ¶¶40-41; Knull Decl. at ¶ 18).

**Response: Dispute. The Citation of Knull does not support the Finding of Fact and is therefore inadmissible for lack of relevance. Further, Deputy Krolikowski did not "continue to instruct the driver to open the door and exit the vehicle,..." the order of events and time in the dialogue of the incident per the audio/video file (Dkt 87-1) is this: at 4:13 into the audio/video recording (that's 4 minutes and 13 seconds) of the incident, Krolikowski says, "Same situation", at 4:13 Knull responds, "K", at 4:14 Krolikowski says, "step out", also at 4:14 but just after Krolikowski starts saying "Step Out", the Plaintiff says, "So-so you're coming after me?" At 4:16 Krolikowski says, "Step out of the vehicle", Also at 4:16 Plaintiff says, "Hold on!", at 4:17-18,Krolikowski says, "Step out or the window's breakin', what do you want to do." At 4:19 Plaintiff says, "You're going to...wait...OK, OK, OK, OK" Over Plaintiff's voice, Krolikowski says, "Step out, step out, out of the car", and Knull says "step out". And the time is now 4:21 and Plaintiff says, "OK" and is moving the recording device. At 4:24, Krolikowski says "Unlock the door" at 4:25, Krolikowski says, "Keep your hands where I can see them", 4:25-4:26, Plaintiff says, I'm, I'm unlocking the door." As Plaintiff is saying his words, Krolikowski is saying at 4:26, "Answer me this now too.**

Do you have any weapons in this car?" It is now 4:28. At 4:30 Plaintiff answers, "Not that I'm aware." At 4:31 the door unlocks as Krolikowski says once again "step out of the vehicle, keep your hands where I can see them, and I fricken mean it." The time is now 4:36. (Dkt. 87-1 audio/video of 5/18/2023 4:13-4:40) The proposed statement is misleading and confusing and is inadmissible.

   **Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court reporter and is not of the kind of evidence to be used in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.E. and I.C.2. Further object to the response on the grounds that it does not succinctly respond to the proposed fact in violation of Rule II.D.2.**

   **Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 80 is undisputed.**

81.   Recognizing that the driver was not going to cooperate with his instructions, Deputy Krolikowski brandished his SCSO issued baton in the collapsed position and

informed the driver he would break the window and remove the driver if he did not

open the door. (Krolikowski Decl. at ¶ 42; Knull Decl. at ¶ 20).

**Response: Disputed. The order of events and time in the dialogue of the
incident is this: at 4:13 into the audio/video recording (that's 4 minutes and
13 seconds) of the incident, Krolikowski says, "Same situation", at 4:13 Knull
responds, "K", at 4:14 Krolikowski says, "step out", also at 4:14 but just after
Krolikowski starts saying "Step Out", the Plaintiff says, "So-so you're
coming after me?" At 4:16 Krolikowski says, "Step out of the vehicle", Also
at 4:16 Plaintiff says, "Hold on!", at 4:17-4:18,Krolikowski says, "Step out or
the window's breakin', what do you want to do." At 4:19 Plaintiff says,
"You're going to... wait ... OK, OK, OK, OK." Over Plaintiff's voice,
Krolikowski says, "Step out, step out, out of the car", and Knull says "step
out". And the time is now 4:21 and Plaintiff says, "OK" and is moving the
recording device. At 4:24, Krolikowski says "Unlock the door" at 4:25,
Krolikowski says, "Keep your hands where I can see them.", 4:25-4:26,
Plaintiff says, "I'm,I'm unlocking door." as Plaintiff is saying his words,
Krolikowski is saying at 4:26, "Answer me this now too. Do you have any
weapons in this car?" It is now 4:28. At 4:30 Plaintiff answers, "Not that I'm
aware." At 4:31 the door unlocks as Krolikowski says once again "step out of
the vehicle, keep your hands where I can see them, and I fricken mean it."
The time is now 4:36. (Dkt 87-1 audio/video of 5/18/2023 4:13 – 4:40)
Krolikowski in his Declaration at ¶ 42 states, "Despite multiple requests,**

the driver did not cooperate, so I displayed my SCSD issued baton, which was in the collapsed position, and informed the driver I would break the window and remove him if he did not exit on his own." The overlapping of speech and statement of Plaintiff saying, "so-so you're coming after me." (4:14). (Dkt 87-1 audio/video of 5/18/2023 4:13 – 4:40) In the Affidavit of Caleb Grant of 8/5/2024 (Dkt 100) the Plaintiff states, "Deputy Krolikowski then looked at the other man (whom your Affiant had learned was Sgt Knull per Deputy Krolikowski's say so) and that was standing there next to Deputy Krolikowski and said to him 'same situation'. Deputy Krolikowski then turned back towards your Affiant while doing so pulling out what appeared to be a baton and demanded your Affiant get out of the vehicle or he would break the window of the vehicle your Affiant was in in order to pull your Affiant out of the vehicle." (Dkt 100 Affidavit of Caleb Grant of 8/5/2024 ¶¶ 16 – 17). The proposed statement is misleading and confusing and is inadmissible.

Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court reporter and is not of the kind of evidence to be used in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.E. and I.C.2. Further object

to the response on the grounds that it does not succinctly respond to the proposed fact in violation of Rule II.D.2.

Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 81 is undisputed.

82.     After Deputy Krolikowski verbally instructed the driver at least seven (7) times to open the door and exit the vehicle, the driver unlocked the door and stepped out without any physical intervention from Deputies Krolikowski or Knull. (Krolikowski Decl. at ¶¶ 43-44 ; Knull Decl. at ¶¶ 21-23 ).

Response: Disputed. Deputy Krolikowski only said "step out" five (5) times and Knull said "step out" once (1). The words "open the door and exit the vehicle" were never spoken. The time frame of the "step outs" started at 4:14 and finished at 4:22, for a total of 8 seconds for Krolikowski and Knull to say "step out." a total of 6 times combined. (Dkt 87-1 audio/video of 5/18/2023 4:13 – 4:40). Plaintiff's Affidavit (Dkt 100 Affidavit of Caleb Grant of 8/5/2024 ¶¶ 18-19) states, "Your Affiant unlocked the door and either Deputy Krolikowski or Sgt Knull pulled open the door and they both put hands on your Affiant and pulled your Affiant out of the vehicle. Deputy Krolikowski and Sgt Knull then turned your Affiant around and handcuffed him. The proposed statement is misleading and confusing and is inadmissible.

**Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court reporter and is not of the kind of evidence to be used in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.E. and I.C.2. Further object to the response on the grounds that it does not succinctly respond to the proposed fact in violation of Rule II.D.2.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 82 is undisputed. .**

83.    As soon as the driver was fully outside the vehicle, Deputy Krolikowski instructed the driver to turn around and place his hands behind his back, at which point he secured the driver's wrists in handcuffs and informed him he was under arrest for obstruction for failing to identify himself. (Krolikowski Decl. at ¶¶ 45-46; Knull Decl. at ¶ 24).

**Response: Disputed. Plaintiff's Affidavit states, "Your Affiant unlocked the door and either Deputy Krolikowski or Sgt Knull pulled open the door and they both put hands on your Affiant and pulled your Affiant out of the vehicle. Deputy Krolikowski and Sgt Knull then turned your Affiant around**

and handcuffed him. (Dkt 100 Affidavit of Caleb Grant of 8/5/2024 ¶¶ 18-19) In the audio/video file of the incident, Plaintiff was never informed he [Plaintiff] was under arrest for obstruction for failing to identify himself. (Dkt 87-1 audio/video of 5/18/2023 4:13 – 4:40 and generally) The proposed statement is misleading and confusing and is inadmissible.

Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court reporter and is not of the kind of evidence to be used in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.E. and I.C.2. Further object to the response on the grounds that it does not succinctly respond to the proposed fact in violation of Rule II.D.2. Further object on the grounds that the phrase "Deputy Krolikowski or Deputy Knull pulled the door open and both put hands on" is not supported by evidence in the record.

Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 82 is undisputed. .

84.    After handcuffing the driver, Deputy Krolikowski asked the driver whether he was carrying any weapons, and the driver stated there was a knife in his front pocked. (Krolikowski Decl. at ¶ 50; Knull Decl. at ¶ 25).

**Response: Disputed. The Knull cited reference has no relevance to the proposed finding of fact and is therefore inadmissible based on Knull's cite. Deputy Krolikowski does not ask Plaintiff if he is carrying any weapons. Krolikowski asks prior to Plaintiff exiting the car and before handcuffing Plaintiff, "Do you have any weapons in this car?" and plaintiff answers, "Not that I'm aware." (Dkt 87-1 audio/video of 5/18/2023 4:20 – 4:35 and generally). Plaintiff does not state there was a "knife" but rather a "pocket knife" in his front pocket and Plaintiff states this after he is outside of the car and handcuffed, immediately after the sound of ratcheting of the handcuffs, "There might be a pocket knife in my front left." and Krolikowski answers, "Pocket knife is ok." (Dkt 87-1 audio/video of 5/18/2023 4:20 – 4:55 and generally) (Dkt 100 Affidavit of Caleb Grant of 8/5/2024 ¶¶ 19-20) The use of the word "knife" without the descriptor of "pocket" proceeding knife is misleading and a violation of Rule 403.**

> **Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 87-1 is an audio recording that has not been transcribed by a court reporter and is not of the kind of evidence to**

**be used in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.E. and I.C.2. Further object to the response on the grounds that it does not succinctly respond to the proposed fact in violation of Rule II.D.2.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 84 is undisputed.**

85.    Deputy Krolikowski performed at pat search of the driver at that time but no weapon was found. (Krolikowski Decl. at ¶¶ 50-51; Knull Decl. at ¶ 26).

