IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB JAMES GRANT,

                Plaintiff,

  v.                                              OPINION and ORDER

DANIEL KROLIKOWSKI, STEVEN MESSNER,
ALEX BREUNIG, SAUK COUNTY, ERIK KNULL,            23-cv-551-jdp
RICHARD MEISTER, and JOHN DOES 1–5,

                Defendants.

---

Plaintiff Caleb J. Grant, proceeding without counsel, alleges that defendant members of the Sauk County Sheriff's department detained and arrested him without probable cause and then subjected him to unconstitutional conditions of confinement. Before the court are a series of motions.

A. Motion for reconsideration

Grant moved for reconsideration of my ruling granting defendants' motion to dismiss some of Grant's claims directly against the Sauk County under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Dkt. 116. But he followed by moving to withdraw that motion. Dkt. 125. I will grant his motion to withdraw and I will disregard the motion for reconsideration.

B. Motion for leave to amend complaint

Grant moves to amend his complaint with minor additions, Dkt. 130, and he submits a proposed amended complaint, Dkt. 130-1. I will grant his motion and consider Dkt. 130-1 as the operative pleading. But as district attorney defendants Albrecht and Arevalo point out

in their response, Dkt. 135, I previously dismissed them from the case. *See* Dkt. 114, at 3–4. Nothing in Grant's new complaint reinstates those defendants.

**C. Sufficiency of defendants' responses to requests for admissions**

Grant objects to the sufficiency of defendants' responses to requests for admissions that he sent to defendants Messner, Krolikowski, Knull, and Meister.[1] Dkt. 72; Dkt. 74; Dkt. 76; Dkt. 144. But Federal Rule of Civil Procedure 37 requires a party seeking a court order regarding discovery responses to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Grant's motions do not include such a certification and the parties' briefing makes clear that Grant did not attempt to confer with defendants about their responses.

Grant states that Rule 37 isn't posted on the court's website, but that isn't a reason to ignore the rule. He also argues that Rule 37 doesn't apply to requests for admissions. He's correct that Rule 37 doesn't explicitly include requests for admissions in the enumerated items listed under "specific motions," Rule 37(a)(3), but I do not read the rule as excusing parties from conferring about disagreements regarding requests for admissions, and the court's pretrial conference order warned Grant that he should confer with defendants. *See* Dkt. 37, at 7 ("If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly . . . ."). I will deny his motions about the requests for admissions.

---

[1] Grant sought a several-day extension of his deadline to file reply briefs regarding the first three of these motions. Dkt. 91. I will grant that motion and I will consider his reply briefs.

Despite denying Grant's motions, I will address the parties' discovery materials further because both sides unreasonably construe each other's filings. For example, Grant quotes his seventh request for admission address to defendant Messner:

> You are requested to admit that when you pulled over the car on Terrytown Rd you spoke with the human inside the car and demanded he identify himself.
>
> RESPONSE: Object to the request on the basis it is vague as to date and time. Admit that during a traffic stop on April 6, 2023 Deputy Messner requested the driver of the vehicle identify himself. . . .

Dkt. 73, at 3–4. Given the context of Grant's filing, his request isn't vague about the date and time: in other requests he repeatedly mentions the April 6, 2023 traffic stop, and it's clear that there was only one relevant traffic stop on that date. Defendants weren't confused about what Grant meant and they didn't need to object. For his part, Grant states that defendants' use of the word "driver" in response to his request about "the human inside the car" "is an attempt to poison the answers and is clearly inappropriate and violates Rule 36(a) where the responder is required to act in good faith and not reword the request." Dkt. 73, at 1. Defendants' response is reasonable and there's no reason for Grant to object to it. There are similar problems with both parties' filings throughout the challenged requests for admissions. Going forward, the parties should avoid hypertechnical objections to each other's filings.

D. Motion to compel initial disclosures

I previously directed the parties to provide each other with initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Dkt. 114, at 7–8. Grant moves to compel defendants to provide those disclosures, stating that they did not provide them by the deadline set in my order. Dkt. 119. I will have defendants respond to that motion.

### E. Motions for sanctions

Grant moves to sanction defendants Messner, Krolikowski, and Knull, arguing that they committed perjury in various aspects of their declarations supporting their motion for summary judgment, such as that defendants stated that Grant's car didn't have a license plate when other evidence shows that it did, or that defendants omitted that an informant's complaint was a reason that they pulled him over. *See* Dkt. 123; Dkt. 126; Dkt. 128. But Grant should be aware that this court rarely sanctions litigants; inconsistencies in testimony are often a result of fallible human memory or other mistakes. Such inconsistencies often work against the witness at summary judgment—I must resolve all factual disputes against the party moving for summary judgment—and they may harm the witnesses' credibility at trial. But nothing in Grant's motions persuades me that defendants intentionally lied in their declarations. I will deny his motions for sanctions.

### F. John Doe defendants

Grant sues five unidentified "John Doe" defendants who worked at the Sauk County Jail and whom I take Grant to be saying subjected him to unlawful conditions of confinement during his two-day stint there. Grant moves to compel defendants to produce information about which staffers worked at the jail during that time. Dkt. 115. Grant calls his motion one to compel production of documents "in a specified electronic format," but the specific formatting of defendants' responses doesn't appear to be the problem: defendants have provided Grant with a list of employees working at the jail on each shift during the two days in question. Grant doesn't give a reason that he needs—or that the Federal Rule of Civil Procedure would require—that list in a particular electronic format. So I will deny his motion as it pertains to the request for the provision of materials in a certain format.

4

But Grant's motion raises another issue. He states that he has conferred with defendants about narrowing the list of employees to identify the John Does through the use of a photo array or job descriptions but that they have not yet responded. In cases involving John Doe defendants, this court routinely sets a schedule for specific discovery related to identifying those defendants and a deadline for the plaintiff to amend the complaint, but it did not do so here. The John Doe defendants have not been identified in time to litigate those claims before the February 24 trial date. Both sides move to strike the current schedule. Dkt. 148 and Dkt. 149. I will grant those motions. I will have defendants respond to Grant's motion at Dkt. 115 regarding what efforts they have taken to confer with Grant about narrowing the list of jail employees. The court will reset the schedule following identification of the John Doe defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Caleb J. Grant's motion to withdraw his motion for reconsideration, Dkt. 125, is GRANTED. Plaintiff's motion for reconsideration, Dkt. 116, is considered withdrawn.

2. Plaintiff's motion for extension of time, Dkt. 91, is GRANTED.

3. Plaintiff's motions regarding the sufficiency of defendants' responses to his requests for admissions, Dkt. 72; Dkt. 74; Dkt. 76; Dkt. 144, are DENIED.

4. Defendants may have until January 27, 2025, to respond to plaintiff's motion to compel production of initial disclosures.

5. Plaintiff's motions for sanctions, Dkt. 123; Dkt. 126; Dkt. 128, are DENIED.

6. Plaintiff's motion for production of documents in a specified electronic format, Dkt. 115, is DENIED in part.

7. Defendants may have until January 27, 2025, to respond to plaintiff's motion at Dkt. 115 regarding efforts to identify the John Doe defendants.

8. The parties' motions to stay the schedule, Dkt. 148 and Dkt. 149, are GRANTED. The current schedule is STRUCK and will be reset following identification of the John Doe defendants.

Entered January 13, 2025.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge