## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

CALEB GRANT,

Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, ET AL.,

Defendants.

Case No. 23CV551

### PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED FINDINGS OF FACT (DKT. 162)

Plaintiff Caleb Grant, pro se, submits this response to Defendants' Proposed Findings of Fact (Dkt. 162) in opposition to Defendants' Motion for Summary Judgment (Dkt. 161). Plaintiff requests liberal construction of his filings (Haines v. Kerner, 404 U.S. 519, 520 (1972)). The following responses and additional findings demonstrate that Defendants' actions during the May 18, 2023, and April 6, 2023, traffic stops, arrest, and prosecution were unlawful, driven by bias, and constitute malicious prosecution, warranting denial of summary judgment.

**Responses to Defendants' Proposed Findings of Fact**

1. **Dkt. 162, ¶ 1**: "When Deputy Krolikowski made contact with Grant at the May 18, 2023, traffic stop, he introduced himself as Deputy Krolikowski with the Sheriff's Department and explained why he stopped Grant." (Attachment to Dkt. 87 at 00:00-00:14)

   - **Response**: Undisputed as to Krolikowski's introduction and explanation, but disputed as to the legality and context. The May 18, 2023, traffic stop was unlawful, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, pp. 9, 11, 20), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The vehicle's exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O,

¶ 10), negating Krolikowski's stated reason for the stop (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's later statement, "We're not going to play those games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), and Sauk County's "Sovereign Citizen" label (Exhibit D, pp. 9, 11, 20), confirms the stop was a targeted escalation, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

2. **Dkt. 162, ¶ 2**: "Specifically, Deputy Krolikowski stated that the exhaust pipe extended out too far from the vehicle Grant was operating." (Attachment to Dkt. 87 at 00:00-00:14)

   • **Response**: Undisputed as to Krolikowski's statement, but disputed as to its validity and context. The May 18, 2023, stop was unlawful, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3), extending horizontally (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating Krolikowski's claim of a violation (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's later statement, "We're not going to play those games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests the stop was targeted, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

3. **Dkt. 162, ¶ 3**: "Grant informed Deputy Krolikowski that the exhaust was intended to make his vehicle quieter." (Attachment to Dkt. 87 at 00:15-00:17)

   • **Response**: Undisputed as to Plaintiff's statement, but disputed as to the context. The

May 18, 2023, stop was unlawful, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating Krolikowski's claimed violation (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's later statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests the stop was targeted, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

4. **Dkt. 162, ¶ 4**: "Deputy Krolikowski asked some questions about whether the exhaust was installed that way by the manufacturer." (Attachment to Dkt. 87 at 00:18-00:26)

- **Response**: Undisputed as to Krolikowski's questions, but disputed as to their legitimacy and context. The questions were unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the basis for questioning (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The questions were unrelated to the stop's purpose, indicating an unlawful escalation (Arizona v. Johnson, 555 U.S. 323, 333 (2009)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38

(2022)).

5. **Dkt. 162, ¶ 5**: "Deputy Krolikowski explained that an exhaust that extends too far beyond the vehicle is a hazard to somebody outside the vehicle." (Attachment to Dkt. 87 at 00:27-00:49)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating Krolikowski's hazard claim (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's later statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests the explanation was part of a targeted escalation, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

6. **Dkt. 162, ¶ 6**: "Mr. Grant asked whether it was similar to a trailer hitch." (Attachment to Dkt. 87 at 00:50-00:57)

- **Response**: Undisputed as to Plaintiff's question, but disputed as to the context. The question was part of an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating Krolikowski's claims (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I;

Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

7. **Dkt. 162, ¶ 7**: "Deputy Krolikowski explained that a hitch could be removed from the vehicle whereas the exhaust is a more permanent fixture to the vehicle." (Attachment to Dkt. 87 at 00:56-01:03)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating Krolikowski's claims (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

8. **Dkt. 162, ¶ 8**: "At that point, Deputy Krolikowski asked for Mr. Grant's driver's license." (Attachment to Dkt. 87 at 01:11-01:12)

- **Response**: Undisputed as to the request, but disputed as to its legality and context. The request was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio,

392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

(Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis

(Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he

had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

(1886)). Deputies likely knew Plaintiff's identity via the CI tip (Dkt. 92-1, p. 2, ¶ 3;

Exhibit O, ¶ 29), rendering the request coercive (Henes v. Morrissey, 194 Wis. 2d 338,

354 (1995)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit

L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v.

Clark, 142 S. Ct. 1332, 1337–38 (2022)).

9. **Dkt. 162, ¶ 9**: "Mr. Grant responded, 'Well, I don't need to give you a driver's license for that,

right?'" (Attachment to Dkt. 87 at 01:13-01:16)

- **Response**: Undisputed as to Plaintiff's response, but disputed as to its implications and

context. Plaintiff's response was a lawful assertion of rights during an unlawful May 18,

2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p.

2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392

U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

(Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis

(Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he

had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

(1886)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), making

the license demand coercive (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias,

evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶

16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct.

1332, 1337–38 (2022)).

