UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WISCONSIN

CALEB GRANT,

    Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, ET AL.,

    Defendants.

Case No. 23CV551

**DECLARATION OF CALEB J. GRANT RE: EXHIBIT O**

I, Caleb J. Grant, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in the above-captioned case, proceeding pro se, and I have personal knowledge of the facts stated herein.

2. Attached as **Exhibit O** is my affidavit, titled "Affidavit of Caleb J. Grant," executed under penalty of perjury, detailing the events of April 6, 2023, and May 18, 2023, including the unlawful traffic stops, arrest, and subsequent treatment in the Sauk County jail facility.

3. The affidavit accurately reflects my interactions with Deputy Daniel Krolikowski, Sergeant Knull, Deputy Messner, and other jail deputies, including their biased statements, use of excessive force, unlawful demands for identification, and unconstitutional jail conditions, as well as the resulting harm to my community standing.

4. This affidavit is submitted as **Exhibit O** to support my Response to Defendants' Proposed Findings of Fact (Dkt. 162), Response in Opposition to Defendants' Motion for Summary Judgment (Dkt. 161/162), and Reply in Support of Rule 59(e) Motion (Dkt. 158), to evidence the unlawful stop, arrest, and malicious prosecution.

Executed on May 12, 2025, at Reedsburg, Wisconsin.

/s/ Caleb J. Grant

Caleb J. Grant

C/o E7973 Beth Rd
Reedsburg, WI 53959
CJGAgent@protonmail.com
608-386-3467

## AFFIDAVIT OF CALEB J. GRANT
Caleb J. Grant
Reedsburg, Wisconsin
608-386-3467
Case: 23-CV-0551-JDP

Caleb Grant               )
       v.                 )
DANIEL KROLIKOWSKI ET AL. )

**BEFORE ME**, the undersigned Notary, ___Mallery Spannagel___, on this ___fifth___ day of ___August___, 20___24___ personally appeared Caleb J. Grant, known to me to be a credible person and of lawful age, who being by me first duly sworn, on *his* oath, deposes and says:

Comes now, Caleb J. Grant, sui juris, being sworn according to law, states that he is your affiant, and that your affiant has first hand knowledge of the facts herein and believes these facts to be true to the best of his belief and knowledge.

1. On May 18, 2023 in the early morning at about 6:50 your Affiant was traveling down Hwy 33 and turned onto Evergreen RD, Sauk County, WI.

2. Your Affiant noticed a vehicle with flashing lights on behind him and so moved into a private drive way to get out of the way as it seemed there was an emergency.

3. The vehicle with flashing lights pulled in behind your Affiant blocking any way of escape.

4. What appeared to be an officer stepped out of the vehicle and walked to the window of the vehicle that your Affiant was in.

5. The man stated he was an officer but never showed your Affiant any form of credentials that being factually true or not. However he did say he was Deputy Krolikowski.

6. Deputy Krolikowski (who was the apparent officer that walked up to your Affiants window) then inquired about the exhaust that was on the vehicle that your Affiant was in.

7. Deputy Krolikowski then said it was illegal because it was a hazard to public safety.

8. Your Affiant asked Deputy Krolikowski where it stated that it was illegal.

9. Deputy Krolikowski would not show the statute that said it was illegal when your Affiant asked Deputy Krolikowski to show the statute at that very moment.

10. Deputy Krolikowski stated to your Affiant that it was up to his discretion what the statute meant.

11. Deputy Krolikowski then stated to your Affiant that it was a law infraction.

12. Deputy Krolikowski demanded your Affiant show ID but would not give your Affiant any reason or evidence of why he needed it when your Affiant asked several times during the incident why he needed it or why he could demand it lawfully.

13. At this time your Affiant noticed another man approaching the vehicle your Affiant was in and this man was also wearing black protective gloves on a day which was quite warm.

14. Deputy Krolikowski then told your Affiant he did not have to prove the statute he was using had any grounds of relating to the situation.

15. Deputy Krolikowski asked your Affiant for his name and your Affiant said he did not want to give it.

16. Deputy Krolikowski then looked at the other man (whom your Affiant had learned was Sgt Knull per Deputy Krolikowski's say so) and that was standing there next to Deputy Krolikowski and said to him "same situation".

17. Deputy Krolikowski then turned back towards your Affiant while doing so pulling out what appeared to be a baton and demanded your Affiant get out of the vehicle or he would break the window of the vehicle your Affiant was in in order to pull your Affiant out of the vehicle.

18. Your Affiant unlocked the door and either Deputy Krolikowski or Sgt Knull pulled open the door and they both put hands on your Affiant and pulled your Affiant out of the vehicle.

19. Deputy Krolikowski and Sgt Knull then turned your Affiant around and handcuffed him.

20. Your Affiant stated that there might be a pocket knife in his front left pocket and Deputy Krolikowski said that it was fine.

21. Deputy Krolikowski and Sgt Knull begin searching your Affiant against his will after stating

that a pocket knife was fine.

22. One of them then stated that your Affiant had to provide an ID because it was an equipment violation.

23. One of them also stated that it was law that your Affiant had to provide an ID, even though they never once stated whether they were in investigating a crime that had anything to do with your Affiant.

24. Deputy Krolikowski and Sgt Knull stated to your Affiant that they have these situations where people refuse to give an ID.

