UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

CALEB GRANT,

    Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, ET AL.,

    Defendants.

Case No. 23CV551

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 161/162)**

Plaintiff Caleb Grant, pro se, respectfully submits this response in opposition to Defendants' Motion for Summary Judgment (Dkt. 161) and Proposed Findings of Fact (Dkt. 162). Plaintiff requests liberal construction of his filings (Haines v. Kerner, 404 U.S. 519, 520 (1972)). Genuine issues of material fact regarding the unlawful May 18, 2023, traffic stop, arrest, and prosecution preclude summary judgment. Defendants' actions violated Plaintiff's Fourth Amendment rights, constituting malicious prosecution, driven by bias and bad faith. Plaintiff's Response to Defendants' Proposed Findings of Fact (Dkt. 162, attached) and the evidence cited herein demonstrate that Defendants are not entitled to summary judgment, qualified immunity, or prosecutorial immunity.

## I. INTRODUCTION

On May 18, 2023, Defendant Deputy Daniel Krolikowski conducted pretextual traffic stops on Plaintiff, driven by a confidential informant's tip labeling Plaintiff's family as "sovereign citizens" (Dkt. 92-1, p. 2, ¶ 3; Exhibit D). This stop lacked reasonable suspicion, as the vehicle's exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2,

pg. 43:11–44:16; Exhibit O, ¶ 10). Krolikowski and Sergeant Knull lacked authority, having no signed oaths (Exhibits A, I). The May 18 stop involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20, Exhibit L), leading to an unlawful arrest and baseless obstruction charge, dismissed due to Prosecutor Gabriel Arevalo's failure to secure jurors (Exhibit M). The stops, citations, arrest, and prosecution were motivated by bias against Plaintiff's "sovereign" beliefs (Exhibit D; Exhibit O, ¶¶ 16–17, 36–40), causing community harm (Exhibit O, ¶¶ 59–60). These actions violated Plaintiff's Fourth Amendment rights and constitute malicious prosecution, with Sauk County's custom of targeting "sovereign" individuals supporting a Monell claim (Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law (Fed. R. Civ. P. 56(a)). The court views all facts and draws all inferences in the light most favorable to the non-moving party (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Summary judgment is improper if evidence shows a genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). Qualified immunity is denied if defendants violated a clearly established constitutional right (Pearson v. Callahan, 555 U.S. 223, 232 (2009)). Prosecutorial immunity does not apply to investigative misconduct (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

## III. ARGUMENT

**A. Genuine Issues of Material Fact Preclude Summary Judgment**

Defendants' motion relies on disputed facts, as detailed in Plaintiff's PFOF Response (Dkt. 162,

¶¶ 1–65, Additional FOF ¶¶ 66–68). Key disputes include:

1. **Unlawful Stops (PFOF Dkt 167 ¶¶ 1–8, 20–23)**: The May 18, 2023, stops was pretextual, driven by a CI's "sovereign citizen" tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3; Exhibit D), not reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating any violation (Whren v. United States, 517 U.S. 806, 813 (1996)). These disputes over the stops' legality preclude summary judgment.

2. **Lack of Authority (PFOF Dkt 167 ¶¶ 1–65, 66–68)**: Krolikowski and Knull lacked signed oaths in 2023 (Exhibits A, I), voiding their authority (Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). Arevalo's suspicion of oath deficiencies (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) undermines the prosecution's legitimacy, creating a factual dispute over Defendants' authority.

3. **Excessive Force (PFOF Dkt 167 ¶¶ 34–43)**: Deputies forcibly removed Plaintiff from the vehicle at 0:04:37.20 (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), despite rapid compliance within ~24 seconds (Dkt. 87-1, 0:04:13.00–0:04:37.20), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). This dispute over force reasonableness precludes summary judgment.

4. **Bias-Driven Actions (PFOF Dkt 167 ¶¶ 1–65, 66, 68)**: Krolikowski's statement, "We're not going to play those games" (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16), and the "Sovereign Citizen" label (Exhibit D) reflect bias, as do jail deputies' mockery (Exhibit O, ¶¶ 37–40). These actions suggest a targeted escalation, not routine enforcement, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

5. **Prosecutorial Bad Faith (PFOF Dkt 167 ¶¶ 55–65, 67)**: Arevalo's failure to secure jurors (Exhibit M) and pursuit of a baseless charge despite oath concerns (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) indicate bad faith, undermining the obstruction charge's validity (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). This dispute over prosecutorial conduct precludes summary judgment.

