## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WISCONSIN

CALEB GRANT,

     Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, ET AL.,

     Defendants.

                              Case No. 23CV551

## REPLY IN SUPPORT OF PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (DKT. 158)

Plaintiff Caleb Grant, pro se, submits this reply in support of his Motion to Alter or Amend Judgment Under Rule 59(e) (Dkt. 158). Plaintiff requests liberal construction of his filings (Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court's dismissal of claims, particularly against Defendant Gabriel Arevalo, constitutes manifest errors of law and fact, as evidenced by Plaintiff's Response to Defendants' Proposed Findings of Fact (Dkt. 162, filed concurrently) and the exhibits cited herein. New evidence and overlooked facts demonstrate prosecutorial bad faith, unlawful stops, excessive force, lack of authority, and bias, warranting reinstatement of Plaintiff's claims.

## I. INTRODUCTION

Plaintiff's Rule 59(e) motion seeks to correct the Court's dismissal of claims against Defendants, including Arevalo, for violations of Plaintiff's Fourth Amendment rights during pretextual traffic stops on April 6 and May 18, 2023, an unlawful arrest, and malicious prosecution. The stops were driven by a confidential informant's "sovereign citizen" tip (Dkt. 92-1, p. 2, ¶ 3; Exhibit D), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). Deputies Krolikowski and Knull lacked signed oaths (Exhibits A, I), voiding their authority (Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The May 18

stop involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20, Exhibit L), and the obstruction charge was baseless, dismissed due to Arevalo's failure to secure jurors (Exhibit M). Bias against Plaintiff's "sovereign" beliefs (Exhibit D; Exhibit O, ¶¶ 16–17, 36–40) and Arevalo's bad faith (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3) drove the prosecution, causing community harm (Exhibit O, ¶¶ 59–60). The Court's dismissal overlooked these facts, necessitating relief under Rule 59(e).

## II. LEGAL STANDARD

Rule 59(e) allows a court to alter or amend a judgment to correct manifest errors of law or fact or to consider newly discovered evidence (Bowles v. Russell, 551 U.S. 205, 214 (2007); Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008)). A manifest error occurs when the court misapplies the law or overlooks critical evidence (Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). Relief is warranted if the error affects substantial rights (Fed. R. Civ. P. 61).

## III. ARGUMENT

### A. The Court Committed Manifest Errors in Dismissing Claims Against Arevalo

The dismissal of claims against Arevalo overlooked evidence of his bad faith in pursuing a baseless obstruction charge, constituting a manifest error of law and fact.

1. **Bad Faith Prosecution (PFOF ¶¶ 55–65, 67)**: Arevalo's failure to secure jurors for the June 12–13, 2024, trial, with no explanation (Exhibit M), suggests deliberate or reckless misconduct, not protected by prosecutorial immunity (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). His opposition to Plaintiff's oath subpoena, admitting uncertainty about deputies' oaths (Exhibit B, Dkt. 94-1, pg. 16, ln. 21–pg. 17, ln. 3), shows he pursued a charge knowing deputies' actions were potentially void (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The

Court's failure to consider this evidence as indicative of malice (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)) was a manifest error.

2. **Baseless Charge (PFOF ¶¶ 53–65)**: The obstruction charge lacked probable cause, as deputies knew Plaintiff's identity via the CI tip (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), and Plaintiff's conduct (e.g., private travel assertion, Dkt. 87-1, 0:06:06.00, Exhibit L; Exhibit O, ¶ 15) was lawful (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The Court overlooked this evidence, erroneously assuming probable cause.

3. **Bias-Driven Prosecution (PFOF ¶¶ 55–65, 66–68)**: The "Sovereign Citizen" label (Exhibit D) and deputies' biased statements (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶¶ 16–17, 36–40) suggest Arevalo's prosecution was influenced by targeting Plaintiff's beliefs, contributing to malice. The Court's dismissal ignored this evidence, a manifest error.

## B. The Court Erred in Dismissing Claims Against Deputies

The dismissal of claims against Krolikowski and Knull overlooked evidence of their unlawful conduct, constituting manifest errors.

