IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WISCONSIN

**CALEB JAMES GRANT,**
    Plaintiff,
v.
**DEPUTY DANIEL KROLIKOWSKI, DEPUTY STEVEN MESSNER, DEPUTY ALEX BREUNIG, SAUK COUNTY, DEPUTY ERIK KNULL, SHERIFF RICHARD MEISTER, GABRIEL AREVALO, DISTRICT ATTORNEY MICHAEL ALBRIGHT, and JOHN DOES 1 THRU 5,**
    Defendants.

Case No. 3:23-cv-00551-jdp

**MOTION FOR SANCTIONS UNDER FRCP 37(c)(1)**

Plaintiff, Caleb James Grant, pro se, respectfully moves this Court for sanctions under **Federal Rule of Civil Procedure 37(c)(1)** in *Caleb James Grant v. Daniel Krolikowski, et al.*, Case No. 3:23-cv-00551-jdp, due to Defendants' failure to timely disclose the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61) in support of their Motion for Summary Judgment (Dkt. 104). The Court's **Administrative Order 238** (Exhibit [Admin_Order_238.pdf]), which violates the 2000 amendments to **FRCP 26(a)(1)** by exempting pro se cases from initial disclosures (Advisory Committee Notes, 2000 Amendments,), enabled this systemic error by delaying Defendants' disclosure obligations from November 2023 to August 23, 2024. This error, primarily the Court's policy applied in the pretrial hearing (November 27, 2023), compounded by Defendants' failure to disclose despite the Declarations' relevance to their probable cause argument (Dkt. 106, ¶¶ 33–128), prejudiced Plaintiff's preparation of his Fourth Amendment malicious prosecution claim as a pro se litigant, in violation of due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)).

**Background**: Plaintiff's claim alleges pretextual traffic stops on April 6 and May 18, 2023, biased targeting as a "sovereign citizen," excessive force, and baseless obstruction and traffic citations by Defendants. The Deputies' Declarations, disclosed on August 9, 2024 (Dkt. 106), are critical to

Defendants' Proposed Findings of Fact, asserting probable cause for the stops and charges (e.g., Dkt. 162, ¶¶ 58–61). However, **Administrative Order 238** exempted pro se cases from **FRCP 26(a)(1)** initial disclosures, preventing Plaintiff from accessing these Declarations earlier, despite Defendants' obligation to disclose witness identities and documents within 14 days after the Rule 26(f) conference (FRCP 26(a)(1)(A)(i)–(ii), (C)). This delay, from August 2023 to August 9, 2024, limited Plaintiff's ability to depose deputies, request related documents, or prepare his Response to Defendants' Proposed Findings of Fact (Dkt. 162), Opposition to Summary Judgment (Dkt. 161), motions to compel (Dkt. 115, 119), and opposition to Arevalo's dismissal (Dkt. 16).

**Grounds for Sanctions**: The Declarations' late disclosure violated **FRCP 26(a)(1)**, as Defendants failed to provide them or deputy identities in initial disclosures, relying on AO 238's invalid exemption, which contradicts the 2000 amendments' mandate for uniform disclosures (Advisory Committee Notes,). This systemic error, primarily the Court's policy, prejudiced Plaintiff as a pro se litigant, who lacked counsel to pursue alternative discovery, violating due process by imposing unequal burdens (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982); McNeil v. United States, 508 U.S. 106, 113 (1993)). Evidence of bias, including the "sovereign citizen" label (Exhibit D, SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20, disclosed August 26, 2024) and deputy knowledge of Plaintiff's identity (Exhibit O, ¶ 29), confirms the Declarations' relevance, as earlier disclosure could have strengthened Plaintiff's arguments. Plaintiff's affidavit (Exhibit O, ¶ 31) shows he provided no ID, rendering the obstruction charge baseless (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The Declarations' delay was neither substantially justified nor harmless, as it hindered Plaintiff's ability to rebut Defendants' probable cause claims (Dkt. 162, ¶¶ 58–61), critical to his malicious prosecution claim (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

**Relief Requested**: Plaintiff requests the following sanctions under **FRCP 37(c)(1)**:

1. Exclusion of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, Dkt. 106, disclosed August 9, 2024) from Defendants' use in support of their Motion for Summary Judgment (Dkt. 104) and Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61), as their late disclosure prejudiced Plaintiff's preparation.

2. Reasonable costs incurred due to the delay, including expenses for preparing motions to compel (Dkt. 115, 119) and responding to Defendants' filings (Dkt. 162, 161), to be determined by the Court.

3. A finding that Administrative Order 238 is invalid under the 2000 amendments to **FRCP 26(a)(1)**, as it disproportionately prejudiced Plaintiff as a pro se litigant (Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**Conclusion**: The Court's Administrative Order 238, compounded by Defendants' failure to disclose the Deputies' Declarations, created a significant procedural error that prejudiced Plaintiff's ability to litigate his Fourth Amendment malicious prosecution claim. Plaintiff respectfully requests that the Court grant this motion, exclude the Deputies' Declarations under **FRCP 37(c)(1)**, award costs, and find AO 238 invalid, ensuring fairness in these proceedings.

**Dated**: May 20, 2025

**/s/ Caleb James Grant**
Caleb James Grant, Pro Se
C/o E7973A Beth Road
Reedsburg, WI 53959
608-386-3467

CJGAgent@protonmail.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing served on all parties via ECF/CM on this 5/20/2025.

/s/  Caleb J Grant