IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WISCONSIN

**CALEB JAMES GRANT,**
　　Plaintiff,
v.
**DEPUTY DANIEL KROLIKOWSKI, DEPUTY STEVEN MESSNER, DEPUTY ALEX BREUNIG, SAUK COUNTY, DEPUTY ERIK KNULL, SHERIFF RICHARD MEISTER, GABRIEL AREVALO, DISTRICT ATTORNEY MICHAEL ALBRIGHT, and JOHN DOES 1 THRU 5,**
　　Defendants.

　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:23-cv-00551-jdp

**MOTION TO SUPPLEMENT OPPOSITION TO SUMMARY JUDGMENT (DKT. 161)**

Plaintiff, Caleb James Grant, pro se, respectfully moves this Court, pursuant to **Federal Rule of Civil Procedure 56** and **Western District of Wisconsin Local Rule 7.1**, for leave to supplement his Opposition to Defendants' Motion for Summary Judgment (Dkt. 161) filed on or before May 12, 2025. This supplementation addresses a significant procedural error caused by the Court's **Administrative Order 238** (Exhibit P-Admin_Order_238.pdf), which violates the 2000 amendments to **FRCP 26(a)(1)** by exempting pro se cases from initial disclosures (Advisory Committee Notes, 2000 Amendments,). This error, clarified on May 17, 2025, delayed Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61), prejudicing Plaintiff's preparation of his Fourth Amendment malicious prosecution claim as a pro se litigant, in violation of due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). Good cause exists due to Plaintiff's pro se status and the late clarification of this issue, and supplementation causes no prejudice to Defendants, as summary judgment remains pending (Haines v. Kerner, 404 U.S. 519, 520 (1972); Johnson v. United States, 780 F.3d 539, 552 (7th Cir. 2015)). Plaintiff requests leave to file the attached **Supplemental Opposition to Summary Judgment**, which seeks exclusion of the Deputies' Declarations under

**FRCP 37(c)(1)**, additional discovery under **FRCP 56(d)**, and a finding that AO 238 is invalid.

**Dated**: May 20, 2025

**/s/ Caleb James Grant**
Caleb James Grant, Pro Se
E7973A Beth Road
Reedsburg, WI 53959
608-386-3467

CJGAgent@protonmail.com

---

### SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 161)

Plaintiff, Caleb James Grant, pro se, submits this Supplemental Opposition to Defendants' Motion for Summary Judgment (Dkt. 161) pursuant to **FRCP 56** and **Local Rule 7.1**, addressing the procedural error caused by **Administrative Order 238** (Exhibit P-Admin_Order_238.pdf), which violates the 2000 amendments to **FRCP 26(a)(1)** by exempting pro se cases from initial disclosures (Advisory Committee Notes, 2000 Amendments,). This Court-enabled error, applied in the pretrial hearing (November 2023), delayed Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61), prejudicing Plaintiff's preparation of his Fourth Amendment malicious prosecution claim against Defendants for pretextual traffic stops on April 6 and May 18, 2023, biased targeting as a "sovereign citizen," excessive force, and baseless obstruction and traffic citations. The delay violated due process by imposing unequal discovery burdens on Plaintiff as a pro se litigant (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). While not a structural error, as Plaintiff continued litigating (Neder v. United States, 527 U.S. 1, 8 (1999)), this significant error creates genuine issues of material fact precluding summary judgment, warrants exclusion of the Declarations under **FRCP 37(c)(1)**, additional discovery under **FRCP 56(d)**, and a finding that AO 238 is invalid, supporting Plaintiff's claim (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

