IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WISCONSIN

**CALEB JAMES GRANT,**
    Plaintiff,
v.
**DEPUTY DANIEL KROLIKOWSKI, DEPUTY STEVEN MESSNER, DEPUTY ALEX BREUNIG, SAUK COUNTY, DEPUTY ERIK KNULL, SHERIFF RICHARD MEISTER, GABRIEL AREVALO, DISTRICT ATTORNEY MICHAEL ALBRIGHT, and JOHN DOES 1 THRU 5,**
    Defendants.

Case No. 3:23-cv-00551-jdp

**MOTION TO SUPPLEMENT PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED FINDINGS OF FACT (DKT. 162)**

Plaintiff, Caleb James Grant, pro se, respectfully moves this Court, pursuant to **Federal Rule of Civil Procedure 15(d)** and **Western District of Wisconsin Local Rule 7.1**, for leave to supplement his Response to Defendants' Proposed Findings of Fact (Dkt. 162) filed on or before May 12, 2025. This supplementation addresses a significant procedural error caused by the Court's **Administrative Order 238** (Exhibit P-Admin_Order_238.pdf), which violates the 2000 amendments to **FRCP 26(a)(1)** by exempting pro se cases from initial disclosures (Advisory Committee Notes, 2000 Amendments,). This error delayed Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61), prejudicing Plaintiff's preparation of his Fourth Amendment malicious prosecution claim as a pro se litigant, in violation of due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). Good cause exists due to Plaintiff's pro se status and the late clarification of this issue, and supplementation causes no prejudice to Defendants, as summary judgment remains pending (Haines v. Kerner, 404 U.S. 519, 520 (1972); Johnson v. United States, 780 F.3d 539, 552 (7th Cir. 2015)). Plaintiff requests leave to file the attached **Supplemental Response to Defendants' Proposed Findings of Fact**, which seeks exclusion of the Deputies' Declarations under **FRCP 37(c)(1)**

and a finding that AO 238 is invalid.

**Dated**: May 20, 2025

**/s/ Caleb James Grant**

Caleb James Grant, Pro Se
C/o E7973A Beth Road
Reedsburg, WI 53959
608-386-3467

CJGAgent@protonmail.com

---

## SUPPLEMENTAL PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED FINDINGS OF FACT (DKT. 162)

Plaintiff, Caleb James Grant, pro se, submits this Supplemental Response to Defendants' Proposed Findings of Fact (Dkt. 162) pursuant to **FRCP 15(d)** and **Local Rule 7.1**, addressing the procedural error caused by **Administrative Order 238** (Exhibit P-Admin_Order_238.pdf), which violates the 2000 amendments to **FRCP 26(a)(1)** by exempting pro se cases from initial disclosures (Advisory Committee Notes, 2000 Amendments,). This Court-enabled error, applied in the pretrial hearing (early 2024), delayed Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61), prejudicing Plaintiff's preparation of his Fourth Amendment malicious prosecution claim against Defendants for pretextual traffic stops on April 6 and May 18, 2023, biased targeting as a "sovereign citizen," excessive force, and baseless obstruction and traffic citations. The delay violated due process by imposing unequal discovery burdens on Plaintiff as a pro se litigant (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). While not a structural error, as Plaintiff continued litigating (Neder v. United States, 527 U.S. 1, 8 (1999)), this significant error warrants exclusion of the Declarations under **FRCP 37(c)(1)** and a finding that AO 238 is invalid, supporting

Plaintiff's claim (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

**Supplemental Responses**:

¶ **53**: "Plaintiff was ultimately arrested and charged with obstructing an officer for his conduct during the traffic stop on May 18, 2023." (Dkt. 162, ¶ 53)

- **Response**: Undisputed as to the arrest and charge, but disputed as to their legality and basis. The arrest and obstruction charge were unlawful, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The arrest involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). The obstruction charge was baseless, as deputies knew Plaintiff's identity via the CI tip and Krolikowski's laptop (Dkt. 92-1, p. 2, ¶ 3; Exhibit O, ¶ 29), and Plaintiff provided no ID (Exhibit O, ¶ 31), with conduct like asserting private travel (Dkt. 87-1, 0:06:06.00, Exhibit L; Exhibit O, ¶ 15) being lawful (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Bias, evidenced by Krolikowski's statement (Dkt. 87-1, 0:03:24.00, Exhibit L; Exhibit O, ¶ 16) and the "Sovereign Citizen" label (Exhibit D, pp. 9, 11, 20), confirms targeting, contributing to malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)). The Court's Administrative Order 238 (Exhibit P-Admin_Order_238.pdf) violates the 2000 FRCP 26(a)(1) amendments (Advisory Committee Notes,), delaying Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9,

