IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,

   Plaintiff,

                 Case No:  23-CV-551

v.

DEPUTY DANIEL KROLIKOWSKI,
DEPUTY STEVEN MESSNER,
DEPUTY ALEX BREUNIG,
SAUK COUNTY,
DEPUTY ERIK KNULL,
SHERIFF RICHARD MEISTER,
and
JOHN DOES 1 THRU 5,

   Defendants.

## DEFENDANTS DEPUTY DANIEL KROLIKOWSKI, DEPUTY STEVEN MESSNER, DEPUTY ALEX BREUNIG, SAUK COUNTY, DEPUTY ERIK KNULL AND SHERIFF RICHARD MEISTER'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Sauk County, Deputy Erik Knull and Sheriff Richard Meister (herein, the "County Defendants"), by and through their attorneys, Crivello, Nichols & Hall, S.C., respectfully submit this Brief in Opposition to Plaintiff's Motion for Sanctions. (Dkt. No. 172).

## INTRODUCTION

On May 20, 2025, Plaintiff filed a Motion for Sanctions under Rule 37(c)(1). (Dkt. No. 172). In his motion, Plaintiff asks this Court to impose sanctions upon the County Defendants for failing to comply with the initial disclosure requirements pursuant to Rule 26(a)(1). (*Id*. at 1). Plaintiff argues that this Court erred when it did not order the parties to make initial disclosures at the outset of this case and, by virtue of proceeding pursuant to this Court's pretrial order, the County Defendants violated Rule 26. (*Id*. at 2-3). Consequentially, Plaintiff seeks to have the declarations of Deputy Krolikowski, Deputy Knull, Deputy Breunig, and Deputy Messner stricken and excluded from use in support of the County Defendants' summary judgment materials because they were not disclosed prior to summary judgment. (*Id*. at 3). Plaintiff's motion lacks any legal basis, and this Could should deny the same.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2023, this Court held a Rule 16 telephonic preliminary pretrial conference and on November 27, 2023, issued a preliminary pretrial conference order. (Dkt. No. 37). The next day, the now-dismissed defendants DA Albrecht and ADA Arevalo filed a motion to stay discovery pending the Court's decision on their motion to dismiss. (Dkt. No. 38). On December 14, 2023, Plaintiff filed a motion for a permanent injunction against the State Defendants asking this Court to intervene and provide him with relief from continued criminal prosecution in *State of Wisconsin v. Caleb James Grant*, Sauk County Case No. 23-CM-237. (Dkt. No. 41). Nearly three months later, Plaintiff filed with the Court a "Notice for

Production of Documents in a Specified Electronic Format" directed to Sheriff Meister individually. (Dkt. No. 43). That same day, Plaintiff filed a motion/letter to the Court addressed to Magistrate Judge Crocker requesting clarification with respect to Plaintiff's perceived tension between the 2000 Amendments to Rule 26(a)(1) and this Court's Administrative Order 238. (Dkt. No. 44). On March 12, 2024, this Court issued a Notice to Plaintiff informing him that his requests for productions filed with the Court must be sent directly to the County Defendants. (Dkt No. 45). Plaintiff sent his requests for production directed to Sheriff Meister again via standard mail, which the County Defendants received on April 1, 2024. (Dkt. No. 153 at 2, ¶2, Ex. A).

On April 1, 2024, Plaintiff sent a letter to counsel for the County Defendants requesting an "immediate response" as to whether the County Defendants intended to provide him with initial disclosures. (Dkt. No. 55-2). In that same letter, Plaintiff stated he did not intend to call any witnesses "except possibly those already named in the case" and provided links download "the documentation" he intended to use. (Dkt. No. 55-2). The next day, Plaintiff served Requests for Admissions directed to Deputy Messner. (Dkt. No. 56-3). He served additional Requests for Admissions on April 7, 2024, and April 10, 2024, directed to Deputy Knull (Dkt. No. 56-3) and Deputy Krolikowski (Dkt. No. 54-3), respectively.

