**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

Caleb Grant,

    Plaintiff,

    v.                                            Case No. 23CV551

DANIEL KROLIKOWSKI ET AL.,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS (DKT. 175)**

Plaintiff Caleb James Grant, pro se, respectfully submits this reply to the County Defendants' Opposition (Dkt. 175) to his Motion for Sanctions (Dkt. 172) under Federal Rule of Civil Procedure (FRCP) 37(c)(1). Defendants' arguments lack merit, fail to address the prejudice caused by their delayed disclosure of the Deputies' Declarations (Dkt. 106), and ignore the invalidity of Administrative Order 238 (AO 238). Defendants Krolikowski and Knull's misleading statements in their Requests for Admissions (RFAs) that they had written Oaths of Office (Dkt. 83-4, 83-6), and Deputy Messner's Declaration containing proven false information (Dkt. 113, 159, p. 22), further compounded the harm, as later discovery revealed no oaths exist (Dkt. 159, Exhibit A, p. 4) and Messner's error showed unreliability and lack of due diligence. These issues prejudiced Plaintiff's preparation of his Fourth Amendment malicious prosecution claim, particularly as a pro se litigant entitled to leniency. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court should grant Plaintiff's motion, exclude the Declarations, award costs, and find AO 238 invalid.

**I. DEFENDANTS VIOLATED RULE 26(a)(1) BY FAILING TO DISCLOSE THE DECLARATIONS**

Defendants argue they did not violate Rule 26(a)(1) because AO 238 exempts pro se cases from initial disclosures and Rule 26 does not require disclosing summary judgment declarations (Dkt. 175, pp. 11-13). These claims are baseless.

**A.** AO 238 Is Invalid Under the 2000 Amendments to Rule 26

AO 238's exemption of pro se cases (Dkt. 172-8) violates the 2000 amendments to FRCP 26(a)(1), which "remove the authority to alter or opt out of the national disclosure requirements by local rule, invalidating… 'standing' orders" like AO 238. Fed. R. Civ. P. 26, Advisory Committee's Note to 2000 Amendments. This Court acknowledged AO 238 "may no longer be valid" (Dkt. 114, p. 8), undermining Defendants' reliance on it (Dkt. 175, p. 12). Rule 26(a)(1)(B) exempts only specific case types, such as incarcerated pro se cases, not non-incarcerated pro se cases like this one (Dkt. 175, p. 9, n.3). Defendants' compliance with an invalid order does not excuse their failure to disclose witness identities (Deputies Krolikowski, Messner, Knull, Breunig) and documents (Declarations, Dkt. 106) within 14 days of the Rule 26(f) conference, as required by Rule 26(a)(1)(A)(i)-(ii), (C).

**B.** Rule 26(a)(1) Required Disclosure of the Declarations

Defendants wrongly assert that Rule 26 does not require disclosing summary judgment declarations (Dkt. 175, p. 12). The Declarations are "documents… the disclosing party may use to support its… defenses" under Rule 26(a)(1)(A)(ii), as they underpin Defendants' probable cause arguments (Dkt. 162, ¶¶ 58-61). Defendants claim the Declarations' content was provided in discovery (Dkt. 175, p. 13), but the Declarations contain specific assertions (e.g., probable cause details, Dkt. 106, ¶¶ 33-128) not fully disclosed earlier, prejudicing Plaintiff's ability to rebut them. Plaintiff's pro se status warrants leniency in assessing his discovery efforts, as he lacked counsel to navigate Defendants' incomplete disclosures. *Haines*, 404 U.S. at 520.

## II. THE RULE 26 VIOLATION WAS NEITHER HARMLESS NOR JUSTIFIED

Defendants argue any violation was harmless and justified (Dkt. 175, pp. 13-17). Under *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), the Court must consider prejudice, ability to cure, trial disruption, and bad faith. All factors favor sanctions.

