UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,
Plaintiff,

v.

Case No. 3:23-cv-00551-jdp

DEPUTY DANIEL KROLIKOWSKI, et al.,
Defendants.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff Caleb James Grant, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37(a), to compel Defendants Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Sauk County, Deputy Erik Knull, and Sheriff Richard Meister ("Defendants") to produce headshots, corrected identifications of "Doe" defendants, specific job descriptions, policy manuals, and personnel files, as ordered in Dkt 164 (April 18, 2025), or to order a court-supervised photo lineup. Defendants' failure to comply with Dkt 164's May 19, 2025, deadline, confirmed by their admissions during a May 29, 2025, meet-and-confer and non-response to Plaintiff's June 23 and June 27, 2025, emails, prejudices Plaintiff's ability to amend his complaint by July 3, 2025.

**FACTUAL BACKGROUND**

1. On April 18, 2025, this Court ordered Defendants to use "best efforts" to identify "Doe" defendants and provide their names, headshots, and job descriptions by May 19, 2025, "to the extent they exist" (Dkt 164).

2. Plaintiff complied with Dkt 157 (March 17, 2025) by providing detailed "Doe" descriptions and encounter details for May 18–19, 2023, by March 28, 2025 (Dkt 157 response; March 28, 2025, letter) (Exhibit C).

3. Defendants' Dkt 170 (May 19, 2025) identified Deputies Dylan Horn, Michael Papera, Bruce Bailey, Kristi Schneider, and Michelle Strong as Does 1–5 but omitted headshots and specific job descriptions.

4. During a May 29, 2025, meet-and-confer, Defendants' counsel, Dalton Sjong, admitted headshots exist: "They do have headshots for our purposes because the photographs and we're going to have those and we'll provide them subject to the protective order" (May 29 Transcript, 171.565–192.254, attached as Exhibit A). Sjong withheld them despite Dkt 164's order.

5. Sjong sent a protective order stipulation at 3:58 PM on May 29, 2025, two minutes before the 4:00 PM meet-and-confer, preventing review: "I've just sent you an email as a document that I hope you saw that" (May 29 Transcript, 10.747–36.953, Exhibit A).

6. Defendants' Dkt 184 (June 12, 2025) confirmed headshots exist (Exhibits A–E) but conditioned production on Dkt 179's protective order, seeking "Attorney's Eyes Only" or "Confidential" restrictions, unworkable for a pro se plaintiff. Dkt 184 included insurance papers but did not identify them as supplemental to Rule 26(a)(1)(A)(iv) initial disclosures, overdue since August 23, 2024.

7. Dkt 184 misidentified Schneider as Doe #4, who was not scheduled to work May 18–19, 2023, and does not match Plaintiff's Dkt 157 description (white female, shorter height, heavy weight, 40+), as confirmed by her public photo on the Sauk County Sheriff's Office website.

8. Dkt 184's identification of Papera (Doe #2) includes a spelling discrepancy (Papara on schedule) and a scheduling issue (absent during Encounter 9, only "dark features" matched, no tattoos visible, per Dkt 157), indicating misidentification.

9. Dkt 184's job description (Exhibit F, "Deputy Sheriff-Jailer") lacks specific duties (e.g., booking, body searches, food delivery) from Plaintiff's Dkt 157 encounters, failing Dkt 164's requirement. Sjong claimed all deputies held the same role: "They all had the same job. It's Deputy Jailer" (May 29 Transcript, 144.886–170.418, Exhibit A). This is contrasted with his initial denials of plaintiff's requests for production where he requested specific activities in order to "narrow" the list down and requests were "overly broad".

10. The Sheriff's Office publicly posts deputy photos, including Schneider's on its website and Horn's on Facebook, negating Dkt 179's safety claims: "We work providing personally identifiable information from about people that aren't part of the lawsuit at this point" (May 29 Transcript, 193.672–249.629, Exhibit A, Exhibit B).

11. Plaintiff's good-faith efforts (March 28 letter(Exhibit C), May 25–27 emails/voicemail, May 29 meet-and-confer, June 23 and June 27 emails) contrast with Defendants' non-response to emails sent June 23, 2025 (~7:30 AM) and June 27, 2025 (~8:57 AM), confirmed received by Assistant Loebaka on June 27, 2025, ~11:00 AM CDT, with no reply by June 30, 2025.

12. Sjong's excuse for omitting headshots in Dkt 170—a communication issue—lacks credibility given public postings: "They contacted us after… one may not have been aware that the headshots were available" (May 29 Transcript, 322.732–373.407, Exhibit A)(Exhibit B – Sauk County Sheriff Dept Facebook page pictures of Deputy Jailers with names and Jailer title).

13. Plaintiff's March 28 letter requested policy manuals and personnel files, relevant to his Monell claim (Dkt 157, Encounter 10: money conversion), withheld despite Defendants' use of manuals in summary judgment, violating Federal Rule of Evidence 106.

14. Defendants' non-compliance, including incomplete Rule 26(a)(1)(A)(iv) disclosures in Dkt 184, prejudices Plaintiff's July 3, 2025, deadline.

## ARGUMENT

1. Defendants violated Dkt 164 by failing to produce headshots by May 19, 2025, as admitted (May 29 Transcript, 171.565–192.254), conditioning them on Dkt 179's unreasonable terms, despite public photo disclosures (Exhibit B) (Patterson v. Burge, 2005 WL 43240 (N.D. Ill. 2005)).

2. Dkt 184's misidentifications of Schneider (not scheduled, photo mismatch) and Papera/Papara (spelling/scheduling issues) fail Dkt 164's "best efforts" standard, as schedule verification is a basic inquiry (In re Prudential Ins. Co., 169 F.R.D. 598 (D.N.J. 1997)).

3. Exhibit F's generic description, confirmed uniform (May 29 Transcript, 144.886–170.418), fails Dkt 164, as Dkt 157 encounters (e.g., booking, denying blankets) require specific duties for Plaintiff's claims (e.g., Eighth Amendment, Monell).

4. Defendants' failure to provide policy manuals, personnel files, and complete Rule 26(a) disclosures, per Plaintiff's March 28 letter (Exhibit C) , violates discovery obligations

(Fed. R. Civ. P. 26(a)(1)(A)(iv); Fed. R. Evid. 106).

5. Defendants' violations and non-response to June 23 and June 27, 2025, emails prejudice Plaintiff's July 3 deadline, necessitating production (King v. Riley, 2018 WL 2943266 (N.D. Ill. 2018)).

**RELIEF REQUESTED**

Plaintiff respectfully requests that this Court:

1. Compel Defendants to produce headshots (Exhibits A–E), corrected identifications for Doe #2 (Papera/Papara) and Doe #4 (Schneider), individualized job descriptions, policy manuals, and personnel files by July 7, 2025, under a litigation-only protective order, or DMV photos under simpler terms.

2. Grant any further relief deemed just.

Dated: June 30, 2025
Respectfully submitted,

  /s/ Caleb James Grant
Plaintiff
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

Exhibit A – Transcription of 5/29/25 Meet/Confer
Exhibit C - Letter and Doe descriptions/encounters
Exhibit B – Facebook/website deputy Jailers pictures- identified as jailers

<u>Service to all parties via CM ECF</u>
Samuel Hall
Brianna Meyer
Dalton Sjong
Matthew Tobin