Caleb J. Grant<br>
C/o E7973 Beth Rd<br>
Reedsburg, WI 53959<br>
608-386-3467

March 28, 2025

Dalton Sjong
710 N.. Plankinton Ave
Suite 500
Milwaukee, WI 53203


Re:  Caleb James Grant v. Krolikowski, et. al.
Case 23CV0551
Re:  Court ordered information and Meet and Confer

Dear Mr Sjong:

Please find the information pursuant to the Courts order Dkt 157, pg 18 No. 7.  included are description of encounter, a physical description of the DOE.  What the DOE was doing at the time.  Approximate time of encounter and where.

Regarding the meet and confer.  I did not request additional information /discovery material related to identifying the Doe defendants and initial disclosures, but simply the  photographs were requested originally but narrowed down to the DOES that were in the cell block during 5/18 and 5/19.  The same narrowing was done for the job descriptions.  This is not new discovery it is the completion of the initial request with a narrowing of scope.  The order does not mention a denial of pictures as you suggested in denying them to me.

Further the request for the remainder of the items listed in your 8/23/2024 response items 25-32 which include the manuals and personnel files and the insurance documentation required by Rule 26(a)(1)(A)(iv).  You stated that you would provide [from your perspective] the relevant information and would not compromise.  You previously stated in your letter of 8/23/2024 that you had requested the insurance information and would forward it when received.  You have not done so and when questioned on it had not even remembered that you had done so and failed to followup.  You were ordered to provide all initial disclosure and are still out of compliance.  You need to get this to me by Monday EOD.  You asked for this before the required initial disclosure deadline according to your letter.

The issue of the remaining manuals are relevant as was explained ad nauseam to you in that the malicious prosecution by the Deputies can still be considered a Monell claim and the treating of an arrested person for Civil or for Criminal can have a role.  So yes the policy manuals may have necessary information on many levels.  Policy manuals help identify the actions of the Deputies as being tied to policy or directly related to them or possibly a custom.  The manuals for the DOES are also the same as they have potentially different responsibilities for criminal or civil detainees.  <u>This tied with the fact that you have used the policy manuals in part in your summary judgment and that was even before you disclosed it to me.  You were also surprised when you were informed that to not give the full documents to me it was a violation of Fed. R of Evid. Rule 106. If you do use it you are obligated to release to me the full documentation when demanded.</u>  You thought that it was relevant for

summary judgment.    You have not entered a protective order. And by the rules of evidence you are required to submit it all.

Further, as the Deputies, Sauk County are public entities they have a responsibility to give answers and not hide their actions from the public.

Sincerely,

s/ Caleb J. Grant

Caleb J. Grant

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Caleb James Grant,
    Plaintif,

                                      Case No.   23-CV-0551

v.

DEPUTY DANIEL KROLIKOWSKI ET. AL.,
    Defendants.

PLAINTIFF'S RESPONSE TO THE ORDER OF DKT 157 ITEM NO. 7

Plaintiff Caleb Grant makes these disclosures in the furtherance of identifying the DOES 1-5 listed in the complaint.  Identified first is the description of the DOES and afterward is the description of the encounter with time and location if indicated and what DOE was doing.

DOE #1
White male
medium height/weight
blonde short hair
Uniform
no known identifying marks

DOE #2 - Booking
White male
medium height / large weight
Dark features
Tattoos on arms

DOE #3 -did full body search
White male 50+years
Tall height / large weight
Dark Hair, no beard,

DOE #4
White Female
shorter height / heavy weight
40+

DOE #5
White Female
average height / average weight
computer work
Darker hair longer

no glasses

**Encounter 0 Description of initial arrival at Jail: over the day of 5/18**
Participating in the opening of cell and telling plaintiff to book in, stating plaintiff will not get out until he books in. Doe did this through to day.
    DOE #1

**Encounter 1 Description of initial arrival at Jail: AM on 5/18** Plaintiff was chided and belittled by two males (Blonde Male) and Deputy Messner – harassing plaintiff... asking what color his shirt was and announced "HE FINALLY ANSWERED A QUESTION"  Messner, also announces to plaintiff, I should have arrested you the first time.  Other Deputy Krolikowski along with Deputy Messner accused plaintiff of being a sovereign [citizen] and using sovereign arguments and further labeling, slandering, libeling, laughing and belittling him with others around and potentially causing him further damage by false association with political moniker not of his choice.  This happened in the 1st room when plaintiff was first brought in.

    Doe #3
    Deputy Messner
    Deputy Krolikowski

**Encounter 2 Description:** AM on 5/18 – Fast check on Plaintiff
Defendant forced fingerprinting Before being forced to change to jail clothes and after being body searched. Put into a full body scanner.
Doe #3

**Encounter 3 Description: AM on 5/19** The taking of fingerprints and pictures and other identifying information...  If the incarceration was illegal, then the taking of the PII in any and all forms and the disseminating of that data is a violation.
    Doe #2

**Encounter 4 Description:** Not allowing sleep as result of cold, Lights were always on at a high intensity all the time & High noise all night not allowing for sleep.
Keeping a too cold temperature and not giving him a blanket (removal of his clothes)
lack of privacy with a pervert camera,  lack of nutritional food, Re-clothed in jail clothes –
Food was cold, soggy bread, no utensils. ½ cup of cold greenbeans, blownup cold hotdog (meaning it had been heated before and was old and being offered again.  The Cell had not been cleaned and was filthy and there was no soap for plaintiff to clean himself.
    Need discovery in order to find who is responsible for this...

**Encounter 5 Description: AM of 5/19** Food was placed into the cell and then was taken away without warning and immediately harassed to get booked in.
    Doe # 2

**Encounter 6 Description:** Denied access to counsel of choice until he agreed to be "booked in".  NO PHONE CALLS allowed until booked in and then only one.  Lied to plaintiff that he had to be booked in or they would keep him there indefinitely.  Coercion and tortureous.  Withholding of eating utensils, and cup to drink from until he booked in.  (more than one Doe brought food and denied proper eating)
    DOES # 1, 2 , 3, 4

**Encounter 7 5/19 early afternoon:** Brought in front of the judge and P.D."Dolche" who was not hired or approved of was forced upon CJG as his "Counsel" and spoke as plaintiff without permission.
    DOE #4

**Encounter 8 5/19 AM:** Denied plaintiff Coffee and said that she would talk to the nurse/doc and get him Tylenol but never brought any. Plaintiff was suffering from a severe headache due to no caffine, requested coffee or tylenol. Plaintiff was denied medical attention.
    DOE #4

**Encounter 9 5/18** Noonish of 5/18Taking trays back and cup through the slot in the door. Stated "you can not keep the cup for drinking" forcing plaintiff to not drink or drink from a dirty water spickett above the toilet.
    DOE #2

**Encounter 10 Description : afternoon of 5/19** Defendant S.C. and Does, stole CJG's money and converted it into a credit card that has a monthly charge and expiration date in a form of conversion. Policy of SC defendant. Not convertible back into cash but a check. This card is specifically traceable and will "dry" up and be unusable. Plaintiff was deprived of his property.
    DOE #5

      /s   Caleb J. Grant
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com