UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,
Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, et al.,
Defendants.

Case No. 3:23-cv-00551-jdp

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Caleb James Grant, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37(b), to impose sanctions on Defendants Deputy Daniel Krolikowski, Deputy Steven Messner, Deputy Alex Breunig, Sauk County, Deputy Erik Knull, and Sheriff Richard Meister ("Defendants") for their bad-faith failure to comply with Dkt 164's order to provide accurate "Doe" defendant identifications, headshots, and job descriptions by May 19, 2025. Defendants' actions, evidenced by a May 29, 2025, meet-and-confer transcript and non-response to Plaintiff's June 23 and June 27, 2025, emails, have prejudiced Plaintiff's ability to amend his complaint by July 3, 2025.

**FACTUAL BACKGROUND**

1. On April 18, 2025, this Court ordered Defendants to use "best efforts" to identify "Doe" defendants and provide their names, headshots, and job descriptions by May 19, 2025 (Dkt 164).

2. Plaintiff complied with Dkt 157 (March 17, 2025) by providing detailed "Doe" descriptions and encounter details for May 18–19, 2023, by March 28, 2025 (Dkt 157 response; March 28, 2025, Exhibit C - letter).

3. Defendants' Dkt 170 (May 19, 2025) identified Deputies Dylan Horn, Michael Papera, Bruce Bailey, Kristi Schneider, and Michelle Strong as Does 1–5 but omitted headshots and specific job descriptions.

4. During a May 29, 2025, meet-and-confer, Defendants' counsel, Dalton Sjong, admitted headshots exist: "They do have headshots for our purposes because the photographs and we're going to have those and we'll provide them subject to the protective order" (May

29 Transcript, 171.565–192.254, attached as Exhibit A). Sjong withheld them despite Dkt 164's order.

5. Sjong sent a protective order stipulation at 3:58 PM on May 29, 2025, two minutes before the 4:00 PM meet-and-confer, preventing review: "I've just sent you an email as a document that I hope you saw that" (May 29 Transcript, 10.747–36.953, Exhibit A).

6. Defendants' Dkt 184 (June 12, 2025) confirmed headshots exist (Exhibits A–E) but conditioned production on Dkt 179's protective order, seeking "Attorney's Eyes Only" or "Confidential" restrictions, unworkable for a pro se plaintiff. Dkt 184 included insurance papers but did not identify them as supplemental to Rule 26(a)(1)(A)(iv) initial disclosures, overdue since August 23, 2024.

7. Dkt 184 misidentified Schneider as Doe #4, who was not scheduled to work May 18–19, 2023, and does not match Plaintiff's Dkt 157 description (white female, shorter height, heavy weight, 40+), as confirmed by her public photo on the Sheriff's Office website.

8. Dkt 184's identification of Papera (Doe #2) includes a spelling discrepancy (Papara on schedule) and a scheduling issue (absent during Encounter 9, only "dark features" matched, no tattoos visible, per Dkt 157), indicating misidentification.

9. Dkt 184's generic job description (Exhibit F, "Deputy Sheriff-Jailor"), described as uniform by Sjong: "They all had the same job. It's Deputy Jailor" (May 29 Transcript, 144.886–170.418, Exhibit A), fails Dkt 164's requirement, hindering Plaintiff's claims (e.g., Eighth Amendment, Monell).

10. Defendants omitted the Sheriff's Office's public photo policy (e.g., Schneider's website, Horn's Facebook) in Dkt 170, Dkt 179, and Dkt 184, despite Plaintiff's demands (March 28 letter), misleading the Court: "We work providing personally identifiable information from about people that aren't part of the lawsuit" (May 29 Transcript, 193.672–249.629, Exhibit A).

11. Sjong's excuse for omitting headshots in Dkt 170—a communication issue—lacks credibility given public postings: "They contacted us after… one may not have been aware that the headshots were available" (May 29 Transcript, 322.732–373.407, Exhibit A).

12. Plaintiff's good-faith efforts (March 28 letter, May 25–27 emails/voicemail, May 29 meet-and-confer, June 23 and June 27 emails) contrast with Defendants' non-response to emails sent June 23, 2025 (~7:30 AM) and June 27, 2025 (~8:57 AM), confirmed received by Assistant Loebaka on June 27, 2025, ~11:00 AM CDT, with no reply by June 30, 2025. 13. Defendants' bad-faith actions, including incomplete Rule 26(a) disclosures in Dkt 184, prejudice Plaintiff's July 3, 2025, deadline.

## ARGUMENT

1. Defendants' failure to provide headshots, accurate identifications, and specific job descriptions by May 19, 2025, as ordered in Dkt 164 and admitted (May 29 Transcript, 171.565–192.254), warrants sanctions under Rule 37(b) (Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2004)).

2. Defendants' bad-faith conduct includes: - Misidentifying Schneider (not on schedule, photo mismatch) and Papera/Papara (spelling/scheduling issues), failing Dkt 164's "best efforts" (In re Prudential Ins. Co., 169 F.R.D. 598 (D.N.J. 1997)). - Withholding headshots, confirmed in Dkt 184 and May 29 meet-and-confer, under Dkt 179's unreasonable restrictions, despite public postings (Patterson v. Burge, 2005 WL 43240 (N.D. Ill. 2005); May 29 Transcript, 171.565–249.629). - Sending the May 29 stipulation at 3:58 PM, thwarting the meet-and-confer (May 29 Transcript, 10.747–36.953). - Omitting the public photo policy (Exhibit A -May 29 Transcript, 322.732–373.407 Exhibit B – Facebook Website pictures). - Failing to respond to June 23 and June 27, 2025, emails, confirmed received June 27, 2025.

3. Defendants' bad-faith actions prejudice Plaintiff's July 3 deadline, requiring sanctions (Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976)).

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court impose sanctions under Rule 37(b), including:

1. Monetary costs for Plaintiff's time and resources spent pursuing compliance (e.g., March 28, May 25–27, May 29, June 23 and June 27 emails, filings).

2. An adverse inference that withheld headshots and accurate identifications would support Plaintiff's claims.

3. Any further relief deemed just.

Dated: June 30, 2025
Respectfully submitted,

 /s/ Caleb James Grant
Plaintiff
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

Exhibit A – Transcription of 5/29/25 Meet/Confer
Exhibit C - Letter and Doe descriptions/encounters
Exhibit B – Facebook/website deputy Jailers pictures- identified as jailers

<u>Service to all parties via CM ECF</u>
Samuel Hall
Brianna Meyer
Dalton Sjong
Matthew Tobin