IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,

    Plaintiff,

Case No: 23-CV-551

v.

DEPUTY DANIEL KROLIKOWSKI,
DEPUTY STEVEN MESSNER,
DEPUTY ALEX BREUNIG,
SAUK COUNTY,
DEPUTY ERIK KNULL,
SHERIFF RICHARD MEISTER,
and
JOHN DOES 1 THRU 5,

    Defendants.

## PROTECTIVE ORDER

Based on the stipulation of the parties, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 26(c):

1. Any producing party from time to time may designate as "Confidential" any portion of discovery materials that actually contains confidential information, the disclosure of which would, in good faith judgment of the Producing Party, result in disclosure of confidential information. Specifically, "confidential" under this Stipulation means the following:

    a. Confidential materials within the training, personnel, and

    disciplinary file(s) of any named defendant or within such files of any current or former employee of Sauk County, and other personal, confidential materials or records that contain social security numbers, home addresses, names of minor children, full dates of birth, financial account numbers, passwords, medical and psychological records, and the like.

  b. Confidential materials that pertain to the safety and security processes and procedures of the Sauk County Jail and/or Sauk County Sheriff's Department, to the extent that the materials contain information that could compromise the safety and security of the facility, staff, and/or inmates through inclusion of information regarding security measures.

2. To the extent possible, social security numbers, home addresses, names of minor children, dates of birth except the year, financial account numbers, and medical and psychological records will be redacted by the producing party prior to production, in lieu of labeling such information confidential. Inspection and production of documents or information designated as "Confidential" will be conducted pursuant to the following terms and conditions:

  a. Documents or information designated as "Confidential" shall be disclosed only to counsel of record in this action, individuals employed by or assisting counsel in litigating this action, the parties, including Plaintiff who is representing himself in this

        action, the Court, court personnel, members of the jury, stenographic reporters engaged for depositions or other proceedings as necessary for the conduct of this case, and impartial neutrals retained to mediate this action.

    b. Any such confidential documents or information shall be used only for the purpose of prosecuting this action and may not be used by any party or person for any other litigation or non-litigation related purpose.

3. Any witness, lay or expert, to whom such confidential documents or information contained therein is to be disclosed shall first be advised by counsel or party making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person. If confidential materials are disclosed in a setting where the producing party who designated materials as confidential is present, the burden shall fall on the producing/designating party, and not the disclosing party, to inform the witness of the Protective Order. If confidential materials are disclosed in a setting where the producing party who designated materials as confidential is not present, the burden shall fall on the disclosing party to inform the witness of the Protective Order.

    a. Counsel shall inform the witness of the Protective Order by securing from each such witness the attached written statement that he/she understands that, pursuant to this Protective Order, such person may not divulge any such confidential documents or information to

    any other person and that he/she further submits to this Court's jurisdiction for contempt or any other appropriate proceeding in the event of any alleged violation of this Protective Order. The form of such statement is attached hereto as Exhibit A.

  b. Copies of the executed statement obtained by the non-producing/designating party shall be promptly furnished to the producing/designating party at the conclusion of this action.

4. The terms and conditions of this Order shall remain binding on all parties and their counsel after the conclusion of this action.

5. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other evidence filed with the Court reveal information that has been designated as confidential, the confidential information must either be redacted or must be filed under seal by the filing party pursuant to the procedures of the United States District Court for the Western District of Wisconsin for filing sealed documents. The burden will always be on the producing party to label as "Confidential" any interrogatory answer, transcript, or response to a request for admission as confidential, before the burden will fall on the filing party to redact or seal. In the case of deposition testimony, counsel for any party desiring to designate any portion of the transcript or exhibits thereto confidential shall, within ten days after the transcript has been received by such counsel, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

6. Any party filing evidence designated as confidential under section (5) must either (1) file the material under seal; or (2) file an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal within 21 days of the objection.

    a. Any requirement to file a separately-filed, unsealed version that redacts truly confidential information of any document filed under seal pursuant to this agreement shall fall on the producing party who designated the evidence as confidential, and not the filing party.

    b. If the producing party does not file a redacted version pursuant to the above paragraph, within two business days of the sealed version being filed or within a time period granted by the Court, whichever is greater, the filing party or the Court may refile the document un-redacted and not under seal.

7. The production of such confidential documents or information by the producing party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

8. At the termination of this action and all related proceedings, all information designated as confidential pursuant to this Stipulation shall be either returned to the party who produced it upon request or destroyed.

9. Any party or interested member of the public may apply to the Court for

an order modifying this Protective Order, removing the "Confidential" designation from any confidential materials, or extracts or portions thereof, or reclassifying confidential materials.

Dated at Madison, Wisconsin, this ____ day of _____, 2025.

BY THE COURT:

_____
Hon. James D. Peterson
United States District Judge