IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,

    Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, DEPUTY STEVEN MESSNER, DEPUTY ALEX BREUNIG, SAUK COUNTY, DEPUTY ERIK KNULL, SHERIFF RICHARD MEISTER, and JOHN DOES 1 THRU 5,

    Defendants.

Case No. 3:23-cv-00551-jdp

**MOTION FOR RECONSIDERATION UNDER FRCP 54(b) OF PARTIAL SUMMARY JUDGMENT ORDER (DKT. 157) REGARDING PROBABLE CAUSE FOR ARREST**

Plaintiff Caleb James Grant, pro se, respectfully moves this Court under Federal Rule of Civil Procedure (FRCP) 54(b) to reconsider its partial summary judgment Order dated March 17, 2025 (Dkt. 157), granting Defendants' motion on Plaintiff's arrest-related claims by pivoting to traffic offenses as probable cause under *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001). This pivot constitutes a manifest error of law, as it is a post-hoc rationalization not based on the officers' contemporaneous reasoning, and newly discovered or underemphasized evidence from audio and reports confirms the arrest was solely for refusal to identify (obstruction). Relief is warranted to correct this error and prevent manifest injustice, particularly given Plaintiff's pro se status. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff requests the Court reconsider and deny summary judgment on the arrest-related claims, or at least vacate the probable cause finding for the malicious prosecution claim, and allow additional discovery under FRCP 56(d) if needed.

I. INTRODUCTION

Plaintiff seeks reconsideration under FRCP 54(b) of the Court's Order (Dkt. 157, pp. 11-13) finding probable cause for his May 18, 2023, arrest based on traffic offenses, despite the officers' explicit statements that the arrest was for obstruction due to refusal to identify (Dkt. 157, p. 6). Dkt. 157 is not a

final judgment, as claims for malicious prosecution and conditions of confinement remain active (Dkt. 157, pp. 15-18), making FRCP 59(e) inapplicable; FRCP 54(b) governs, as the Court has used it for similar motions (e.g., Dkt. 197). Relief is appropriate for manifest error of law or newly discovered evidence. *Woods v. Resnick*, 725 F. Supp. 2d 809, 828 (W.D. Wis. 2010); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The *Atwater* pivot is a legal error, as probable cause must be based on facts known at arrest, not post-hoc inventions. *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013); *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020). Audio and reports, underemphasized due to pro se constraints (*Haines*, 404 U.S. at 520), qualify as newly discovered or warrant reconsideration. Plaintiff requests reversal of the probable cause finding, denial of summary judgment on arrest claims, and FRCP 56(d) discovery to explore the pivot's implications.

II. ARGUMENT

A. Manifest Error of Law: The Atwater Pivot Is a Post-Hoc Rationalization Ignoring Contemporaneous Justification Requirements

The Court's pivot to traffic offenses as probable cause under *Atwater* (Dkt. 157, pp. 11-13) is a manifest error of law, as it ignores Seventh Circuit requirements that probable cause be based on facts known at arrest and closely related to the officers' stated reasons. *Abbott*, 705 F.3d at 714; *Eymann*, 962 F.3d at 282. *Devenpeck v. Alford*, 543 U.S. 146 (2004), allows alternative justifications only if "closely related" to the original and based on known facts—not invented later (Dkt. 157, p. 12). Here, officers repeatedly stated the arrest was for "obstructing" by refusing to identify (e.g., "you are required to identify yourself... we can arrest you for obstructing," Dkt. 157, p. 6; audio from Dkt. 87 attachment, 0:06:32-07:06), with no mention of traffic offenses as arrest grounds until post-arrest. Reports and testimony confirm refusal to ID as the sole basis (Dkt. 106, ¶¶ 33-128; Messner's Declaration, Dkt. 113). Pivoting to traffic offenses post-hoc violates contemporaneous justification principles. *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1344 (7th Cir. 1985). This error warrants reconsideration.

B. Newly Discovered or Underemphasized Evidence: Audio and Reports Confirm Sole Basis Was Refusal to Identify

Audio/quotes (e.g., Krolikowski: "You are required to identify yourself... we can arrest you for obstructing," Dkt. 157, p. 6; Dkt. 87-1, 0:06:06.00) and reports (Dkt. 106, ¶¶ 33-128) confirm the arrest was solely for obstruction/refusal to ID, not traffic offenses. This evidence, in the record but underemphasized due to Plaintiff's pro se status (*Haines*, 404 U.S. at 520), qualifies for reconsideration as newly discovered or warranting relief to prevent injustice. *Rothwell Cotton*, 827 F.2d at 251. It directly contradicts the *Atwater* pivot, showing no contemporaneous reliance on traffic offenses.

C. Tie to Sovereign Label/Pretext: The Pivot Masks Ideological Targeting

Exhibit D (sovereign label in reports/CI tip, SC-CJG000009, pp. 9, 11, 20) shows the true motive was bias against Plaintiff's "sovereign" beliefs (Dkt. 157, pp. 5-6; Dkt. 174, p. 3), making the *Atwater* pivot a cover-up. This pretextual targeting, evidenced by Krolikowski's "We're not going to play those games" (Dkt. 87-1, 0:03:24.00; Exhibit O, ¶ 16), underscores malice for malicious prosecution (Dkt. 157, pp. 15-16). The pivot ignores this, warranting reconsideration.

III. CONCLUSION

Plaintiff respectfully requests the Court reconsider its Order (Dkt. 157), vacate the probable cause finding, deny summary judgment on arrest-related claims, and allow FRCP 56(d) discovery. Attachments: Audio transcripts (Dkt. 87-1 excerpts), report excerpts (Dkt. 106, ¶¶ 33-128), and Plaintiff's affidavit affirming no other arrest reason was given.

Dated: July 25, 2025

/s/ Caleb James Grant

Caleb James Grant, Pro Se
C/o E7973A Beth Road
Reedsburg, WI 53959
608-386-3467
CJGAgent@protonmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties via ECF/CM on July 25, 2025.

/s/ Caleb James Grant