IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB JAMES GRANT,

                Plaintiff,

v.

DEPUTY DANIEL KROLIKOWSKI, *et al.*,

                Defendants.

OPINION and ORDER

23-cv-551-jdp

---

Plaintiff Caleb J. Grant, representing himself, is proceeding against defendant members of the Sauk County Sheriff's Department on malicious prosecution claims. He is also proceeding on conditions-of-confinement claims, and the parties are working on identifying the five "John Doe" defendants for those claims. I held a telephonic status conference on July 9, 2025 to address the remaining Doe discovery, and ordered defendants to file a proposed protective order and to produce headshots and corrected identifying information for the Does. Dkt. 196 at 2–3.

This order addresses the parties' subsequent filings concerning that production. For one, the parties do not agree on language for a protective order. *See* Dkts. 199 & 201. For another, Grant seeks to compel color headshots, job descriptions, and an unmarked copy of the employee schedule for the Does, to sanction defendants for failing to produce these materials despite attempts to meet and confer, and to extend his deadline to amend his complaint. Dkts. 205, 206 & 207.[1]

---

[1] Plaintiff has also filed motions to supplement his summary judgment materials, Dkts. 173 & 184, a related motion for sanctions, Dkt. 172, a motion for reconsideration of the court's order on partial summary judgment, Dkt. 202, and a supplemental motion for reconsideration, Dkt. 204. The court will rule on these motions in a separate order.

ANALYSIS

A.  **Protective Order**

Defendants seek a protective order in response to plaintiff's request to compel production of corrective identifying information for the five Doe defendants as well as their headshots. Dkt. 201. They want to prevent plaintiff from publicly disseminating sensitive and personally identifiable information in the requested materials. Plaintiff wants to ensure that he and one designated non-attorney advisor can view the information produced. Dkts. 199 & 200.

Civil litigation in federal court is presumptively conducted in public. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). But the stage of the case matters—the court will enter standing protective orders to facilitate discovery of confidential information. *See Baxter Int'l*, 297 F.3d at 545 ("Secrecy is fine at the discovery stage, before the material enters the judicial record.") This is in keeping with the Federal Rules of Civil Procedure, which allow for some protection of confidential information during discovery. Fed. R. Civ. P. 26(c).

I will grant and reconcile the parties' requests for a protective order. To that end, I have made edits to defendants' proposed language that address plaintiff's concerns by ensuring that he and the advisor he retains to help him can view the information, provided that the advisor signs an agreement to be bound by the terms. I have also streamlined the terms of defendants' proposed order to ensure that it protects only truly confidential information and restricts the use of this information to this litigation. I will enter the reconciled protective order separately, and it will govern discovery in this case going forward.

**B. Plaintiff's motion to compel and for sanctions**

Although defendants have produced black and white headshots and an employee schedule, plaintiff has raised concerns with the materials produced. He states that defendants have misidentified Doe No. 5 and seeks confirmation that this Doe is in fact J. Bonham. Dkt. 206. Plaintiff also seeks to compel production of color headshots of the Does and a copy of the employee schedule that are not marked with "Attorney's Eyes Only" or "Confidential," arguing that the black and white, stamped headshots impede accurate identification and the schedule is not confidential. Dkts. 205 & 207. He also seeks job descriptions for the Does. According to plaintiff, sanctions are appropriate because defendants' counsel has not been responsive to his attempts to resolve this dispute and has produced materials that do not allow for accurate identification in bad faith. Dkt. 205 at 2.

I will deny plaintiff's request for sanctions. Defendants made an effort to produce materials as ordered by the court, but without the benefit of a protective order in place. Now that there is a protective order, the parties should re-engage in the meet-and-confer process and make a good faith attempt to resolve the final issues impeding identification of the Does. In light of this instruction, I will extend plaintiff's deadline to amend his complaint, so he will not be prejudiced by any delay this ongoing dispute has caused.

In the interest of facilitating this meet and confer, I will grant plaintiff's motion to compel in part. If there are color versions of the headshots, those will help facilitate the identification of the Does and should be produced before the parties meet and confer. Defendants' counsel must also investigate the issues plaintiff raises regarding the identification of Doe No. 5 in advance of the parties' meet and confer so the parties can agree on the

identification, if possible. I will leave it to the parties to discuss how to produce the employee schedule in consideration of the protective order's terms.

I will not compel defendants to produce additional information on job descriptions at this time. As I explained during the previous status conference, once the Doe defendants are identified in an amended complaint and have answered or otherwise responded, plaintiff can serve discovery requests on this topic targeted to the identified defendants.

## C. The case schedule

In view of this order, I will grant plaintiff's request to extend his deadline to file an amended complaint identifying the Doe defendants and impose the following deadlines:

- The parties must meet and confer regarding plaintiff's Doe discovery issues by September 5, 2025. Defendants' counsel must investigate the identity of Doe No. 5 and defendants must produce any color versions of the headshots in advance of the meet and confer.

- Plaintiff's deadline to amend his complaint with the names of the Doe defendants is September 19, 2025.

- The court will hold a telephonic scheduling conference on October 1, 2025, at 3:30 p.m. to reset the case schedule.

ORDER

IT IS ORDERED that:

1. Defendants' motion for a protective order, Dkt. 201, and plaintiff's motion for a protective order, Dkt. 199, are GRANTED in part. The court will issue a reconciled protective order separately.

2. The court will hold a telephonic scheduling conference on October 1, 2025, at 3:30 p.m. The parties are to call (669) 254-5252 and enter meeting ID 161 2455 6623 when prompted.

3. The parties are ORDERED to meet and confer by September 5, 2025, about plaintiff's Doe discovery issues.

4. Plaintiff's motion to compel, Dkt. 206, is GRANTED in part as described in this order. Specifically, defendants' counsel must investigate the identity of Doe No. 5 and defendants must produce any color versions of the headshots in advance of the parties' meet and confer.

5. Plaintiff's motion for an extension of time to identify the Doe defendants, Dkt. 207, is GRANTED. The deadline to amend the complaint is September 19, 2025.

Entered August 27, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge

5