IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CALEB JAMES GRANT,

    Plaintiff,

Case No: 23-CV-551

v.

DEPUTY DANIEL KROLIKOWSKI,
DEPUTY STEVEN MESSNER,
DEPUTY ALEX BREUNIG,
SAUK COUNTY,
DEPUTY ERIK KNULL,
SHERIFF RICHARD MEISTER,
and
JOHN DOES 1 THRU 5,

    Defendants.

## PROTECTIVE ORDER

The parties anticipate exchanging confidential information to facilitate discovery in this case. For good cause, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 26(c):

1. A party producing information as part of the discovery process in this case may designate that information as "Confidential" under this protective order if the information (a) is sensitive or proprietary, (b) is not public or generally known, and (c) the disclosure of which would cause harm to the producing party. Non-exhaustive examples of "Confidential" information include:

    a.    Materials within the training, personnel, and

                disciplinary file(s) of any named defendant or within such files of any current or former employee of Sauk County, and other personal, materials or records that contain social security numbers, home addresses, names of minor children, full dates of birth, financial account numbers, passwords, medical and psychological records, and the like.

    b.    Materials that pertain to the safety and security processes and procedures of the Sauk County Jail and/or Sauk County Sheriff's Department, to the extent that the materials contain information that could compromise the safety and security of the facility, staff, and/or inmates through inclusion of information regarding security measures.

2.    To the extent possible, social security numbers, home addresses, names of minor children, dates of birth except the year, financial account numbers, and medical and psychological records should be redacted by the producing party prior to production. Inspection and production of information designated as "Confidential" will be conducted pursuant to the following terms and conditions:

    a.    Information designated as "Confidential" shall be disclosed only to (i) the parties, (ii) counsel of record and their employees or consultants, (iii) individuals retained by the parties to assist in the action, provided they sign an agreement to be bound and are identified in writing seven days in advance of any disclosure, (iv) witnesses during deposition or trial, provided they sign an agreement to be bound,

    (v) the Court, court personnel, members of the jury, stenographic reporters engaged for depositions or other proceedings as necessary for the conduct of this case, and

    (vi) impartial neutrals retained to mediate this action.

  b. Information designated as "Confidential" shall be used only for the purpose of prosecuting this action and may not be used by any party or person for any other litigation or non-litigation related purpose.

3. The producing party must designate confidential information under this order by labeling it "Confidential" on the face of the material or in the file name. In the case of deposition testimony, any party desiring to designate any portion of the transcript or exhibits thereto shall, within ten days after the transcript has been received, designate those portions of the transcript which contains testimony concerning confidential materials as "Confidential."

4. If a party disputes a "Confidential" designation, they must challenge it in writing within 14 days. The parties must meet and confer in good faith in an effort to revolve the issue without court intervention. The designating party bears the burden of proving confidentiality. The materials remain Confidential until the Court rules otherwise.

5. To the extent that any materials filed with the Court reveal information that has been designated as "Confidential," the material must either be redacted or must be filed under seal by the filing party pursuant to Administrative Order No. 337 of the United States District Court for the Western District of Wisconsin.

6. At the termination of this action and all related proceedings, including appeals, all information designated as "Confidential" pursuant to this order shall be either returned to the party who produced it upon request or destroyed.

7. The terms and conditions of this order shall remain binding on all parties and their counsel after the conclusion of this action.

8. The court has jurisdiction over this order, and violations of this order may result in sanctions.

SO ORDERED.

/s/

Anita Marie Boor

U.S. Magistrate Judge