IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALEB JAMES GRANT,

                Plaintiff,

  v.

DANIEL KROLIKOWSKI, STEVEN MESSNER,
ALEX BREUNIG, SAUK COUNTY, ERIK KNULL,
RICHARD MEISTER, and JOHN DOES 1–5,

                Defendants.

OPINION and ORDER

23-cv-551-jdp

---

Plaintiff Caleb J. Grant, proceeding without counsel, alleges that defendant members of the Sauk County Sheriff's Department on two occasions unlawfully pulled over the car he was driving, searched him and arrested him without probable cause, and then subjected him to unconstitutional conditions of confinement at the Sauk County Jail. He also brought claims against the district attorneys who prosecuted him. I previously dismissed all of Grant's claims relating to the traffic stops, arrest, and prosecution, with the exception of his malicious prosecution claims, about which I asked the parties to submit supplemental briefing, Dkt. 114 and Dkt. 157. This order addresses Grant's second motion for reconsideration, his motion for sanctions against defendants, and the parties' supplemental summary judgment briefing on the malicious prosecution claims. I will deny Grant's motions for reconsideration and for sanctions, and I will grant summary judgment to defendants on Grant's malicious prosecution claims.

BACKGROUND

In Spring 2023, Grant was twice pulled over by defendant Sauk County Sheriff's Department officials. Defendants say that they pulled Grant over on both occasions for

equipment violations regarding the exhaust system on the vehicle that Grant was driving. During the second stop, Grant refused to identify himself. Grant was charged with obstruction and was issued two traffic citations for operating without a valid license and two citations for the equipment violations. A court trial was held on the four traffic citations and the criminal obstruction charge; the court found Grant guilty of all of the traffic citations. Following that, the obstruction charge was dismissed on the prosecutor's motion.

Grant filed this lawsuit alleging that the Sauk County Sheriff's department officials unlawfully stopped him and arrested him and then subjected him to unconstitutional conditions of confinement. He also alleged that defendant district attorneys brought charges against him without probable cause. I granted the district attorneys' motion to dismiss on the ground that they are immune from suit. Dkt. 114, at 3–4. And I granted the county defendants' motion to dismiss Grant's claims under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978), directly against the county related to his traffic stops, arrest, and prosecution. *Id.* at 3.

Both sides then moved for summary judgment on the remaining claims regarding the traffic stops, arrest, and prosecution (the resolution of Grant's claims regarding unconstitutional conditions of confinement at the jail were delayed by process of identifying the "John Doe" defendants associated with those claims and are proceeding on a separate schedule). I granted the county defendants' motion and denied Grant's motion on all of Grant's claims regarding the traffic stops and arrest because the officers had reasonable suspicion that Grant was violating vehicle equipment regulations and probable cause to arrest him, and they otherwise acted reasonably during the incidents. Dkt. 157. But I noted that Grant also intended to bring malicious prosecution claims against both individual county defendants and

the county itself that were not clearly part of the case until they were explicitly included in an amended complaint that he filed after the county defendants moved for summary judgment. *Id.* at 16. I directed the parties to submit supplemental briefing and proposed findings of fact regarding those claims. *Id.* They have done so.[1] I later denied Grant's motion for reconsideration of my orders dismissing most of his claims. Dkt. 197.

## ANALYSIS

### A. Motion for reconsideration

Grant again moves for reconsideration of my decisions dismissing most of his claims, Dkt. 202, and he followed with a supplement to that motion, Dkt. 204. I may grant a motion for reconsideration only to correct a manifest error of law or fact or to present newly discovered evidence. *Woods v. Resnick*, 725 F. Supp. 2d 809, 828 (W.D. Wis. 2010) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Grant argues that I should not have granted summary judgment to members of the Sauk County Sheriff's Department on his Fourth Amendment false-arrest claim because there wasn't probable cause supporting their stated reason for arresting him: his obstruction by refusing to answer their questions about his identity. In granting defendants summary judgment on this claim, I noted that Wisconsin courts have concluded that it isn't obstruction to refuse to answer

---

[1] After filing his initial supplementary materials, Grant moved to further supplement his summary judgment materials. Dkt. 173; Dkt. 174; Dkt. 226. I will grant those motions and consider all of Grant's materials.

an officer's request to identify oneself during a stop like the one at issue here, so there wasn't probable cause to arrest him for an obstruction charge. Dkt. 157, at 12. But I concluded that Grant's claim nonetheless failed because there was probable cause to arrest him for other offenses like operating without a valid driver's license or with a suspended or revoked license, or failing to carry or refusing to display his license upon demand, even though that wasn't defendants' stated reason for the arrest. *Id.* at 13.

