## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WISCONSIN
### Case No. 3:23-cv-00551-jdp

**CALEB JAMES GRANT,**

>      Plaintiff,

**v.**

**DYLAN HORN, MICHAEL PAPARA, BRUCE BAILEY, KRISTI SCHNEIDER, MICHELLE STRONG, JEAN BONHAM, and SAUK COUNTY,**

>      Defendants.

### AFFIDAVIT OF CALEB JAMES GRANT IN SUPPORT OF MOTION TO COMPEL

I, Caleb James Grant, being duly sworn, depose and state as follows:

1. I am the Plaintiff in the above-captioned matter and submit this Affidavit based on my personal knowledge.
2. On April 10, 2024, I sent a formal letter to Crivello, Nichols & Hall, S.C. demanding preservation of all documents and electronically stored information, including computer files, relevant to this case. A true and correct copy of that letter is attached as **Exhibit A**.
3. On June 11, 2026, Defendants produced nine jail video files on a digital storage device. These files were identified as "Confidential" and were accompanied by a chain-of-custody report and a list of SHA-256 hash values.
4. On or about June 12, 2026, I computed the SHA-256 hash values of each of the nine video files I received using **Visual-Hash**, a free and publicly available hashing program (Version 1.2). A true and correct screenshot of the hash computation is attached as **Exhibit B**.
5. The SHA-256 hash values I computed for the received video files do not match the SHA-256 hash values listed in the production documentation provided by Defendants. A true and correct copy of Defendants' hash listing is attached as **Exhibit C**.
6. The mismatch between the hash values I computed and the hash values provided by Defendants confirms that the video files I received are not identical to the files originally certified by Defendants.
7. On June 1, 2026 and June 15, 2026, I sent Meet-and-Confer letters to Defendants' counsel regarding deficiencies in their discovery responses, including the altered and late production of the jail videos. True and correct copies of those letters are attached as **Exhibit D** and **Exhibit E**, respectively.
8. In my June 15, 2026 Meet-and-Confer letter, I specifically objected to the production of the altered video files and demanded production of the original, unedited videos or, alternatively, a detailed log describing every redaction and edit.
9. The facts stated herein are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22 day of June, 2026.

### /s/ Caleb James Grant

Caleb James Grant, Plaintiff, Pro Se
**C/o E 7973 Beth Rd**
Reedsburg, WI 53959
(608) 386-3467
CJGAgent@protonmail.com

EXHIBIT A

Caleb J. Grant
C/o E7973 Beth Rd
Reedsburg, WI 53959
CJGAgent@protonmail.com
608-386-3467

dated 4/10/2024

Crivello, Nichols, and Hall, S.C.
Attn: Samuel Hall, Matthew Tobin
710 North Plankinton Ave
Milwaukee, WI 53203

**Re:REQUEST FOR DOCUMENT RETENTION AND PRESERVATION**

Dear Counsel:

Please be advised that through the court process known as "discovery" I intend to examine all of your records, notes, letters, documents and writings concerning the case 23cv551. This not only includes paper writings and records but also consists of electronic, taped and computerized writings as well. These records further include computer files, email and faxes. We consider all of this information to be important evidence that should be preserved. And we ask that you please take immediate steps to preserve such information.

Therefore, please do not destroy, erase or over-write any writings or documents, regardless of physical form or type, that, in any manner, pertain to the subject cannon. We would ask that if you have a policy involving the periodic destruction of such information that you suspend the policy immediately in so far as it pertains to the subject information.

Please be advised that merely opening a computer file or email messages will alter and obliterate important information.
Sincerely,

