**From:** Brian Desmond <Brian.Desmond@saukcountywi.gov>
**Sent:** Wednesday, August 23, 2023 4:04 PM
**To:** Hall, Samuel C. <SHall@CrivelloLaw.com>
**Subject:** Caleb Grant Complaint

Sam,

The Sheriff received the Grant Complaint and the request to waive service yesterday. Deputies Knull and Breunig received the same paperwork today via mail.

Sincerely,



**Brian J. Desmond**
Corporation Counsel Office | Corporation Counsel
**Phone:** (608) 355-3267| **Fax:** (608) 355-3469
**Email:** brian.desmond@saukcountywi.gov
**Address:** 505 Broadway, Baraboo, WI 53913

The information contained in this email and any accompanying documents may contain information that is confidential or otherwise protected from disclosure. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message, including any attachments. Any dissemination, distribution or other use of the contents of this message by anyone other than the intended recipient is strictly prohibited.



EXHIBIT

**A**

## STATE OF WISCONSIN CIRCUIT COURT – SAUK COUNTY

STATE OF WISCONSIN ex rel. CALEB JAMES GRANT,

    Relator,

v.

DANIEL KROLIKOWSKI, ERIK KNULL, BRUCE BAILEY, STEVEN MESSNER, ALEX BREUNIG, MICHAEL PAPARA, MICHELLE STRONG, DYLAN HORN, and KRISTI SCHNEIDER,

    Respondents.

**FILED**

FEB 10 2026

CLERK OF COURT
SAUK COUNTY, WI

Case No. 26 CV 56

**Classification Code:** 30956

### VERIFIED COMPLAINT FOR QUO WARRANTO (Wis. Stat. ch. 784)

Relator, by this verified complaint, brings a direct quo warranto action in the name of the State of Wisconsin to determine by what authority the Respondents claim to hold and exercise the office of Deputy Sheriff of Sauk County, and alleges as follows:

### I. NATURE OF THE ACTION

1. This is a direct action in quo warranto under Wis. Stat. § 784.04 to test the lawful authority of the Respondents to hold and exercise the public office of Deputy Sheriff of Sauk County.
2. Relator seeks a judicial determination that Respondents have unlawfully held and exercised the office of Deputy Sheriff during the relevant period without de jure appointment and qualification as required by Wisconsin law.
3. This action seeks only a determination of title to public office under Wis. Stat. ch. 784. Relator does not ask this Court to adjudicate, invalidate, enjoin, or otherwise affect any arrest, prosecution, conviction, sentence, judgment, or proceeding—state or federal—whether past or pending. Any collateral or downstream consequences that may arise in other fora from a judicial determination of title to office are not within the scope of relief requested here and are expressly disclaimed.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Wis. Stat. §§ 784.01–784.09.
5. Venue is proper in Sauk County because all Respondents purportedly held office in Sauk County, and all relevant acts occurred in Sauk County.

### III. PARTIES

6. Relator Caleb James Grant is a Wisconsinite by birth and brings this action on relation of the State of Wisconsin.
7. Respondents Daniel Krolikowski, Erik Knull, Bruce Bailey, Steven Messner, Alex Breunig, Michael Papara, Michelle Strong, Dylan Horn, and Kristi Schneider are or were employees of the Sauk County Sheriff's Office who exercised the powers of Deputy Sheriff during the relevant period. The relevant period being January 2023 onward following the post-expiration of prior term-limited appointments.
8. Respondents Michelle Strong, Dylan Horn, and Kristi Schneider are former employees and are named for purposes of determining past authority and factual findings relevant to



title to office, but are not subject to ouster.

## IV. RELATOR'S INTEREST AND STANDING

9. Relator has a distinct personal interest in this action sufficient to prosecute it as a private relator under Wis. Stat. § 784.04(2).

10. On April 6 and May 18, 2023, Respondents, acting under color of the office of Deputy Sheriff, committed unlawful acts against Relator, including traffic stops, arrest, and jail confinement.

11. These acts directly infringed Relator's liberty and resulted in additional personal harms, including collateral legal consequences arising from those incidents.

12. Relator's direct subjection to Respondents' purported exercise of deputy sheriff authority provides a special interest beyond that of the general public, justifying Relator's initiation of this public action while seeking no private remedy herein.

13. At the May 18, 2023 encounter, Relator expressly questioned the authority of the involved officers to act as duly appointed deputy sheriffs and did not acquiesce in their claimed authority. This action follows that contemporaneous challenge and seeks a judicial determination of title to office.

## V. STATUTORY AND CONSTITUTIONAL FRAMEWORK

14. Wisconsin Constitution Article IV, Section 28 requires members of the legislature and all officers, executive and judicial (including deputy sheriffs, who are not exempted by statute), except such inferior officers as may be by law exempted, to take and subscribe an oath or affirmation before entering upon the duties of their respective offices.

15. Under Wis. Stat. § 59.21, every deputy sheriff must take and file the official oath with the county clerk (as statutory custodian per Wis. Stat. § 19.01(4)(d)) prior to exercising the duties of office.

16. Under Wis. Stat. § 59.26(6), every appointment of a deputy sheriff (except temporary deputations for a particular act) shall be in writing and filed and recorded in the office of the clerk of the circuit court (as statutory custodian).

17. Under Wis. Stat. § 59.26(4), deputy sheriffs hold office at the pleasure of the sheriff. When the sheriff issues written appointments expressly limited to a specific term, those appointments expire by their own terms, which constitutes the sheriff's expressed exercise of discretion under § 59.26(4).

18. Appointment (in writing and filed with the clerk of circuit court) and oath (in writing and filed with the county clerk) are separate but mandatory requirements for lawful de jure authority.

## VI. FACTUAL ALLEGATIONS

### A. Term-Limited Appointment Documents

19. For multiple sheriff terms, Sauk County Sheriff Chip Meister issued appointment-and-oath documents that expressly limited each deputy's authority to a defined term corresponding to the Sheriff's elected term of office, as shown in Exhibits A and B (sample term-limited appointment/oath documents, including those expiring in or before January 2023), attached hereto and incorporated by reference.

20. These documents state that the appointment was effective only "during the term of my office," with specific beginning and ending dates.

21. By their plain language, these appointments expired on the stated termination dates.

### B. Absence of Post-Expiration Appointments

22. Following expiration of the stated terms (including those ending in or before January

2023), no new written appointment documents appointing Respondents to the office of Deputy Sheriff for the current 2023-2027 term were filed and recorded with the clerk of the circuit court.

23. The Clerk of the Circuit Court has confirmed that, after a diligent search, no appointment documents for Respondents exist for the current sheriff term (2023-2027). This is shown in Exhibit C (clerk of circuit court and open records request responses confirming absence of appointment records), attached hereto and incorporated by reference.

## C. Absence of Current Oaths

24. The Sauk County Clerk possesses no oath of office records for Respondents corresponding to any valid appointment in force during the 2023–2027 term, as confirmed by the clerk and open records request responses attached as Exhibit D and incorporated by reference. This absence is further supported by correspondence dated December 18, 2025, included in Exhibit D, reflecting the results of a diligent search, which states that the only responsive document located was the 2023 "Deputy Sheriff Status" roster and that no other responsive records were found.

25. Any oath documents previously submitted or otherwise available are old, appointment-specific documents from prior sheriff terms whose associated appointments expired by their own terms, as shown in Exhibits A and B, and do not satisfy the requirements for the current 2023-2027 term.