**Response: Disputed. The Knull referenced cited does not support the proposed finding of fact. And is therefore inadmissible for lack of relevance. The proposed fact is unclear as to when Krolikowski performed a pat search and is therefore vague and inadmissible.**

**Reply: Object to the proposed fact on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the response does not supplement the proposed fact or set forth an alternative version of the fact with a citation to evidence in the record in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

57

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 85 is undisputed.**

86.  Deputy Krolikowski asked the driver again if he had a Wisconsin driver's license, and the driver responded he did not. (Krolikowski Decl. at ¶ 47).

**Response: Disputed. The time of when Krolikowski asked supposed question is vague as is which question the proposed fact is pointing to and is therefore inadmissible. Further Krolikowski never asked if Plaintiff had a "Wisconsin driver's license." (Dkt 87-1 audio/video of 5/18/2023 4:20 – 8:00 and generally)**

**Reply: Object to the proposed fact on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 97-1 is an audio recording that has not been transcribed by a court reporter and is not the kind of evidence that can be offered in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Disputed to the extent that the response states a conclusion of law with respect to the admissibility of the proposed fact. Undisputed to the extent that the response may assert an immaterial fact with**

**respect to whether he said "Wisconsin Driver's License" versus driver's license, but does not dispute the proposed fact.**

87.    Deputy Krolikowski asked the driver if he would verbally identify himself or had any form of identification on her person, stated he would not as he was "traveling" and not required to, and did not answer if he had identification. (Krolikowski Decl. at ¶¶ 48-49).

**Response: Disputed. The time of Krolikowski's supposed question is vague and which question the proposed fact is pointing to is also vague and is therefore inadmissible. Further, Plaintiff never stated "he was traveling and not required to." (Dkt 87-1 audio/video of 5/18/2023 4:20 – 8:00 and generally). Plaintiff does answer Krolikowski's question of "do you have a license" with "I dont." (ibid.)**

> **Reply: Object to the proposed fact on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that Dkt. 97-1 is an audio recording that has not been transcribed by a court reporter and is not the kind of evidence that can be offered in support of a response to a proposed fact under this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**
>
> **Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact.**

59

**Based on Plaintiff's deficient response, the County Defendants'
Proposed Finding of Fact 87 is undisputed.**

88.    Deputy Knull informed the driver that he was incorrect and that he was
required to identify himself once he was stopped for the equipment violation and was
under arrest for obstructing an officer for refusing to do so. (Knull Decl. at ¶¶ 27-28).

**Response: Disputed. The Citation from Knull's Decl. At ¶¶ 27-28, does not
support the proposed finding of fact presented. And is therefore
inadmissible for lack of relevance.**

> **Reply: Object to the response on the grounds that it is
> argumentative and states a conclusion of law rather than an
> appropriate response to a proposed fact. Further object on the
> grounds that the response does not supplement the proposed fact or
> offer an alternative version of the fact with a citation to evidence in
> violation of this Court's Summary Judgment Procedure, Rules II.D.3
> and II.E.**

> **Subject to the foregoing objections but without waiving same:
> The proposed fact is supported Deputy Knull's Declaration at ¶¶ 28-
> 29. (Dkt. 107, ¶¶ 28-29). Plaintiff has not identified any legitimate
> dispute to the proposed fact. Based on Plaintiff's deficient response,
> the County Defendants' Proposed Finding of Fact 88 is undisputed.**

89.     While Deputy Krolikowski and Deputy Knull were attempting to identify the driver, another vehicle arrived at the location and two individuals, a male and a female, exited the vehicle. (Krolikowski Decl. at ¶ 52; Knull Decl. at ¶ 29).

**Response: Dispute. The citations of Krolikowski at ¶ 52 and Knull at ¶ 29 do not support the proposed finding of fact and therefore is inadmissible.**

> **Reply:  Object to the response on the grounds that it does not supplement or offer an alternative version of the proposed fact, and does not cite to evidence in the record in violation of this Court's Summary Judgment Procedure, Rule II.D.3.**
>
> **Subject to the foregoing objections but without waiving same: The proposed finding of fact is supported by declarations filed in support of the County Defendants' moving brief, albeit there is a numbering error in Deputy Knull's declaration. (Krolikowski Decl., at ¶ 52; Knull. Decl., at ¶ 30). Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 89 is undisputed.**

90.     At this time, Deputy Krolikowski placed the handcuffed driver in the back of his squad vehicle and radioed dispatch to provide the information of the second vehicle that had arrived. (Krolikowski Decl. at ¶¶ 55-56; Knull Decl. at ¶¶ 29-30).