10. **Dkt. 162, ¶ 10**: "Deputy Krolikowski explained that the vehicle's exhaust was a violation of State law and that Grant was required to provide his driver's license so a warning could be issued." (Attachment to Dkt. 87 at 01:17-01:19)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the claimed violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The license demand was coercive, as deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29) (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

11. **Dkt. 162, ¶ 11**: "Grant did not provide a driver's license and requested that Deputy Krolikowski recite the specific source of law for the violation." (Attachment to Dkt. 87 at 01:21-01:35)

- **Response**: Undisputed as to Plaintiff's actions, but disputed as to their implications and context. Plaintiff's refusal to provide a license and request for the law were lawful responses during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O,

¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), making the license demand coercive (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

12. **Dkt. 162, ¶ 12**: "Deputy Krolikowski cited Wisconsin Administrative Code, Trans. § 305.20(3)." (Attachment to Dkt. 87 at 01:21-01:35)

- **Response**: Undisputed as to Krolikowski's citation, but disputed as to its accuracy and context. The citation was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

13. **Dkt. 162, ¶ 13**: "Mr. Grant again requested that Deputy Krolikowski recite the provisions of Trans § 305.20(3)." (Attachment to Dkt. 87 at 01:36-01:37)

- **Response**: Undisputed as to Plaintiff's request, but disputed as to the context. The request was a lawful assertion of rights during an unlawful May 18, 2023, stop driven by

a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

14. **Dkt. 162, ¶ 14**: "Deputy Krolikowski paraphrased and explained that the section states an exhaust cannot extend to a length that would make it a hazard to individuals outside the vehicle." (Attachment to Dkt. 87 at 01:38-01:43)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its accuracy and context. The explanation was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the hazard claim (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

15. **Dkt. 162, ¶ 15**: "Mr. Grant stated that he did not understand and questioned whether the

violation was subject to Deputy Krolikowski's discretion." (Attachment to Dkt. 87 at 01:46-01:51)

- **Response**: Undisputed as to Plaintiff's statement, but disputed as to the context. The statement was a lawful inquiry during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

16. **Dkt. 162, ¶ 16**: "Deputy Krolikowski explained that it was discretionary but that the exhaust on Mr. Grant's vehicle was a clear violation." (Attachment to Dkt. 87 at 01:52-01:56)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶

16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

17. **Dkt. 162, ¶ 17**: "Mr. Grant again stated that he did not understand why Deputy Krolikowski considered his exhaust to be extending too far." (Attachment to Dkt. 87 at 01:57-02:00)

- **Response**: Undisputed as to Plaintiff's statement, but disputed as to the context. The statement was a lawful inquiry during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

18. **Dkt. 162, ¶ 18**: "Deputy Krolikowski further explained that the exhaust did not appear to be from the manufacturer, and that the manufacturer would not equip a vehicle with a non-compliant exhaust system." (Attachment to Dkt. 87 at 02:01-02:34)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the non-compliance claim

(Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

19. **Dkt. 162, ¶ 19**: "Deputy Krolikowski continued explaining that Mr. Grant could have an aftermarket exhaust, but it must be compliant with Wisconsin law." (Attachment to Dkt. 87 at 02:01-02:34)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the non-compliance claim (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

20. **Dkt. 162, ¶ 20**: "Deputy Krolikowski asked Mr. Grant if he owned the vehicle he was operating." (Attachment to Dkt. 87 at 02:38-02:39)

- **Response**: Undisputed as to Krolikowski's question, but disputed as to its legitimacy and context. The question was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3;

Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20

(1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N;

Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United

States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed

oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The

question was unrelated to the stop's purpose, indicating an unlawful escalation (Arizona

v. Johnson, 555 U.S. 323, 333 (2009)). Bias, evidenced by Krolikowski's statement (Dkt.

87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious

prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

21. **Dkt. 162, ¶ 21**: "Mr. Grant asserted that he did not have to answer the question and he was

'driving privately.'" (Attachment to Dkt. 87 at 02:40-02:47)

- **Response**: Undisputed as to Plaintiff's assertion, but disputed as to its implications and

    context. Plaintiff's assertion was a lawful exercise of rights during an unlawful May 18,

    2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p.

    2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392

    U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

    (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis

    (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he

    had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

    (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L;

    Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v.

    Clark, 142 S. Ct. 1332, 1337–38 (2022)).

22. **Dkt. 162, ¶ 22**: "Mr. Grant also stated that he was 'not commercial' and questioned Deputy

Krolikowski whether he was 'allowed to travel privately.'" (Attachment to Dkt. 87 at 02:57-

03:14)

- **Response**: Undisputed as to Plaintiff's statements, but disputed as to their implications and context. Plaintiff's statements were lawful assertions of rights during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

23. **Dkt. 162, ¶ 23**: "Deputy Krolikowski explained to Grant that he was operating a vehicle on the roadway and was required to follow the law, including with respect to equipment." (Attachment to Dkt. 87 at 03:20-03:25)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity and context. The explanation was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the equipment violation claim (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement, "We're not going to play those

games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests the explanation was

part of a targeted escalation, contributing to malicious prosecution (Thompson v. Clark,

142 S. Ct. 1332, 1337–38 (2022)).

24. **Dkt. 162, ¶ 24**: "In response, Grant asked if Deputy Krolikowski was 'assuming' that Grant

was 'a Fourteenth Amendment citizen.'" (Attachment to Dkt. 87 at 03:26-03:32)

- **Response**: Undisputed as to Plaintiff's response, but disputed as to its implications and

  context. Plaintiff's question was a lawful assertion of rights during an unlawful May 18,

  2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p.

  2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392

  U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

  (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis

  (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he

  had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

  (1886)). Bias, evidenced by Krolikowski's statement, "We're not going to play those

  games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests the interaction was

  targeted, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332,

  1337–38 (2022)).

25. **Dkt. 162, ¶ 25**: "At that time, Deputy Krolikowski informed Grant that Sergeant Knull was

now present at the traffic stop." (Attachment to Dkt. 87 at 03:41-03:43)

- **Response**: Undisputed as to Krolikowski's statement, but disputed as to the context.