25. Sgt Knull stated that he can lawfully remove your Affiant and arrest him for obstruction for not providing an ID.

26. Deputy Krolikowski then says, "this is the parent", just as a silver corolla car turned onto Evergreen Rd.

27. At the very moment Deputy Krolikowski spoke "this is the parent", Sgt Knull said, "get him the squad car".

28. Deputy Krolikowski then forced your Affiant into the squad vehicle that Deputy Krolikowski had just been using moments before.

29. As soon as your Affiant was in the squad vehicle, your Affiant saw many details that described him on the laptop Deputy Krolikowski was using inside his squad vehicle, even before Deputy Krolikowski re-entered the vehicle.

30. At no time did Deputy Krolikowski or Sgt Knull state to your Affiant that they were investigating any crime involving your Affiant or the vehicle your Affiant was in

31. Your Affiant never gave to Deputy Krolikowski or Sgt Knull any form of ID.

32. When your Affiant asked Deputy Krolikowski in the squad car if he had an oath of office Deputy Krolikowski said he would not tell your Affiant.

33. At no point of time did your Affiant know with certainty that Deputy Krolikowski or Sgt Knull were acting with any lawful authority.

34. At no time did your Affiant knowingly give false information to Deputy Krolikowski or Sgt Knull.

35. Your Affiant was never given or read his Miranda rights nor told why he was being arrested or informed of the nature and cause of these actions against him.

36. During the time your Affiant was inside the squad vehicle from the point of the incident on 05/18/2023 all the way to the jail facility, Deputy Krolikowski ridiculed/mocked/name bashed/and asked an overwhelming amount of questions. Even going beyond and saying "wouldn't your mom be proud of you?" "Are your parents happy with you and what your doing?"

37. When your Affiant was brought into the jail, Deputy Messner was already there waiting, and made accusations and mocked your Affiant, and made many judgmental comments towards Grant like " I should have arrested you at the first incident" (on 04/06/2023) and "you don't answer any questions I(Deputy Messner) ask".

38. Your Affiant was mocked, ridiculed, and sneered at while in the processing room by several deputies.

39. Your Affiant was denied all phone calls for counsel.

40. Your Affiant was then placed in a cold jail cell and told he would not be let out until he complied with their demands. What appeared to your Affiant to be blackmail and kidnapping.

41. Your Affiant was held in the jail facility for 2 days.

42. Your Affiant was never given a blanket until late in the evening.

43. Little to no padding on the cinderblock bed in the cell causing large amounts of back pain, making it extremely difficult to get any sleep.

44. Your Affiant was denied medical needs when he asked for some form of medication to help stop the headache your Affiant had from all the traumatization he received during the time he was in the jail cell.

45. Your Affiant was deprived of sleep, being awakened constantly by the loud noises made throughout the day and night and overly bright light inside the cell.

46. Your Affiant was not allowed to have a cup to drink water outside of the 15 minutes he was given food.

47. Your Affiant was given non-nutritional food that was half cold and soggy whilst in the cell.

48. Your Affiant was given no privacy, having to use the jail cell toilet to relieve himself in front of a camera.

49. There was no soap in the jail cell that would allow your Affiant to sanitize his hands.

50. List of items taken from Grant during his time at the jail facility without his consent:
    1. fingerprints,
    2. pictures,
    3. audio recordings,
    4. video recordings,
    5. possible DNA taken from the rubber cup that I was only allowed to have for approximately 15 minutes to use to drink water,
    6. pictures of items that were in the possession Grant,
    7. Cash money taken and not returned in the form of cash bills (converted the cash into a gift card),
    8. possible DNA taken from off of the clothes that Grant was wearing, the clothes Grant was wearing were taken away by employees at the jail facility,

51. The incident was made public of Grant through means of CCAP (Still after the case was

dismissed it is still posted there as of 08/04/2024). Causing potential parties to avoid your Affiant.

52. Loss of standing community as a local news reporter attempted to contact your Affiant within days of being let out of the jail facility in order to make a public news letter about this incident on 05/18/2023 through 05/19/2023.

53. Examples of Loss of standing in the community your Affiant had/has to endure:
    1. Loss of friendships in the community as they didn't want to be seen with a jail bird.
    2. Finding of gossip being talked about me behind my back by many people who used to associate with me.
    3. Loss of the ability to help out at certain teaching events for youth at churches.
    4. Inability to have a clean sheet for potential Job opportunities.
    5. Loss of standing resulting in not being invited to certain community/public events.

54. The case 23CM00237 was dismissed moments before the jury trial was about to start on 06/12/24.

55. No other reason of the case being dismissed other than ADA Arevalo saying that the traffic citations were enough punishment for your Affiant to be charged with.

Further the Affiant Sayeth Naught.
Signed under penalty of perjury.

_Caleb J. Grant_

**Wisconsin State**
**County of Sauk**

Sworn to (or affirmed) and subscribed before me this __5th__ day of __August__, __24__ (year), by __Caleb J. Grant__ (name of person making statement).

_(Signature of Notary Public - State of Wisconsin)_

_Mallery Spannagel_
(Print, Type, or Stamp Commissioned Name of Notary Public)

[Notary seal: MALLERY SPANNAGEL NOTARY PUBLIC STATE OF WISCONSIN]

Personally Known ____✓____ OR Produced Identification _____

Expiration date of Notary __4-19-26____