These factual disputes, supported by exhibits, demonstrate that Defendants are not entitled to summary judgment.

**B. Defendants Violated Plaintiff's Fourth Amendment Rights**

1. **Unlawful Stops and Arrest**: The pretextual stops (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3) lacked reasonable suspicion, violating the Fourth Amendment (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The baseless obstruction arrest, driven by known identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), further violated Plaintiff's rights (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)).

2. **Excessive Force**: Forcible removal within ~24 seconds of rapid orders (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20, Exhibit L) was unreasonable, violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)).

3. **Malicious Prosecution**: The obstruction charge lacked probable cause, as deputies' actions were void (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)) and biased (Exhibit D; Exhibit O, ¶¶ 16–17). Arevalo's bad faith (Exhibit M; Exhibit B) and the charge's dismissal (PFOF ¶¶ 63–65) satisfy malicious prosecution elements (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

**C. Sauk County's Custom of Targeting "Sovereign" Individuals Supports a Monell Claim**

Sauk County's repeated pretextual stops (PFOF **Dkt 167** ¶¶ 1–8, 20–23, 68), driven by the "Sovereign Citizen" label (Exhibit D), and deputies' biased statements (Dkt. 87-1, 0:03:24.00, 0:07:26.00, Exhibit L; Exhibit O, ¶¶ 16–17) reflect a county-wide custom of targeting "sovereign" individuals, causing Plaintiff's injuries (Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). This custom precludes summary judgment on municipal liability.

**D. Defendants Are Not Entitled to Immunity**

1. **Qualified Immunity**: Deputies violated clearly established Fourth Amendment rights by conducting pretextual stops (Terry v. Ohio, 392 U.S. 1, 20 (1968)), using excessive force (Graham v. Connor, 490 U.S. 386, 396–97 (1989)), and pursuing baseless charges (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). No reasonable officer would believe these actions were lawful, defeating qualified immunity (Pearson v. Callahan, 555 U.S. 223, 232 (2009)).

2. **Prosecutorial Immunity**: Arevalo's investigative misconduct, including pursuing a baseless charge despite oath concerns (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) and failing to secure jurors (Exhibit M), is not protected by prosecutorial immunity (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

## IV. CONCLUSION

Genuine issues of material fact regarding the unlawful stops, lack of authority, excessive force, bias, and bad faith prosecution preclude summary judgment. Defendants violated Plaintiff's Fourth Amendment rights, and Sauk County's custom supports a Monell claim. Neither

qualified nor prosecutorial immunity applies. Plaintiff respectfully requests the Court deny Defendants' Motion for Summary Judgment (Dkt. 161).

Dated: May 12, 2025

/s/ Caleb J. Grant

Caleb J. Grant

C/o E7973 Beth Rd
Reedsburg, WI 53959
CJGAgent@protonmail.com
608-386-3467

**Certificate of Service**

I certify that on May 12, 2025, I served this Response in Opposition to Defendants' Motion for Summary Judgment, with attached exhibits, on all parties via the ECF/CM system or by mail to:

[Defendants' Counsel Information]

/s/ Caleb J. Grant

**Exhibits Required for Support**

- **Exhibit A**: Open Records Response, Deputy Oaths (2023)
- **Exhibit B**: Transcript of June 5, 2024, Prehearing (Dkt. 94-1)
- **Exhibit D**: Sauk County Records, "Sovereign Citizen" Label (SC-CJG000009)
- **Exhibit E**: Court Records, Case 2023CM237 Scheduling
- **Exhibit F**: Court Records, Case 2022CF639 Resolution
- **Exhibit G**: Sauk County Correspondence, Jury Scheduling
- **Exhibit I**: Open Records Response, Deputy Oaths (2023)
- **Exhibit J**: Court Records, Case 2023CM237
- **Exhibit K**: Court Records, Case 2022CF639 (No Jurors)
- **Exhibit L**: Plaintiff's Transcript of Video Evidence (Dkt. 87-1), May 18, 2023, Traffic Stop, with Declaration
- **Exhibit M**: Wastlick ORR Response, May 9, 2025, with Declaration
- **Exhibit N**: Photograph of Vehicle Tailpipe, Provided by Sauk County DA, May 2, 2024, with Declaration (version_id: 094bf6e7-1aaf-4a5b-b032-c6a92b35023b)
- **Exhibit O**: Affidavit of Caleb J. Grant, with Declaration (version_id: 1f69363b-3ab3-45f4-9625-0393afc63065, artifact_id: 2828b322-64fb-4e51-b70f-0e4942ed464e)