1. **Unlawful Stops (PFOF ¶¶ 1–8, 20–23)**: The April 6 and May 18, 2023, stops were pretextual, driven by a CI's tip (Dkt. 88-1, 0:00:00–0:00:25; Dkt. 92-1, p. 2, ¶ 3), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10). The Court's failure to consider these facts as Fourth Amendment violations was an error.

2. **Lack of Authority (PFOF ¶¶ 1–65, 66–68)**: Deputies' lack of signed oaths (Exhibits A, I) voided their actions (Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The Court overlooked this evidence, erroneously assuming lawful authority.

3. **Excessive Force (PFOF ¶¶ 34–43)**: Forcible removal within ~24 seconds (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20, Exhibit L) was unreasonable (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). The Court's dismissal ignored this evidence, a manifest error.

## C. New Evidence Supports Reinstatement

The Wastlick ORR response (Exhibit M, May 9, 2025) and Plaintiff's affidavit (Exhibit O, ¶¶ 10–60) constitute newly discovered evidence, detailing Arevalo's juror cancellation and deputies' bias (Exhibit O, ¶¶ 16–17, 36–40), jail conditions (¶¶ 40–49), and community harm (¶¶ 59–60). This evidence, unavailable or overlooked at dismissal, supports reinstatement under Rule 59(e) (Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008)).

## D. Defendants' Likely Opposition Lacks Merit

Defendants may argue prosecutorial immunity, probable cause, or qualified immunity, but these fail:

1. **Prosecutorial Immunity**: Arevalo's investigative misconduct (Exhibit M; Exhibit B) is non-immune (Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

2. **Probable Cause**: The obstruction charge lacked probable cause due to known identity (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29) and void actions (Exhibits A, I).

3. **Qualified Immunity**: Deputies violated clearly established rights (Terry v. Ohio, 392 U.S. 1, 20 (1968); Graham v. Connor, 490 U.S. 386, 396–97 (1989)), defeating immunity (Pearson v. Callahan, 555 U.S. 223, 232 (2009)).

## E. Sauk County's Custom Supports Monell Liability

The Court erred in dismissing Monell claims, as Sauk County's custom of targeting "sovereign"

individuals (PFOF ¶ 68; Exhibit D; Dkt. 87-1, 0:03:24.00, Exhibit L) caused Plaintiff's injuries (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). This error warrants reinstatement.

## IV. CONCLUSION

The Court's dismissal overlooked critical evidence of Arevalo's bad faith, deputies' unlawful conduct, and Sauk County's custom, constituting manifest errors of law and fact. New evidence (Exhibits M, O) further supports reinstatement. Plaintiff respectfully requests the Court grant his Rule 59(e) motion (Dkt. 158) and reinstate his claims.

Dated: May 12, 2025

/s/ Caleb J. Grant Caleb J. Grant C/o E7973 Beth Rd Reedsburg, WI 53959
CIGAgent@protonmail.com 608-386-3467

**Certificate of Service**

I certify that on May 12, 2025, I served this Reply in Support of Motion to Alter or Amend Judgment, with attached exhibits, on all parties via the ECF/CM system or by mail to:

[Defendants' Counsel Information]

/s/ Caleb J. Grant

**Exhibits Required for Support**

- **Exhibit A**: Open Records Response, Deputy Oaths (2023)
- **Exhibit B**: Transcript of June 5, 2024, Prehearing (Dkt. 94-1)
- **Exhibit D**: Sauk County Records, "Sovereign Citizen" Label (SC-CJG000009)
- **Exhibit I**: Open Records Response, Deputy Oaths (2023)
- **Exhibit L**: Plaintiff's Transcript of Video Evidence (Dkt. 87-1), May 18, 2023, Traffic Stop, with Declaration
- **Exhibit M**: Wastlick ORR Response, May 9, 2025, with Declaration
- **Exhibit N**: Photograph of Vehicle Tailpipe, Provided by Sauk County DA, May 2, 2024, with Declaration
- **Exhibit O**: Affidavit of Caleb J. Grant, with Declaration