**Supplemental Argument**:

Defendants' Motion for Summary Judgment (Dkt. 104) relies on the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) to argue probable cause for the April 6 and May 18, 2023, traffic stops and obstruction charge (e.g., Dkt. 162, ¶¶ 58–61). However, the Court's Administrative Order 238 (Exhibit P-Admin_Order_238.pdf) violates the 2000 amendments to **FRCP 26(a)(1)** by exempting pro se cases from initial disclosures, delaying Defendants' disclosure of these Declarations from August 2023 to August 9, 2024 (Advisory Committee Notes, 2000 Amendments,). This systemic error, primarily the Court's policy applied in the pretrial hearing (early 2024), prevented Plaintiff from accessing the Declarations earlier, limiting his ability to depose deputies, request related documents, or prepare responses to Defendants' Proposed Findings of Fact (Dkt. 162) and this opposition as a pro se litigant, in violation of due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982); McNeil v. United States, 508 U.S. 106, 113 (1993)). Defendants' exploitation of this delay, failing to disclose the Declarations despite their relevance to probable cause (Dkt. 106, ¶¶ 33–128), further prejudiced Plaintiff's preparation, including his motions to compel (Dkt. 115, 119) and opposition to Arevalo and Albrecht's dismissal (Dkt. 16) and ability to tie Arevalo and Albrecht in with their statement of bias of plaintiff's "Sovereign citizen type arguments" (Dkt 58, Pg 2, ¶2) to the bias of the Deputies regarding "sovereign citizen".

The Declarations' claims of probable cause are contradicted by evidence of bias and deputy knowledge. **Exhibit D** (SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20, disclosed August 26, 2024) documents the "sovereign citizen" label applied to Plaintiff, evidencing targeting based on a CI's April 27, 2023, tip (Dkt. 92-1, p. 2, ¶ 3), and confirms deputies' prior knowledge of Plaintiff's identity via wallet cards and database queries (Exhibit O, ¶ 29). Plaintiff's affidavit (Exhibit O, ¶ 31) establishes he provided no ID, rendering the obstruction charge baseless, as refusal to identify was lawful given deputies' knowledge (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). The exhaust complied with

Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Excessive force during the May 18 arrest (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L) further supports Plaintiff's claim (Graham v. Connor, 490 U.S. 386, 396–97 (1989)).

The delayed disclosure of the Declarations, which underpin Defendants' probable cause argument (Dkt. 162, ¶¶ 58–61), creates genuine issues of material fact regarding the legality of the stops, arrest, and charges, precluding summary judgment (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)). The Declarations' late disclosure, enabled by AO 238's invalid exemption (Dkt 114 pgs. 7-9), prejudiced Plaintiff's ability to fully oppose Defendants' motion, as earlier access could have strengthened his discovery efforts and arguments. While not a structural error, as Plaintiff continued litigating with evidence like **Exhibit D** and **Exhibit O** (Neder v. United States, 527 U.S. 1, 8 (1999)), this significant procedural error warrants exclusion of the Deputies' Declarations under **FRCP 37(c)(1)** from Defendants' use in summary judgment, additional discovery under **FRCP 56(d)** to address any further withheld evidence, and a finding that AO 238 is invalid, as it disproportionately burdened Plaintiff as a pro se litigant (Haines v. Kerner, 404 U.S. 519, 520 (1972)).

**Conclusion**: Plaintiff respectfully requests that the Court grant leave to file this Supplemental Opposition, exclude the Deputies' Declarations (Dkt. 106) under **FRCP 37(c)(1)** from Defendants' use in support of their Motion for Summary Judgment (e.g., Dkt. 162, ¶¶ 58–61), order additional discovery under **FRCP 56(d)**, find Administrative Order 238 invalid, and deny Defendants' Motion for Summary Judgment, as genuine issues of material fact remain regarding Plaintiff's Fourth Amendment malicious prosecution claim.

**Dated**: May 20, 2025

/s/ Caleb James Grant

Caleb James Grant, Pro Se  
C/o E7973A Beth Road  
Reedsburg, WI 53959  
608-386-3467

CJGAgent@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all parties via ECF/CM on this 5/20/2025.

/s/  Caleb J Grant