2024, Dkt. 106) used in Defendants' PFOF (e.g., Dkt. 162, ¶¶ 58–61), which support probable cause but are contradicted by evidence of bias and deputy knowledge. This systemic error, primarily the Court's policy, prejudiced Plaintiff's preparation as a pro se litigant, violating due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). Plaintiff requests exclusion of the Deputies' Declarations (Dkt. 106) under FRCP 37(c)(1) and a finding that AO 238 is invalid.

¶ 56: "At the pretrial conference, the Court was satisfied that the criminal complaint alleged sufficient probable cause to survive Grant's motion to dismiss." (Dkt. 94-1 at 25:15-25:23)

- **Response**: Undisputed as to the Court's finding, but disputed as to its validity. The complaint was baseless, as the May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the stop's basis (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The Court's Administrative Order 238 (Exhibit P-Admin_Order_238.pdf) violates the 2000 FRCP 26(a)(1) amendments (Advisory Committee Notes,), delaying Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' PFOF (e.g., Dkt. 162, ¶¶ 58–61), which support probable cause but are contradicted by evidence of bias and deputy knowledge (Exhibit O, ¶¶ 29, 31). This systemic error, primarily the Court's policy, prejudiced Plaintiff's preparation as a pro se litigant, violating due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). While not a structural error, as Plaintiff continued litigating (Neder v. United States, 527 U.S. 1,

8 (1999)), Plaintiff requests exclusion of the Deputies' Declarations (Dkt. 106) under FRCP 37(c)(1) and a finding that AO 238 is invalid, aiding his malicious prosecution claim (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

**¶ 63**: "The Sauk County Sheriff's Office deputies used the amount of force necessary to remove Grant from the vehicle and secure him in custody and did not use excessive force." (Dkt. 162, ¶ 63)

- **Response**: Disputed. The May 18, 2023, stop was pretextual, driven by a CI's April 27, 2023, tip targeting Plaintiff's "sovereign" beliefs (Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10), negating the violation claim (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, as they had no signed oaths in 2023 (Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The forcible removal involved excessive force, including a baton threat (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L), violating the Fourth Amendment (Graham v. Connor, 490 U.S. 386, 396–97 (1989)). The Court's Administrative Order 238 (Exhibit P-Admin_Order_238.pdf) violates the 2000 FRCP 26(a)(1) amendments (Advisory Committee Notes,), delaying Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' PFOF (e.g., Dkt. 162, ¶¶ 58–61), which support their force justification but are contradicted by evidence of bias and deputy knowledge (Exhibit O, ¶¶ 29, 31). This systemic error, primarily the Court's policy, prejudiced Plaintiff's preparation as a pro se litigant, violating due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). Plaintiff requests exclusion of the Deputies' Declarations (Dkt. 106) under FRCP 37(c)(1) and a finding that AO 238 is invalid, supporting malicious prosecution (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)).

¶ 64: "The Sauk County Sheriff's Office deputies and jail staff did not violate any of Grant's constitutional rights during the booking process at the Sauk County Jail." (Dkt. 162, ¶ 64)

- **Response**: Disputed. The May 18, 2023, arrest was unlawful, driven by a pretextual stop based on a CI's tip targeting Plaintiff's "sovereign" beliefs (Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20). The obstruction charge was baseless, as deputies knew Plaintiff's identity (Exhibit O, ¶ 29) and he provided no ID (Exhibit O, ¶ 31), with lawful conduct (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). Jail staff's actions, including prolonged booking due to Plaintiff's refusal to identify, violated his Fourth Amendment rights by extending detention without probable cause (Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)). The Court's Administrative Order 238 (Exhibit P-Admin_Order_238.pdf) violates the 2000 FRCP 26(a)(1) amendments (Advisory Committee Notes,), delaying Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' PFOF (e.g., Dkt. 162, ¶¶ 58–61), which support their booking justification but are contradicted by evidence of bias and deputy knowledge. This systemic error, primarily the Court's policy, prejudiced Plaintiff's preparation as a pro se litigant, violating due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). Plaintiff requests exclusion of the Deputies' Declarations (Dkt. 106) under FRCP 37(c)(1) and a finding that AO 238 is invalid.