On April 12, 2024, Plaintiff filed his first motion to compel and for sanctions out of his frustration over having not received the County Defendants' initial disclosures which he incorrectly believed he was entitled to. (Dkt. No. 50).[1] In that

---

[1] Plaintiff filed an "Amended" Motion for Order Compelling Initial Disclosures on April 18, 2024, though it was essentially identical to the original motion filed on April 12, 2024. (Dkt. No. 52).

motion, Plaintiff asked this Court to impose sanctions against the County Defendants under Rule 37 and declare that "all the facts in the Plaintiff's complaint be taken as established for all purposes." (Dkt. No. 50). Though Court did not issue a briefing schedule, the County Defendants responded to Plaintiff's motion on April 19, 2024. (Dkt. No. 53). In their response, the County Defendants explained that because DA Albrecht and ADA Arevalo's ("State Defendants") motion to dismiss and stay discovery remained pending, the County Defendants were wary of violating any potential discovery order that may have been or would be in place. (Dkt. No. 53 at 6). Moreover, they pointed out that Plaintiff filed his motion to compel despite his own noncompliance with Rule 26, and that he did not attempt to meet and confer to discuss the manner and means of discovery or initial disclosures. (*Id.*). The County Defendants further noted that Plaintiff was well aware of the witnesses in this case and had ample time to conduct whatever discovery he felt was necessary. (*Id.*).

On April 22, 2024, the County Defendants provided Plaintiff with Sheriff Meister's Responses to Plaintiff's Notice for Production of Documents in a Specified Electronic Format. (Dkt. No. 153 at 2, ¶4; 153-2). On April 26, 2024, Plaintiff sent a letter to counsel for the County Defendants detailing his displeasure with Sheriff Meister's responses. (Dkt. No. 115-3). On April 28, 2024, Plaintiff served Interrogatories directed to Sauk County. (Declaration of Dalton D. Sjong, June 5, 2025 ("Sjong Decl."), ¶ 3, Ex. A). On April 29, 2024, the County Defendants provided Plaintiff with Sheriff Meister's Supplemental Responses to Plaintiff's requests for production. (Dkt. No. 153 at 2, ¶ 6; 153-3).

On May 2, 2024, the County Defendants provided Deputy Messner's responses to Plaintiff's requests for admissions. (Dkt. No. 83 at 2, ¶ 4; 83-2). On May 7, 2024, the County Defendants provided Deputy Knull's responses to Plaintiff's requests for admissions. (Dkt. No. 83 at 2, ¶ 6; 83-4). On May 10, 2024, the County Defendants provided Deputy Krolikowski's responses to Plaintiff's requests for admissions. (Dkt. No. 83 at 2, ¶ 8; 83-6). On May 28, 2024, the County Defendants provided their responses to Plaintiff's interrogatories. (Sjong Decl., ¶ 4, Ex. B).

On August 12, 2024, after the parties' cross-motions for summary judgment were filed, this Court issued an Order ruling on multiple motions that were pending, including Plaintiff's first motion to compel and for sanctions (Dkt. No. 50) and ordered the parties to exchange initial disclosures by August 23, 2024. (Dkt. No. 114 at 7-8). The County Defendants complied with that Order and provided initial disclosures to Plaintiff on August 23, 2024. (Dkt. 155-1). On August 26, 2024, the County Defendants supplemented their initial disclosures to include documents that were inadvertently omitted from the materials provided on August 23, 2024. (Dkt. No. 155-2).

On August 28, 2024, Plaintiff filed a second motion to compel and for sanctions, alleging that the County Defendants' initial disclosures were "incomplete." (Dkt. No. 119; Dkt. No 120 at 1). In his motion, Plaintiff asked this Court to enter default judgment against the County Defendants as sanctions under Rule 37. (Dkt. No. 119; Dkt. No. 120 at 2). Although this Court did not initially order briefing on the motion,

it directed the County Defendants to file a response in its January 14, 2025, Order. (Dkt. 151).