**A.** The Late Disclosure Prejudiced Plaintiff, Exacerbated by Defendants' Misleading RFAs and Messner's Unreliable Declaration

The late disclosure of the Declarations (August 9, 2024, Dkt. 106) prejudiced Plaintiff by limiting his ability to depose Deputies, request related documents, or prepare responses to Defendants' Proposed Findings of Fact (Dkt. 162) and summary judgment motion (Dkt. 161) (Dkt. 172, p. 2). This prejudice was compounded by two factors:

1. **Misleading RFA Responses**: Defendants Krolikowski and Knull falsely stated in their RFAs (May 7 and 10, 2024, Dkt. 83-4, 83-6) that they had written Oaths of Office, misleading Plaintiff to believe their authority under Wis. Stat. § 19.01 was valid. Wis. Stat. § 19.01(1); § 59.21(1). Defendants later admitted no signed oaths exist for Deputies Krolikowski, Messner, Knull, and Breunig for April 6 to May 18, 2023 (Dkt. 159, Exhibit A, p. 4), and Sauk County ADA Arevalo confirmed deputies may not sign physical oaths (Dkt. 159, Exhibit B, pp. 16-17). Without oaths, the Deputies' actions (traffic stops, arrest, obstruction charge) are invalid, bolstering Plaintiff's malicious prosecution claim. *Norton v. Shelby County*, 118 U.S. 425, 441 (1886); Dkt. 159, p. 7.

2. **Messner's Unreliable Declaration**: Deputy Messner's Declaration (Dkt. 113) falsely claimed Plaintiff's vehicle lacked a license plate, contradicted by his own photographs and reports (Dkt. 122-1, pp. 6-8; Dkt. 159, p. 22). This error, which the Court attributed to "fallible memory" rather than intent (Dkt. 151, p. 4), demonstrates Messner's unreliability and lack of due diligence in failing to verify his own records before testifying under oath. The late disclosure prevented Plaintiff from challenging Messner's credibility during discovery, further prejudicing his ability to rebut probable cause arguments.

Together, the late disclosure, misleading RFAs, and Messner's unreliable Declaration prevented Plaintiff from probing the Deputies' authority and credibility, critical to his malicious prosecution claim. *Thompson v. Clark*, 142 S. Ct. 1332, 1337-38 (2022). As a pro se litigant with limited resources, Plaintiff faced significant prejudice, warranting leniency. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480-81 (1982); *Haines*, 404 U.S. at 520.

Defendants claim Plaintiff knew the Deputies' identities from the complaint (Dkt. 175, p. 15), but Rule 26(a)(1)(A)(i) requires disclosing witnesses "likely to have discoverable information," not just named parties. Plaintiff's inability to depose Deputies (Dkt. 175, p. 15) reflects his pro se constraints, not lack of diligence. Defendants' claim that the Declarations provided no new information (Dkt. 175, p. 16) ignores their specific probable cause assertions, which Plaintiff

could have challenged with oath and credibility evidence if disclosed earlier.

**B.** The Prejudice Cannot Be Fully Cured

Defendants argue Plaintiff could review the Declarations post-filing (Dkt. 175, p. 16), but discovery closed before Plaintiff could act on them, limiting his ability to request oath documents or depose Deputies (Dkt. 172, p. 2). The misleading RFAs and Messner's false statement further delayed Plaintiff's inquiry into the Deputies' authority and reliability. Supplemental briefing (Dkt. 157, p. 18) does not cure this, as Plaintiff cannot obtain new discovery without Court intervention. FRCP 56(d); Dkt. 173, p. 4. As a pro se litigant, Plaintiff faced unequal discovery burdens, violating due process. *Kremer*, 456 U.S. at 480-81.

**C.** Excluding the Declarations Avoids Trial Disruption

Excluding the Declarations now, prevents trial disruption by ensuring only properly disclosed, reliable evidence is used, aligning with Rule 37(c)(1)'s automatic exclusion sanction. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); Dkt. 175, p. 9. Defendants' claim of no disruption (Dkt. 175, p. 16) ignores the risk of relying on evidence from potentially unauthorized Deputies, whose oath non-compliance undermines their authority (Wis. Stat. § 17.03(7); Dkt. 159, p. 4), and from Messner, whose proven false statement (Dkt. 159, p. 22) risks introducing unreliable testimony that could necessitate further litigation or correction at trial. Admitting such evidence would disrupt trial fairness, particularly for a pro se litigant. *Haines*, 404 U.S. at 520.