Grant argues that this reasoning was incorrect because under *Devenpeck v. Alford*, 543 U.S. 146 (2004), an "alternative justification[]" for arrest complies with the Fourth Amendment only if is "closely related" to the original justification. Grant also argues that an arrest violates the Fourth Amendment if it is based on a malicious reason; he believes that he was actually arrested because of his "'sovereign'" beliefs. *Id*. at 3.

Grant is incorrect about Fourth Amendment law. In *Devenpeck*, the Supreme Court explicitly rejected the theory that an officer's subjective state of mind is relevant to the probable cause analysis, and that an arrest violates the Fourth Amendment if a proper but unstated justification isn't closely related to the officer's stated justification. 543 U.S. at 593–94 ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. . . . The rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest is inconsistent with this precedent."). And if there is probable cause for an arrest, it doesn't matter if an officer held a malicious motive for the arrest. *See, e.g., Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Because I properly applied Fourth Amendment law in granting defendants' motion for summary judgment on Grant's false-arrest claims, I will deny this portion of his motion for reconsideration.

Grant again seeks reinstatement of his claims against a separate group of defendants, Sauk County district attorneys Michael Albrecht and Gabriel Arevalo, for charging him with obstruction, a charge that was later dismissed. But as I previously ruled in dismissing them from the case and in denying Grant's previous motion for reconsideration, Albrecht and Arevalo are protected by absolute immunity for their prosecutorial acts. Dkt. 114, at 4; Dkt. 197, at 2. Grant does not address the immunity issue in his new motion for reconsideration, not does anything in his new motion otherwise persuade me that I was incorrect in applying this immunity to defendants. I will deny this portion of Grant's motion for reconsideration.

### B.  Motion for sanctions

Grant moves for an order sanctioning defendants for delaying in providing him their declarations, hampering his ability to respond to defendants' summary judgment motion and develop his malicious prosecution claims. Dkt. 172. Grant argues that defendants' declarations should have been included in their initial disclosures, and he continues to argue that this court's administrative order exempting parties in pro se cases from making initial disclosures conflicts with amendments to Federal Rule of Civil Procedure 26.

But defendants can't be sanctioned for following this court's administrative orders, and they provided Grant with those disclosures after being ordered to by the court. Dkt. 114, at 7–8. Moreover, declarations generated to support a summary judgment motion are simply not documents expected to be shared in an initial disclosure—they undoubtedly didn't exist at the outset of the case. And in any event, nothing in Grant's motion suggests that he was prejudiced by the timing of defendants' disclosures. He states that late disclosure prevented him from developing his malicious prosecution claims, but I specifically gave the parties more time to file

supplemental summary judgment materials regarding those claims, so Grant has had ample time to obtain discovery related to those claims. I will deny his motion for sanctions.

## C. Supplemental summary judgment briefing

Grant brings malicious prosecution claims against defendants Deputy Daniel Krolikowski and Sergeant Erik Knull (who arrested him and provided information for the criminal complaint), Deputy Alex Breunig (who signed the criminal complaint), Sheriff Richard Meister, and Sauk County for causing him to be charged with obstruction after the second time that Grant was pulled over for a traffic violation. Both sides move for summary judgment on these claims.

### 1. Undisputed facts

Based on the parties' proposed findings of fact and audio of the incident from Grant's cell phone, attachment to Dkt. 87,[2] the material facts are undisputed:

After pulling Grant's car over, defendant Deputy Krolikowski explained that the protruding exhaust pipe protruding 10–12 inches from the body of the car violated DOT regulations because it was unsafe and could burn someone. Grant disagreed that the exhaust pipe was unsafe. He also refused to provide a driver's license when asked by Krolikowski.