__/s  Caleb J. Grant__
CJGAgent@protonmail.com

EXHIBIT B



EXHIBIT C

## Case Name: SC23-10463

| Folder Path | File Name | Description | Filehash (SHA256) | Date Time |
|---|---|---|---|---|
| SC23-10463 | 20230925_01_21_04_1 | -- | 051ed7c0597b6425cb96afcb7bfbdb965e4ddc1180fe2e7a6218b02845510016 | 2023-09-25 14:23 (CST) |
| SC23-10463 | 20230926_09_22_16_1 | -- | 0a6a386b20b3aa9fd811296e78aab5a3b5c48dd900632e7143bdd0258dd4c82b | 2023-09-26 09:32 (CST) |
| SC23-10463 | 20230925_01_01_10_1 | -- | 13406b5c3760fc0dd609d46fe24164e56ed13fda020a67cd67871257657d1e82 | 2023-09-25 13:03 (CST) |
| SC23-10463 | 20230926_09_14_10_1 | -- | 1bfbaab2dbf6b4ebe792bb3b0c52e2244cff3488e7bacb8ba44a167349ace597 | 2023-09-26 09:17 (CST) |
| SC23-10463 | 20230926_09_14_10_1 | -- | 3a34c59e10736d365c9fac9b67a892eb00009c41047f9e54a733756296ca0edc | 2023-09-26 09:17 (CST) |
| SC23-10463 | 20230925_12_27_46_1 | -- | 49ed02cec1bc44277165ad6e7795eb1d019423f5d21395a7811dcfed60821600 | 2023-09-25 12:50 (CST) |
| SC23-10463 | 20230925_09_22_16_1 | -- | 4b71593fdc9088dd2cb975c00039104ccf266f531a004e2426d963486708a4b8 | 2023-09-26 09:32 (CST) |
| SC23-10463 | 20230925_02_30_33_1 | -- | 6a382ddd809536e5170364c47c1ef7e058af4a74053757111d275bfe8c5f1a71 | 2023-09-25 16:11 (CST) |
| SC23-10463 | 20230925_10_47_43_1 | -- | 7ff431477f023415422579bfce3a81cab3e1f28aee408b2d995530c6b950d68b | 2023-09-25 10:50 (CST) |
| SC23-10463 | 20230926_09_39_05_1 | -- | b6b49f4ec90d342e9059e9584f6e58af60887c63de0c827d1a3ab4e7769ead04 | 2023-09-26 09:39 (CST) |
| SC23-10463 | 20230926_09_40_44_1 | -- | cc0368cc45e0eecc107583ad3ebe47382db0880b212bd64b24488054d082a6e8 | 2023-09-26 09:41 (CST) |
| SC23-10463 | 20230926_09_39_05_1 | -- | ec3999fbeea16b0b1168364eebfe45477164aa1beb81016227e131597d50d46d | 2023-09-26 09:39 (CST) |
| SC23-10463 | 20230926_09_40_44_1 | -- | f9447d399c98492dbd6dec60d503b100aee496ac38c15dc8f219da43ee5da407 | 2023-09-26 09:41 (CST) |

June 1, 2026                                                    EXHIBIT D

**Via Email**

Nathaniel Cullen, Esq.
Crivello, Nichols & Hall, S.C.
710 N. Plankinton Avenue,
Suite 500
Milwaukee, WI 53203

Re: *Grant v. Krolikowski, et al.* Case No. 3:23-cv-00551-jdp Plaintiff's Revised Discovery Requests to the Identified Does (served April 22, 2026) Your Responses dated May 23, 2026

Dear Attorneys Cullen, Mills, Hall:

This letter constitutes Plaintiff's good-faith attempt to confer under Federal Rule of Civil Procedure 37(a)(1) regarding Defendants' responses to Plaintiff's Revised Requests for Admission, Requests for Production, and Interrogatories served on the six identified Does.

Defendants' responses consist almost entirely of boilerplate objections ("not arguably relevant to any party's claims or defenses," "impermissibly vague," "overbroad," "unduly burdensome") and provide virtually no substantive answers. This is precisely the type of evasive conduct that Rule 26(b) and 37(a) are intended to prevent, and which this Court has previously warned Defendants against in this litigation (Dkt. 157).