## D. Authorization Roster vs. Appointment Roster

26. In January 2023, Sheriff Meister executed two separate documents: one purporting to "appoint" a roster of employees to Deputy Sheriff status, and another purporting only to "authorize" a roster of employees to Deputy Sheriff status, as shown in Exhibit E (January 2023 dual rosters), attached hereto and incorporated by reference.

27. Each document contains a distinct list of employees.

28. All Respondents appear exclusively on the "authorization" roster and do not appear on the contemporaneous "appointment" roster.

29. The Sheriff's contemporaneous use of distinct terms—"appoint" and "authorize"—demonstrates a differentiation between full appointment and authorization. Wisconsin statutes use the term "appoint" to describe the formal act of conferring deputy sheriff status (§§ 59.26(1), (4), (6)), while "authorize" does not appear in the statutes as a substitute.

## E. Subsequent Change in Practice

30. Beginning in September 2023, Sheriff Meister resumed issuing combined appointment-and-oath documents with explicit termination dates corresponding to the Sheriff's term, as shown in Exhibit F (sample September 2023 and later term-limited documents), attached hereto and incorporated by reference.

31. After the events giving rise to this action, the Sheriff issued written appointment and oath documents to newly appointed deputies, but not to deputies already serving.

## VII. CLAIM FOR QUO WARRANTO

32. Respondents have exercised the powers and authority of Deputy Sheriffs without a valid appointment in force.

33. Respondents have not taken and filed an oath corresponding to any valid appointment for the current term as required by Wis. Stat. § 59.21 (with filing required with the county clerk as custodian under Wis. Stat. § 19.01(4)(d)) and Wis. Const. art. IV, § 28.

34. Authorization to act, absent appointment, does not confer de jure title to public office.

35. Any oath previously taken cannot extend or revive authority beyond the expiration of the appointment it accompanied.

36. At most, Respondents acted under color of authority; they did not lawfully hold the office of Deputy Sheriff during the relevant period (January 2023 onward).

37. Even if a roster provided some measure of color of authority, the explicit expiration of prior term-limited appointments and complete absence of new ones for the current term defeat any de facto status in this direct quo warranto proceeding. The de facto officer doctrine does not defeat a timely, direct quo warranto action challenging title to office.

38. This action challenges only Respondents' title to office. Relator does not seek in this proceeding to adjudicate the validity or consequences of any criminal or civil judgment, and are not before the Court in this proceeding.

## VIII. RELIEF REQUESTED

Relator respectfully requests that the Court:

A. Issue a judgment in quo warranto declaring that Respondents unlawfully held and exercised the office of Deputy Sheriff during the relevant period;

B. Order ouster of any Respondent currently holding the office without lawful appointment;

C. Declare that Respondents lacked de jure authority during the relevant period;

D. Grant such further relief as the Court deems just and proper.

## IX. VERIFICATION
I, Caleb James Grant, being first duly sworn, state that I have read the foregoing Complaint and that the factual allegations contained herein are true and correct to the best of my knowledge and belief.

Dated: February 10, 2026

*Caleb Grant*

Caleb James Grant

Subscribed and sworn before me this _10_ day of February, 2026, in Wisconsin, Sauk County.

Notary Public, State of Wisconsin, Sauk County,

Notary signature: _____

Printed name: _Emma Harricharan_

My commission expires: _4/25/29_

_____ (Seal) _____

## EXHIBITS:

- **Exhibit A:** Sample prior term-limited appointment/oath document (e.g., for Dylan Horn, expiring January 2023). (pg 7)
- **Exhibit B:** Additional sample prior term-limited appointment/oath document (e.g., for Erik Knull and Daniel Krolikowski). (pg 8-9)
- **Exhibit C:** Clerk of Circuit Court and open records request responses confirming absence of 2023-2027 appointment records. (pg 10-24)
- **Exhibit D:** Sauk County Clerk and open records request responses confirming absence of 2023-2027 oath records, including the December 18, 2025 letter from Corporate Counsel

and the "Deputy Sheriff Status" roster. (pg 25-30)
- **Exhibit E:** January 2023 dual rosters ("appoint" vs. "authorize"). (pg 31-36)
- **Exhibit F:** Sample post-September 2023 renewed term-limited appointment/oath documents.(pg 37)

## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | cjgagent <cjgagent@protonmail.com> |
| **Sent:** | Monday, March 9, 2026 12:18 AM |
| **To:** | Sjong, Dalton D. |
| **Subject:** | re: 23CV0551 - Caleb Grant v. Daniel Krolikowski et. al.  - Discovery Requests |
| **Attachments:** | Krolikowsk set 2 RFA.pdf; Krolikowsk set 2 RFP.pdf; Knull set 2 RFP.pdf; Sauk County set 2 RFP.pdf; Messner set 2 RFP.pdf; Knull set 2 RFA.pdf; Messner set 2 RFA.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

NOTICE: THIS EMAIL WAS SENT TO AN OLD ADDRESS

DSjong@crivellolaw.com

NOTICE: THIS EMAIL WAS SENT TO AN OLD ADDRESS

DSjong@crivellolaw.com

Mr. Sjong --

Enclosed are set 2 of Requests for Admissions and Requests for Production for Defendants:
Daniel Krolikowski
Erik Knull
Steven Messner
Sauk County

There are 7 documents in total. An RFA and RFP each for Krolikowski, Knull, and Messner and an RFP for Sauk County

Please distribute them as needed,
Thank you,
-Caleb Grant
CJGAgent@protonmail.com

Sent with Proton Mail secure email.


EXHIBIT
C

## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | cjgagent <cjgagent@protonmail.com> |
| **Sent:** | Monday, March 30, 2026 7:59 PM |
| **To:** | Hall, Samuel C.; Mills, Sara C.; Cullen, Nathaniel J. |
| **Cc:** | Sjong, Dalton D. |
| **Subject:** | Courtesy Copy – Plaintiff's Second Set of RFAs and RFPs to Defendant Daniel Krolikowski Steven Messner, Erik Knull and Sauk County (Served March 9, 2026) |
| **Attachments:** | Krolikowsk set 2 RFA.pdf; Krolikowsk set 2 RFP.pdf; Knull set 2 RFP.pdf; Sauk County set 2 RFP.pdf; Messner set 2 RFP.pdf; Knull set 2 RFA.pdf; Messner set 2 RFA.pdf |

**Subject:** Courtesy Copy – Plaintiff's Second Set of RFAs and RFPs to Defendant Daniel Krolikowski Steven Messner, Erik Knull and Sauk County (Served March 9, 2026)

Dear Counsel,

Please treat this as a **courtesy copy / duplicate notice only** of the following discovery, which was originally served on Mr. Dalton Sjong on March 9, 2026 via email to Dsjong@crivellolaw.com (see original message below):

- Plaintiff's Second Set of Requests for Admissions to Defendant Daniel Krolikowski, Steven Messner, Erik Knull
- Plaintiff's Second Set of Requests for Production to Defendant Daniel Krolikowski, Steven Messner, Erik Knull, Sauk County (FRCP 34)

**This is NOT new service.** The original service date of March 9, 2026 controls all response deadlines under FRCP 33 and 34. Responses are therefore due on **April 8, 2026**.

I have received no response or acknowledgment from Mr. Sjong. To ensure that all attorneys currently handling this matter have immediate notice and can prepare complete responses by the deadline, I am providing this courtesy copy.