> **Response: Undisputed.**
>
> **Reply: Undisputed.**

91.     The individuals approached Deputy Krolikowski and Deputy Knull and began questioning them about the reason for the stop and turned argumentative when the deputies attempted to explain. (Krolikowski Decl. at ¶ 57; Knull Decl. at ¶¶ 31-33).

 **Response: Undisputed.**

  **Reply: Undisputed.**

92.     At one point, the male made a statement indicating the individual in the back of Deputy Krolikowski's squad vehicle was their son. (Krolikowski Decl., at ¶ 58); (Knull Decl. at ¶ 31).

**Response: Disputed. The cited reference to Knull's Decl. at ¶ 51 does not support the proposed finding of fact and therefore is not admissible by that cite. At no point in the incident on the audio/video did either the male or female state Plaintiff was their son during interaction with Krolikowski or Knull on 5/18/2023. (Dkt 87-1 8:00 – 16:15)**

 **Reply: Object on the grounds that the audio recording in Dkt. 87-1 has not been transcribed by a court reporter and is not the kind of evidence that can be used in support of a response to a proposed fact in violation of this Court's Summary Judgment Procedure, Rule II.E.**

 **Subject to the forgoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 92 is undisputed.**

93.    The individuals then stated that the female was the owner of the black Volkswagen and demanded that the vehicle be turned over to her possession. (Krolikowski Decl. at ¶ 59); (Knull Decl. at ¶ 35).

    **Response: Undisputed.**

      **Reply: Undisputed.**

94.    Deputy Krolikowski informed the female that he would not turn the vehicle over into her possession or provide any information about the traffic stop if she did not identify herself. (Krolikowski Decl. at ¶ 59).

    **Response: Undisputed.**

      **Reply: Undisputed.**

95.    The female went to the vehicle she arrived in and provided Deputy Knull with a Wisconsin Driver's license. (Krolikowski Decl. at ¶ 60; Knull Decl. at ¶ 36).

    **Response: Undisputed.**

      **Reply: Undisputed.**

96.    The photo on the driver's license matched the physical appearance of the female and identified her as Jennifer Grant with an address of E7973A Beth Road, Reedsburg, Wisconsin, which matched the information of the registered owner of the black Volkswagen. (Krolikowski Decl. at ¶ 60; Knull Decl. at ¶ 36).

    **Response: Undisputed.**

      **Reply: Undisputed.**

97.     Deputy Krolikowski and Deputy Knull were satisfied that Jennifer Grant was the registered owner and turned the vehicle over to her possession. (Krolikowski Decl. at ¶¶ 61-62; Knull Decl. at ¶ 36).

> **Response: Undisputed.**

> > **Reply: Undisputed.**

98.     At that point, Deputy Krolikowski and Deputy Knull departed the location in their SCSO squad vehicles to transport the driver, who was in Deputy Krolikowski's squad vehicle, to the Sauk County Jail to confirm his identity. (Krolikowski Decl. at ¶¶ 63-64; Knull Decl. at ¶ 37).

> **Response: Undisputed.**

> > **Reply: Undisputed.**

99.     A short distance down the road, Deputy Krolikowski informed Deputy Knull that the driver in custody requested a check of his handcuffs. (Krolikowski Decl. at ¶ 64; Knull Decl. at ¶ 38).

> **Response: Undisputed.**

> > **Reply: Undisputed.**

100.    Deputy Krolikowski and Deputy Knull stopped their squad vehicles and Deputy Krolikowski adjusted the driver's handcuffs before they proceeded to continue traveling to the Sauk County Jail. (Krolikowski Decl. at ¶ 64; Knull Decl. at ¶ 38).

> **Response: Undisputed.**

> > **Reply: Undisputed.**

101.   During transport, Deputy Krolikowski again the driver who he was and to verbally identify himself, and the driver continued to refuse to do so. (Krolikowski Decl. at ¶ 65).

**Response: Disputed. The proposed finding of fact, the way it is written is nonsensical and confusing and is therefore not admissible.**

> **Reply: Object to the response on the grounds that it does not supplement the proposed fact or offer an alternative version of events with a citation to the record in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E. Further object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact.**

> **Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 101 is undisputed.**

102.   Deputy Krolikowski also asked the driver to identify the male and female individuals that arrived at the location of the traffic stop or his relationship to them, and he similarly refused to answer. (Krolikowski Decl. at ¶ 65).