  Knull's presence was part of an unlawful May 18, 2023, stop driven by a CI's April 27,

  2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009),

  lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust

  complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–

44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Knull lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

26. **Dkt. 162, ¶ 26**: "Deputy Krolikowski spoke to Sergeant Knull and explained the reason for the traffic stop was the length of the exhaust on Grant's vehicle." (Attachment to Dkt. 87 at 03:44-03:50)

- **Response**: Undisputed as to Krolikowski's explanation to Knull, but disputed as to its validity and context. The explanation was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the length claim (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski and Knull lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

27. **Dkt. 162, ¶ 27**: "Deputy Krolikowski then asked Grant if he had a smartphone and would like to look up the exact language used in Trans. § 305.20 so they could make 'be on the same page.'" (Attachment to Dkt. 87 at 03:50-03:57)

- **Response**: Undisputed as to Krolikowski's question, but disputed as to its legitimacy

and context. The question was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

28. **Dkt. 162, ¶ 28**: "Plaintiff declined and stated that he wanted Deputy Krolikowski to do so." (Attachment to Dkt. 87 at 03:58-04:00)

- **Response**: Undisputed as to Plaintiff's response, but disputed as to its implications and context. Plaintiff's response was a lawful assertion of rights during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

29. **Dkt. 162, ¶ 29**: "Deputy Krolikowski stated he would not and informed Grant that he could

issue a citation instead." (Attachment to Dkt. 87 at 04:03-04:06)

- **Response**: Undisputed as to Krolikowski's statement, but disputed as to its legitimacy and context. The threat to issue a citation was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

30. **Dkt. 162, ¶ 30**: "Deputy Krolikowski then requested that Grant provide his name and identify himself verbally." (Attachment to Dkt. 87 at 04:07-04:08)

- **Response**: Undisputed as to the occurrence of Krolikowski's request, but disputed as to its legality and context. The request was unlawful, as the May 18, 2023, traffic stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, pp. 9, 11, 20), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Deputies knew Plaintiff's identity, as evidenced by Krolikowski's laptop displaying Plaintiff's details before re-entering the

squad car (Exhibit O, ¶ 29) and Plaintiff's refusal to provide ID (Exhibit O, ¶ 31), rendering the demand unnecessary and coercive (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The request occurred amid coercive actions, including Krolikowski's threat to break the window and display of a baton (Exhibit O, ¶ 17; Dkt. 87-1, 0:04:07.00– 0:04:08.00, Exhibit L), indicating an unlawful escalation (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias against Plaintiff's "sovereign" beliefs, evidenced by Krolikowski's statement, "We're not going to play those games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), and the "Sovereign Citizen" label (Exhibit D, pp. 9, 11, 20), confirms targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

31. **Dkt. 162, ¶ 31**: "Grant stated he 'would rather not.'" (Attachment to Dkt. 87 at 04:09-04:10)

- **Response**: Undisputed as to Plaintiff's response, but disputed as to its implications and context. Plaintiff's refusal to identify was a lawful response during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The request occurred amid coercion, including a baton threat (Exhibit O, ¶ 17; Dkt. 87-1, 0:04:07.00–0:04:10.00, Exhibit L), indicating an unlawful escalation (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), making the demand coercive (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00,

Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution

(Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

32. **Dkt. 162, ¶ 32**: "Deputy Krolikowski then verbally ordered Grant to exit the vehicle."

(Attachment to Dkt. 87 at 04:13-04:14)

- **Response**: Undisputed as to the order, but disputed as to its legality. The order was

  unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip

  (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking

  reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with

  Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O,

  ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)).

  Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v.

  Shelby Cnty., 118 U.S. 425, 441 (1886)). The order, amid coercive threats (Exhibit O, ¶

  17; Dkt. 87-1, 0:04:13.00, Exhibit L), was an unlawful escalation (Graham v. Connor,

  490 U.S. 386, 396–97 (1989)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1,

  0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious

  prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

33. **Dkt. 162, ¶ 33**: "Grant responded, 'so you're coming after me?'" (Attachment to Dkt. 87 at

04:15)

- **Response**: Undisputed as to Plaintiff's response, but disputed as to its implications and

  context. Plaintiff's response was a lawful reaction to an unlawful order during a

  pretextual May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–

  0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion

  (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code

  Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating

the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked

authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118

U.S. 425, 441 (1886)). The order, amid coercive threats (Exhibit O, ¶ 17; Dkt. 87-1,

0:04:15.00, Exhibit L), was unlawful (Graham v. Connor, 490 U.S. 386, 396–97 (1989)).

Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit

O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142

S. Ct. 1332, 1337–38 (2022)).

34. **Dkt. 162, ¶ 34**: "Grant did not exit the vehicle and did not make any movement to open the

door." (Dkt. 94 at 3; Attachment to Dkt. 87 at 04:15-04:16)

- **Response**: Disputed. Plaintiff's refusal was lawful, as Krolikowski's order was part of

  an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–

  0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion

  (Terry v. Ohio, 392 U.S. 1, 20 (1968)). Rapid orders (Dkt. 87-1, 0:04:13.00–0:04:37.20,

  Exhibit L) and safety concerns (Exhibit O, ¶ 18) justified compliance delay (United

  States v. Tyler, 512 F.3d 405, 411 (7th Cir. 2008)). The exhaust complied with Wis.

  Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶

  10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)).

  Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v.

  Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement

  (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), drove the escalation, supporting

  malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

35. **Dkt. 162, ¶ 35**: "Deputy Krolikowski gave three additional verbal orders to Grant to exit the

vehicle." (Attachment to Dkt. 87 at 04:16-04:22)

- **Response**: Undisputed as to the orders, but disputed as to their legality. The orders were

unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The repeated orders, amid coercive threats (Exhibit O, ¶ 17; Dkt. 87-1, 0:04:16.00–0:04:22.00, Exhibit L), were an unlawful escalation (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

36. **Dkt. 162, ¶ 36**: "Grant did not get out of the vehicle." (Attachment to Dkt. 87 at 04:16-04:23)

- **Response**: Disputed. Plaintiff's refusal was lawful, as Krolikowski's orders were part of an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). Rapid orders (Dkt. 87-1, 0:04:13.00–0:04:37.20, Exhibit L) and safety concerns (Exhibit O, ¶ 18) justified compliance delay (United States v. Tyler, 512 F.3d 405, 411 (7th Cir. 2008)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), drove the escalation, supporting

malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

37. **Dkt. 162, ¶ 37**: "Deputy Krolikowski then ordered Grant to unlock the door and keep his hands visible." (Attachment to Dkt. 87 at 04:23-04:28)

- **Response**: Undisputed as to the order, but disputed as to its legality. The order was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The order, amid coercive threats (Exhibit O, ¶ 17; Dkt. 87-1, 0:04:23.00–0:04:28.00, Exhibit L), was an unlawful escalation (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

38. **Dkt. 162, ¶ 38**: "Grant stated he would unlock the door, but did not immediately do so." (Attachment to Dkt. 87 at 04:23-04:28; Dkt. 94 at 3)

- **Response**: Disputed. Krolikowski's rapid orders to unlock the door (Dkt. 87-1, 0:04:28.70), keep hands visible (0:04:29.60), and answer about weapons (0:04:33.00, Exhibit L) interrupted Plaintiff's compliance, posing safety risks by requiring prioritization of keeping hands visible and responding to conflicting commands (United States v. Johnson, 874 F.3d 571, 574 (7th Cir. 2017); Exhibit O, ¶ 18). The door was unlocked by 0:04:37.20, a reasonable delay given the overlapping orders within seconds (United States v. Tyler, 512 F.3d 405, 411 (7th Cir. 2008)). The May 18, 2023, stop was

unlawful, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0

39. **Dkt. 162, ¶ 39**: "Deputy Krolikowski asked Grant, who was still inside the vehicle, whether there were any weapons in the car." (Attachment to Dkt. 87 at 04:27-04:29)

- **Response**: Undisputed as to Krolikowski's question, but disputed as to its legality and context. The question was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The question, posed amid rapid orders (Dkt. 87-1, 0:04:13.00–0:04:37.20, Exhibit L), was unrelated to the stop's purpose and lacked independent suspicion, violating Arizona v. Johnson, 555 U.S. 323, 333 (2009). Bias, evidenced by Krolikowski's statement, "We're not going to play those games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

40. **Dkt. 162, ¶ 40**: "Grant responded by stating 'not that I'm aware of' and remained in the vehicle." (Attachment to Dkt. 87 at 04:28-04:31)

- **Response**: Disputed. The term "remained in the vehicle" mischaracterizes Plaintiff's rapid compliance. Plaintiff answered, "Not that I'm aware" (Dkt. 87-1, 0:04:36.00, Exhibit L) within seconds of Krolikowski's question (0:04:33.00), and unlocked the door by 0:04:37.20, showing reasonable compliance despite rapid orders (United States v. Tyler, 512 F.3d 405, 411 (7th Cir. 2008)). The May 18, 2023, stop was unlawful, driven

by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

41. **Dkt. 162, ¶ 41**: "Deputy Krolikowski again ordered Grant to exit the vehicle." (Attachment to Dkt. 87 at 04:32-04:33)

- **Response**: Undisputed as to the order, but disputed as to its legality. The order was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The repeated order, amid rapid commands (Dkt. 87-1, 0:04:13.00–0:04:37.20, Exhibit L), was an unreasonable escalation (Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977); Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

42. **Dkt. 162, ¶ 42**: "After numerous orders to do so, Grant finally unlocked the door and got out of the car." (Attachment to Dkt. 87 at 04:34-04:35)

- **Response**: Disputed. The term "finally" mischaracterizes Plaintiff's prompt compliance, as deputies physically grabbed and pulled Plaintiff from the vehicle immediately after the door was unlocked at 0:04:37.20 (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:13.00–0:04:37.20, Exhibit L), contradicting voluntary exit and suggesting excessive force (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). The rapid sequence of overlapping orders, including exit orders (0:04:13.00, 0:04:32.00), unlock door (0:04:28.70), hands visible (0:04:29.60), and weapons question (0:04:33.00), allowed only ~24 seconds for compliance, reasonable given safety concerns (United States v. Tyler, 512 F.3d 405, 411 (7th Cir. 2008); United States v. Johnson, 874 F.3d 571, 574 (7th Cir. 2017)). The May 18, 2023, stop was unlawful, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Bias (Exhibit D; Exhibit O, ¶ 16) suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

43. **Dkt. 162, ¶ 43**: "As soon as Grant was fully outside the vehicle, Grant was placed in handcuffs." (Attachment to Dkt. 87 at 04:35-05:00)

- **Response**: Undisputed as to the handcuffing, but disputed as to its legality. The handcuffing was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-

CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The handcuffing followed excessive force, as deputies forcibly removed Plaintiff at 0:04:37.20 (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:35.00–0:05:00.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias against Plaintiff's "sovereign" beliefs (Exhibit D; Exhibit O, ¶¶ 16–17) drove the arrest, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

44. **Dkt. 162, ¶ 44**: "Deputy Krolikowski asked Grant if he had his wallet, and Grant responded by asking why." (Attachment to Dkt. 87 at 05:02-05:33)

- **Response**: Undisputed as to the exchange, but disputed as to its legality and context. The question was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The question followed forcible removal at 0:04:37.20 (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:05:33.00, Exhibit L), indicating excessive force and coercion (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), rendering the question unnecessary (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)).