¶ 65: "Grant has not shown that the conduct of the Sauk County Sheriff's Office deputies or jail staff during the incidents of April 6, 2023, or May 18, 2023, or thereafter, violated clearly established law or rose to the level of a constitutional violation." (Dkt. 162, ¶ 65)

- **Response**: Disputed. The April 6 and May 18, 2023, stops were pretextual, driven by a CI's tip targeting Plaintiff's "sovereign" beliefs (Dkt. 92-1, p. 2, ¶ 3; Exhibit D, SC-CJG000009, SC-

CJG000011, SC-CJG000020, pp. 9, 11, 20), lacking reasonable suspicion (Terry v. Ohio, 392 U.S. 1, 20 (1968)). The exhaust complied with Wis. Admin. Code Trans. § 305.20(3) (Exhibit N; Dkt. 94-2, pg. 43:11–44:16; Exhibit O, ¶ 10) (Whren v. United States, 517 U.S. 806, 813 (1996)). Deputies lacked authority, having no Oath 69(Exhibits A, I; Norton v. Shelby Cnty., 118 U.S. 425, 441 (1886)). The May 18 arrest involved excessive force (Exhibit O, ¶ 18; Dkt. 87-1, 0:04:37.20–0:08:05.00, Exhibit L) and an unlawful obstruction charge, as deputies knew Plaintiff's identity (Exhibit O, ¶ 29) and he provided no ID (Exhibit O, ¶ 31) (Henes v. Morrissey, 194 Wis. 2d 338, 354 (1995)). These actions violated clearly established Fourth Amendment law (Graham v. Connor, 490 U.S. 386, 396–97 (1989); Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)). The Court's Administrative Order 238 (Exhibit P- Admin_Order_238.pdf) violates the 2000 FRCP 26(a)(1) amendments (Advisory Committee Notes,), delaying Defendants' disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' PFOF (e.g., Dkt. 162, ¶¶ 58–61), which support their conduct but are contradicted by evidence of bias and deputy knowledge. This systemic error, primarily the Court's policy, prejudiced Plaintiff's preparation as a pro se litigant, violating due process (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982)). Plaintiff requests exclusion of the Deputies' Declarations (Dkt. 106) under FRCP 37(c)(1) and a finding that AO 238 is invalid.

**New Additional FOF 69**: Administrative Order 238 (Exhibit P – Admin_Order_238.pdf), adopted by the Western District, violates the 2000 FRCP 26(a)(1) amendments by exempting pro se cases from initial disclosures (Advisory Committee Notes, 2000 Amendments,). This Court-enabled error, not solely Defendants' fault, delayed disclosure of the Deputies' Declarations (Krolikowski's, Messner's, Knull's, Breunig's, disclosed August 9, 2024, Dkt. 106) used in Defendants' Proposed Findings of Fact

(e.g., Dkt. 162, ¶¶ 58–61), which support probable cause but are contradicted by evidence of bias through the "sovereign citizen" label (Exhibit D, SC-CJG000009, SC-CJG000011, SC-CJG000020, pp. 9, 11, 20) and deputy knowledge (Exhibit O, ¶¶ 29, 31). The delay violated due process, prejudicing Plaintiff as a pro se litigant by limiting early access to evidence critical to his malicious prosecution claim (Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480–81 (1982); Thompson v. Clark, 142 S. Ct. 1332, 1337–38 (2022)). While not a structural error (Neder v. United States, 527 U.S. 1, 8 (1999)), Plaintiff requests exclusion under FRCP 37(c)(1) of the Deputies' Declarations (Dkt. 106) used in Defendants' PFOF (e.g., Dkt. 162, ¶¶ 58–61) for supporting probable cause, and a finding that AO 238 is invalid.

**Conclusion**: Plaintiff respectfully requests that the Court grant leave to file this Supplemental Response, exclude the Deputies' Declarations (Dkt. 106) under **FRCP 37(c)(1)** from Defendants' use in their Proposed Findings of Fact (e.g., Dkt. 162, ¶¶ 58–61), and find Administrative Order 238 invalid, as its procedural error prejudiced Plaintiff's ability to respond to Defendants' claims, supporting his Fourth Amendment malicious prosecution claim.

**Dated**: May 20, 2025

**/s/ Caleb James Grant**
Caleb James Grant, Pro Se
E7973A Beth Road
Reedsburg, WI 53959
608-386-3467

CJGAgent@protonmail.com

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the foregoing was served on all parties via ECF/CM on this 5/20/2025.

/s/  Caleb J Grant