The County Defendants filed their response in opposition to Plaintiff's motion on January 27, 2025. (Dkt. No. 154). The County Defendants argued that Plaintiff's motion should be denied because he did not meet and confer before filing his motion as required by Rule 37(a)(1), and they timely supplemented their initial disclosures with the materials that were inadvertently omitted. (*Id.* at 3-4). Further, they pointed out that Plaintiff had not been prejudiced because the bulk of the initial disclosure materials had already been provided in discovery. (*Id.*).

This Court issued an Order on March 17, 2025, which granted partial summary judgment in favor of the County Defendants and denied Plaintiff's second motion to compel. (Dkt. No. 157 at 1-2). In denying Plaintiff's second motion to compel, this Court determined that Plaintiff failed to satisfy the meet and confer requirement and had not been prejudiced because the materials he claimed to have not received were not considered in dismissing his claims on summary judgment. (*Id.*). With respect to summary judgment, this Court determined that Plaintiff alleged a Fourth Amendment malicious prosecution claim in his Amended Complaint and directed the parties to submit additional briefing. (*Id.* at 1). [2]

On April 10, 2025, Plaintiff filed a motion for reconsideration which challenged this Court's summary judgment decision as well as the denial of his second motion to compel. (Dkt. 158). With respect to the motion to compel, Plaintiff argued that this

---

[2] As of filing, the supplemental summary judgment briefing is still pending a decision by this Court.

Court erred in failing to enforce the disclosure requirements under Rule 26(a) which "prevent[ed] him from effectively presenting his case." (Dkt. 158 at 1). The County Defendants responded to that motion on May 2, 2025. (Dkt. 165). As of the date of this filing, Plaintiff's motion for reconsideration remains pending.

## PLAINTIFF'S THIRD MOTION FOR SANCTIONS

Plaintiff filed the instant motion on May 20, 2025, asking this Court to impose sanctions on the County Defendants under Rule 37(c)(1) for failing to comply with the initial disclosure requirements set forth by Rule 26(a)(1). (Dkt. 172 at 1). The overarching theme of Plaintiff's motion is his contention that this Court's standing Order exempting initial disclosures in unrepresented, non-prisoner cases—Administrative Order 238 ("A.O. 238")—is invalid. (*Id.*) Plaintiff believes that he was entitled to receive the deputy defendants' summary judgment declarations through the County Defendants' initial disclosures and argues that the County Defendants violated Rule 26 by complying with A.O. 238 because they did not provide initial disclosures within 14 days after the preliminary pretrial conference. (*Id.* at 1-2). Specifically, Plaintiff asserts that he was "prevent[ed] … from accessing these Declarations earlier, despite Defendants' obligation to disclose witness identities and documents within 14 days after the Rule 26(f) conference" and that "[t]his delay … limited Plaintiff's ability to depose deputies, request related documents, or prepare his Response to Defendants' Proposed Findings of Fact (Dkt. 162), Opposition to

Summary Judgment (Dkt. 161), motions to compel (Dkt. 115, 119), and opposition to Arevalo's dismissal (Dkt. 16)." (Dkt. No. 172 at 2). As a result, Plaintiff asks this Court to strike and exclude the declarations of Deputy Krolikowski, Deputy Knull, Deputy Breunig, and Deputy Messner that were filed with the County Defendants' motion for summary judgment. (Dkt. No. 172 at 3).