**D.** Defendants Acted in Bad Faith or Negligence

Defendants' reliance on AO 238 (Dkt. 175, p. 17) was not in good faith, as Plaintiff's March 8, 2024, clarification request (Dkt. 44) and the 2000 amendments' clear language put them on notice of AO 238's invalidity. Their conduct further demonstrates negligence or bad faith through:

1. **Misleading RFA Responses**: Krolikowski and Knull falsely claimed written oaths in their RFAs (Dkt. 83-4, 83-6), delaying Plaintiff's discovery until their admission of no oaths (Dkt. 159, Exhibit A).

2. **Messner's Lack of Due Diligence**: Messner's false statement about the license plate (Dkt. 113, 159, p. 22), unverified despite access to his own records (Dkt. 122-1, pp. 6-8), shows a lack of due diligence, rendering his Declaration unreliable and suggesting negligence in Defendants' evidence preparation.

Their delay until August 23, 2024 (Dkt. 155-1), despite Plaintiff's April 1, 2024, disclosure request (Dkt. 55-2), exacerbated the harm. Plaintiff's pro se status amplifies this prejudice, as he lacked counsel to compel earlier compliance. *Haines*, 404 U.S. At 520.

### III. SANCTIONS ARE WARRANTED AND APPROPRIATE

Defendants argue sanctions are inappropriate because Plaintiff delayed his own disclosures and exclusion applies mainly to expert witnesses (Dkt. 175, p. 18). These claims fail. Plaintiff made disclosures on April 1, 2024 (Dkt. 56-2), but the Court's delay in ordering disclosures from Defendants until August 12, 2024 (Dkt. 114, p. 8), hindered his efforts, warranting leniency. *Haines*, 404 U.S. At 520.  Rule 37(c)(1) applies to any undisclosed evidence, including fact witness declarations, when non-disclosure prejudices the opposing party. *David*, 324 F.3d at 857. Excluding the Declarations (Dkt. 106) is necessary to remedy the prejudice to Plaintiff's malicious prosecution claim, particularly given the oath issue and Messner's unreliability. *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018).

## IV. THE OATH ISSUE, MISLEADING RFAS, AND MESSNER'S UNRELIABILITY REINFORCE THE NEED FOR SANCTIONS

The Deputies' failure to comply with Wis. Stat. § 19.01's written oath requirement (Dkt. 159, pp. 2-7), Krolikowski and Knull's misleading RFAs (Dkt. 83-4, 83-6), and Messner's unreliable Declaration (Dkt. 159, p. 22) underscore the prejudice from late disclosures. Defendants' admission of no signed oaths (Dkt. 159, Exhibit A, p. 4), Arevalo's statement (Dkt. 159, Exhibit B), and Messner's false statement suggest systemic non-compliance and negligence, potentially invalidating the Deputies' actions. *Norton*, 118 U.S. at 441. Plaintiff's timely challenge during the May 18, 2023, stop (Dkt. 130-1, ¶ 45) and in discovery (Dkt. 115-1, p. 2) precludes de facto officer status. *Ryder v. United States*, 515 U.S. 177, 183 (1995); Dkt. 159, p. 5. Earlier disclosure could have led to oath and credibility-related discovery, strengthening Plaintiff's claim that the obstruction charge lacked probable cause. *Thompson v. Clark*, 142 S. Ct. 1332, 1337-38 (2022). The misleading RFAs and Messner's error delayed this inquiry, amplifying prejudice for a pro se litigant. *Haines*, 404 U.S. at 520.

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant his Motion for Sanctions (Dkt. 172), exclude the Deputies' Declarations (Dkt. 106) under FRCP 37(c)(1), award costs for preparing motions (Dkt. 115, 119), find AO 238 invalid, and order additional discovery under FRCP 56(d) to address the oath issue. Defendants' Rule 26 violation, misleading RFA responses, and Messner's unreliable Declaration prejudiced Plaintiff's ability to litigate his malicious prosecution claim as a pro se litigant. Leniency is warranted to ensure fairness. *Haines*, 404 U.S. at 520.

Dated: June 12, 2025


/s/ Caleb James Grant

Caleb James Grant, Pro Se
C/o E7973A Beth Road
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties via ECF/CM on June 12, 2025.

/s/ Caleb James Grant