After about a four-minute discussion about these issues, Krolikowski told Grant that he could issue him a citation and asked him for his name. Grant refused to give Krolikowski his name. Krolikowski then quickly twice asked Grant to step out of the car. Within a few seconds of asking Grant to step out of the car Krolikowski brandished his baton and said, "Step out, or the window's breaking." *Id.*, at 4:17. Grant started to argue with the officers but then as they

---

[2] There are short bursts of video on the footage, but none of it is relevant to this case, and the screen is otherwise black for the vast majority of the footage.

continued to tell him to step out of the car, Grant repeatedly said "O.K." *Id.* at 4:20–4:22. Krolikowski told Grant to unlock the door, to keep his hands where Krolikowski could see them, and asked him whether he had any weapons in his car; Grant said he didn't think so. The door of the vehicle opened and Grant exited about 20 seconds after being first asked by Krolikowski.

The officers handcuffed Grant and told him that they were allowed to arrest Grant for obstructing them by refusing to identify himself and that they've had other incidents with people who refused to identify themselves, that the law requires someone violating the law to identify themselves, and that meant that they could arrest Grant for obstructing.

Grant was indeed charged with obstruction based on Krolikowski's and Knull's reports, but that charge was later dismissed on the prosecutor's motion.

### 2. Analysis

The United States Supreme Court has recognized a Fourth Amendment claim for malicious prosecution when a defendant's actions cause the plaintiff to be seized without probable cause. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). The elements of such a claim are "(i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution "terminated in the acquittal or discharge of the accused." *Id.* at 44 (internal quotation omitted).

Grant contends that there was no probable cause for the obstruction charge. In my summary judgment opinion, I construed Grant to be saying that Krolikowski and Knull enforced a sheriff's office practice by arresting him for obstruction for his failure to identify

himself. Defendants initially argued that Grant's failure to identify himself gave them probable cause to arrest him for obstruction.

In Wisconsin, the elements of obstructing an officer are:

> (1) the defendant obstructed an officer;
>
> (2) the officer was doing an act in his or her official capacity and with lawful authority; and
>
> (3) the defendant obstructed the officer knowing, that is, the defendant knew or believed that he or she was obstructing the officer while the officer was acting in his or her official capacity and with lawful authority.

*Henes v. Morrissey*, 194 Wis. 2d 338, 353, 533 N.W.2d 802 (1995) (citing Wis. JI—Criminal 1766). Under Wis. Stat. § 946.41(2)(a) "obstructs" is defined as "includ[ing] without limitation knowingly giving false information to the officer or knowingly placing physical evidence with intent to mislead the officer in the performance of his or her duty." But I noted that under Wisconsin law, it is not obstruction to decline to answer an officer's request to identify oneself during a traffic stop. Dkt. 157, at 12 (citing *Henes*, 194 Wis. 2d at 354; Wis. JI—Criminal 1766 cmt. 3 (2024) ("In the Committee's judgment, a refusal to answer questions by itself should not be considered 'obstructing an officer' in violation of § 946.41."); *State v. Woodring*, 1996 WL 653703, unpublished slip op., at *2 (Ct. App. 1996) (applying *Henes* to affirm dismissal of obstruction charge against persons who refused to identify themselves upon being cited for trespass)).

In their supplemental briefing, defendants argue that aside from Grant's refusal to identify himself, there was another basis for arresting him for—and charging him with—obstruction: Grant initially failed to comply with the officers' orders to step out of his vehicle. The state court made this exact conclusion in denying Grant's motion to dismiss the

8

obstruction charge, first discussing *Henes* and Wis. JI—Criminal 1766 with regard to the criminal complaint's allegations that Grant refused to identify himself, but ultimately ruling that there was probable cause for the obstruction charge because the criminal complaint included allegations that Grant defied the officers' initial directives to step out of the car. Dkt. 62-7, at 16 (state court transcript); Dkt. 93-1 (criminal complaint).

A judicial determination of probable cause is entitled to a presumption of validity. *See, e.g., Washington v. City of Chicago*, 98 F.4th 860, 863 (7th Cir. 2024). This presumption can be rebutted by a showing that an officer intentionally or recklessly made false statements to the judge that materially affected that decision. *Lewis v. City of Chicago*, 914 F.3d 472, 477 (7th Cir. 2019). Grant doesn't argue that Krolikowski and Knull lied in their reports about his initial refusal to comply with the officers' directives to step out of the car. He instead argues that the entire stop was pretextual based on the sheriff's department's animus toward him because they viewed him as a "sovereign citizen."[3]

But regardless of the officers' subjective views, Grant can't maintain a malicious prosecution claim for a charge that is supported by probable cause. The state court concluded that there was indeed probable cause. And even without the presumption of validity usually given to state court probable cause findings, I would conclude that the individual defendants are at least entitled to qualified immunity on Grant's malicious prosecution claims.