**Specific examples include, but are not limited to:**

- RFAs 5–9 concerning cell conditions during Plaintiff's May 18–19, 2023 confinement (constant bright lighting that was never dimmed, lack of soap, toilet paper placement between the wall and toilet, lack of a drinking cup outside of meal times, etc.) — largely denied or met with blanket objections without any factual support.
- Responses to several Interrogatories object that the "events" or "encounters" referenced therein are not defined within the Interrogatories themselves.
- Responses to several RFAs state that, after reasonable inquiry, the defendant "lacks sufficient information or knowledge to admit or deny the request."
- RFPs seeking video footage of the booking area, holding cells, hallways, and Plaintiff's confinement — Defendants have identified nine jail videos but are withholding production pending a written statement from Plaintiff on whether he intends to challenge the confidentiality designation under the Protective Order (Dkt. 214). **Plaintiff further requests that Defendants state the specific basis for designating the nine jail videos as "Confidential" under the Protective Order (Dkt. 214).** This additional precondition is unnecessary and serves only to delay production of clearly relevant discovery.

Additionally, when Plaintiff attempted to send this meet-and-confer letter, an automated email response was received indicating that Sjong is no longer with Crivello, Nichols & Hall, S.C. It appears Sjong has been gone for several months. Plaintiff was never previously notified of this change in counsel or provided updated contact information. This failure to supplement has caused unnecessary delay and prejudice in this federal case.

Plaintiff requests that Defendants serve **full, substantive supplemental responses** (without boilerplate objections) signed by an attorney properly admitted in this case, no later than **June 8, 2026** (one week from the date of this letter).

Additionally, **attached as Exhibit A is the signed Acknowledgment and Agreement to Be Bound by Protective Order executed by Plaintiff's father. This is specifically permitted under the Protective Order (Dkt. 214).**

If Defendants do not provide adequate supplemental responses and produce the videos by the above deadline, Plaintiff will have no choice but to file a Motion to Compel and for sanctions under FRCP 37.

Respectfully submitted,

**/s/ Caleb James Grant**

Caleb James Grant, Pro Se
**C/o E 7973 Beth Rd**
Reedsburg, WI 53959
(608) 386-3467
CJGAgent@protonmail.com

# CRIVELLO
## NICHOLS & HALL, S.C.
### ATTORNEYS

Nathaniel J. Cullen
710 N. Plankinton Avenue
Suite 500
Milwaukee, WI 53203
Direct: (414) 290-7547
Email: NCullen@CrivelloLaw.com

June 8, 2026

**VIA EMAIL and US MAIL:**
Mr. Caleb James Grant
c/o E7973 Beth Road
Reedsburg, WI 53959

Re:     ***Caleb James Grant v. Sauk County, et al.***
        Western District Case No. 23CV551
        Our File No.  2358-2301698

Dear Mr. Grant:

Please find enclosed, with the letter sent via U.S. Mail, a digital storage device containing the following confidential recordings referred to in Defendants' May 23, 2026, answer to request for production, numbers 1 and 2:

- ➢ index.html
- ➢ Confidential - 20230925_01_01_10_1.mp4
- ➢ Confidential - 20230925_01_21_04_1.mp4
- ➢ Confidential - 20230925_02_30_33_1.mp4
- ➢ Confidential - 20230925_10_47_43_1.mp4
- ➢ Confidential - 20230925_12_27_46_1.mp4
- ➢ Confidential - 20230926_09_14_10_1.mp4
- ➢ Confidential - 20230926_09_22_16_1.mp4
- ➢ Confidential - 20230926_09_39_05_1.mp4
- ➢ Confidential - 20230926_09_40_44_1.mp4
- ➢ Sauk County – chain of custody report SC-CJG000545-SC-CJG000548

Also enclosed is my notice of appearance (Dkt. 231).

Regarding your May 31, 2026, letter, requesting the specific basis for designating the jail videos as confidential. The basis for this designation is institutional safety and security. The recordings depict the interior layout, locations of doors and security features, and movement patterns within the jail, information which, if disseminated, could compromise the safety and security of inmates, staff, and the facility.

| MILWAUKEE, WI | MADISON, WI | EAU CLAIRE, WI | WAUWATOSA, WI | MUKWONAGO, WI | CHICAGO, IL | EDWARDSVILLE, IL |
|---|---|---|---|---|---|---|
| (414) 271-7722 | (608) 819-8490 | (715) 598-1730 | (414) 454-6860 | (262) 363-7720 | (312) 523-2111 | (618) 655-0006 |

Regarding your disappointment with the answers to your interrogatories and request for admission, Defendants have complied with the requirements set forth in the Federal Rules of Civil Procedure. Defendants currently do not have anything to add to their responses. Defendants will provide supplemental responses when they have information to provide.

If you would like to schedule a phone call to discuss the matter further, please send me an email at ncullen@CrivelloLaw.com.

Respectfully,

NATHANIEL J. CULLEN

NJC/blb


Enclosures

cc:

**June 15, 2026**

EXHIBIT E

**Via Email**

Nathaniel J. Cullen, Esq.
Crivello, Nichols & Hall, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203

**Re:** *Grant v. Krolikowski, et al.* Case No. 3:23-cv-00551-jdp Meet-and-Confer Regarding Production of Jail Videos and Representation of the Does

Dear Attorney Cullen, Mills, Hall, Sjong:

Plaintiff acknowledges receipt of the digital storage device containing the nine jail videos and chain of custody report on **June 11, 2026.**

Plaintiff objects to this production for the following reasons:

**1. Improper Alteration and Editing of Evidence** The produced videos contain extensive redactions and edits, including instances where the footage has been sped up and sections appear to have been removed. These alterations go well beyond ordinary redaction and constitute editing of the evidence itself. No explanation or justification for these edits was provided.

**2. Lack of Redaction/Editing Log** No log or description has been provided identifying each redaction or edit or the specific basis for it. This prevents Plaintiff from meaningfully evaluating the redactions or the "Confidential" designation.

**3. Evidence of Recent Alteration** The metadata of the produced video files shows a **Modified date of June 2, 2026** and lists **"VideoProc Converter AI"** under Contributing Artists. The SHA-256 hashes of the produced files also do not match. These facts indicate that the videos were altered or re-encoded on or around June 2, 2026 — just days before production — using video conversion software. No disclosure of these alterations was made.

**4. Incomplete Chain of Custody** The chain of custody report only reflects Sheriff's Office personnel and does not include any record of possession or handling by Crivello, Nichols & Hall, S.C. This is incomplete given that the files were clearly altered after the original creation date of September 25, 2023.

**5. Late Production and Failure to Timely Supplement** These videos were created on September 25, 2023. Despite Plaintiff's Requests for Production specifically seeking video recordings from May 18–19, 2023 (RFP Nos. 1 and 2), and despite Plaintiff's earlier discovery efforts aimed at identifying the Does (including the motion at Dkt. 115), Defendants failed to produce these videos until June 2026 — nearly three years after they were created and only after Plaintiff's Meet-and-Confer letter dated June 1, 2026.

On January 14, 2025, the Court issued an Order (Dkt. 151) that, while denying Dkt. 115 in part, still required Defendants to respond regarding their efforts to identify the John Doe defendants. Identification of the Does remained an ongoing issue in the case. Defendants possessed the videos the entire time yet failed to supplement their discovery responses with this relevant evidence until years later. This late and altered production has prejudiced Plaintiff's ability to identify the Does and develop his claims against them.

Plaintiff objects to both the redactions/edits and the "Confidential" designation. Plaintiff demands that Defendants immediately produce the **original, unedited video files**. Alternatively, Defendants shall

produce a complete log describing every redaction and edit along with the specific justification for each.

Regarding your June 8, 2026 response.  Your response did not address several critical issues raised in Plaintiff's June 1, 2026 letter. Most importantly:

**1. Representation of the Six Identified Does** According to the docket as of May 28, 2026, Attorney Sjong was the **only** attorney ever listed as counsel of record for the six identified Does (Horn, Papara, Bailey, Schneider, Strong, and Bonham). Plaintiff received an automated response indicating that Sjong is no longer with your firm. No notice of withdrawal, substitution of counsel, or supplementation under FRCP 26(e) was ever provided.

Your June 3, 2026 Notice of Appearance (Dkt. 231) lists several defendants but **does not include** the six Does. As of today, the Does have **no counsel of record**.

Please immediately clarify:

- Who, if anyone, currently represents the six Does?
- When will counsel file an appearance on their behalf?
- If no attorney will be appearing for them, please confirm that in writing and provide their current contact information so Plaintiff may communicate with them directly.

**2. Failure to Supplement Under FRCP 26(e)** The departure of the only attorney listed for the Does is a material change that required timely supplementation. No supplementation was provided. This failure has prejudiced Plaintiff's ability to conduct discovery and communicate with the Does.

**3. Discovery Responses** Your response states that Defendants "currently do not have anything to add" to their May 23, 2026 responses and "will provide supplemental responses when they have information to provide." This does not address the specific deficiencies identified in Plaintiff's June 1 letter (boilerplate objections, "events not defined," "lacks sufficient information," etc.). Plaintiff renews his request for full, substantive supplemental responses **without** boilerplate objections, signed by an attorney properly admitted in this case.

Plaintiff requests written responses to the above items **no later than June 17, 2026** .

Plaintiff reserves all rights to seek relief, including filing a Motion to Compel and for sanctions under FRCP 37, based on the late, redacted, and edited production of these videos.

Respectfully submitted,

**/s/ Caleb James Grant**

Caleb James Grant, Pro Se
**C/o E 7973 Beth Rd**
Reedsburg, WI 53959
(608) 386-3467
CJGAgent@protonmail.com



**CRIVELLO**
NICHOLS & HALL, S.C.
ATTORNEYS

Nathaniel J. Cullen
710 N. Plankinton Avenue
Suite 500
Milwaukee, WI 53203
Direct: (414) 290-7547
Email: NCullen@CrivelloLaw.com

June 17, 2026

**VIA EMAIL:**
Mr. Caleb James Grant
c/o E7973 Beth Road
Reedsburg, WI 53959

Re:     ***Caleb James Grant v. Sauk County, et al.***
         Western District Case No. 23CV551
         Our File No. 2358-2301698

Dear Mr. Grant:

The purpose of this letter is to answer your questions which you raised in your June 15, 2026, meet and confer letter. Thank you for bringing to our attention that a notice of withdrawal had not been filed with the court for Atty. Dalton Sjong, who has moved on to a different employer. We have now filed the notice of withdrawal.

Further, while not necessary, I will file a notice of appearance for Dylan Horn, Michael Papera/Papara, Bruce Bailey, Kristi Schneider, Michelle Strong, and Jean Bonham. The Federal Rules of Civil Procedure do not expressly require an attorney who already represents named defendants to file a new or separate notice of appearance each time an amended complaint identifies previously unnamed John Doe Defendants. There are some Federal Districts that do require a new notice of appearance in their local rules, but our district court has no such requirement.

Regarding your concern that the recordings have been altered and edited, there is only one view that contains a censor bar. This bar necessarily blocks a small portion of the view into the cell specifically where the toilet is located. That is a preprogramed privacy setting applied to the video feed. Staff monitoring the video stream live also see the censor bar and have no control over its placement. Therefore, what you are seeing in the video is exactly the same as what an officer would see if s/he was viewing that camera feed.

Further, you will notice when watching the recordings of you in the cell that the video system is motion activated. During times when you are asleep or not moving, the recording frame rate slows down because the system is not detecting any movement. Because of this longer frame rate, when playing back the recording, these periods of no movement will appear as if they are sped up during normal playback – even though they have not been altered in any way. This is just a function of

the way the cameras record detected movements and play back longer frame rates. We have no control over that recording or playback process.

The watermark was added to your copy of the original, unaltered recording. When adding this watermark, we were careful to ensure that the lettering of the "CONFIDENTIAL" designation was transparent enough not to obscure the recording's picture in any meaningful way. Contrary to your position, nothing in the Federal Rules of Civil Procedure requires that a producing party or its attorneys maintain, extend or supplement a chain of custody log as part of the production process itself. Instead, the Rule and case law interpreting it have long confirmed that parties have no obligation to create a document that is not already in existence when responding to discovery requests. Similarly, no provision of Rule 26 mandates that counsel document the internal transfer of materials to the requesting party through a chain of custody log. Indeed, such a task would improperly and necessarily implicate privileged attorney-client communications and work product protections.

We have responded to all your requests for discovery and are not aware of any outstanding requests at this time. If you would like to schedule a phone call to discuss these matters further, please send me an email at ncullen@CrivelloLaw.com or call me direct at 414.290.7547.

Respectfully,

*Nathaniel Cullen*

NATHANIEL J. CULLEN

NJC/blb

Enclosures