Attached are the full sets for your files. Please confirm receipt and that your office will provide responses by April 8, 2026.

Thank you for your attention to this matter.

Sincerely,
Caleb James Grant, Pro Se
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
CJGAgent@protomail.com

Sent with Proton Mail secure email.

------- Forwarded Message -------
From: cjgagent
Date: On Monday, March 9th, 2026 at 12:18 AM
Subject: re: 23CV0551 - Caleb Grant v. Daniel Krolikowski et. al. - Discovery Requests
To: Sjong, Dalton D.


Mr. Sjong --

Enclosed are set 2 of Requests for Admissions and Requests for Production for Defendants:
Daniel Krolikowski
Erik Knull
Steven Messner
Sauk County

1


EXHIBIT
D

There are 7 documents in total. An RFA and RFP each for Krolikowski, Knull, and Messner and an RFP for Sauk County

Please distribute them as needed,
Thank you,
-Caleb Grant
CJGAgent@protonmail.com

Sent with Proton Mail secure email.

2



**Samuel C. Hall, Jr.**
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Direct: (414) 290-7587
Email: shall@crivellolaw.com

April 1, 2026

**VIA EMAIL & U.S. MAIL**
Mr. Caleb Grant
E7973A Beth Road
Reedsburg, WI 53959
CJGAgent@protomail.com

> RE:   Response to Pending Public Records Request

Dear Mr. Grant:

As you know, I represent Sauk County in litigation that you are pursuing against the County and its officials in both state and federal court.  I understand that you recently made the following records request pursuant to Wisconsin public records law:

> *Please provide the following records related to the following Sauk County Sheriff's Office deputies:*
>
> > *1.    Daniel Krolikowski*
> > *2.    Erik Knull*
> > *3.    Steven Messner*
>
> *Requested Records:*
>
> *a.    The hire date (date of initial employment) for each of the above-named deputies.*
>
> *b.    Any assignment notices, deployment records, issuance forms, receipts, acknowledgments, training certifications, or other correspondence / documents from the Sauk County Sheriff's Office, County Administration of issuing any Portable audio/video recording devices including all recording systems, whether body-worn, hand-held, or integrated into portable equipment (Wis. Stat. § 165.87) to each of the above-named deputies individually. This includes records showing whether and when each deputy was issued a body camera, any related policy acknowledgments specific to them, or program participation notices. This part of requested records in regards to the documents made and/or in affect for years from the beginning of 2022 through end of 2024.*

In addition to the communications that you have already received from Lieutenant Detective Scott Steinhorst, please accept this additional explanation regarding the denial of this request.

**EXHIBIT**
**E**

MILWAUKEE, WI    MADISON, WI    WAUWATOSA, WI    EAU CLAIRE, WI    MUKWONAGO, WI    CHICAGO, IL    PEORIA, IL    EDWARDSVILLE, IL
(414) 271-7722    (608) 819-8490    (414) 454-6860    (715) 598-1730    (262) 363-7720    (312) 523-2111    (309) 839-1946    (618) 655-0006

Mr. Caleb Grant
April 1, 2026
Page 2 of 2

First, as Lieutenant Detective Steinhorst points out, your request is being denied in part due to the fact that you are an actual adversary in litigation pending both in federal court and Wisconsin state court. Specifically, you have filed civil lawsuits against the same three individuals that you are seeking records related to. Additionally, you are well aware of and are actively availing yourself to the discovery process within the pending litigation. These requests are nothing more than an attempt to litigate your cases outside of the proper process.

As explained in the Wisconsin Attorney General's Public Records Law Compliance Guide ("PRLCG"), Wisconsin's Public Records Law contemplates examination of all relevant factors in the context of the circumstances surrounding each request for records. PRLCG at page 32, citing *Seifert v. School District of Sheboygan Falls*, 2007 WI App 207, ¶ 31, 305 Wis. 2d 582, 740 N.W.2d 177.

The *Seifert* decision makes it clear that, under Wis. Stat. § 19.35(1)(am), a custodian may deny a request for records from someone who is, in effect, an adversary in litigation. 2007 WI App 207, ¶ 32; PRLCG at page 49. Presently, as noted above, there is active litigation between you and Sauk County pending in the matter of *Caleb Grant vs Daniel Krolikowski., et al.*, (Sauk County Case No. 26CV00056) and *Caleb Grant v. Krolikowski, et al.*, (W.D. Wis. Case No, 23-CV-551). Beyond the precedent outlined by *Seifert*, an application of the balancing test also supports the denial of your records request to protect the public's interest. Accordingly, Sauk County denied your request for records and instead invites you to continue to utilize the civil discovery process in the pending litigation.

Further, your request described above is also deficient because it fails to adequately identify records that are actually being requested. *See* Wis. Stat. § 19.35(h) (requiring reasonable description of records requested); *State ex rel. Gehl v. Connors*, 2007 WI App 238, 306 Wis. 2d 247, 742 N.W.2d 520 (the purpose of the "time and subject matter limitation is to prevent a situation where a request unreasonably burdens a records custodian, requiring the custodian to spend excessive amounts of time and resources deciphering and responding to a request."); *see also Schopper v. Gehring*, 210 Wis. 2d 209, 565 N.W.2d 187 (Wis. App. 1997) (indicating that requests vague as to the subject matter and time will be considered impermissibly broad).

Pursuant to Wis. Stats. § 19.35(4)(b), I am once again informing you that if you disagree with any determinations contained in this letter, you may seek review by mandamus under to Wis. Stats. §19.37(1) or by application to the attorney general or a district attorney.

Very truly yours,

SAMUEL C. HALL, JR.

cc:    Lieutenant Detective Scott Steinhorst (via email only)

## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | cjgagent <cjgagent@protonmail.com> |
| **Sent:** | Thursday, April 23, 2026 3:19 PM |
| **To:** | Hall, Samuel C.; Mills, Sara C.; Sjong, Dalton D.; Cullen, Nathaniel J.; Meyer, Brianna J. |
| **Subject:** | Grant v. Krolikowski et al., Case No. 3:23-cv-00551-jdp |
| **Attachments:** | DOE RFA_RFP_Interr Set 1_4.22.26.pdf; Cover Letter4.22.26 .pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Plaintiff's Discovery Requests to Newly Identified Defendants (Dylan Horn, Michael Papera/Papara, Bruce Bailey, Kristi Schneider, Michelle Strong, and Jean Bonham)

Attached are 2 files. A cover letter and the RFA/RFP/Interrogatories for the DOES 1-6

Sent with Proton Mail secure email.



1

**CALEB JAMES GRANT**

E7973 Beth Road
Reedsburg, WI 53959
CJGAgent@protonmail.com

April 22, 2026

**VIA EMAIL**

Attorney Sjong, Cullen, Mills, Hall, Crivello, Nichols & Hall, S.C.

Re: **Grant v. Krolikowski et al.**, Case No. 3:23-cv-00551-jdp

**Plaintiff's Discovery Requests to Newly Identified Defendants (Dylan Horn, Michael Papera/Papara, Bruce Bailey, Kristi Schneider, Michelle Strong, and Jean Bonham)**

Dear Counsel:

Enclosed please find the following discovery requests directed to the newly identified Defendants:

- **Plaintiff's Requests for Admission and Requests for Production of Documents** (pursuant to FRCP 34 and 36)
- **Plaintiff's First Set of Interrogatories** (pursuant to FRCP 33)

These requests are narrowly tailored to the surviving jail-conditions-of-confinement claims in this action and are limited to the specific encounters and dates identified in Plaintiff's Letter to Amend Complaint (Dkt. 218).

Please provide your responses and productions within the time required by the Federal Rules of Civil Procedure.

Thank you for your attention to this matter.

Sincerely,

/s/ Caleb James Grant

Caleb James Grant, Pro Se
E7973 Beth Road
Reedsburg, WI 53959
CJGAgent@protonmail.com

**PLAINTIFF'S REVISED REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE IDENTIFIED DEFENDANTS**

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WISCONSIN**

**CALEB JAMES GRANT,**
       Plaintiff,

v.

**DEPUTY DANIEL KROLIKOWSKI et al.,**
       Defendants.

**Case No. 3:23-cv-00551-jdp**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Plaintiff serves these RFAs and RFPs on the identified Defendants:

- Doe 1: Dylan Horn
- Doe 2: Michael Papara
- Doe 3: Bruce Bailey
- Doe 4: Kristi Schneider
- Doe 5: Michelle Strong
- Doe 6: Jean Bonham

## DEFINITIONS AND INSTRUCTIONS

"Relevant Period" = May 18–19, 2023

"Jail Encounter X" = the encounter described for that Doe in the Letter to Amend Complaint identifying DOES 1–6.

### REQUESTS FOR ADMISSION (RFAs)

**RFAs Applicable to All Jail Does**

1. Admit that on May 18–19, 2023, during the shifts listed in the Letter to Amend Complaint, you were on duty at the Sauk County Jail and had direct, in-person contact with Plaintiff.
2. Admit that, on May 18–19, 2023, the Sauk County Jail used video cameras to record the booking area, cell blocks, hallways, and holding areas where Plaintiff was located.
3. Admit that Plaintiff was held in a holding cell at the Sauk County Jail for approximately two days on May 18–19, 2023.
4. Admit that during the time Plaintiff was held in the Sauk County Jail on May 18–19, 2023, Plaintiff experienced difficulty sleeping due to the constant bright lighting.

**Additional RFAs Regarding Cell Conditions**

5. Admit that during the time Plaintiff was held at the Sauk County Jail on May 18–19, 2023, the lights in the area where Plaintiff was housed remained on and bright at all times and were never dimmed.
6. Admit that no soap was available in the cell where Plaintiff was held on May 18–19, 2023.
7. Admit that the toilet paper in Plaintiff's cell was positioned between the wall and the toilet.
8. Admit that the toilet paper in Plaintiff's cell was not visible from inside the cell unless a person leaned against the wall.
9. Admit that Plaintiff was not provided a cup or drinking vessel for use outside of meal times on

May 18–19, 2023.

10. Admit that Plaintiff was not provided a drinking cup until after he was booked in.

11. Admit that after he was booked in, Plaintiff was given a styrofoam cup and plastic ware to eat with.

### Doe-Specific RFAs Doe 1 – Dylan Horn

12. Admit that, during Jail Encounter 0 on May 18, 2023, you opened the door to the area where Plaintiff was located.

13. Admit that you told Plaintiff that he would not be released until after he booked in.

14. Admit that, during Jail Encounter 6 on May 18–19, 2023, you were present when Plaintiff was directed to provide booking information.

15. Admit that Plaintiff was not allowed to make a phone call before being booked in during Jail Encounter 6 on May 18–19, 2023.

### Doe 2 – Michael Papara

16. Admit that, during Jail Encounter 3 on May 19, 2023, you collected Plaintiff's personally identifiable information.

17. Admit that, during Jail Encounter 5 on May 19, 2023, you were present when Plaintiff asked for food.

18. Admit that you told Plaintiff that he would not be released until after he booked in.

19. Admit that, during Jail Encounter 6 on May 18–19, 2023, you were present when Plaintiff asked to make a phone call before booking.

20. Admit that Plaintiff was not allowed to make a phone call before being booked in during Jail Encounter 6 on May 18–19, 2023.

21. Admit that, during Jail Encounter 9 on May 19, 2023, you removed a cup from Plaintiff's cell.

### Doe 3 – Bruce Bailey

22. Admit that, during Jail Encounter 1 on May 18, 2023, you were present with Deputy Messner and Deputy Krolikowski when they spoke with Plaintiff.

23. Admit that, during Jail Encounter 2 on May 18, 2023, you directed Plaintiff to submit to fingerprinting.

24. Admit that, during Jail Encounter 6 on May 18–19, 2023, you were present when Plaintiff asked to make a phone call before booking.

25. Admit that Plaintiff was not allowed to make a phone call before being booked in during Jail Encounter 6 on May 18–19, 2023.

### Doe 4 – Kristi Schneider

26. Admit that, during Jail Encounter 6 on May 18–19, 2023, you were present when Plaintiff asked to make a phone call before booking.

27. Admit that Plaintiff was not allowed to make a phone call before being booked in during Jail Encounter 6 on May 18–19, 2023.

28. Admit that, during your interaction with Plaintiff on May 18–19, 2023, you were present when Plaintiff asked for coffee or Tylenol.

29. Admit that, during your interaction with Plaintiff on May 18–19, 2023, you stated that you would talk to medical.

30. Admit that, during your interaction with Plaintiff on May 18–19, 2023, you did not return or follow up with Plaintiff after stating that you would talk to medical.

### Doe 5 – Michelle Strong

31. Admit that, during your interaction with Plaintiff on May 19, 2023 (Encounter 10 or related desk handling), you handled or issued to Plaintiff a debit card, credit card, or voucher given in place of his cash (Federal Reserve Notes) or other personal property at the jail desk.

32. Admit that, during your interaction with Plaintiff on May 19, 2023 (Encounter 10 or related desk handling), Plaintiff asked for his cash back.

33. Admit that, during your interaction with Plaintiff on May 19, 2023 (Encounter 10 or related desk handling), you denied giving Plaintiff his cash back.

34. Doe 5 – Michelle Strong 26. Admit that, during your interaction with Plaintiff on May 19, 2023 (Encounter 10 or related desk handling), Plaintiff was required to sign a receipt or agreement in order to receive the debit card, credit card, or voucher in place of his cash.

### Doe 6 – Jean Bonham

35. Admit that, during your interaction with Plaintiff on May 19, 2023 (Encounter 10 or related money handling), you converted Plaintiff's cash (Federal Reserve Notes) into a credit card that had terms and conditions attached to it.

36. Admit that, during your interaction with Plaintiff on May 19, 2023 (Encounter 10 or related money handling), the receipt or agreement Plaintiff was required to sign for the credit card contained micro-printed terms and conditions.


**REQUESTS FOR PRODUCTION (RFPs) Video and Recording RFPs (applicable to all Jail Does)**

1. Produce every video recording (including audio, if any) made by any Sauk County Jail camera —booking area, cell block, hallway, holding cell, or body-worn—that shows Plaintiff at any time on May 18–19, 2023.
2. Produce the complete chain-of-custody or retention log for every video recording identified in RFP No. 1 above.

**Document RFPs (applicable to all Jail Does)**

3. Produce every written report, note, log entry, or communication you personally created or received concerning Plaintiff's booking, cell placement, or any Jail Encounter on May 18–19, 2023.

4. Produce the Sauk County Sheriff's Office policy or procedure in effect on May 18–19, 2023, that addressed an inmate's request to speak with counsel during booking.

5. Produce the Sauk County Sheriff's Office policy or procedure in effect on May 18–19, 2023, that addressed providing food, hygiene items, or basic medical care (such as Tylenol) to inmates in holding cells.

6. Produce the Sauk County Sheriff's Office policy or procedure in effect on May 18–19, 2023, that addressed cell lighting (including whether lights were to remain on or be dimmed during

nighttime hours).

7. Produce the Sauk County Sheriff's Office policy or procedure in effect on May 18–19, 2023, that addressed the provision of soap, toilet paper, and drinking vessels or cups to inmates in holding cells.

8. Produce every booking log, property inventory, medical request form, grievance form, or classification record that mentions Plaintiff and was created or received on May 18–19, 2023.

9. Produce every document that reflects any internal investigation, disciplinary action, or complaint filed against you in 2023 that relates to your interaction with Plaintiff on May 18–19, 2023.

10. Produce any and all receipts, agreements, forms, or documents that Plaintiff was required to sign or accept in order to receive a debit card, credit card, or voucher in place of his cash (Federal Reserve Notes) on May 19, 2023, including any micro-printed terms and conditions contained on those documents.

11. Produce any grievance, complaint, medical request, or classification form completed by or on behalf of Plaintiff on May 18–19, 2023, and any response to it.

# PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DOE DEFENDANTS IDENTIFIED

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff requests that Defendant answer the following interrogatories in writing and under oath within 30 days of service.

**DEFINITIONS**

**"Relevant Period" = May 18–19, 2023 only;**

**"Jail Encounter X" = the exact encounter described for that Doe in the Letter to Amend Complaint identifying DOES 1–6.**

**Doe 1 – Dylan Horn**

1. Identify by full name, title, and shift all Sauk County Jail staff who were present with you during Jail Encounter 0 on May 18, 2023.
2. Identify by full name, title, and shift all Sauk County Jail staff who were present with you during Jail Encounter 6 on May 18–19, 2023.

**Doe 2 – Michael Papera/Papara**

1. Identify by full name, title, and shift all Sauk County Jail staff who were present with you during Jail Encounter 6 on May 18–19, 2023.
2. State the exact words Plaintiff used when he asked to make a phone call before booking during Jail Encounter 6 on May 18–19, 2023, and state any response given by you or any other staff member present.

**Doe 3 – Bruce Bailey**

1. Identify by full name, title, and shift all Sauk County Jail staff who were present with you during Jail Encounter 6 on May 18–19, 2023.
2. State the exact words Plaintiff used when he asked to make a phone call before booking during Jail Encounter 6 on May 18–19, 2023, and state any response given by you or any other staff

member present.

**Doe 4 – Kristi Schneider**

1. State whether you took any action after telling Plaintiff you would talk to medical during your interaction with him on May 18–19, 2023. If yes, identify the action taken and the date and time.
2. State the exact words Plaintiff used when he asked to make a phone call before booking during Jail Encounter 6 on May 18–19, 2023, and state any response given by you or any other staff member present.

**Doe 5 – Michelle Strong**

1. State the exact words Plaintiff used when he asked for his cash back during your interaction with him on May 19, 2023 (Encounter 10 or related desk handling), and state any response you gave.
2. Identify by bates number or description any document or record you created or received concerning the handling of Plaintiff's cash or the issuance of the debit/credit card or voucher on May 19, 2023.

**Doe 6 – Jean Bonham**

1. Describe the step-by-step process you followed when converting Plaintiff's cash (Federal Reserve Notes) into a credit card on May 19, 2023 (Encounter 10 or related money handling).
2. Identify by bates number or description any document, log, policy, directive, or written authority you relied upon when converting Plaintiff's cash into a credit card with terms and conditions on May 19, 2023.
3. Identify by bates number or description the receipt or agreement that Plaintiff was required to sign or accept in connection with the credit card on May 19, 2023.

Dated: 4/23/2026

/s/ Caleb Grant

**C/o E7973 Beth Rd**
Reedsburg, WI 53959
CJGAgent@protonmail.com



$7.74 0
US POSTAGE IMI
FIRST-CLASS
063S0001443257
FROM 53226

From:
2600 North Mayfair Road
Suite 1000
Milwaukee, WI 53226



**CRIVELLO**
NICHOLS & HALL, S.C.
CRIVELLOLAW.COM

Caleb James Grant
c/o E7973 Beth Road
Reedsburg, WI 53959



EXHIBIT
G



**CRIVELLO**
NICHOLS & HALL, S.C.
ATTORNEYS

**Nathaniel J. Cullen**
710 N. Plankinton Avenue
Suite 500
Milwaukee, WI 53203
Direct: (414) 290-7547
Email: NCullen@CrivelloLaw.com

May 23, 2026

**VIA EMAIL and US MAIL:**
Mr. Caleb James Grant
c/o E7973 Beth Road
Reedsburg, WI 53959

Re:    ***Caleb James Grant v. Sauk County, et al.***
       Western District Case No. 23CV551
       Our File No.  2358-2301698

Dear Mr. Grant:

Enclosed please find a copy of the following documents on behalf of Defendants, Dylan Horn, Michael Papara, Bruce Bailey, Kristi Schneider, Michelle Strong, and Jean Bonham.

1. Defendants' responses to plaintiff's first set of interrogatories and requests for production; documents bates numbered SC-CJG-000385 to SC-CJG-000544.
2. Dylan Horn's response to request for admission.
3. Michael Papara's response to request for admission.
4. Bruce Bailey's response to request for admission.
5. Kristi Schneider's response to request for admission.
6. Jean Bonham's response to request for admission.
7. Michelle Strong's response to request for admission.

There are 9 Confidential video recordings related to your request for production. Please provide written confirmation whether you will or will not be contesting the confidentiality designation. Should you decide to contest the confidentiality designation, we shall submit the recordings to the court under seal until the matter is resolved by the court.

Please let us know how you would prefer delivery of the confidential video recordings. We can send a ShareFile link to your email address, or we can mail you a digital storage device.

Respectfully,

*Nathaniel Cullen*

NATHANIEL J. CULLEN

NJC/blb

Enclosures

cc:



## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | cjgagent <cjgagent@protonmail.com> |
| **Sent:** | Monday, June 1, 2026 11:51 AM |
| **To:** | Cullen, Nathaniel J. |
| **Cc:** | Mills, Sara C.; Hall, Samuel C.; Sjong, Dalton D. |
| **Subject:** | Meet and Confer Letter in good-faith RE: Grant v. Sauk County (Federal Case No. 23CV551) |
| **Attachments:** | Meet and Confer 5.31.26 letter to Cullen Hall Mills.pdf |

This (attached) letter constitutes Plaintiff's good-faith attempt to confer under Federal Rule of Civil Procedure 37(a)(1) regarding Defendants' responses to Plaintiff's Revised Requests for Admission, Requests for Production, and Interrogatories served on the six identified Does. Please find the attached letter and reply to this email.

Respectfully,

Caleb J. Grant
CJGAgent@protonmail.com
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
On Tuesday, May 26th, 2026 at 4:22 PM, Cullen, Nathaniel J. wrote:


Dear Mr. Grant,

Please find attached an updated letter to reflect Michelle Strong's response to your RFA was included with the other documents.

Respectfully,

**Nathaniel Cullen | Associate**

NCullen@crivellolaw.com
Direct:414-290-7547





**Crivello, Nichols & Hall, S.C.**

710 North Plankinton Avenue Suite 500
Milwaukee, Wisconsin 53203
Main:414-271-7722
Fax:
CrivelloLaw.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-22. This email is a communication by or on behalf of an attorney, and may contain privileged communications or information. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender, or reply by e-mail and delete all copies of the message. Thank you.

1



## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | cjgagent <cjgagent@protonmail.com> |
| **Sent:** | Monday, June 1, 2026 3:06 PM |
| **To:** | Cullen, Nathaniel J.; Mills, Sara C.; Hall, Samuel C. |
| **Subject:** | Revised Meet and Confer Letter in good-faith RE: Grant v. Sauk County (Federal Case No. 23CV551) |
| **Attachments:** | Revised Meet and Confer 6.1.2026 Letter to Cullen Hall Mills.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Please find the revised Meet and Confer Letter attached. Exhibit A was attached to previous email.
Respectfully,
Caleb J. Grant
CJGAgent@protonmail.com
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467

Sent with Proton Mail secure email.

------- Forwarded Message -------
From: cjgagent
Date: On Monday, June 1st, 2026 at 11:50 AM
Subject: Meet and Confer Letter in good-faith RE: Grant v. Sauk County (Federal Case No. 23CV551)
To: Cullen, Nathaniel J.
CC: smills@crivellolaw.com , Hall, Samuel C. , Sjong, Dalton D.


This (attached) letter constitutes Plaintiff's good-faith attempt to confer under Federal Rule of Civil Procedure 37(a)(1) regarding Defendants' responses to Plaintiff's Revised Requests for Admission, Requests for Production, and Interrogatories served on the six identified Does. Please find the attached letter and reply to this email.

Respectfully,

Caleb J. Grant
CJGAgent@protonmail.com
C/o E7973 Beth Rd
Reedsburg, WI 53959
608-386-3467
On Tuesday, May 26th, 2026 at 4:22 PM, Cullen, Nathaniel J. <NCullen@crivellolaw.com> wrote:


Dear Mr. Grant,

Please find attached an updated letter to reflect Michelle Strong's response to your RFA was included with the other documents.

Respectfully,

1


EXHIBIT
I

**Nathaniel Cullen | Associate**

NCullen@crivellolaw.com
Direct:414-290-7547





**Crivello, Nichols & Hall, S.C.**

710 North Plankinton Avenue Suite 500
Milwaukee, Wisconsin 53203
Main:414-271-7722
Fax:
CrivelloLaw.com

ATTORNEYS

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-22. This email is a communication by or on behalf of an attorney contain privileged communications or information. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended rec please contact the sender, or reply by e-mail and delete all copies of the message. Thank you.

**June 1, 2026**

**Via Email**

Nathaniel Cullen, Esq.
Crivello, Nichols & Hall, S.C.
710 N. Plankinton Avenue,
Suite 500
Milwaukee, WI 53203

**Re:** *Grant v. Krolikowski, et al.* Case No. 3:23-cv-00551-jdp Plaintiff's Revised Discovery Requests to the Identified Does (served April 22, 2026) Your Responses dated May 23, 2026

Dear Attorneys Cullen, Mills, Hall:

This letter constitutes Plaintiff's good-faith attempt to confer under Federal Rule of Civil Procedure 37(a)(1) regarding Defendants' responses to Plaintiff's Revised Requests for Admission, Requests for Production, and Interrogatories served on the six identified Does.

Defendants' responses consist almost entirely of boilerplate objections ("not arguably relevant to any party's claims or defenses," "impermissibly vague," "overbroad," "unduly burdensome") and provide virtually no substantive answers. This is precisely the type of evasive conduct that Rule 26(b) and 37(a) are intended to prevent, and which this Court has previously warned Defendants against in this litigation (Dkt. 157).

**Specific examples include, but are not limited to:**

- RFAs 5–9 concerning cell conditions during Plaintiff's May 18–19, 2023 confinement (constant bright lighting that was never dimmed, lack of soap, toilet paper placement between the wall and toilet, lack of a drinking cup outside of meal times, etc.) — largely denied or met with blanket objections without any factual support.
- Responses to several Interrogatories object that the "events" or "encounters" referenced therein are not defined within the Interrogatories themselves.
- Responses to several RFAs state that, after reasonable inquiry, the defendant "lacks sufficient information or knowledge to admit or deny the request."
- RFPs seeking video footage of the booking area, holding cells, hallways, and Plaintiff's confinement — Defendants have identified nine jail videos but are withholding production pending a written statement from Plaintiff on whether he intends to challenge the confidentiality designation under the Protective Order (Dkt. 214). **Plaintiff further requests that Defendants state the specific basis for designating the nine jail videos as "Confidential" under the Protective Order (Dkt. 214).** This additional precondition is unnecessary and serves only to delay production of clearly relevant discovery.

Additionally, when Plaintiff attempted to send this meet-and-confer letter, an automated email response was received indicating that Sjong is no longer with Crivello, Nichols & Hall, S.C. It appears Sjong has been gone for several months. Plaintiff was never previously notified of this change in counsel or provided updated contact information. This failure to supplement has caused unnecessary delay and prejudice in this federal case.

Plaintiff requests that Defendants serve **full, substantive supplemental responses** (without boilerplate objections) signed by an attorney properly admitted in this case, no later than **June 8, 2026** (one week from the date of this letter).

Additionally, **attached as Exhibit A is the signed Acknowledgment and Agreement to Be Bound by Protective Order executed by Plaintiff's father. This is specifically permitted under the Protective Order (Dkt. 214).**

If Defendants do not provide adequate supplemental responses and produce the videos by the above deadline, Plaintiff will have no choice but to file a Motion to Compel and for sanctions under FRCP 37.

Respectfully submitted,

**/s/ Caleb James Grant**

Caleb James Grant, Pro Se
**C/o E 7973 Beth Rd**
Reedsburg, WI 53959
(608) 386-3467
CJGAgent@protonmail.com



**Nathaniel J. Cullen**
710 N. Plankinton Avenue
Suite 500
Milwaukee, WI 53203
Direct: (414) 290-7547
Email: NCullen@CrivelloLaw.com

June 8, 2026

**VIA EMAIL and US MAIL:**

Mr. Caleb James Grant
c/o E7973 Beth Road
Reedsburg, WI 53959

Re:   ***Caleb James Grant v. Sauk County, et al.***
      Western District Case No. 23CV551
      Our File No.  2358-2301698

Dear Mr. Grant:

Please find enclosed, with the letter sent via U.S. Mail, a digital storage device containing the following confidential recordings referred to in Defendants' May 23, 2026, answer to request for production, numbers 1 and 2:

- ➢ index.html
- ➢ Confidential - 20230925_01_01_10_1.mp4
- ➢ Confidential - 20230925_01_21_04_1.mp4
- ➢ Confidential - 20230925_02_30_33_1.mp4
- ➢ Confidential - 20230925_10_47_43_1.mp4
- ➢ Confidential - 20230925_12_27_46_1.mp4
- ➢ Confidential - 20230926_09_14_10_1.mp4
- ➢ Confidential - 20230926_09_22_16_1.mp4
- ➢ Confidential - 20230926_09_39_05_1.mp4
- ➢ Confidential - 20230926_09_40_44_1.mp4
- ➢ Sauk County – chain of custody report SC-CJG000545-SC-CJG000548

Also enclosed is my notice of appearance (Dkt. 231).

Regarding your May 31, 2026, letter, requesting the specific basis for designating the jail videos as confidential. The basis for this designation is institutional safety and security. The recordings depict the interior layout, locations of doors and security features, and movement patterns within the jail, information which, if disseminated, could compromise the safety and security of inmates, staff, and the facility.



EXHIBIT
**J**

---

| MILWAUKEE, WI | MADISON, WI | EAU CLAIRE, WI | WAUWATOSA, WI | MUKWONAGO, WI | CHICAGO, IL | EDWARDSVILLE, IL |
|---|---|---|---|---|---|---|
| (414) 271-7722 | (608) 819-8490 | (715) 598-1730 | (414) 454-6860 | (262) 363-7720 | (312) 523-2111 | (618) 655-0006 |

Regarding your disappointment with the answers to your interrogatories and request for admission, Defendants have complied with the requirements set forth in the Federal Rules of Civil Procedure. Defendants currently do not have anything to add to their responses. Defendants will provide supplemental responses when they have information to provide.

If you would like to schedule a phone call to discuss the matter further, please send me an email at ncullen@CrivelloLaw.com.

Respectfully,

NATHANIEL J. CULLEN

NJC/blb


Enclosures

cc:

FILED
06-09-2026
Sauk County WI
Circuit Court
2026CV000056

**DATE SIGNED: June 9, 2026**

Electronically signed by Blake Duren
Circuit Court Judge

STATE OF WISCONSIN          CIRCUIT COURT          SAUK COUNTY

CALEB JAMES GRANT

        Petitioner,

                                   Case No. 26CV56

-vs-

DANIEL KROLIKOWSKI, ERIK KNULL,
BRUCE BAILEY, STEVEN MESSNER,
ALEX BREUNIG, MICHAEL PAPARA,
MICHELLE STRONG, DYLAN HORN
and KRISTI SCHNEIDER,

        Respondents.

---

## ORDER

---

The above matter having come before the Court on June 9, 2026, the Honorable Blake Duren, presiding; with Petitioner Caleb Grant appearing in person; and Attorney Sara C. Mills appearing in person on behalf of the Respondents; for the reasons set forth on the record, the Court orders as follows:

1.      Petitioner's Motion for Default Judgment and Amended Motion for Default Judgement are DENIED;

2.      Respondents' Motion for Sanctions Against Petitioner is DENIED;

3.      Respondents' Motion to Dismiss is GRANTED; and

4.      The above matter is dismissed with prejudice, and without costs to any party.



**June 15, 2026**

**Via Email**

Nathaniel J. Cullen, Esq.
Crivello, Nichols & Hall, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203

**Re:** *Grant v. Krolikowski, et al.* Case No. 3:23-cv-00551-jdp Meet-and-Confer Regarding Production of Jail Videos and Representation of the Does

Dear Attorney Cullen, Mills, Hall, Sjong:

Plaintiff acknowledges receipt of the digital storage device containing the nine jail videos and chain of custody report on **June 11, 2026**.

Plaintiff objects to this production for the following reasons:

**1. Improper Alteration and Editing of Evidence** The produced videos contain extensive redactions and edits, including instances where the footage has been sped up and sections appear to have been removed. These alterations go well beyond ordinary redaction and constitute editing of the evidence itself. No explanation or justification for these edits was provided.

**2. Lack of Redaction/Editing Log** No log or description has been provided identifying each redaction or edit or the specific basis for it. This prevents Plaintiff from meaningfully evaluating the redactions or the "Confidential" designation.

**3. Evidence of Recent Alteration** The metadata of the produced video files shows a **Modified date of June 2, 2026** and lists **"VideoProc Converter AI"** under Contributing Artists. The SHA-256 hashes of the produced files also do not match. These facts indicate that the videos were altered or re-encoded on or around June 2, 2026 — just days before production — using video conversion software. No disclosure of these alterations was made.

**4. Incomplete Chain of Custody** The chain of custody report only reflects Sheriff's Office personnel and does not include any record of possession or handling by Crivello, Nichols & Hall, S.C. This is incomplete given that the files were clearly altered after the original creation date of September 25, 2023.

**5. Late Production and Failure to Timely Supplement** These videos were created on September 25, 2023. Despite Plaintiff's Requests for Production specifically seeking video recordings from May 18–19, 2023 (RFP Nos. 1 and 2), and despite Plaintiff's earlier discovery efforts aimed at identifying the Does (including the motion at Dkt. 115), Defendants failed to produce these videos until June 2026 — nearly three years after they were created and only after Plaintiff's Meet-and-Confer letter dated June 1, 2026.

On January 14, 2025, the Court issued an Order (Dkt. 151) that, while denying Dkt. 115 in part, still required Defendants to respond regarding their efforts to identify the John Doe defendants. Identification of the Does remained an ongoing issue in the case. Defendants possessed the videos the entire time yet failed to supplement their discovery responses with this relevant evidence until years later. This late and altered production has prejudiced Plaintiff's ability to identify the Does and develop his claims against them.

Plaintiff objects to both the redactions/edits and the "Confidential" designation. Plaintiff demands that Defendants immediately produce the **original, unedited video files**. Alternatively, Defendants shall



EXHIBIT
L

produce a complete log describing every redaction and edit along with the specific justification for each.

Regarding your June 8, 2026 response. Your response did not address several critical issues raised in Plaintiff's June 1, 2026 letter. Most importantly:

**1. Representation of the Six Identified Does** According to the docket as of May 28, 2026, Attorney Sjong was the **only** attorney ever listed as counsel of record for the six identified Does (Horn, Papara, Bailey, Schneider, Strong, and Bonham). Plaintiff received an automated response indicating that Sjong is no longer with your firm. No notice of withdrawal, substitution of counsel, or supplementation under FRCP 26(e) was ever provided.

Your June 3, 2026 Notice of Appearance (Dkt. 231) lists several defendants but **does not include** the six Does. As of today, the Does have **no counsel of record**.

Please immediately clarify:

- Who, if anyone, currently represents the six Does?
- When will counsel file an appearance on their behalf?
- If no attorney will be appearing for them, please confirm that in writing and provide their current contact information so Plaintiff may communicate with them directly.

**2. Failure to Supplement Under FRCP 26(e)** The departure of the only attorney listed for the Does is a material change that required timely supplementation. No supplementation was provided. This failure has prejudiced Plaintiff's ability to conduct discovery and communicate with the Does.

**3. Discovery Responses** Your response states that Defendants "currently do not have anything to add" to their May 23, 2026 responses and "will provide supplemental responses when they have information to provide." This does not address the specific deficiencies identified in Plaintiff's June 1 letter (boilerplate objections, "events not defined," "lacks sufficient information," etc.). Plaintiff renews his request for full, substantive supplemental responses **without** boilerplate objections, signed by an attorney properly admitted in this case.

Plaintiff requests written responses to the above items **no later than June 17, 2026** .

Plaintiff reserves all rights to seek relief, including filing a Motion to Compel and for sanctions under FRCP 37, based on the late, redacted, and edited production of these videos.

Respectfully submitted,

**/s/ Caleb James Grant**

Caleb James Grant, Pro Se
**C/o E 7973 Beth Rd**
Reedsburg, WI 53959
(608) 386-3467
CJGAgent@protonmail.com



**Nathaniel J. Cullen**
710 N. Plankinton Avenue
Suite 500
Milwaukee, WI 53203
Direct: (414) 290-7547
Email: NCullen@CrivelloLaw.com

June 17, 2026


**VIA EMAIL:**
Mr. Caleb James Grant
c/o E7973 Beth Road
Reedsburg, WI 53959


Re:   ***Caleb James Grant v. Sauk County, et al.***
Western District Case No. 23CV551
Our File No.  2358-2301698


Dear Mr. Grant:

The purpose of this letter is to answer your questions which you raised in your June 15, 2026, meet and confer letter. Thank you for bringing to our attention that a notice of withdrawal had not been filed with the court for Atty. Dalton Sjong, who has moved on to a different employer. We have now filed the notice of withdrawal.

Further, while not necessary, I will file a notice of appearance for Dylan Horn, Michael Papera/Papara, Bruce Bailey, Kristi Schneider, Michelle Strong, and Jean Bonham. The Federal Rules of Civil Procedure do not expressly require an attorney who already represents named defendants to file a new or separate notice of appearance each time an amended complaint identifies previously unnamed John Doe Defendants. There are some Federal Districts that do require a new notice of appearance in their local rules, but our district court has no such requirement.

Regarding your concern that the recordings have been altered and edited, there is only one view that contains a censor bar. This bar necessarily blocks a small portion of the view into the cell specifically where the toilet is located. That is a preprogramed privacy setting applied to the video feed. Staff monitoring the video stream live also see the censor bar and have no control over its placement. Therefore, what you are seeing in the video is exactly the same as what an officer would see if s/he was viewing that camera feed.

Further, you will notice when watching the recordings of you in the cell that the video system is motion activated. During times when you are asleep or not moving, the recording frame rate slows down because the system is not detecting any movement. Because of this longer frame rate, when playing back the recording, these periods of no movement will appear as if they are sped up during normal playback – even though they have not been altered in any way. This is just a function of

**EXHIBIT**
**M**

the way the cameras record detected movements and play back longer frame rates. We have no control over that recording or playback process.

The watermark was added to your copy of the original, unaltered recording. When adding this watermark, we were careful to ensure that the lettering of the "CONFIDENTIAL" designation was transparent enough not to obscure the recording's picture in any meaningful way. Contrary to your position, nothing in the Federal Rules of Civil Procedure requires that a producing party or its attorneys maintain, extend or supplement a chain of custody log as part of the production process itself. Instead, the Rule and case law interpreting it have long confirmed that parties have no obligation to create a document that is not already in existence when responding to discovery requests. Similarly, no provision of Rule 26 mandates that counsel document the internal transfer of materials to the requesting party through a chain of custody log. Indeed, such a task would improperly and necessarily implicate privileged attorney-client communications and work product protections.

We have responded to all your requests for discovery and are not aware of any outstanding requests at this time. If you would like to schedule a phone call to discuss these matters further, please send me an email at ncullen@CrivelloLaw.com or call me direct at 414.290.7547.

Respectfully,

NATHANIEL J. CULLEN

NJC/blb

Enclosures

## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | Cullen, Nathaniel J. |
| **Sent:** | Tuesday, June 30, 2026 12:12 PM |
| **To:** | cjgagent |
| **Cc:** | Mills, Sara C. |
| **Subject:** | RE: Grant v. Sauk County et al - meet-and-confer request |

Hi Grant,

Since Judge Boor has given us some extra time to meet-and-confer, with today's text order (Dkt. 238), I would like to invite you and your dad, to our Madison office to watch the recordings without the watermarks and discuss all your concerns brought up in your latest motions. You would be meeting with just me.

I have never been to our Madison office and I'm really hoping you accept my offer. I can order in food for us if you let me know what both of you would like. My schedule is very flexible. We can meet ***anytime*** that works best for you.

Respectfully,

**Nathaniel Cullen | Associate**

NCullen@crivellolaw.com
Direct:414-290-7547

 



**Crivello, Nichols & Hall, S.C.**

710 North Plankinton Avenue Suite 500
Milwaukee, Wisconsin 53203
Main:414-271-7722
Fax:
CrivelloLaw.com

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-22. This email is a communication by or on behalf of an attorney, and may contain privileged communications or information. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender, or reply by e-mail and delete all copies of the message. Thank you.



EXHIBIT
N

## Cullen, Nathaniel J.

| | |
|---|---|
| **From:** | cjgagent <cjgagent@protonmail.com> |
| **Sent:** | Wednesday, July 1, 2026 3:51 PM |
| **To:** | Cullen, Nathaniel J. |
| **Cc:** | Mills, Sara C. |
| **Subject:** | RE: Grant v. Sauk County et al - meet-and-confer request |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**Subject:** Re: Meet and Confer – Original Unedited Jail Videos

Mr. Cullen,

Thank you for your email. While I appreciate the offer to meet, I believe it is more appropriate and efficient to handle this matter in writing at this stage.

The videos were previously produced and sent by mail under the Protective Order (Dkt. 214). There is no confidentiality issue with Defendants producing the original files in the same manner. An in-person meeting to review altered versions would require a full day of travel and would be unproductive, as the videos still would not match the originals (as confirmed by the SHA-256 hash values).

As set forth in my Motion to Compel (Dkt. 234) and supporting brief (Dkt. 235), the videos produced on June 11, 2026 are not the original recordings. They lack audio, contain timestamp discontinuities, and have SHA-256 hash values that do not match your production documentation and chain of custody. Removing the "CONFIDENTIAL" watermark would not restore the original files — it would simply create new hash values and confirm that the produced videos are not the originals.

Additionally, as noted in my brief (Dkt. 235 at 7), there are significant gaps in the produced videos where footage should exist but is missing — including video from midnight on May 19, 2023, and throughout the ongoing period of detainment in the holding cell. These missing videos must also be produced in their **original, unaltered state**, with their **original SHA-256 hash values** and the **full chain of custody**.

All of the unedited, original video files of my detainment — including any missing segments — are required for a proper evaluation of my claims. I am therefore requesting that Defendants produce the **original, unedited video files** (with original hash values and complete chain of custody) rather than arranging a viewing of the currently produced non-original versions sans a watermark.

Once all original files are produced, I am willing to discuss any remaining issues in writing. Given the Court's July 7, 2026 deadline for your response to my motion, please advise whether Defendants will produce the original files.

Thank you,

Caleb

Caleb James Grant Plaintiff, Pro Se

C/o E7973 Beth Rd

Reedsburg, WI 53959

CJGAgent@protonmail.com

EXHIBIT
O

1

Sent with [Proton Mail](#) secure email.

On Tuesday, June 30th, 2026 at 12:12 PM, Cullen, Nathaniel J. <NCullen@crivellolaw.com> wrote:

Hi Grant,

Since Judge Boor has given us some extra time to meet-and-confer, with today's text order (Dkt. 238), I would like to invite you and your dad, to our Madison office to watch the recordings without the watermarks and discuss all your concerns brought up in your latest motions. You would be meeting with just me.

I have never been to our Madison office and I'm really hoping you accept my offer. I can order in food for us if you let me know what both of you would like. My schedule is very flexible. We can meet **_anytime_** that works best for you.

Respectfully,

**Nathaniel Cullen | Associate**

[NCullen@crivellolaw.com](#)
Direct:414-290-7547

 



**Crivello, Nichols & Hall, S.C.**

710 North Plankinton Avenue Suite 500
Milwaukee, Wisconsin 53203
Main:414-271-7722
Fax:
[CrivelloLaw.com](#)

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-22. This email is a communication by or on behalf of an attorney, and may contain privileged communications or information. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender, or reply by e-mail and delete all copies of the message. Thank you.

2