> **Response: Undisputed.**

> **Reply: Undisputed.**

103.   Prior to the traffic stop on May 18, 2023, Deputy Krolikowski had a conversation with Deputy Messner in which Deputy Messner stated that he

conducted a traffic stop of a black Volkswagen Golf for an equipment violation in which the driver refused to identify himself. (Krolikowski Decl. at ¶¶ 9-15 ; Messner Decl. at ¶¶ 41-42).

**Response: Disputed. In Messner's cited Declaration at ¶ 42, Messner states he shared information with Krolikowski "the information provided by Joshua Grant that his brother, Caleb James Grant, was the usual driver of the vehicle." but does not mention the Confidential Informant was the source for this. (Dkt 92-1 pg 2 ¶ 3) This violates Rule 403 and therefore proposed finding of fact is inadmissible.**

**Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the citation to the evidence does not support that the County Defendants enlisted the services of a "confidential informant."**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 103.**

104. Deputy Messner informed Deputy Krolikowski of the details of that stop, including that Joshua Grant informed him his brother, Caleb James Grant, regularly drove the vehicle. (Krolikowski Decl. at ¶¶ 14-15; Messner Decl. at ¶¶ 41-43).

**Response: Disputed. In Messner's cited Declaration at ¶ 42, Messner states he shared information with Krolikowski "the information provided by Joshua Grant that his brother, Caleb James Grant, was the usual driver of the vehicle." but does not mention that the Confidential Informant was the source for this. (Dkt 92-1 pg 2 ¶ 3) This violates Rule 403 and therefore proposed finding of fact is inadmissible. Cited information from Krolikowski is hearsay and is not admissible. Rule 802.**

**Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the citation to the evidence does not support that the County Defendants enlisted the services of a "confidential informant."**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 104 is undisputed.**

105. Based on the culmination of information he had at the time, Deputy Krolikowski believed he had sufficient information to determine the driver in custody was Caleb James Grant and that the individuals that arrived at the location of the stop were his parents. (Krolikowski Decl. at ¶¶ 66-67).

**Response: Dispute. Information given to Krolikowski from Messner was from a Confidential Informant and in any event, was hearsay. This violates rule 802 and is inadmissible. (Dkt 92-1 pg 2 ¶ 3)**

**Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the citation to the evidence does not support that the County Defendants enlisted the services of a "confidential informant."**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 105 is undisputed. .**

106. Deputy Krolikowski queried the information for Caleb James Grant and learned that he did not have a valid Wisconsin driver's license. (Krolikowski Decl. at ¶ 69).

**Response: Dispute. Krolikowski knew before 5/18/2023 that Plaintiff did not have a Driver's License issued from the DMV of Wisconsin. The details of the 4/6/2023 incident was transferred from Messner to Krolikowski including the information from DOT/DMV that was learn via Knull that no license or identification card was issued by DMV. (Dkt 92-1 pg 2 ¶ 1) Exclusion of relevant evidence of a Confidential Informant and Knull's DOT**

Records search that shows this information was already known violates rule 403.

Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the citation to the evidence does not support that the County Defendants enlisted the services of a "confidential informant." Further object on the grounds that the citation to the evidence does not support the response.

Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 106 is undisputed.

107.    Deputy Krolikowski also learned Geoffrey Grant and Jennifer Grant were the names associated with the second civilian vehicle that arrived at the traffic stop on May 18, 2023. (Krolikowski Decl. ¶ 70).

Response: Undisputed.

Reply: Undisputed.

108.    Deputy Krolikowski obtained a Department of Transportation photograph for Geoffrey Grant which positively identified him as the male at the traffic stop. (Krolikowski Decl. at ¶ 71).

**Response: Undisputed.**

**Reply: Undisputed.**

109.    Based upon the information he had at that time, Deputy Krolikowski was satisfied that Geoffrey Grant and Jennifer Grant were Caleb James Grant's parents. (Krolikowski Decl. at ¶ 71).

**Response: Undisputed but irrelevant.**

**Reply: Undisputed.**

110.    Upon arrival at the Sauk County Jail, a Rapid ID fingerprint scan of the driver did not yield any results, and the driver continued to refuse to identify himself, repeating that he was "traveling." (Krolikowski Decl. at ¶ 72); (Knull Decl., at ¶ 39).

**Response: Disputed. Neither cited reference supports the "... continued to refuse to identify himself, repeating that he was "traveling." and therefore the proposed fact is inadmissible.**

**Reply: Object to the response on the grounds that it is argumentative and states a conclusion of law rather than an appropriate response to a proposed fact. Further object on the grounds that the response does not contain a citation to evidence in the record as required by this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 110 is undisputed.**

111. During booking, Krolikowski continued his efforts to confirm the identity of the individual in custody, and examined a wallet retrieved from his pants on his person and removed at the Sauk County Jail. (Krolikowski Decl. at ¶ 73).

**Response: Dispute. The taking of the wallet and its contents was during a 4th amendment violation and is not admissible and is fruit of the poisonous tree doctrine.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 111 is undisputed.**

112.    The wallet contained many cards with the name "Caleb Grant" on them as well as an address of E7973A Beth Road, Reedsburg, Wisconsin. (Krolikowski Decl. at ¶ 73); Knull Decl., at ¶ 38).

**Response: Dispute. The taking of the wallet and its contents was during a 4th amendment violation and is not admissible and is fruit of the poisonous tree doctrine.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 112 is undisputed.**

113.    Specifically, Krolikowski observed two cards for the National Sporting Club Association with the name "Caleb Grant" that displayed a logo matching a sticker that was on the rear window of the black Volkswagen. (Krolikowski Decl. at ¶ 74).

**Response: Disputed. The way this proposed finding of fact is written it is unclear how the cards are related to the material facts of the case. The proposed finding of fact is therefore inadmissible under rule 403. The taking of the wallet and its contents was during a 4th amendment violation and is not admissible and is fruit of the poisonous tree doctrine.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 113 is undisputed.**

114.    Krolikowski asked the driver if the wallet belonged to him, and he stated that the money inside the wallet was his, but would not directly answer whether the wallet was his. (Krolikowski Decl. at ¶ 75).

**Response: The taking of the wallet and its contents was during a 4th amendment violation and is not admissible and is fruit of the poisonous tree doctrine.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 114 is undisputed.**

115. Deputy Krolikowski also viewed a Facebook account Joshua Grant informed SCSD belonged to Caleb Grant. (Krolikowski Decl. at ¶¶ 76-77).

**Response: Disputed. Deputy Krolikowski knows this based on hearsay and therefor information is inadmissible.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact.**

**Based on Plaintiff's deficient response, the County Defendants'
Proposed Finding of Fact 115 is undisputed.**

116.    The Facebook account's profile page contained the name "CJ Llama" and
displayed photographs that Krolikowski determined to be of the driver he brought to
the Sauk County Jail, believed to be Caleb James Grant. (Krolikowski Decl. at ¶¶ 76-
77).

**Response: Disputed. Deputy Krolikowski's information is based on hearsay
and therefore inadmissible.**

> **Reply: Object to the response in its entirety on the grounds that
> it is argumentative and states a conclusion of law rather than an
> appropriate finding of fact. Further object on the grounds the
> response does not supplement the proposed fact or set forth an
> alternative version of the fact in violation of this Court's Summary
> Judgment Procedure, Rules II.D.3 and II.E.**
>
> **Subject to the foregoing objections but without waiving same:
> Plaintiff has not identified any legitimate dispute to the proposed fact.
> Based on Plaintiff's deficient response, the County Defendants'
> Proposed Finding of Fact 116 is undisputed.**

117.    Though the driver denied knowledge of the Facebook account or the name "CJ
Llama," Deputy Krolikowski was satisfied that the account belonged to Caleb James
Grant. (Krolikowski Decl. at ¶¶ 76-78).

**Response: Disputed. Deputy Krolikowski's information is based on hearsay and therefore inadmissible.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 117 is undisputed.**

118. Based on the information obtained at that time, Deputy Krolikowski was satisfied in confirming the driver of the vehicle, now at the Sauk County Jail, was Caleb James Grant. (Krolikowski Decl. at ¶ 78).

**Response: Disputed. "Information obtained at the time" is vague and confusing and violates rule 403. Information obtained at the time is based on hearsay from either Joshua Grant or the Confidential informant and is inadmissible due based on hearsay. (Dkt 92-1 pg 2 ¶¶ 1,3)**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the**

**response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 118 is undisputed.**

119. Krolikowski provided preliminary data to the booking staff, and Grant continued to refuse to provide his identity in any capacity. (Krolikowski Decl., at ¶ 78).

**Response: Disputed. Information collected by Krolikowski was hearsay from Messner and Knull (Dkt 92-1 pg 2) who received it from a third party and not admissible as evidence. Violates rule 802.**

**Reply: Object to the response in its entirety on the grounds that it is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds the response does not supplement the proposed fact or set forth an alternative version of the fact in violation of this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact.**

**Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 119 is undisputed.**

120. Deputy Krolikowski issued citations to Grant for obstructing, operating without a license, and equipment violations for the illegal exhaust, explained the citations and left them with Grant's property at the jail. (Krolikowski Decl. at ¶¶ 80-81).

**Response: Disputed. The citation of Krolikowski Decl. at ¶ 80 states, "as well as for the equipment violation related to his exhaust." The Krolikowski Declaration at ¶ 80 says "violation" and not "violations" as written in the Proposed finding of fact. The declaration also states, "... related to his exhaust." The car is/was not "his", the plaintiff's. (Dkt 110 ¶¶ 9, 11)**

> **Reply: Undisputed. The response may assert an immaterial fact, but does not dispute the proposed fact.**

121. Deputy Messner arrived at the Sauk County Jail and made contact with Caleb Grant and was satisfied that he was the driver of the black Volkswagen he stopped on April 6, 2023. (Messner Decl. ¶¶ 44-48).

> **Response: Undisputed.**

> **Reply: Undisputed.**

122. He issued Caleb Grant a citation for operating a vehicle without a valid license on April 6, 2023. (Messner Decl. at ¶ 48).

**Response: Disputed. The cited source does not support the Proposed finding fact. Further, the word "He" is vague as to whom it references and is therefore the finding of fact is inadmissible for vagueness**

> **Reply: The correct citation for the proposed fact is at ¶ 47 due to a numbering error. (Dkt. 113 at ¶ 47). Undisputed to the extent that the response may assert an immaterial fact, however the proposed fact is not disputed. Plaintiff has not identified a legitimate dispute for the proposed fact. County Defendants' Proposed Fact 122 is undisputed.**

123. Deputy Messner left the Sauk County Jail after he issued the citations and had no further contact with Caleb Grant while he was at the Sauk County Jail. (Messner Decl., ¶ 49).

**Response: Disputed. The cited source does not support the Proposed finding of fact.**

> **Reply: Object to the response as it does not supplement the proposed fact or offer an alternative version of the fact with a citation to the evidence in violation of this Court's Summary Judgment Procedure, Rules II.D.3, and II.E.**

> **Subject to the foregoing objection but without waiving same: The correct citation is at ¶ 48 due to a numbering error. (Dkt. 113 at ¶ 48). Proposed Finding of Fact 123 is undisputed.**

124.   Caleb James Grant continued to refuse to identify himself and was placed in a receiving cell at the Sauk County Jail as he remained uncooperative with the booking process (Krolikowski Decl. at ¶ 79).

**Response: Disputed. The cited source does not support the Proposed finding of fact where the proposed fact says, "continued to refuse to identify himself" and violates rule 403 as misleading.**

> **Reply: Object to the response as it does not supplement the proposed fact or offer an alternative version of the fact with a citation to the evidence in violation of this Court's Summary Judgment Procedure, Rules II.D.3, and II.E.**
>
> **Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 124 is undisputed.**

125.   Deputy Krolikowski then left the Sauk County Jail to finish his shift on Patrol. (Krolikowski Decl. at ¶ 81).

> **Response: Undisputed.**
>
> **Reply: Undisputed.**

126.   When his shift ended, Deputy Krolikowski returned to the Sauk County Jail to check in on the status of Caleb Grant's booking. (Krolikowski Decl. at ¶ 83).

> **Response: Undisputed.**
>
> **Reply: Undisputed.**

127.    Sauk County Jail staff informed Deputy Krolikowski that the booking process had not been completed as Caleb Grant refused to cooperate. (Krolikowski Decl. at ¶ 83).

    **Response: Undisputed but duplicative.**

      **Reply: Undisputed.**

128.    Deputy Krolikowski left and did not have any further contact with Caleb Grant while he was in the custody of the Sauk County Jail, nor did any of the other County Defendants. (Krolikowski Decl. at ¶ 84).

**Response: Disputed. The citation from Krolikowski's Declaration at ¶ 84 only references Krolikowski and says nothing regarding the, "nor did any of the other County Defendants." Part of the proposed finding of fact statement. The finding of fact is therefore not admissible**

    **Reply: Object to the response as it does not supplement the proposed fact or offer an alternative version of the fact with a citation to the evidence in violation of this Court's Summary Judgment Procedure, Rules II.D.3, and II.E.**

    **Subject to the foregoing objections but without waiving same: The record supports the proposed fact in the declarations submitted in support of the County Defendants moving brief. (Dkt. 107, ¶ 43, Dkt. 113, ¶ 50). Plaintiff fails to identify any legitimate dispute to the proposed fact. County Defendants' Proposed Finding of Fact 128 is undisputed.**

129.    The job duties of Deputy Krolikowski, Deputy Breunig, Deputy Messner, and Deputy Knull are limited to patrol, and do not include any duties or responsibilities relating to individuals in the custody of the Sauk County Jail. (Krolikowski Decl., at ¶¶ 85-86); (Breunig Decl.); (Messner Decl., at ¶¶ 50-51); (Knull Decl., at ¶¶ 41-42).

**Response: Dispute. The cited Declaration of Messner at ¶¶ 50-51, ¶51 does not exist and ¶50 does not support the proposed finding of fact. The Breunig Declaration citation does not point to any paragraph and the court should not have to search for a possible citation that relates. Therefore the finding of fact as proposed is inadmissible.**

**Reply: The support for the proposed fact can be found in the materials filed with the County Defendants motion for summary judgment. (Dkt. 110, at ¶¶ 49-50; Dkt. 107, at ¶¶ 42-43; Dkt. 108, at ¶¶ 13-14). Plaintiff has failed to identify any legitimate dispute as to the proposed fact. County Defendants' Proposed Fact 129 is undisputed.**

130.    Grant was charged with obstruction, and was issued traffic citations for operating without a valid license and the equipment violations related to his exhaust. (*See generally* Dkt. 94-2).

**Response: Dispute. The charge with obstruction is misleading and its use would be misleading or confusing as the case was dismissed. This proposed finding of fact is therefore inadmissible based on Rule 403.**

**Reply: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 130 is undisputed.**

131.    On June 12, 2024, a Court trial was held on the four traffic citations and the criminal obstruction charge, with the obstruction case being dismissed on a motion by the prosecutor after the disposition of the traffic citations. (*See* Dkt. 94-2).

**Response: Dispute. The cited reference does not give a location within the 114 pages and the court is not required to search for information. Further in the Proposed finding of fact, the statement that a "Court trial was held on the four traffic citations and the criminal obstruction charge,..." is misleading as it suggests this was singular court trial and a violation of Rule 403. (Dkt 94-2 pg 3 ln(s) 1-10) shows the fact that "We are here for a trial to the Court on the four traffic citations and we'll take up further scheduling and, potential – potentially, motions in the misdemeanor case after the court trials." (ibid.)**

**Reply: The cited evidence supports the proposed fact. (Dkt. 94-2, p. 111, at 111:11 – 113:11). Plaintiff fails to identify a dispute to the proposed fact. Based on Plaintiff's deficient response and the citation to evidence in the record, County Defendants' Proposed Finding of Fact 131 is undisputed.**

132.    The Court found Grant guilty of each of the traffic violations. (Dkt. 94-2, at 106:13 - 107:3).

**Response: Dispute. This information is irrelevant to the material facts of the case and are inadmissible.**

**Reply: Object on the grounds that the response is argumentative and states a conclusion of law rather than an appropriate finding of fact. Further object on the grounds that the response does not supplement the fact or set forth an alternative version of the fact with a citation to the evidence as required by this Court's Summary Judgment Procedure, Rules II.D.3 and II.E.**

**Subject to the foregoing objections but without waiving same: Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 132 is undisputed.**

133. During the trial, no statements made by Grant outside of Court were introduced as evidenced or used against him in the proceedings. (*See generally*, Dkt. 94-2).

**Response: Dispute. The cited docket entry is too broad at 114 pages and the court is not required to perform a search for the required information. Further the term "evidenced" is grammatically unclear as to what is being communicated, the proposed fact is therefore inadmissible. Further in the Proposed finding of fact, in the "During the trial" part, does not identify if this is talking about Traffic Court or the Criminal Misdemeanor court that was dismissed. The statement is misleading as it suggests this was a singular**

84

court trial and a violation of Rule 403. **(Dkt 94-2 pg 3 ln(s) 1-10) shows the fact that "We are here for a trial to the Court on the four traffic citations and we'll take up further scheduling and, potential – potentially, motions in the misdemeanor case after the court trials." (ibid.)**

**Reply: The cited evidence supports the proposed fact. (Dkt. 94-2, p. 111, at 111:11 – 113:11). Plaintiff has not identified any legitimate dispute to the proposed fact. Based on Plaintiff's deficient response, the County Defendants' Proposed Finding of Fact 133 is undisputed.**

Dated this 19th  day of September, 2024.

**CRIVELLO, NICHOLS & HALL, S.C.**
Attorneys for Defendants, Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Sauk County, Deputy Erik Knull and Sheriff Richard Meister

By: *s/ Dalton D. Sjong*
　　　SAMUEL C. HALL, JR.
　　　State Bar No.: 1045476
　　　BRIANNA J. MEYER
　　　State Bar No.: 1098293
　　　DALTON D. SJONG
　　　State Bar No.: 1121262
　　　710 N. Plankinton Avenue, Suite 500
　　　Milwaukee, WI  53203
　　　Phone: 414-271-7722
　　　Fax: 414-271-4438
　　　Email:　　shall@crivellolaw.com
　　　　　　　bmeyer@crivellolaw.com
　　　　　　　dsjong@crivellolaw.com