Bias (Exhibit D; Exhibit O, ¶ 16) suggests targeting, contributing to malicious

prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

45. **Dkt. 162, ¶ 45**: "Deputy Krolikowski explained to Grant that he was believed to be operating a

vehicle in violation of Wisconsin law and that they needed to identify him." (Attachment to Dkt.

87 at 05:32-05:54)

- **Response**: Undisputed as to Krolikowski's explanation, but disputed as to its validity

  and context. The explanation was unlawful, as the May 18, 2023, stop was pretextual,

  driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3;

  Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20

  (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N;

  Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation claim (Whren v.

  United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no

  signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)).

  The identification demand was coercive, as deputies knew Plaintiff's identity (Dkt. 92-1,

  p. 2, ¶ 3; Exhibit O, ¶ 29) (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The

  explanation followed forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–

  0:05:54.00, Exhibit L), indicating excessive force (Graham v. Connor, 490 U.S. 386,

  396–97 (1989)). Bias (Exhibit D; Exhibit O, ¶ 16) suggests targeting, contributing to

  malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

46. **Dkt. 162, ¶ 46**: "Sergeant Knull further informed Grant that he had been lawfully pulled over

and was believed to be committing a traffic violation was required by law to identify himself."

(Attachment to Dkt. 87 at 05:58-06:06)

- **Response**: Undisputed as to Knull's statement, but disputed as to its accuracy and

  context. Knull's claim of a lawful stop was baseless, as the May 18, 2023, stop was

pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation claim (Wren v. United States, 517 U.S. 806, 813 (1996)). Knull lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The identification demand was coercive, as deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29) (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The statement followed forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:06:06.00, Exhibit L), indicating excessive force (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias (Exhibit D; Exhibit O, ¶ 16) suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

47. **Dkt. 162, ¶ 47**: "Sergeant Knull explained to Grant that they have encountered 'other situations' with people who refused to identify themselves." (Attachment to Dkt. 87 at 06:06-06:31)

- **Response**: Undisputed as to Knull's statement, but disputed as to its implications and context. Knull's statement was part of an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Knull lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The statement followed excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:06:31.00, Exhibit L), indicating coercion

(Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Deputies knew Plaintiff's identity

(Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), making identification demands coercive (Henes v.

Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias, evidenced by Krolikowski's statement

(Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), suggests targeting, supporting

malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

48. **Dkt. 162, ¶ 48**: "Grant again stated that he was traveling privately." (Attachment to Dkt. 87 at

06:06-06:31)

- **Response**: Undisputed as to Plaintiff's statement, but disputed as to its implications and

  context. Plaintiff's assertion of traveling privately (Dkt. 87-1, 0:06:06.00–0:06:31.00,

  Exhibit L; Exhibit O, ¶ 15) was a lawful exercise of rights during an unlawful May 18,

  2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p.

  2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392

  U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

  (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis

  (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, as they

  had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

  (1886)). The statement followed forcible removal at 0:04:37.20 (Exhibit O, ¶ 18; Dkt.

  87-1, 0:04:37.20–0:06:31.00, Exhibit L), indicating excessive force and coercion

  (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias (Exhibit D; Dkt. 87-1,

  0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting, contributing to malicious

  prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

49. **Dkt. 162, ¶ 49**: "Sergeant Knull further asserted that they could lawfully remove Grant from

the vehicle and arrest him for obstruction for refusing to identify himself because he was

operating a vehicle on a public road and was required to have a driver's license by Wisconsin

law, and was required to identify himself." (Attachment to Dkt. 87 at 06:32-07:06)

- **Response**: Undisputed as to Knull's assertion, but disputed as to its accuracy and context. Knull's assertion was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation claim (Whren v. United States, 517 U.S. 806, 813 (1996)). Knull lacked authority, as he had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The obstruction threat was unlawful, as deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29) (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The assertion followed forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:07:06.00, Exhibit L), indicating excessive force (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

50. **Dkt. 162, ¶ 50**: "Deputy Krolikowski asked Grant if he had a driver's license, and Grant stated he did not." (Attachment to Dkt. 87 at 07:51-07:52)

- **Response**: Undisputed as to the exchange, but disputed as to its legality and context. Krolikowski's question was unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023

(Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The question followed

forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:07:52.00, Exhibit L),

indicating excessive force and coercion (Graham v. Connor, 490 U.S. 386, 396–97

(1989)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29),

rendering the question coercive (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias

(Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting,

contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38

(2022)).

51. **Dkt. 162, ¶ 51**: "Deputy Krolikowski asked Grant if he had an identification card, and Grant

asked why he had to provide one." (Attachment to Dkt. 87 at 07:53-08:05)

- **Response**: Undisputed as to the exchange, but disputed as to its legality and context.

  Krolikowski's question was unlawful, as the May 18, 2023, stop was pretextual, driven

  by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D,

  SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)).

  The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2,

  pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517

  U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath in 2023

  (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The question followed

  forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L),

  indicating excessive force and coercion (Graham v. Connor, 490 U.S. 386, 396–97

  (1989)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29),

  rendering the question coercive (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias

  (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting,

  contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38

(2022)).

52. **Dkt. 162, ¶ 52**: "Deputy Krolikowski and Sergeant Knull continued to explain that Grant

needed to identify Plaintiff because he refused to provide a driver's license." (Attachment to

Dkt. 87 at 07:53-08:05)

- **Response**: Undisputed as to the explanation, but disputed as to its validity and context.

  The explanation was unlawful, as the May 18, 2023, stop was pretextual, driven by a

  CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-

  CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The

  exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg.

  43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517

  U.S. 806, 813 (1996)). Deputies lacked authority, as they had no signed oaths in 2023

  (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The identification

  demand was coercive, as deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit

  O, ¶ 29) (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The explanation followed

  forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L),

  indicating excessive force (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias

  (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting,

  contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38

  (2022)).

53. **Dkt. 162, ¶ 53**: "Plaintiff was ultimately arrested and charged with obstructing an officer for his

conduct during the traffic stop on May 18, 2023." (Dkt. 94 at 1)

- **Response**: Undisputed as to the arrest and charge, but disputed as to their legality and

  basis. The arrest and obstruction charge were unlawful, as the May 18, 2023, stop was

  pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs

(Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, pp. 9, 11, 20), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The arrest involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). The obstruction charge was baseless, as deputies knew Plaintiff's identity via the CI tip and Krolikowski's laptop (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), and Plaintiff provided no ID (Exhibit O, ¶ 31), with conduct like asserting private travel (Dkt. 87-1, 0:06:06.00, Exhibit L; Exhibit O, ¶ 15) being lawful (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), and the "Sovereign Citizen" label (Exhibit D, pp. 9, 11, 20), confirms targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

54. **Dkt. 162, ¶ 54**: "Grant was also issued four traffic citations related to the April 6, 2023, and May 18, 2023, traffic stops: two for operating without a license and two for the equipment violations related to the exhaust on the vehicle he was operating." (See Dkt. 94-2 at 3:1-3:6)

- **Response**: Undisputed as to the issuance of the citations, but disputed as to their legality and basis. The citations were unlawful because the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), and the April 6, 2023, stop was unlawful, as the exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

(Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating equipment violations (Wren v. United States, 517 U.S. 806, 813 (1996)). The license citations were baseless, as deputies likely knew Plaintiff's identity for the May 18 stop (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29) and lacked lawful basis for April 6 demands (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Deputies lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The May 18 citations followed excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), indicating coercion (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias against Plaintiff's "sovereign" beliefs (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests the citations were targeted, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

55. **Dkt. 162, ¶ 55**: "A final pretrial conference was held on June 5, 2024, and a court trial was set for the morning of June 12, 2024, on the traffic citations, and a jury trial was set to begin the afternoon of June 12, 2024, with the expectation that it would conclude on June 13, 2024, if the criminal case was not dismissed." (Dkt. 94-1 at 20:15-20:25)

- **Response**: Undisputed as to the scheduling, but disputed as to the context and implications. The scheduled trials were tainted by prosecutorial bad faith, as Arevalo failed to secure jurors for the June 12–13, 2024, jury trial, with no explanation in records (Exhibit M), suggesting deliberate or reckless misconduct (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). The charges stemmed from an unlawful May 18, 2023, stop, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), and an unlawful April 6, 2023, stop, as the exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20

(1968)). The obstruction charge was baseless, as deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), violating Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995). Deputies lacked authority, as they had no signed oaths (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The May 18 stop involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Arevalo's suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) shows he pursued baseless charges. Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

56. **Dkt. 162, ¶ 56**: "At the pretrial conference, the Court was satisfied that the criminal complaint alleged sufficient probable cause to survive Grant's motion to dismiss." (Dkt. 94-1 at 25:15-25:23)

- **Response**: Undisputed as to the Court's finding at the June 5, 2024, pretrial conference, but disputed as to the validity, context, and implications of the probable cause determination. The criminal complaint's allegations were baseless, as the obstruction charge stemmed from an unlawful May 18, 2023, traffic stop driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, pp. 9, 11, 20), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The related April 6, 2023, stop was also unlawful, as the vehicle's exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating any violation (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies Krolikowski and Knull lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

(1886)). The May 18 stop involved excessive force, with deputies forcibly removing Plaintiff at 0:04:37.20 (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Plaintiff's refusal to identify was lawful, as deputies knew his identity via the CI tip and Krolikowski's laptop (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), and he provided no ID (Exhibit O, ¶ 31), with his assertion of private travel (Dkt. 87-1, 0:06:06.00, Exhibit L; Exhibit O, ¶ 15) protected (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Arevalo's bad faith is evidenced by his failure to secure jurors for the June 12–13, 2024, trial (Exhibit M) and suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3), suggesting the complaint was pursued to harass, not based on probable cause (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Bias, evidenced by the "Sovereign Citizen" label (Exhibit D, pp. 9, 11, 20), Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), and jail deputies' mockery (Exhibit O, ¶¶ 36–40), confirms targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

57. **Dkt. 162, ¶ 57**: "On June 12, 2024, a court trial was held on the four traffic citations." (See Dkt. 94-2)

- **Response**: Undisputed as to the occurrence of the court trial, but disputed as to its legality and context. The trial was tainted by the invalidity of the citations, which stemmed from unlawful stops. The May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), and the April 6, 2023, stop was unlawful, as the exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The

equipment citations were baseless (Whren v. United States, 517 U.S. 806, 813 (1996)),

and the license citations were unlawful, as deputies knew Plaintiff's identity for May 18

(Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29) and lacked basis for April 6 (Henes v. Morrissey,

194 Wis. 2d 338, 354 (1995)). Deputies lacked authority, as they had no signed oaths

(Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The May 18 stop

involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L),

violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)).

Arevalo's failure to secure jurors for the obstruction trial (Exhibit M) and suspicion of

oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) indicate bad faith

(Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Bias (Exhibit D; Dkt. 87-1,

0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeting, contributing to malicious

prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

58. **Dkt. 162, ¶ 58**: "During the trial, Deputy Krolikowski testified that he observed the exhaust of

Grant's vehicle extended approximately 10 inches beyond the body line of the vehicle and,

based on his experience, he believed the driver was committing a traffic violation." (Dkt. 94-2

at 20:4-20:16)

- **Response**: Undisputed as to Krolikowski's testimony, but disputed as to its validity and

   context. Krolikowski's testimony was baseless, as the May 18, 2023, stop was

   pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1,

   p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392

   U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

   (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation claim

   (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he

   had no signed oath in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441

(1886)). The May 18 stop involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) and Arevalo's bad faith (Exhibit M) suggest the testimony supported a baseless prosecution, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

59. **Dkt. 162, ¶ 59**: "Deputy Krolikowski further testified that Grant did not provide a driver's license and refused to identify himself." (Dkt. 94-2 at 32:11-32:16)

- **Response**: Undisputed as to Krolikowski's testimony, but disputed as to its context and implications. The testimony misrepresents Plaintiff's lawful conduct during an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The stop involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), indicating coercion (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Plaintiff's refusal to identify was lawful, as deputies knew his identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), and his assertion of private travel (Dkt. 87-1, 0:06:06.00, Exhibit L; Exhibit O, ¶ 15) was protected (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests Krolikowski's testimony supported a baseless charge, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

60. **Dkt. 162, ¶ 60**: "Deputy Krolikowski testified that he did not arrest Grant for failing to provide identification." (Dkt. No. 94-2 at 45:2-45:4)

- **Response**: Undisputed as to Krolikowski's testimony, but disputed as to its accuracy and implications. Krolikowski's testimony implies the arrest was for other conduct, but the obstruction charge was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he had no signed oath (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The arrest involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), indicating coercion (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Plaintiff's refusal to identify was lawful, as deputies knew his identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), and his conduct was protected (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests Krolikowski's testimony supported a baseless charge, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

61. **Dkt. 162, ¶ 61**: "Deputy Krolikowski also testified that requesting a driver's license is part of the ordinary inquiries he usually asks as part of a traffic stop." (Dkt. No. 94-2 at 47:5-47:15)

- **Response**: Undisputed as to Krolikowski's testimony, but disputed as to its context and relevance. Krolikowski's testimony misrepresents the May 18, 2023, stop, which was pretextual, driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392

U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3)

(Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis

(Wren v. United States, 517 U.S. 806, 813 (1996)). Krolikowski lacked authority, as he

had no signed oath (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)).

The license request followed forcible removal (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–

0:08:05.00, Exhibit L), indicating coercion, not routine inquiry (Graham v. Connor, 490

U.S. 386, 396–97 (1989)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3;

Exhibit O, ¶ 29), rendering the request coercive (Henes v. Morrissey, 194 Wis. 2d 338,

354 (1995)). Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests

targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332,

1337–38 (2022)).

62. **Dkt. 162, ¶ 62**: "The court found Grant guilty of operating without a license on both April 6,

2023, and May 18, 2023, as well as the equipment violations." (Dkt. 94-2 at 106:13-108:23)

- **Response**: Undisputed as to the court's findings, but disputed as to their legality, basis,

  and context. The guilty findings were invalid because the citations stemmed from

  unlawful stops. The May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023,

  tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), and

  the April 6, 2023, stop was unlawful, as the exhaust complied with Wis. Admin. Code

  Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating

  equipment violations (Wren v. United States, 517 U.S. 806, 813 (1996)). The license

  citations were baseless, as deputies knew Plaintiff's identity for May 18 (Dkt. 92-1, p. 2,

  ¶ 3; Exhibit O, ¶ 29) and lacked lawful basis for April 6 (Henes v. Morrissey, 194 Wis.

  2d 338, 354 (1995)). Deputies lacked authority, as they had no signed oaths (Exhibits A,

  I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The May 18 stop involved

excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Arevalo's failure to secure jurors for the obstruction trial (Exhibit M) and suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) indicate bad faith (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Bias (Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) suggests targeted prosecution, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

63. **Dkt. 162, ¶ 63**: "The court dismissed the criminal case against Grant for obstruction on a prosecutor's motion following the guilty verdicts for the traffic citations." (Dkt. 94-2 at 112:6-112:15)

- **Response**: Undisputed as to the dismissal, but disputed as to the reason and context. The dismissal resulted from Arevalo's bad faith, as evidenced by his failure to secure jurors (Exhibit M) and suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3), suggesting misconduct to avoid scrutiny of a baseless charge (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). The obstruction charge stemmed from an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), and deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), violating Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995). Deputies lacked authority (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)), and the stop involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias (Exhibit D; Exhibit O, ¶¶ 16–17) suggests the

dismissal was to evade exposure, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

64. **Dkt. 162, ¶ 64**: "The prosecution believed that the traffic matters provided enough punishment and addressed the issues at hand as Grant would be charged criminally if he was found operating without a license again." (Dkt. 94-2 at 111:17-112:9)

- **Response**: Undisputed as to Arevalo's stated belief, but disputed as to its legitimacy and context. The dismissal was driven by Arevalo's bad faith, as evidenced by his failure to secure jurors (Exhibit M) and suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3), suggesting an intent to avoid scrutiny of a baseless charge (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). The obstruction charge stemmed from an unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), and deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), violating Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995). Deputies lacked authority (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)), and excessive force was used (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). Bias (Exhibit D; Exhibit O, ¶¶ 16–17) suggests the prosecution's rationale was pretextual, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

65. **Dkt. 162, ¶ 65**: "No testimony was heard and no evidence was presented on the merits of the criminal case." (See generally Dkt. 94-2)

- **Response**: Undisputed as to the absence of testimony or evidence, but disputed as to the

context, implications, and reason. The lack of a trial resulted from Arevalo's bad faith

failure to secure jurors for the June 12–13, 2024, jury trial, with no explanation in

records (Exhibit M), suggesting deliberate or reckless misconduct (Buckley v.

Fitzsimmons, 509 U.S. 259, 273 (1993)). The obstruction charge stemmed from an

unlawful May 18, 2023, stop driven by a CI's April 27, 2023, tip targeting Plaintiff's

"sovereign" beliefs (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-

CJG000009), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The

exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg.

43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517

U.S. 806, 813 (1996)). Deputies knew Plaintiff's identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O,

¶ 29), making the charge baseless (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)).

Deputies lacked authority, as they had no signed oaths (Exhibits A, I; Norton v. Shelby

Cnty., 118 U.S. 425, 441 (1886)). The stop involved excessive force (Exhibit O, ¶ 18;

Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham

v. Connor, 490 U.S. 386, 396–97 (1989)). Krolikowski's biased statements (Exhibit O,

¶¶ 16–17, 36; Dkt. 87-1, 0:03:24.00), jail deputies' mockery (Exhibit O, ¶¶ 37–40), and

unconstitutional jail conditions (Exhibit O, ¶¶ 40–49; Farmer v. Brennan, 511 U.S. 825,

837 (1994)) reflect targeted harassment, causing community harm (Exhibit O, ¶¶ 59–60).

Arevalo's suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln.

3) and pursuit of a baseless charge, dismissed to avoid scrutiny (Exhibit O, ¶ 60), show

bad faith, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332,

1337–38 (2022)).

**Additional Findings of Fact**

66. During the May 18, 2023, traffic stop, Deputy Krolikowski stated, "We're not going to play

those games" (Dkt. 87-1, 0:03:24.00, Exhibit L), in response to Plaintiff's assertion of rights, reflecting bias against Plaintiff's "sovereign" beliefs, as corroborated by the "Sovereign Citizen" label in Sauk County records (Exhibit D, SC-CJG000009, pp. 9, 11, 20). This statement, combined with deputies' prior knowledge of Plaintiff's identity via the CI tip and Krolikowski's laptop (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), indicates the stop and subsequent arrest were a targeted escalation driven by bias, not a routine enforcement action, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

67. Prosecutor Gabriel Arevalo opposed Plaintiff's subpoena for deputy oaths, admitting uncertainty about whether deputies had signed oaths (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3), despite open records confirming no oaths were filed in 2023 (Exhibits A, I). Arevalo's pursuit of the obstruction charge, knowing deputies' actions may have been void (Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)), demonstrates bad faith, supporting non-immune investigative misconduct (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)) and malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

68. Sauk County's repeated targeting of Plaintiff, evidenced by the pretextual May 18, 2023, stop based on a CI's "Sovereign Citizen" tip (Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, pp. 9, 11, 20), the unlawful April 6, 2023, stop, and deputies' biased statements (Dkt. 87-1, 0:03:24.00, 0:07:26.00, Exhibit L; Exhibit O, ¶¶ 16–17), reflects a county-wide custom of targeting individuals with "sovereign" beliefs. Deputies' prior knowledge of Plaintiff's identity (Exhibit O, ¶ 29) and lack of ID provision (Exhibit O, ¶ 31) further confirm the stop was pretextual, constituting a Monell violation (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)) and contributing to the unlawful stops, arrest, and malicious prosecution of Plaintiff (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

**Certificate of Service**

I certify that on May 12, 2025, I served this Response to Defendants' Proposed Findings of Fact, with attached exhibits, on all parties via the ECF/CM system or by mail to:

[Defendants' Counsel Information]

/s/ Caleb J. Grant Caleb J. Grant C/o E7973 Beth Rd Reedsburg, WI 53959
CIGAgent@protonmail.com 608-386-3467

Exhibits referenced:

      **Exhibit A**: Open Records Response, Deputy Oaths (2023)
- **Exhibit B**: Transcript of June 5, 2024, Prehearing (Dkt. 94-1)
- **Exhibit D**: Sauk County Records, "Sovereign Citizen" Label (SC-CJG000009)
- **Exhibit E**: Court Records, Case 2023CM237 Scheduling
- **Exhibit F**: Court Records, Case 2022CF639 Resolution
- **Exhibit G**: Sauk County Correspondence, Jury Scheduling
- **Exhibit I**: Open Records Response, Deputy Oaths (2023)
- **Exhibit J**: Court Records, Case 2023CM237
- **Exhibit K**: Court Records, Case 2022CF639 (No Jurors)
- **Exhibit L**: Plaintiff's Transcript of Video Evidence (Dkt. 87-1), May 18, 2023, Traffic Stop, with Declaration
- **Exhibit M**: Wastlick ORR Response, May 9, 2025, with Declaration
- **Exhibit N**: Photograph of Vehicle Tailpipe, Provided by Sauk County DA, May 2, 2024, with Declaration (version_id: 094bf6e7-1aaf-4a5b-b032-c6a92b35023b)
- **Exhibit O**: Affidavit of Caleb J. Grant, with Declaration (version_id: 1f69363b-3ab3-45f4-9625-0393afc63065, artifact_id: 2828b322-64fb-4e51-b70f-0e4942ed464e)