## **LEGAL STANDARD**

A.O. 238 states "[u]nless otherwise ordered by the court, the following cases are exempt from the requirements of Federal Rules of Civil Procedure 26(a)(1) and 26(f)." (Dkt. No. 172-8). A.O. 238 goes on to list four categories of cases that are subject to these exemptions, the first of which is "cases in which the plaintiff is proceeding pro se." (*Id*). Relevant here, Rule 26(a)(1)(A) provides as follows:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated *or ordered by the court*, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i)      the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii)     a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A); *see also David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2002) (listing the requirements of Rule 26(a)(1)(A)(i)). Rule 26 also imposes a

duty upon the disclosing party to supplement or amend its disclosures and discovery responses as it may become necessary to do so. *David*, 324 F.3d at 856 (discussing that parties are required to supplement or amend Rule 26 disclosures when that party learns that the information is "incomplete or incorrect" and "the additional corrective information has not otherwise been made known" to the other party). Similar to A.O. 238, Rule 26 enumerates nine categories of cases that are exempt from initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) – (ix).[3]

"To ensure compliance with these discovery requirements, Rule 37 provides that '[a] party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at trial … any witness or information not so disclosed.'" *Id.* (*citing* Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

The first step a court must take in determining whether to impose sanctions is to analyze whether a Rule 26(a) violation has occurred. *Karum Holdings LLC v. Lowe's Companies, Incorporated*, 895 F.3d 944, 951 (7th Cir. 2018). If the Court is satisfied that a party did, in fact, violate Rule 26(a), the Court must then determine whether the violation was justified or harmless. *Id.* The Seventh Circuit has elicited

---

[3] Rule 26 exempts cases initiated by incarcerated *pro se* plaintiffs from the initial disclosure requirements, but does not identify all *pro se* plaintiff cases as exempted. Fed R. Civ. P. 26(a)(1)(B)(i)-(ix).

the following factors to guide the district court's discretion when determining whether a Rule 26(a) violation was justified or harmless:

> (1) the prejudice or surprise to the party against whom the evidence is offered;
>
> (2) the ability of the party to cure the prejudice;
>
> (3) the likelihood of disruption to the trial; and
>
> (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*David*, 324 F.3d at 857 (*citing Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995); *see, e.g., Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982); *Woodworker's Supply, Inc.*, 170 F.3d at 993. The court has broad discretion in determining whether a violation of Rule 26(a) was justified or harmless and "need not make explicit findings concerning the existence of a substantial justification or harmlessness of a filure to disclose." *David*, 324 F.3d at 857 (*quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)) (internal quotation marks omitted); *see also Salgado*, 150 F.3d at 739, *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996).

## **ARGUMENT**

Plaintiff's motion is baseless. Cutting through the noise, Plaintiff is asking this Court to sanction the County Defendants for complying with its' order, A.O. 238. Plaintiff's arguments, however, find no support in the law. Plaintiff fails to develop any coherent legal theory that demonstrates A.O. 238 "violates" Rule 26, or that a

party can be sanctioned for complying with a court order. The harsh sanctions Plaintiff asks this Court to impose—excluding certain declarations supporting the County Defendants' motion for summary judgment—reveals the true intent of his motion: to revisit this Court's summary judgment decision. Plaintiff has not established that the County Defendants violated Rule 26 but even assuming, *arguendo*, a violation occurred, sanctions are not warranted because any such violation was harmless and justified. Accordingly, Plaintiff's motion should be denied.

## I.    THE COUNTY DEFENDANTS DID NOT VIOLATE RULE 26.

As a threshold matter, the County Defendants did not violate Rule 26, thus there is no basis for sanctions under Rule 37. *Karum Holdings LLC*, 895 F.3d at 951. Plaintiff's entire motion is based on his unfounded conclusion that A.O. 238 is invalid because it "violates the 2000 amendments to FRCP 26(a)(1)" followed by a vague parenthetical citation to "Advisory Committee Notes, 2000 Amendments." (Dkt. No. 172 at 1). First, the advisory committee notes are not binding authority, and Plaintiff does not cite to any other legal authority to support his conclusion. *See U.S. v. Abdul Hamid*, 966 F.3d 1228, 1231 (7th Cir. 1992); *Deppe v. Tripp*, 863 F.3d 1356, 1362 (7th Cir. 1988). While the advisory committee notes may be persuasive in guiding a court's interpretation of the Federal Rules of Civil Procedure, Plaintiff's reliance on the committee's notes to the amendments alone does not conclusively establish that A.O. 238 violates Rule 26. (*See generally* Dkt. No. 172).

While the advisory committee note states that the 2000 amendments "invalidat[e] … informal 'standing' orders of an individual judge or court," it goes on

to illustrate that the rule still excludes certain categories of cases from initial disclosure and that "[c]ase-specific orders remain proper … [but] are expressly required if a party objects that initial disclosure is not appropriate in the circumstances of the action" Fed. R. Civ. P. 26, Advisory Committee's Note to 2000 Amendments. Notwithstanding the foregoing, the advisory committee note and the very language of Rule 26(a)(1) allow courts to alter the initial disclosure requirements or exempt them altogether. *See Id*.

Importantly, A.O. 238 remains, for all intents and purposes, a standing order of this Court and has not been removed since the 2000 amendments were enacted. Rule 26, by its very language, recognizes that initial disclosures are not appropriate in every case and permits—not prohibits—courts from issuing orders that exempt parties from initial disclosure requirements, and this Court's preliminary pretrial order was silent on initial disclosures. (*See* Dkt. No. 37). All that is to say, the County Defendants' compliance with A.O. 238 was not unreasonable, let alone a violation of Rule 26.

Regardless of A.O. 238's validity, Plaintiff does not make any meaningful connection between the County Defendants' summary judgment declarations and a violation of Rule 26. Plaintiff fails to cite any legal authority, nor does any exist, that even remotely suggests Rule 26 imposes a requirement on a party moving for summary judgment to disclose supporting declarations to the non-moving party prior to filing the motion. In fact, Rule 26 does not reference or otherwise make any mention of summary judgment or Rule 56. Moreover, the contents of the information

contained in the declarations was not new as it was provided in discovery. To be sure, Plaintiff does not argue that the declarations contained information he was not provided with in discovery; rather, he arbitrarily asserts that failing to provide the declarations violates Rule 26. Plaintiff's argument lacks legal support and is undeveloped, thus it must be rejected. *See Price v. Board of Educ. of City of Chicago*, 755 F.3d 605, 608 (7th Cir. 2014) (holding that unsupported and undeveloped arguments are deemed waived).

Plaintiff has not and cannot demonstrate that the County Defendants had any duty to disclose the deputy defendants' declarations under Rule 26(a) prior to the filing of summary judgment; thus their failure to do so was not a violation of Rule 26's initial disclosure requirements. Plaintiff similarly has not set forth any support for his argument that the County Defendants violated Rule 26(a) by relying on and complying with A.O. 238. Accordingly, Plaintiff's motion fails on its face and must be denied.

## II.    SANCTIONS ARE NOT WARRANTED BECAUSE ANY VIOLATION OF RULE 26 WAS HARMLESS AND JUSTIFIED.

As established above, the County Defendants did not violate Rule 26(a) because they were under no obligation to furnish the deputy defendants' declarations as part of or a supplement to initial disclosures. However, even if failing to disclose the deputy defendants' declarations earlier did violate Rule 26(a), exclusion of the deputy defendants' declarations is not appropriate as any violation was harmless and justified.

### A.    Any Delay in Disclosing the Declarations Was Harmless.

Any non-compliance with Rule 26(a) was harmless and did not hinder or otherwise impact Plaintiff's ability to prepare his motion for summary judgment or respond to the County Defendants' summary judgment filings. As set forth above, the Seventh Circuit indicated several factors that a court should consider when analyzing whether non-compliance with Rule 26(a) is harmless:

> (1) the prejudice or surprise to the party against whom the evidence is offered;
>
> (2) the ability of the party to cure the prejudice;
>
> (3) the likelihood of disruption to the trial; and
>
> (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*David*, 324 F.3d at 857 (further citations omitted).

In *David*, the Seventh Circuit reviewed a district court's decision to permit a plaintiff's witness to testify at trial even though the plaintiff failed to disclose the subject matter of that witness's testimony before trial. *See id.* The Seventh Circuit determined that the district court's decision to permit the witness to testify was not an abuse of discretion because the defendant was not prejudiced, thus the failure to disclose was harmless. *Id.* In reaching its conclusion, the court determined the non-disclosure was harmless because: (1) the defendants knew the witness was named as a potential witness 18 months before trial; (2) defendants interviewed the witness and learned the subject matter of the testimony before trial; and (3) the defendant did not seek a continuance and was able to rebut directly the witnesses testimony at trial. *Id.* at 858.

14

Here, Plaintiff asserts that the County Defendants' delayed disclosures "prevent[ed] Plaintiff from accessing the[] Declarations earlier despite Defendants' obligation to disclose witness identities and documents within 14 days after the Rule 26(f) conference … [and] limited Plaintiff's ability to depose deputies, request related documents, or prepare his Response to Defendants' Proposed Findings of Fact (Dkt. 162)." (Dkt. No. 172 at 2).

First, any suggestion that Plaintiff was not aware of the deputy defendants' identities prior to summary judgment is disingenuous at best. Plaintiff named the individual defendants in his original complaint when he filed this lawsuit and cannot reasonably argue that there was uncertainty surrounding their identities or an element of surprise that they are fact witnesses in this case. (*See* Dkt. 1); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 732-34 (7th Cir. 2004) (holding that when a party knows of a person's identity through the discovery process, there is no obligation to alert the opposing party to their identity). To be sure, the only declarations supporting the County Defendants' proposed facts at summary judgment came from the deputy defendants named in this action. (*See* Dkt. 106).

Similarly, Plaintiff does not explain how, exactly, the County Defendants' failure to disclose the declarations earlier in the litigation prevented Plaintiff from being able to depose the deputy defendants or engage in discovery. In fact, Plaintiff has not, at any point in this litigation, requested the deposition of any of the defendant deputies. (Sjong Decl., at ¶ 5). Plaintiff served extensive discovery requests

upon each defendant before summary judgment and had ample opportunity to obtain any information he believed was relevant to his claims prior to summary judgment.

Second, the deputy defendants' declarations were filed with the County Defendants' summary judgment materials and were available to Plaintiff immediately thereafter. Plaintiff was able to freely review and analyze all of the County Defendants' summary judgment materials to prepare for his response. Ultimately, the declarations provided no additional information. For Plaintiff to now claim prejudice is disingenuous, at best. Instead, 10 months later and after the Court granted summary judgment in the County Defendants' favor, Plaintiff is asking this Court to exclude the bulk of the County Defendants' summary judgment materials retroactively.

Third, the likelihood that any delay on the County Defendants' behalf in disclosing the declarations would impact trial is and was nonexistent. This is not a case where expert witnesses and reports were sprung on a party days before trial necessitating rebuttal experts and depositions. The deputy defendants' declarations were contextual and based on their personal knowledge of the facts and circumstances surrounding the events alleged in Plaintiff's pleadings. (*See* Dkt. Nos. 107, 108, 110, 113). Plaintiff was fully aware of the deputy defendants' identities and enjoyed the full spectrum of discovery opportunities afforded to every other litigant.

Last, in his motion, Plaintiff does not argue or point to any evidence that the County Defendants failed to disclose the declarations or any other materials in bad faith. (*See* Dkt. No. 172). Upon this Court's Order directing the County Defendants

to make initial disclosures, (Dkt. 114), they did so. (Dkt. Nos. 155-1; 155-2). While Plaintiff took issue with the disclosures and filed a motion to compel, that motion was denied and this Court declined to impose sanctions. (Dkt. 157 at 1). Plaintiff has not and cannot show that he was prejudiced because he did not receive the deputy defendants' declarations ahead of the summary judgment deadline, and even if the County Defendants' were required to make such a disclosure, failing to do so was harmless.

### B.    Any Delay in Making Initial Disclosures Was Justified.

Additionally, to the extent Plaintiff seeks any sanctions for the timing of the County Defendants' initial disclosures, any delay in producing the same was based on a good faith belief that A.O. 238 applied to this case and that the parties were exempt from the initial disclosure requirements. In fact, this Court's discussion in its August 12, 2024, Order does not conclusively decide A.O. 238's applicability at all, only that the Advisory Committee's comments on the 2000 Amendments to Rule 26 "suggests that this court's exemption for unrepresented non-prisoner plaintiffs may no longer be valid" and that further discussion would be had among the other judges of this Court. (Dkt. No. 114 at 8). Based on the foregoing, the County Defendants were certainly justified in its reliance on A.O. 238.

### C.    Sanctions Are Neither Warranted Nor Appropriate.

"District courts have wide discretion in supervising discovery and deciding whether or not to impose sanctions." *Johnson v. Schnuck Markets, Inc.*, 495 F. App'x 733, 737 (*citing Hunt v. DaVita*, 680 F.3d 775, 780 (7th Cir. 2012)). When deciding

whether sanctions are appropriate, courts may look to the entire procedural history of the case. *Id*. at 737 (*citing Rice v. City of Chicago*, 333 F.3d 780, 785 (7th Cir. 2003); *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002)). Further, a court may decline to impose sanctions where the party moving for sanctions has failed to comply with a discovery order or the Federal Rules of Civil Procedure. *Id*. at 737.

As Plaintiff acknowledges in his motion, A.O. 238 made it unclear whether initial disclosures were required at the outset of this litigation. (Dkt. No. 172 at 1). Ironically, despite banging his fists on the table and repeatedly asking this Court to impose sanctions against the County Defendants, Plaintiff himself failed to provide his initial disclosures until April 1, 2024. (Dkt. No. 55-2). Certainly, Plaintiff cannot reasonably argue that the County Defendants should be sanctioned because they did not make disclosures "within 14 days after the Rule 26(f) conference" when he did not even provide his own disclosures within the confines of Rule 26. (Dkt. No. 172 at 2). Moreover, courts in this jurisdiction have generally applied the sanction of exclusion under Rule 37(c)(1) when it applies to expert witnesses, not fact witnesses as here. *See Tribble*, 670 F.3d at 760 (discussing that exclusion under Rule 37(c)(1) is a harsh but necessary sanction for and improperly disclosed expert witness due to the prejudice the non-disclosing party might face); *see also Musser*, 356 F.3d at 758. Plaintiff's motion does not cite any relevant caselaw that supports his argument that failure to disclose the identity of a named party or their declaration as a fact witness in support of a summary judgment motion warrants exclusion.

Based on the entire procedural history of this case and Plaintiff's own violation of Rule 26(a)'s disclosure requirements, this Court should exercise its discretion and deny Plaintiff's motion for sanctions.

## **CONCLUSION**

Based on the foregoing, this Court should deny Plaintiff's motion for sanctions in its entirety.

Dated this 5th day of June, 2025.

CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants, Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Sauk County, Deputy Erik Knull and Sheriff Richard Meister

By:  *s/ Dalton D. Sjong*

SAMUEL C. HALL, JR.
State Bar No.:  1045476
BRIANNA J. MEYER
State Bar No.: 1098293
DALTON D. SJONG
State Bar No.: 1121262
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Phone: 414-271-7722
Fax: 414-271-4438
Email: shall@crivellolaw.com
        bmeyer@crivellowlaw.com
        dsjong@crivellolaw.com