Under the doctrine of qualified immunity, a plaintiff may not obtain damages from a defendant for a constitutional violation unless the plaintiff shows not only that the defendant

---

[3] Grant also argues that the officers' actions are unlawful because they had not filed up-to-date oaths of office. But the acts of a "de facto" officer who failed to file an oath of office required by law are still valid. *Walberg v. State*, 73 Wis. 2d 448, 463, 243 N.W.2d 190 (1976).

violated his rights, but also that his rights were clearly established at the relevant time. The plaintiff can meet this burden by pointing to either: (1) a closely analogous, binding case that was decided in his favor; (2) a more general constitutional rule that applies "with obvious clarity" to the defendant's conduct. *Cibulka v. City of Madison*, 992 F.3d 633, 639–40 (7th Cir. 2021). In deciding whether the defendants are entitled to qualified immunity on a motion for summary judgment, the court must view the evidence in the light most favorable to the plaintiff and ask whether a reasonable jury could find that the defendants violated the plaintiff's clearly established rights. *Jerger v. Blaize*, 41 F.4th 910, 913 (7th Cir. 2022); *Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017).

This doctrine provides an added layer of protection to law enforcement officers, allowing for reasonable mistakes in judgment. The county defendants are entitled to qualified immunity on Grant's malicious prosecution claims if "a reasonable officer could have mistakenly believed that probable cause existed." *Fleming v. Livingston County, Ill.*, 674 F.3d 874, 879–80 (7th Cir. 2012) (internal quotes omitted). This standard is often termed "arguable probable cause." *Id.* Arguable probable cause is established when "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Id.* at 880.

Grant doesn't cite any closely analogous binding cases or a more general rule that obviously applies here. Rather, I have previously concluded that officers have arguable probable cause for pressing an obstruction charge against a subject who disobeys an officer's order. *Harris v. City of La Crosse*, 745 F. Supp. 3d 733, 751 (W.D. Wis. 2024). In short, a reasonable officer in Krolikowski's or Knull's shoes could have reasonably believed that there was probable cause

10

for an obstruction charge given Grant's initial refusal to step out of his vehicle. Therefore, they are entitled to qualified immunity on Grant's malicious prosecution claims against them. The same holds true for Grant's individual-capacity claims against defendant Breunig for signing the criminal complaint and against Sheriff Meister for his role as a supervisor. I will deny summary judgment to Grant and I will grant summary judgment to the county defendants on Grant's individual-capacity claims.

A plaintiff could still theoretically succeed on a *Monell* claim even though underlying claims against individuals are barred by qualified immunity. But to do so, Grant would need to show that his prosecution resulted from a policy, widespread practice, or decision by a policymaker. But at summary judgment all Grant has submitted are statements by the officers at his two arrests that they believed that they could arrest someone for obstruction if they failed to identify themselves. Although courts have not adopted any bright-line rules for how many instances are needed to establish a widespread custom or practice, it is well settled that "a single incident—or even three incidents—[will] not suffice." *Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014). Grant's scant evidence of a county practice is insufficient to maintain a *Monell* claim against the county itself. Accordingly, I will deny Grant's motion for summary judgment and I will grant the county defendants' motion for summary judgment on this claim.

CONCLUSION

I am denying Grant's motion for summary judgment on his malicious prosecution claims and granting the county defendants' motion for summary judgment on those claims. Taken together with my previous rulings, this means that all of Grant's claims about his traffic stops, arrest, and prosecution are dismissed. That leaves Grant's conditions-of-confinement

11

claims about his time at the jail. Those claims are proceeding on a separate scheduling order,

*see* Dkt. 225, and I need not address those claims in this order.


ORDER

IT IS ORDERED that:

1. Plaintiff Caleb J. Grant's motion for reconsideration, Dkt. 202 and Dkt. 204, is DENIED.

2. Plaintiff's motion for sanctions, Dkt. 172, is DENIED.

3. Plaintiff's motions to further supplement his summary judgment materials, Dkt. 173 and Dkt. 174, are GRANTED.

4. Plaintiff's motion for partial summary judgment on his malicious prosecution claims, Dkt. 101, is DENIED.

5. The county defendants' motion for partial summary judgment on plaintiff's malicious prosecution claims, Dkt. 104, is GRANTED.

Entered March 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge